UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,<br><br>      Defendants. | CIVIL CASE NO. 18-CV-00566-TJM-CFH<br><br>CIVIL CASE MANAGEMENT PLAN |

**IT IS HEREBY ORDERED that,** pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable Christian F. Hummel, United States Magistrate Judge on December 13, 2018, at 10:30 a.m. EST at the James T. Foley United States Courthouse, 445 Broadway, Albany, New York 12207.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) conference, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than seven (7) **days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before 60 days prior to the completion of all discovery in this action [Plaintiff's Proposal].

Any application to join any person as a party to this action shall be made on or before the 15th day of December 2018 [Defendants' Proposal].

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before 60 days prior to the completion of all discovery in this action [Plaintiff's Proposal].

Any application to amend the pleadings to this action shall be made on or before the 15th day of December 2018 [Defendants' Proposal].

**3) DISCOVERY:** All discovery in this action shall be completed on or before the 19th day of April, 2019 [Plaintiff's Proposal].

All discovery in this action shall be completed on or before the 11th day of July, 2019 [Defendants' Proposal].

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the 19th day of April, 2019 [Plaintiff's Proposal].

All motions, including discovery motions, shall be made on or before the 11th day of September, 2019 [Defendants' Proposal].

**(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the 20th day of May 2019 [Plaintiff's Proposal].

The action will be ready to proceed to trial on or before the 11th day of November, 2019 [Defendants' Proposal].

It is anticipated that the trial will take approximately five (5) days to complete. The parties request that the trial be held in Albany, N.Y.

(**The proposed date for the commencement of trial must be within 18 months of the filing date**).

**6) HAVE THE PARTIES FILED A JURY DEMAND:**   [X] (YES)   [ ] (NO)

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

The Court has subject matter jurisdiction over the NRA's asserted claims under 28 U.S.C. § 1331 because this action involves claims based on the First and Fourteenth Amendments to the United States Constitution and seeks to prevent state officials from interfering with the NRA's federal rights.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

The NRA's claims against the Defendants include violations of the First and Fourteenth Amendment of the United States Constitution and Sections 8 and 11 of the New York Constitution. As evidenced by, *inter alia*, the Consent Order Under Articles 21, 23, and 34 of the Insurance Law ("Lockton Consent Order"), the Consent Order Under Sections 1102 and 3420 of the Insurance Law ("Chubb Consent Order"), the "guidance" letters issued by Vullo ("April 2018 Letters"), and the DFS press release dated April 19, 2018 (the "Press Release"), issued at Cuomo's direction, the NRA's First Amendment rights were, and continue to be, violated by the establishment of an informal censorship regime designed to suppress the NRA's speech. The NRA's First Amendment rights have further been infringed because the Defendants retaliated against it in response to the NRA's pro-Second Amendment viewpoints and political beliefs. In addition, the NRA seeks monetary damages for Defendants' past acts of selective enforcement of the Insurance Law.

The Defendants contend that there have been no violations of the NRA's rights under the First or Fourteenth Amendments by either Governor Cuomo, Superintendent Vullo, or the DFS. As a first principle, none of the statements or actions taken by Superintendent Vullo and DFS to enforce the Insurance Law violated the NRA's rights. Illegal conduct is not protected speech. And there has been no selective enforcement of the Insurance Law against the NRA. Second, nothing in the DFS Guidance Letters, or the Governor's Press Statements, constitute an actionable threat of punishment against any company or adverse regulatory action for a company's decision whether to do business with the NRA. These press statements and guidance letters are protected government speech. Because there is no reasonable way to construe the plain language of these statements or documents as threatening any coercive action, there has been no violation of the NRA's first amendments rights. Third, contrary to Plaintiff's conclusory and speculative allegation, there were no "backroom exhortations" between Superintendent Vullo or DFS and any institution subject to DFS's jurisdiction.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

The parties dispute whether any action or statement of Governor Cuomo, Superintendent Vullo, or DFS violated and continue to violate the NRA's free speech rights under the United States Constitution and New York Constitution. The parties also dispute whether the NRA has a claim against Governor Cuomo, Superintendent Vullo, or DFS for the selective enforcement of the Insurance Law.

In addition, genuinely disputed legal issues include whether the NRA is entitled to: (1) expedited discovery; (2) preliminary injunctive relief; (3) permanent injunctive relief; (4) declaratory relief; (5) actual and punitive damages; and (6) pre- and post-judgment interest and attorneys' fees.

With respect to scheduling, the parties are unable to agree on a trial date or motions and discovery deadlines.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

The parties do not anticipate that the litigation can or will be narrowed by agreement. The NRA believes genuine issues of material fact will necessitate a trial by jury. The Defendants believe that all issues can be resolved through dispositive motions.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

The NRA seeks preliminary and permanent injunctive relief, ordering DFS, its agents, representatives, employees and servants and all persons and entities in concert or participation with it, Cuomo (in his official capacity), and Vullo (in her official capacity): (1) to immediately cease and refrain from engaging in any conduct or activity which has the purpose or effect of interfering with the NRA's exercise of the rights afforded to it under the First and Second Amendment to the United States Constitution and Section 8 of the New York Constitution; and (2) to immediately cease and refrain from engaging in any conduct or activity which has the purpose or effect of interfering with, terminating, or diminishing any of the NRA's contracts and/or business relationships with any organizations. The NRA further seeks a declaration from the Court that the Defendants violated the NRA's rights to free speech and equal protection under the United States Constitution and New York Constitution. The NRA seeks pre- and post-judgment interest at the highest lawful rates, and costs and disbursement as are incurred in prosecuting this action, including reasonable attorneys' and experts' fees. Finally, the NRA seeks monetary damages for Defendants' violations of the NRA's free speech rights and prior selective enforcement of the Insurance Law.

The Defendants seek dismissal of the complaint in its entirety with prejudice. Governor Cuomo engaged in protected anti-violence public speech. Superintendent Vullo and the Department of Financial Services enforced New York law against illegal activity committed by the NRA and insurers/producers engaged by the NRA, and provided industry guidance in the ordinary course of the Department's operations. The Governor's and the Superintendent's speech was not coercive or threatening, nor did it, or was it intended to, prevent the NRA from expressing the association's pro-gun views.

**12) DISCOVERY PLAN:**

    A.    <u>Mandatory Disclosures</u>

**The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least seven (7) days prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.**

    B.    <u>Subjects of Disclosure</u>

The NRA believes that discovery should encompass information relevant to the parties' claims and defenses, as follows:

1)   Defendants' interactions with non-parties related to the NRA;

2)   The Consent Orders, the Press Release, and the April 2018 Letters;

3)   Efforts to enforce the Insurance Law with respect to affinity insurance programs unrelated to the NRA;

4)   Efforts to urge a boycott of the NRA;

5)   Identities of individuals acting in concert with Defendants to further Defendants' censorship campaign, as well as the extent of any activities taken by those actors with respect to the NRA; and

6)   The NRA's damages.

The Defendants deny that any of the subjects listed above by Plaintiff will require discovery, deny any characterization contained in those subjects, deny the relevance of those subjects, deny the discoverability of information relating to certain of those subjects, and intend to make one or more dispositive motions which will negate the need for further discovery. To the extent reasonable, limited, discovery is necessary, the Defendants believe that discovery will be needed to address the following subjects:

1)   The NRA's current and previous insurance and financial services providers and the identities of those involved in the administration of those services;

2)   Communications between the NRA and entities subject to DFS's jurisdiction;

3)   After the massacre at Marjorie Stoneman Douglas High School in Parkland, Florida, and the resulting NRA response, the decision by many large corporations to cut ties with the NRA finding that the reputational risk – which includes customer input – of continuing to do business with the NRA was too great to justify their continued relationships.

4)   The NRA's financial condition for the period of 2008 to the present, including profits and loses, assets and liabilities;

5)   The NRA's Carry Guard and other affinity products;

6)   The NRA's violations of the New York Insurance Law;

7)   The NRA's annual increases and decreases in membership for the period of 2008 to the present;

8)   The NRA's internal communications regarding the purposes behind this lawsuit, including but not limited to, the use of this lawsuit for political and fundraising purposes;

9)   The NRA's communications with third parties regarding the purposes behind this lawsuit,

including but not limited to, the use of this lawsuit for political and fundraising purposes;

10) The impact on NRA membership, contributions and public image as a result of mass shootings in the United States; and

11) The NRA's purpose and motivation for filing this action was for improper reasons including, without limitation, for fundraising purposes and to advance its political agenda.

### C. Discovery Sequence

**Describe the parties' understanding regarding the timing of discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.**

The NRA believes that discovery does not need to be phased and should commence promptly—the NRA served its first requests for production on November 21, 2018. In order to provide the Court with a sufficient record on which weigh its request for injunctive relief, the NRA also moved the Court for expedited discovery to identify all financial institutions targeted by Defendants' threats, channels used to deliver those threats, and key actors working in concert with Defendants.

The NRA proposes that initial written discovery requests be served on or prior to December 14, 2018, and that the parties have thirty (30) days to respond to such requests. The parties must respond to any further discovery served after the initial requests within fifteen (15) days after service.

The Defendants propose that discovery, and any relevant deadlines, be governed by the Federal Rules of Civil Procedure and Local Rules. In addition, the Defendants intend to make one or more dispositive motions in the near future. Accordingly, the Defendants request that all discovery be stayed until a decision on any filed motion is rendered.

### D. Written Discovery

**Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.**

The NRA served its initial requests for production of documents on Defendants on November 21, 2018. The NRA anticipates serving interrogatories and requests for admission prior to December 14, 2108. The NRA will follow up with any further written discovery as may be appropriate. The NRA also anticipates promptly issuing subpoenas to third parties for the production of documents.

The Defendants intend to serve document demands, interrogatories and requests for admission, and conduct depositions.

The NRA seeks no limitations on requests for productions or requests for admission and do not anticipate any need to exceed the number of interrogatories permitted under Rule 33, although they reserve the right to seek leave from the Court to serve additional interrogatories as discovery proceeds. Based on the current pending requests, the Defendants anticipate the need for court intervention to limit the number and scope of demands made by the NRA.

### E.     Depositions

**Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.**

The NRA anticipates taking depositions of parties and third-parties, including Vullo, Cuomo, multiple representatives of DFS, representatives from Lockton, Chubb, and Lloyd's, as well as representatives of Everytown for Gun Safety. The NRA reserves the right to seek depositions of additional persons from other governmental agencies and non-governmental organizations depending on what is gleaned from discovery.

The Defendants anticipate taking depositions of representatives of the NRA, and individuals identified through discovery. The Defendants also may issue discovery demands to one or more third party corporations that cut ties with the NRA after Parkland finding that the reputational risk of continuing to do business with the NRA was too great to justify their continued relationship. The Defendants will oppose any attempt by the NRA to depose Governor Cuomo and Superintendent Vullo.

### F.     Experts

**Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).**

The NRA anticipates that experts regarding damages will be necessary; however, the parties reserve the right to add additional experts as may be appropriate.

Plaintiff proposes that initial expert disclosures be due on March 1, 2019, responsive expert disclosures be due on April 1, 2019, and rebuttal expert disclosures be due on April 15, 2019.

In the unlikely event that expert discovery is necessary, Defendants propose that initial

expert disclosures follow completion of factual discovery and be due on April 11, 2019, responsive expert disclosures be due on May 27, 2019, and rebuttal expert disclosures be due on June 11, 2019.

### G.  Electronic Discovery

**Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.**

The NRA submitted proposed ESI protocols to Defendants on November 26, 2018. While Defendants have not given any feedback regarding the ESI protocols yet, the parties anticipate reaching an agreement shortly and submitting a joint order to the Court.

### H.  Protective Orders

**If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.**

To the extent that a party deems a protective order necessary in connection with a particular discovery response, the parties will work in good faith to negotiate a confidentiality order, and seek court intervention as needed.

### I.  Anticipated Issues Requiring Court Intervention

**Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.**

The NRA has already filed a motion for expedited discovery and additionally anticipates seeking relief from the Court to file requests for discovery on non-parties through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

The Defendants anticipate seeking relief from the Court in relation to depositions of Cuomo and Vullo. Additionally, Defendants anticipate the need for court intervention with respect to the breadth of discovery demands, and the application of certain privileges to internal and inter-agency communications and other documents.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

At this time, the parties do not anticipate a reduction of the length of trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence. Nor do the parties view it feasible or desirable to bifurcate issues for trial.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No related cases are pending before the judges of this Court.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

Not applicable.

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

**1    2    3    4 → 5 → 6 → 7 → 8 → 9 → 10**
**(VERY UNLIKELY)                                       (LIKELY)**

**CANNOT BE EVALUATED PRIOR TO <u>the conclusion of discovery.</u>**

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

The NRA contends that ordering expedited discovery will assist in assessing the NRA's claims and would serve to allow the parties to negotiate settlement further in advance of trial.

The Defendants do not agree that expedited discovery will facilitate any settlement discussions. Further, Defendants believe there is no possibility of settlement in this case, and thus no assistance can further any such efforts.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

***COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR***
***TRACK CASE - Subject to Mandatory Mediation under General Order #47.***

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE**:

    A.    Reviewed General Order #47? ☐ YES ☐ NO

    B.    Reviewed the List of Court Approved Mediators available on the NYDY website? ☐ YES ☐ NO

    C.    Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program. ☐ YES ☐ NO

    D.    Discussed the time frame needed to complete Mandatory Mediation? ☐ YES ☐ NO

*************************************************************************

Pursuant to Fed. R. Civ. P. 26(f) a conference was held on November 21, 2018, via teleconference, with the participation of:

Stephanie Gase and Sarah Rogers, with Brewer, Attorneys & Counselors, for plaintiff the National Rifle Association of America; and

Adrienne Kerwin and Helena Pederson, with the Attorney General of the State of New York, for defendants Andrew Cuomo, Maria T. Vullo, and the New York Department of Financial Services.

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the Clerk no later than seven (7) days in advance of the conference date*.