DALLAS | NEW YORK

# BREWER
## ATTORNEYS & COUNSELORS

January 7, 2019

**Via ECF**

Hon. Christian F. Hummel
United States Magistrate Judge
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

> Re:   *National Rifle Association of America v. Cuomo, et. al*, No. 18-CV-00566-LEK-CFH

Dear Judge Hummel:

We write to request a conference call as soon as practicable to discuss the myriad deficiencies with respect to the responses the NRA received to its first request for production of documents to Defendants.[1]  The parties telephonically conferred twice but have been unable to reach a resolution as to the below issues.

## A.     Defendants' Responses Do Not Comply With The Requirements Of Rule 34(b)(2).

Preliminarily, Defendants' Responses directly violate Federal Rule of Civil Procedure 34(b)(2).[2]  As the Court is aware, the Federal Rules of Civil Procedure were amended effective December 1, 2015, and now require a party to "[s]tate grounds for objections with specificity; [and] . . . state whether any responsive materials are being withheld on the basis of that objection."[3]  Nevertheless, in each of their responses, Defendants assert almost identical boilerplate objections and fail to indicate whether documents are being withheld pursuant to those objections.[4]  Worse,

---

[1] Attached hereto as Exhibit 1 is the NRA's First Requests for Production to Defendant Maria T. Vullo (the "Vullo Requests").  Attached hereto as Exhibit 2 is the NRA's First Requests for Production to Defendant Governor of New York Andrew Cuomo (the "Cuomo Requests"). Attached hereto as Exhibit 3 is the NRA's First Requests for Production to Defendant New York State Department of Financial Services (the "DFS Requests").

[2] Attached hereto as Exhibit 4 is the Supplemental Responses to Plaintiff's First Request for Production to Defendant Vullo (the "Vullo Responses").  Attached hereto as Exhibit 5 is the Objections to Plaintiff's First Request for Production to Defendant Cuomo (the "Cuomo Responses"). Attached hereto as Exhibit 6 is the Supplemental Responses to Plaintiff's First Request for Production to Defendant DFS (the "DFS Responses," and, with the Vullo and Cuomo Responses, "Defendants' Responses")).  Defendants served supplemental response on January 7, 2019, that failed to substantively address the issues described in this letter.

[3] *Fischer v. Forrest*, 2017 WL 773694, at *1 (S.D.N.Y. Feb. 28, 2017); FED. R. CIV. P. 34(b)(2)(B)-(C).

[4] *See Lebovitz v. City of New York*, 2017 WL 462515, at *2 (S.D.N.Y. Feb. 3, 2017) (holding that defendants' discovery responses are "plainly insufficient" because "[g]eneral boilerplate objections are inappropriate and unpersuasive.").

# B R E W E R

**Hon. Christian F. Hummel**
January 7, 2019
Page 2

Defendants stated at the meet and confer that if the responses did not explicitly indicate that "there are no documents responsive to th[e] request[,]"[5] then *all documents* are being withheld (i.e., according to Defendants, the propounded objections are applicable to every single responsive document).

The Advisory Committee Notes explain that the purpose of the amendments is to "eliminat[e] any doubt that less specific objections might be suitable."[6]  The Advisory Committee Notes continue,

> Rule 34(b)(2)(B) is amended to require that objections to Rule 34 requests be stated with specificity. . . . The specificity of the objection ties to the new provision in Rule 34(b)(2)(C) directing that ***an objection must state whether any responsive materials are being withheld*** on the basis of that objection. An objection may state that a request is overbroad, ***but if the objection recognizes that some part of the request is appropriate, the objection should state the scope that is not overbroad***. Examples would be a statement that the responding party will limit the search to documents or electronically stored information created within a given period of time prior to the events in the suit, or to specified sources. When there is such an objection, the statement of what has been withheld can properly identify as matters "withheld" anything beyond the scope of the search specified in the objection.[7]

The Court should require Defendants to promptly amend their Responses to state objections with specificity and to identify what documents are being withheld pursuant to what objections.[8]

---

[5] *See* Exhibit 6, at 5.

[6] 2015 Adv. Comm. Notes to Rule 34.

[7] *Id.* (emphasis added).

[8] For example, Defendants asserted boilerplate objections—"vague, ambiguous and over broad"—for every response without specifying the basis for the objection.

# BREWER

Hon. Christian F. Hummel
January 7, 2019
Page 3

**B.     The Law Enforcement And Deliberative Process Privileges For Documents Regarding The NRA Insurance Investigation Are Without Merit.**

Defendants incorrectly assert the law enforcement and deliberative process privileges to every document in any related to DFS's investigation of affinity insurance programs endorsed by the NRA (the "NRA Insurance Investigation").[9]  Doing so is without merit.[10]

**1.     Defendants fail to make the required showing that the law enforcement privilege applies.**

The law enforcement privilege is a qualified privilege.[11]  The party seeking the privilege must establish, beyond mere conclusory statements, that the documents contain information that the law enforcement privilege is intended to protect.[12] The documents must contain information that (1) pertains to "law enforcement techniques and procedures," (2) undermines "the confidentiality of sources," (3) endangers "witness and law enforcement personnel," (4) undermines "the privacy of individuals involved in an investigation," or (5) seriously impairs "the ability of a law enforcement agency to conduct future investigations."[13]  Even if Defendants could establish, on a document by document basis, that each document falls into one of these categories—which Defendants refused to even attempt—the document may still be subject to discovery if:  (1) the NRA's suit is "non-frivolous and brought in good faith," (2) the document is not "available through other discovery or from other sources," and (3) the document sought is "importan[t]" to the NRA's case.[14]

---

[9] Defendants also assert an intra-agency and inter-agency privilege; however, they fail to articulate any legal basis for withholding documents solely on the basis of being an intra- or inter-agency document (beyond the law enforcement or deliberate process privileges).

[10] Defendants claimed both privileges in response to almost every single document request, including requests such as documents related to the revenue generated from the sale of affinity insurance policies endorsed by the NRA (Request No. 21 in the DFS Requests); and documents sent to non-governmental organizations relating to Gun Promotion Organizations (Request No. 4 in the DFS Requests).

[11] *In re The City of New York*, 607 F3d 923, 948–49 (2d Cir 2010).

[12] *Id*; *See von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.), cert. denied, 481 U.S. 1015 (1987).

[13] *Id.* (quoting *Dep't of Investigation*, 856 F.2d at 484 and *Morrissey*, 171 F.R.D. at 90); *McCaskill v. Bresset*, Civ. No. 9:13-CV-1487, Dkt. No. 43 (N.D.N.Y. Jan. 7, 2015) (applying law enforcement privilege to contents of Inspector General's file, and allowing Plaintiff to only examine and to take notes of redacted file); *Guillory v. Overbaugh*, Civ. No. 9:13-CV-1353, Dkt. No. 51 (N.D.N.Y. March 24, 2015) (same); *Henry v Liberty*, 2017 WL 633409, at *4 (N.D.N.Y. Feb. 16, 2017).

[14] *See In re The City of New York*, 607 F.3d 923, 945 (2d Cir. 2010)

# BREWER

Hon. Christian F. Hummel
January 7, 2019
Page 4

Here, Defendants cannot meet the "substantial threshold showing" that there are specific harms likely to accrue from disclosure of specific material they are claiming under the law enforcement privilege.[15]  Furthermore, where the documents are critical to the NRA's case and, in fact, go to the very heart of Defendants conduct violating the NRA's constitutional rights, the documents must nevertheless be disclosed.

## 2.   The deliberative process privilege does not protect documents or information when the deliberative process itself is the subject of the litigation.

The deliberative process privilege "protects the decision making processes of the executive branch in order to safeguard the quality and integrity of governmental decisions."[16]  The policy behind the privilege is to encourage officials to candidly communicate with one another without fear of discovery of the communications during litigation.[17]  Nevertheless, the deliberative process privilege is a qualified privilege that does not automatically bar a document from being discoverable.[18]  Defendants must establish that the documents are inter-agency or intra-agency documents that is both (1) predecisional and/or (2) deliberative.[19]  The deliberative process privilege does not operate indiscriminately to shield all decision-making by public officials"[20] nor does it "cover purely factual matters."[21]

---

[15] *King v. Conde,* 121 F.R.D. 180, 189 (E.D.N.Y. 1988) (quoting *Kelly v. City of San Jose,* 114 F.R.D. 653, 669 (N.D. Cal. 1987)).

[16] *Citizens Union of City of New York v Attorney Gen. of New York*, 269 F Supp 3d 124, 157–58 [SDNY 2017]; *Marisol A. v. Giuliani*, No. 95-cv-10533 (RJW), 1998 WL 132810, at *6 (S.D.N.Y. Mar. 23, 1998) (quoting *Hopkins v. H.U.D.*, 929 F.2d 81, 84 (2d Cir. 1991)).

[17] *Fed. Hous. Fin. Agency v. HSBC N. Am. Holdings Inc.*, No. 11-cv-6189 (DLC), 2014 WL 1909446, at *1 (S.D.N.Y. May 13, 2014) (quoting *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001)); *see also Marisol A.*, 1998 WL 132810, at *6 (the deliberative process privilege is premised upon the notion that "effective decisionmaking requires a free flow of information amongst government officials and that this free flow would be constrained if these communications had the potential to be revealed to outsiders"); *Citizens Union of City of New York*, 269 F Supp 3d at 157–58.

[18] *See also Citizens Union of City of New York,* 269 F Supp 3d at 166-67 [SDNY 2017].

[19] *See Children First Foundation, Inc. v. Martinez*, 2007 WL 4344915 (N.D.N.Y. Dec. 10, 2007*); Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir.1999).

[20] *Schiller v. City of New York*, 2007 WL 136149, at *10 (S.D.N.Y. Jan. 19, 2007) (quoting *Grossman v. Schwartz*, 125 F.R.D. 376, 381 (S.D.N.Y. 1989)).

[21] *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d at 482 (quoting *Envt'l Prot. Agency v. Mink*, 410 U.S.73, 87-88 (1973) for the proposition that "memoranda consisting only of compiled factual material or purely factual material contained in deliberative memoranda and severable from its context would generally be available for discovery") & *Local 3, Int'l Bhd. of Elec. Workers, AFL-CIO v. N.L.R.B.*, 845 F.2d 1177, 1180 (2d Cir. 1988) ("Purely factual

# BREWER

Hon. Christian F. Hummel
January 7, 2019
Page 5

Furthermore, where, as here, the party's cause of action is directed to the government's intent in rendering its policy decision the deliberative process privilege "evaporates."[22] Accordingly, Defendants cannot shield documents related to DFS's NRA Insurance Investigation from production through the deliberative process privilege.

## C.    Defendants Stated They Will Not Be Providing A Privilege Log Of Withheld Documents.

Although Defendants have made multiple privilege assertions—ranging from attorney client, work product, law enforcement privilege, intra-agency privilege, inter-agency privilege, deliberative process privilege, and "any other applicable privileges"—Defendants indicated that they cannot tell the NRA what privilege is actually being asserted with respect to any particular request or document because they are withholding documents under all privileges that may apply. In fact, when the NRA inquired as to when a privilege log would be forthcoming, Defendants indicated that they did not intend to produce any privilege log.[23]  This is a clear violation of the federal and local rules.  Accordingly, the NRA requests that the Court order Defendants to log all documents being withheld from production by January 18, 2019, and to specifically indicate on a document by document basis what privilege is being asserted.[24]

---

[22] material not reflecting the agency's deliberative process is not protected.")); *Cipolla v. County of Rensselaer*, 2001 WL 1223489, at *2 (N.D.N.Y. Oct. 10, 2001).

[22] *See Children First Foundation, Inc. v. Martinez*, 2007 WL 4344915, at *7; *see e.g., Ebbert v. Nassau County*, 2007 WL 674725, at *11 (finding that when the deliberations are "among the central issues in the case" or "when the subject of the lawsuit is the very nature of the decision making process, the privilege should not foreclose the production of critical information") (internal quotations and citations omitted); *Mitchell v. Fishbein*, 227 F.R . D. 239, 250 (S.D.N.Y. 2005) (surveying cases on the waiver)*; State of New York v. Oneida Indian Nation of New York (Oneida I)*, 2001 WL 1708804, at *6 (N.D.N.Y. Nov. 9, 2001) (finding that the privilege must give way when the decision making process is the subject of the litigation) (citing *Marisol A v. Giuliani, 1*, 1998 WL 132810, at *7-8 (S.D.N.Y. Mar. 23, 1998)); *Mr. and Mrs. B. v. Bd. of Educ. of Syosset Cent. Sch. Dist*, 35 F. Supp. 2d 224, 230 (E.D.N.Y. 1998) (when the agency's position is "pivotal to the lawsuit"); *Dep't of Econ. Dev. v. Arthur Andersen & Co.*, 139 F.R.D. 295, 299 (S.D.N.Y. 1991) ("Where the deliberations of government are genuinely at issue, privileges designed to shield the deliberative process from public scrutiny 'may not be raised as a bar against disclosure.'") (quoting *Burka v. New York City Trans. Auth.*, 110 F.R.D. 660, 667 (S.D.N.Y. 1986) & citing *Grossman v. Schwarz*, 125 F.R.D. 376, 385 (S.D.N.Y. 1989)).

[23] *See* Defendants' Responses.

[24] *See* Local Rules of Practice 7.1(d)(7) (requiring "[a] party claiming privilege with respect to a communication or other item" to "specifically identify . . . the grounds for the claimed privilege" and prohibiting a party from asserting "any generalized claims of privilege"); *In re Welspun Litig.*, No. 16-CV-6792(RJS), 2018 WL 4693587, at *2 (S.D.N.Y. Sept. 21, 2018) ("As with *all privileges*, the party asserting the privilege must submit a privilege log of withheld documents.") (emphasis added) (citing FED. R. CIV. P. 26(b)(5)(A)); *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010) (explaining that a party cannot assert a blanket claim of privilege for the law enforcement privilege, but must assert the privilege on a document by document basis); *S.E.C. v. Yorkville Advisors,*

# BREWER

Hon. Christian F. Hummel
January 7, 2019
Page 6

**D.      Defendants Refuse To Withdraw Their Vague And Ambiguous Objections Even Though There Is No Basis For The Objections.**

       Defendants asserted boilerplate vague and ambiguous objections to almost every request without providing any explanation or specificity regarding the basis of the objection. Despite courts repeatedly holding such objections are improper,[25] Defendants refused to withdraw them or provide any further specificity in writing. In an effort to avoid motion practice with respect to these objections, we expressed a willingness to provide clarity to the portion of the Requests that Defendants found vague and ambiguous. However, instead of identifying what portion of each Request Defendants did not understand, they simply stated that the request for "[a]ll documents and communications" was vague and ambiguous, even though such terms were thoroughly defined by the NRA.[26] Defendants further indicated that any specific discussion regarding that objection "would not be fruitful as it would not change Defendants' responses."

       Defendants failure to articulate a basis for their vague and ambiguous objections is improper and the Court should order them to withdraw all such objections.

**E.      Plaintiff's Narrowly Tailored Requests Are Not Over Broad And Are Proportional To Needs Of The Case.**

       Similarly, Defendants object to almost every Request as being "over broad, and seek[ing] information not proportional to the discovery needs of this action"[27] This objection is without merit for at least three reasons. First, the majority of the NRA's requests are confined to a very limited period of time—documents and information dated after January 1, 2017. When pressed regarding proportionality, Defendants have been unable to articulate why the document requests

---

*LLC*, 300 F.R.D. 152 (S.D.N.Y. 2014) (describing necessity for detailing basis for asserting all privileges, including the law enforcement and deliberative process privileges); *Kshel Realty Corp. v. City of New York*, 2004 WL 2978295 (S.D.N.Y. Dec. 20, 2004) (requiring party to "promulgate a revised privilege log that identifies the subject matter of each document with as much specificity as possible while preserving the privilege [and then] . . . provide a document-by-document explanation of the relationship between the information contained in the document and the grounds on which the [law enforcement] privilege is asserted.").

    [25] *See CapRate Events, LLC v. Knobloch*, No. 17-CV-5907-NGG-SJB, 2018 WL 4378167, at *2 (E.D.N.Y. Apr. 18, 2018) ("[T]he objection . . . 'vague, ambiguous and overbroad,' is vacuous boilerplate") (citing *Fischer v. Forrest*, No. 14-CV-1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("[T]he responses to requests . . . stating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing.").

    [26] On the rare occasion that Defendants indicated specific terms were unclear, we provided clarification regarding the meaning of the terms "utilization," "program," "policy," "potential," and "adverse action."

    [27] Defendants also indicated that the basis for their objection of over broad was the request for "all documents and communications," regardless of the limited nature of the request.

# BREWER

Hon. Christian F. Hummel
January 7, 2019
Page 7

are extensive given the short time frame associated with the requests.  For example, DFS Request
No. 28 seeks documents and communications "sufficient to identify" investigations during a two-
year period of affinity insurance programs or policies, other than Carry Guard, that Defendants
suspect might violate seven specific provisions of the Insurance Law.  When asked why that
narrow request was not proportional to the needs of the case, Defendants were unable to articulate
any basis, or even state whether more than one such investigation even occurred.  Certain requests
cover an even smaller time frame, such as DFS Request No. 31, which seeks documents and
communications related to four specific and limited provisions in two Consent Orders that were
likely drafted, at most, over a few month time frame.

Second, "the relocation of the proportionality requirement in [the] 2015 amendment [to
the Federal Rules of Civil Procedure] is not 'intended to permit the opposing party to refuse
discovery simply by making a boilerplate objection that it is not proportional.'"[28]  Instead,
Defendants, as the party seeking to withhold relevant information, must demonstrate that the
discovery sought is not proportional considering:  (1) the importance of the issues at stake in the
litigation; (2) the amount in controversy; (3) the parties relative access to relevant information; (4)
the parties' resources; (5) the importance of discovery in resolving issues; and (6) whether the
burden or expense of the discovery is outweighed by the benefit.  Given the critical importance of
the constitutional rights in question, the millions in controversy, Defendants' sole access to most
of the information requested, the unlimited resources of the State of New York, and the importance
of documents to resolving the NRA's constitutional rights, the benefit of the requested discovery
far outweighs any burden to Defendants.

Third, even assuming arguendo that the requests are partially overbroad, Defendants are
required to respond to the extent that they are able to produce documents pertaining to a specific
portion of the request.[29]  Nevertheless, Defendants refused to even attempt to produce those
documents they felt were not over broad or were proportional and, instead, only produced
documents responsive to a handful of Requests.

Court intervention is necessary to resolve the above-described discovery deficiencies.  The
deficiencies in Defendants' Responses are particularly clear when they only produced 425 pages,
despite the serious nature of the claims against them.  We are available to participate in an in-

---

[28] *See Lebovitz v. City of New York*, 2017 WL 462515, at *2 (S.D.N.Y. Feb. 3, 2017) (quoting 2015 Adv.
Comm. Notes to Rule 26).

[29] *See CapRate Events, LLC v. Knobloch*, No. 17-CV-5907-NGG-SJB, 2018 WL 4378167, at *2 (E.D.N.Y.
Apr. 18, 2018) ("But if the RFP is overbroad, then in its Response, [plaintiff] is obligated to produce documents that
fit within a reasonable construction (i.e. nonoverbroad reading) of the RFP, and state why the remainder of documents
are not being produced."); *see also* 2015 Adv. Comm. Notes to Rule 34 (explaining that "[a]n objection may state that
a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should
state the scope that is not overbroad").

# BREWER

**Hon. Christian F. Hummel**
January 7, 2019
Page 8


person or telephone conference as early as January 8, and respectfully ask the Court to schedule a
conference as early as possible so that the NRA may, *inter alia*, sufficiently prepare its motion for
preliminary injunction.

Thank you for your consideration of this matter.

Sincerely,

Stephanie Gase

cc:     All Counsel Of Record (via ECF)

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **NATIONAL RIFLE ASSOCIATION OF AMERICA,** | § § § | |
| **Plaintiff,** | § § | **CIVIL CASE NO.  18-CV-00566-LEK-CFH** |
| **v.** | § § | |
| **ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,** | § § § § § § § § | |
| **Defendants.** | § § | |

**NATIONAL RIFLE ASSOCIATION OF AMERICA'S FIRST**
**<u>REQUESTS FOR PRODUCTION TO DEFENDANT MARIA T. VULLO</u>**

TO:   Defendant Maria T. Vullo, by and through her counsel of record, Adrienne J. Kerwin, Assistant Attorney General, New York State Attorney General's Office, Albany Office, The Capitol Albany, New York, 12224-0341.

Pursuant to Rules 26 and 34 of the *Federal Rules of Civil Procedure*, Plaintiff National Rifle Association of America (the "NRA") hereby requests that Defendant Maria T. Vullo ("Vullo") produce the following documents within thirty days of service hereof.

**I.**

**<u>INSTRUCTIONS</u>**

1.     To the extent provided by the Federal Rules of Civil Procedure, the NRA's Requests for Production of Documents are intended to be continuing in nature.  You are requested and required to supplement your responses when appropriate or necessary to make correct and complete responses to the full extent provided by the Federal Rules of Civil Procedure, the Local Rules, and any Order of this Court.

2.      To the extent that the responding party believes that any of the following requests are vague or ambiguous, the responding party is requested to notify the NRA immediately and a clarification will be provided.

3.      These requests are intended to include all documents in your possession, or subject to your custody, or control, whether directly or indirectly.  A document is deemed to be within your possession, custody, or control if:  (1) it is within your actual possession, custody, or control; or (2) it is within the possession of any other person or entity and you have the right to obtain the document from such person or entity, and you:  (a) own the document in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine or copy such documents on any term; or (c) as a practical matter, have been able to use, inspect, examine or copy such document when you have sought to do so.  For the avoidance of doubt, these Requests are intended to include, but are not limited to, all documents subject to your control that are stored on any computers, tablets, and cellular devices, including Blackberries, iPhones, or other smart phones.

4.      Unless otherwise indicated, the use in these requests of your name or the name of any party, individual, business organization, or other legal entity, shall specifically include all of that individual's or entity's present or former employees, officers, directors, agents, representatives, members, departments, sections, affiliates, subsidiaries, parents, attorneys, and all other persons acting on his/her or its behalf.

5.      These Requests seek production of responsive documents in their entirety, without abbreviation, deletion, or redaction.  For the avoidance of doubt, each responsive email message should be produced with all of its respective email attachments, and each responsive email attachment should be produced with its respective parent email message and with all email attachments to that respective parent email message.  To the extent that you consider an email

message and its corresponding email attachment(s) to constitute separate documents, the NRA requests the production of all documents attached to each responsive email message, as well as all e-email messages for which a responsive document is attached and all other documents attached to said email messages.  For the further avoidance of doubt, all responsive electronic documents should be produced with all their corresponding metadata.  To the extent that you consider an electronic document's metadata to constitute a separate document, the NRA requests the production of all metadata that correspond to each responsive electronic document and all electronic documents that correspond to each responsive piece of metadata.

6.      In the event you interpose an objection to the request or requests, you should clearly indicate to which part or portion of the request or requests the objection is directed and provide all documents to which objection is not made as if such part or portion were propounded as a separate request.

7.      In the event that you seek to withhold any document, thing or information on the basis that it is properly entitled to some privilege or other limitation of discovery, you are instructed to supply counsel for the NRA with a numerical list of document(s) and thing(s) for which privilege or limitation of discovery is claimed, indicating:

   a.      the name of each author, writer, sender, creator or initiator of such document or thing, if any;

   b.      the name of each recipient, addressee, or party for whom such document or thing was intended, if any;

   c.      the date of each such document, if any, or an estimate thereof and so indicated as an estimate if no date appears on said document;

   d.      the general subject matter as described in the document; and

   e.      the claimed grounds for privilege or limitation of discovery.

You are to produce the documents as they are kept in the ordinary course of business, with appropriate markings or designations, so that it may be determined to what request they are intended to be responsive.

## II.

### DEFINITIONS

1.      "**Action**" shall mean the lawsuit styled *National Rifle Association of America v. Andrew Cuomo, both individually and in his official capacity; Maria T. Vullo, both individually and in her official capacity; and the New York State Department of Financial Services*, Civil File No. 18-CV-00566-LEK-CFH, pending in the United States District Court for the Northern District of New York, Albany Division.

2.      "**Adverse Action**" shall mean any of the following actions by DFS:   any investigation, inquiry, or issuance of a subpoena, letter request, or other request for information; the issuance or modification of any regulatory rating, assessment, or classification, to the extent that the foregoing could be construed as unfavorable or have unfavorable effects; the conduct of any examination or audit; the restriction or revocation of any assistance or favorable consideration provided or facilitated by DFS with respect to any government benefit, loan, grant, service, or contract; the imposition of any new or increased fine, penalty, tax, or other financial liability or obligation; and/or, the issuance of any communication that is intended, or reasonably likely, to stigmatize the subject person or Financial Institution or negatively impact the goodwill or business reputation of such person or Financial Institution.

3.      "**All**" and "**any**" shall be construed so as to bring within the scope of the request all documents which might otherwise be construed to be outside the scope.

4.      "**April 19 Press Release**" shall mean the press release issued April 19, 2018, by the Governor's Office, entitled, Governor Cuomo Directs Department of Financial Services to Urge Companies to Weigh Reputational Risks of Business Ties to the NRA and Similar Organizations.

5.      "**April 2018 Letters**" shall mean the guidance letters issued April 19, 2018, by you and DFS directed at the chief executive officers, or equivalents, of all New York State chartered or licensed financial institutions and all insurers doing business in New York.

6.       "**Chubb Consent Order**" shall mean the Consent Order Under Sections 1102 and 3420 of the Insurance Law entered into between Chubb Group Holdings Inc., its subsidiary, Illinois Union Insurance Company, and DFS dated May 7, 2018, which imposes a civil monetary penalty of $1.3 million.

7.      "**Communication**" shall mean any oral, written, or recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, emails, text messages, conversations, facsimiles, letters, telegrams, cables, telexes, dialogues, discussions, negotiations, interviews, consultations, telephone calls, agreements, and other understandings, among two or more persons.  The term "communication" includes written summaries of any of the foregoing communications.

8.      "**Cuomo**" shall mean Governor of New York Andrew Cuomo, and all other persons acting or purporting to act with, for or on his behalf, including but not limited to consultants, advisors, attorneys, or any person acting in an advisory or consulting capacity.

9.      "**Defendants**" shall mean the Defendants in this action, individually and collectively, each or all of the following persons, or any combination of them acting in concert: DFS; Cuomo; Vullo.

10.     "**DFS**" shall mean the New York State Department of Financial Services and all other persons—including you—acting or purporting to act with, for or on its behalf, including but not limited to consultants, advisors, attorneys, or any person acting in an advisory or consulting capacity.

11.     "**Document(s)**" has the broadest meaning permitted by the Federal Rules of Civil Procedure, including without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, printouts, tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription, computer tapes, databases, emails, pictures, photographs, slides, films, microfilms, motion pictures, or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of handwritten notes or underlining, represents a separate document within the meaning of this term). The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not.

12.     "**Everytown**" shall mean the organization Everytown For Gun Safety, and any person acting, or who has so acted, on its behalf, including, but not limited to, any of their agents, principals, supervisors, representatives, officers, directors, employees (current and former), independent contractors, stockholders, subsidiaries, divisions, parent corporations, assignees, predecessors, successors, consultants, attorneys and each and every person acting on their behalf

or at their direction or on whose behalf they were acting with respect to the matters referred to herein.

13. "**Financial Institution**" shall mean any:  bank, or agency, branch, or representative office thereof; bank holding company; trust company; check casher; credit union; mutual company, or related charitable foundation; investment company; licensed lender; money transmitter; mortgage banker, broker, originator, or servicer; New York State Regulated Corporation; premium finance agency; safe deposit company; sales finance company;  savings bank, thrift, or savings & loan association; and/or, any insurance agent, insurance underwriter, insurance broker, or other insurance-industry firm.

14. "**Gun Promotion Organization**" shall mean any:  (a) organization, business entity, or publication that promotes, advocates, campaigns, organizes, lobbies, reports, or publicizes concerning any:  firearms, firearm accessories, including but not limited to firearm ammunition, magazines, and gunstocks; or firearm self-defense, including but not limited to firearms liability insurance products; or pro-firearm, pro-right to bear arms or pro-Second Amendment viewpoints or beliefs; or (b) manufactures, designs, buys, sells, trades, or in any way transacts firearms, firearm accessories, including but not limited to, firearm ammunition, magazines, and gunstocks; and includes any person acting, or who has so acted, on behalf of any person of type (a) or (b), including, but not limited to, any of their agents, principals, supervisors, representatives, officers, directors, employees (current and former), independent contractors, stockholders, subsidiaries, divisions, parent corporations, assignees, predecessors, successors, consultants, attorneys and each and every person acting on their behalf or at their direction or on whose behalf they were acting with respect to the matters referred to herein.

15.      "**Insurance Law**" shall mean the Insurance Laws of the New York Consolidated Laws and the articles, sections, and provisions contained therein.

16.      "**Lockton Consent Order**" shall mean the Consent Order Under Articles 21, 23 and 34 of the Insurance Law entered into between Lockton Affinity, LLC, Lockton Companies, LLC, and DFS dated May 2, 2018, which imposes a civil monetary penalty of $7 million.

17.      "**NRA**" shall mean the National Rifle Association of America and any person acting, or who has so acted, on its behalf, including, but not limited to, any of their agents, representatives, officers, directors, employees (current and former), independent contractors, attorneys and each and every person acting on their behalf or at their direction or on whose behalf they were acting with respect to the matters referred to herein.

18.      "**NRA Insurance Investigation**" shall mean the investigation that was referenced by the *Wall Street Journal* in its October 24, 2017, article titled *New York Regulator Probes NRA-Branded Self-Defense Insurance*, and which led to the Lockton Consent Order and the Chubb Consent Order.

19.      "**Person**" and "**persons**" includes natural persons, groups of natural persons acting in a collegial capacity (e.g., a committee or counsel), firms, corporations, partnerships, associations, joint ventures, trusts, and any other incorporated or unincorporated business, governmental, public or legal entity.

20.      "**Relating to**" or "**concerning**" shall mean relating to, concerning, reflecting, referring to, having a relationship to, pertaining to, identifying, containing, pertinent to, compromising, setting forth, showing, disclosing, describing, explaining, summarizing, evidencing, or constituting, directly or indirectly, in whole or in part, or to be otherwise factually, legally or logically connected to the subject matter of the particular Request.

21.     "**Vullo,**" "**You**," and "**Your**" refers to the Superintendent of the New York State Department of Financial Services, Maria T. Vullo, and all other persons acting or purporting to act with, for or on her behalf, including but not limited to consultants, advisors, attorneys, or any person acting in an advisory or consulting capacity.

22.     Whenever appropriate, the singular form of a word shall be interpreted in the plural, and vice-versa, and the words "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Requests all documents that might otherwise be construed to be outside their scope.

23.     Unless otherwise specified, the time period covered by each Request is from January 1, 2017 to present.

## III.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications (including, without limitation, communications between or among Defendants) relating to the compliance of the Carry Guard insurance program described in the Lockton Consent Order and the Chubb Consent Order with the Insurance Law.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications You sent to, received from, or exchanged with Lockton and/or Chubb (including, without limitation, all documents produced by the foregoing entities) relating to the NRA Insurance Investigation.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any governmental agency—including, without limitation, the New York Office of the Governor and the New York Office of the Attorney General—which relate to the NRA Insurance Investigation.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any non-governmental organization—including without limitation Everytown—which relate to any Gun Promotion Organization.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any non-governmental organization—including without limitation Everytown—which relate to the NRA Insurance Investigation.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any Defendant, on the one hand, and any Financial Institution, on the other hand, which relate to such Financial Institution's actual or potential business arrangements with any Gun Promotion Organization, including the NRA.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not encompassed by Request No. 6, documents sufficient to identify any communications responsive to Request No. 6 which occurred in unwritten form (*e.g.*, telephone calls or in-person meetings).

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications relating to any actual or potential Adverse Action by any Defendant against any Financial Institution known or suspected by any Defendant to maintain or seek business arrangements with any Gun Promotion Organization, including without limitation the NRA.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications relating to actual or potential enforcement of the Insurance Law by any Defendant against any Financial Institution known or suspected by any Defendant to maintain or seek business arrangements with any Gun Promotion Organization.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications relating to any Defendants' utilization of other governmental agencies to investigate any Gun Promotion Organization, including without limitation the NRA.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications relating to Defendants' utilization of other governmental agencies to investigate any Financial Institution concerning any affinity insurance policy or program without any NRA affiliation.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications relating to actual or potential Adverse Action by any Defendant against any Financial Institution concerning any affinity insurance policy or program without any NRA affiliation.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications relating to actual or potential enforcement of the Insurance Law with respect to affinity insurance policies or programs by any Defendant against any Financial Institution.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications relating to any Defendants' investigation of the NRA's promotional activities.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications relating to any Defendants' investigation of the NRA's lobbying activities.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications relating to the reasons You commenced or recommended the commencement of the NRA Insurance Investigation.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications relating to revenues generated, or expected to be generated, by the sale of any affinity insurance policy or program endorsed by the NRA.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications relating to your determination that Lockton should pay a civil monetary penalty of $7 million.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications relating to your determination that Chubb should pay a civil monetary penalty of $1.3 million.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications related to your referral of matters concerning the NRA to any governmental agency, including without limitation to the New York Office of the Attorney General.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications related to your referral of matters concerning any Gun Promotion Organization to any governmental agency, including without limitation to the New York Office of the Attorney General.

**REQUEST FOR PRODUCTION NO. 25:**

Documents and communications sufficient to identify your referral of any matter not concerning either the NRA or any Gun Promotion Organization to any governmental agency, including without limitation to the New York Office of the Attorney General.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any Defendants relating to the Action.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications sufficient to identify all past, present, or future investigation of or enforcement action against any affinity insurance policy or program—other than the Carry Guard insurance program described in the Lockton Consent Order and the Chubb Consent Order—that any Defendant suspected or suspects of violating New York Insurance Law §§ 1102, 2116, 2117, 2118, 2122, 2324, or 3420.

Dated: November 21, 2018                    Respectfully submitted,


                                    By:      _____/s/ Stephanie L. Gase_____
                                            William A. Brewer III (Bar No. 700217)
                                            wab@brewerattorneys.com
                                            Stephanie L. Gase (Bar No. 700205)
                                            sgase@brewerattorneys.com
                                            Sarah B. Rogers (Bar No. 700207)
                                            sbr@brewerattorneys.com
                                            BREWER, ATTORNEYS & COUNSELORS
                                            750 Lexington Avenue, 14th Floor
                                            New York, New York 10022
                                            Telephone:  (212) 489-1400
                                            Facsimile:  (212) 751-2849

                                            Charles J. Cooper (Bar No. 103729)
                                            ccooper@cooperkirk.com
                                            Michael W. Kirk (*pro hac vice* to be filed)
                                            mkirk@cooperkirk.com
                                            J. Joel Alicea (*pro hac vice* to be filed)
                                            jalicea@cooperkirk.com
                                            COOPER & KIRK, PLLC
                                            1523 New Hampshire Ave., NW
                                            Washington D.C., 20036
                                            Telephone: (202) 220-9660

                                            **ATTORNEYS FOR THE NATIONAL RIFLE
                                            ASSOCIATION OF AMERICA**

## CERTIFICATE OF SERVICE BY MAIL

I hereby certify under penalty of perjury that I caused a true and correct copy of National Rifle Association of America's Requests for Production of Documents to Defendant Maria T. Vullo to be served via electronic mail and overnight mail upon the following counsel in accordance with the Federal Rules of Civil Procedure and the Local Rules on this 21st day of November 2018.

Adrienne J. Kerwin
Assistant Attorney General
New York State Attorney General's Office
Albany Office
The Capitol Albany, New York
12224-0341
*ATTORNEY FOR NEW YORK STATE*
*DEPARTMENT OF FINANCIAL SERVICES*

*/s/  Stephanie L. Gase*
Stephanie L. Gase

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § | |
| Plaintiff, | § § | CIVIL CASE NO.  18-CV-00566-LEK-CFH |
| v. | § § | |
| ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES, | § § § § § § | |
| Defendants. | § § § | |

**NATIONAL RIFLE ASSOCIATION OF AMERICA'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT GOVERNOR OF NEW YORK ANDREW CUOMO**

TO:  Defendant Governor of New York Andrew Cuomo, by and through his counsel of record, Adrienne J. Kerwin, Assistant Attorney General, New York State Attorney General's Office, Albany Office, The Capitol Albany, New York, 12224-0341.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff National Rifle Association of America (the "NRA") hereby requests that Defendant Governor of New York Andrew Cuomo ("Cuomo") produce the following documents within thirty days of service hereof.

**I.**

**INSTRUCTIONS**

1.    To the extent provided by the Federal Rules of Civil Procedure, the NRA's Requests for Production of Documents are intended to be continuing in nature.  You are requested and required to supplement your responses when appropriate or necessary to make correct and complete responses to the full extent provided by the Federal Rules of Civil Procedure, the Local Rules, and any Order of this Court.

2.      To the extent that the responding party believes that any of the following requests is vague or ambiguous, the responding party is requested to notify the NRA immediately and a clarification will be provided.

3.      These requests are intended to include all documents in your possession, or subject to your custody or control, whether directly or indirectly.  A document is deemed to be within your possession, custody, or control if:  (1) it is within your actual possession, custody or control; or (2) it is within the possession of any other person or entity and you have the right to obtain the document from such person or entity, and you:  (a) own the document in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such documents on any term; or (c) as a practical matter, have been able to use, inspect, examine, or copy such document when you have sought to do so.  For the avoidance of doubt, these requests are intended to include, but are not limited to, all documents subject to your control that are stored on any computers, tablets, and cellular devices, including Blackberries, iPhones, or other smart phones.

4.      Unless otherwise indicated, the use in these requests of your name or the name of any party, individual, business organization, or other legal entity, shall specifically include all of that individual's or entity's present or former employees, officers, directors, agents, representatives, members, departments, sections, affiliates, subsidiaries, parents, attorneys, and all other persons acting on his/her or its behalf.

5.      These requests seek production of responsive documents in their entirety, without abbreviation, deletion, or redaction.  For the avoidance of doubt, each responsive email message should be produced with all of its respective email attachments, and each responsive email attachment should be produced with its respective parent email message and with all email attachments to that respective parent email message.  To the extent that you consider an email message and its

corresponding email attachment(s) to constitute separate documents, the NRA requests the pro-duction of all documents attached to each responsive email message, as well as all e-email mes-sages for which a responsive document is attached and all other documents attached to said email messages.  For the further avoidance of doubt, all responsive electronic documents should be pro-duced with all their corresponding metadata.  To the extent that you consider an electronic docu-ment's metadata to constitute a separate document, the NRA requests the production of all metadata that correspond to each responsive electronic document and all electronic documents that correspond to each responsive piece of metadata.

6.      In the event you interpose an objection to the request or requests, you should clearly indicate to which part or portion of the request or requests the objection is directed and provide all documents to which objection is not made as if such part or portion were propounded as a separate request.

7.      In the event that you seek to withhold any document, thing or information on the basis that it is properly entitled to some privilege or other limitation of discovery, you are instructed to supply counsel for the NRA with a numerical list of document(s) and thing(s) for which privi-lege or limitation of discovery is claimed, indicating:

a.      the name of each author, writer, sender, creator or initiator of such document or thing, if any;

b.      the name of each recipient, addressee, or party for whom such document or thing was intended, if any;

c.      the date of each such document, if any, or an estimate thereof and so indicated as an estimate if no date appears on said document;

d.      the general subject matter as described in the document; and

e.      the claimed grounds for privilege or limitation of discovery.

You are to produce the documents as they are kept in the ordinary course of business, with appropriate markings or designations, so that it may be determined to what request they are intended to be responsive.

## II.

## <u>DEFINITIONS</u>

1.      "**Action**" shall mean the lawsuit styled *National Rifle Association of America v. Andrew Cuomo, both individually and in his official capacity; Maria T. Vullo, both individually and in her official capacity; and the New York State Department of Financial Services*, Civil File No. 18-CV-00566-LEK-CFH, pending in the United States District Court for the Northern District of New York, Albany Division.

2.      "**Adverse Action**" shall mean any of the following actions by DFS:   any investigation, inquiry, or issuance of a subpoena, letter request, or other request for information; the issuance or modification of any regulatory rating, assessment, or classification, to the extent that the foregoing could be construed as unfavorable or have unfavorable effects; the conduct of any examination or audit; the restriction or revocation of any assistance or favorable consideration provided or facilitated by DFS with respect to any government benefit, loan, grant, service, or contract; the imposition of any new or increased fine, penalty, tax, or other financial liability or obligation; and/or, the issuance of any communication that is intended, or reasonably likely, to stigmatize the subject person or Financial Institution or negatively impact the goodwill or business reputation of such person or Financial Institution.

3.       "**All**" and "**any**" shall be construed so as to bring within the scope of the request all documents which might otherwise be construed to be outside the scope.

4.      "**April 19 Press Release**" shall mean the press release issued April 19, 2018, by the Governor's Office, entitled, Governor Cuomo Directs Department of Financial Services to

Urge Companies to Weigh Reputational Risks of Business Ties to the NRA and Similar Organizations.

5.      "**April 2018 Letters**" shall mean the guidance letters issued April 19, 2018, by you and DFS directed at the chief executive officers, or equivalents, of all New York State chartered or licensed financial institutions and all insurers doing business in New York.

6.      "**Chubb Consent Order**" shall mean the Consent Order Under Sections 1102 and 3420 of the Insurance Law entered into between Chubb Group Holdings Inc., its subsidiary, Illinois Union Insurance Company, and DFS dated May 7, 2018, which imposes a civil monetary penalty of $1.3 million.

7.      "**Communication**" shall mean any oral, written, or recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, emails, text messages, conversations, facsimiles, letters, telegrams, cables, telexes, dialogues, discussions, negotiations, interviews, consultations, telephone calls, agreements, and other understandings, among two or more persons.  The term "communication" includes written summaries of any of the foregoing communications.

8.      "**Cuomo,**" "**you**," and "**your**" shall mean Governor of New York Andrew Cuomo, and all other persons acting or purporting to act with, for or on his behalf, including but not limited to consultants, advisors, attorneys, or any person acting in an advisory or consulting capacity.

9.      "**Defendants**" shall mean the Defendants in this action, individually and collectively, each or all of the following persons, or any combination of them acting in concert: DFS; Cuomo; Vullo.

10.    "**DFS**" shall mean the New York State Department of Financial Services and all other persons acting or purporting to act with, for or on its behalf, including but not limited to consultants, advisors, attorneys, or any person acting in an advisory or consulting capacity.

11.     "**Document(s)**" has the broadest meaning permitted by the Federal Rules of Civil Procedure, including without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, printouts, tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription, computer tapes, databases, emails, pictures, photographs, slides, films, microfilms, motion pictures, or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each  document (which, by reason of any variation, such as the presence or absence of handwritten notes or underlining, represents a separate document within the meaning of this term).  The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not.

12.    "**Everytown**" shall mean the organization Everytown For Gun Safety, and any person acting, or who has so acted, on its behalf, including, but not limited to, any of their agents, principals, supervisors, representatives, officers, directors, employees (current and former), independent contractors, stockholders, subsidiaries, divisions, parent corporations, assignees, predecessors, successors, consultants, attorneys and each and every person acting on their behalf or at their direction or on whose behalf they were acting with respect to the matters referred to herein.

13.     "**Financial Institution**" shall mean any: bank, or agency, branch, or representative office thereof; bank holding company; trust company; check casher; credit union; mutual company, or related charitable foundation; investment company; licensed lender; money transmitter; mortgage banker, broker, originator, or servicer; New York State Regulated Corporation; premium finance agency; safe deposit company; sales finance company; savings bank, thrift, or savings & loan association; and/or, any insurance agent, insurance underwriter, insurance broker, or other insurance-industry firm.

14.     "**Gun Promotion Organization**" shall mean any: (a) organization, business entity, or publication that promotes, advocates, campaigns, organizes, lobbies, reports, or publicizes concerning any: firearms, firearm accessories, including but not limited to firearm ammunition, magazines, and gunstocks; or firearm self-defense, including but not limited to firearms liability insurance products; or pro-firearm, pro-right to bear arms or pro-Second Amendment viewpoints or beliefs; or (b) manufactures, designs, buys, sells, trades, or in any way transacts firearms, firearm accessories, including but not limited to, firearm ammunition, magazines, and gunstocks; and includes any person acting, or who has so acted, on behalf of any person of type (a) or (b), including, but not limited to, any of their agents, principals, supervisors, representatives, officers, directors, employees (current and former), independent contractors, stockholders, subsidiaries, divisions, parent corporations, assignees, predecessors, successors, consultants, attorneys and each and every person acting on their behalf or at their direction or on whose behalf they were acting with respect to the matters referred to herein.

15.     "**Insurance Law**" shall mean the Insurance Laws of the New York Consolidated Laws and the articles, sections, and provisions contained therein.

16.     "**Lockton Consent Order**" shall mean the Consent Order Under Articles 21, 23 and 34 of the Insurance Law entered into between Lockton Affinity, LLC, Lockton Companies, LLC, and DFS dated May 2, 2018, which imposes a civil monetary penalty of $7 million.

17.     "**NRA**" shall mean the National Rifle Association of America and any person acting, or who has so acted, on its behalf, including, but not limited to, any of their agents, representatives, officers, directors, employees (current and former), independent contractors, attorneys and each and every person acting on their behalf or at their direction or on whose behalf they were acting with respect to the matters referred to herein.

18.     "**NRA Insurance Investigation**" shall mean the investigation that was referenced by the *Wall Street Journal* in its October 24, 2017, article titled *New York Regulator Probes NRA-Branded Self-Defense Insurance*, and which led to the Lockton Consent Order and the Chubb Consent Order.

19.     "**Person**" and "**persons**" includes natural persons, groups of natural persons acting in a collegial capacity (e.g., a committee or counsel), firms, corporations, partnerships, associations, joint ventures, trusts, and any other incorporated or unincorporated business, governmental, public or legal entity.

20.     "**Relating to**" or "**concerning**" shall mean relating to, concerning, reflecting, referring to, having a relationship to, pertaining to, identifying, containing, pertinent to, compromising, setting forth, showing, disclosing, describing, explaining, summarizing, evidencing, or constituting, directly or indirectly, in whole or in part, or to be otherwise factually, legally or logically connected to the subject matter of the particular Request.

21.     "**Vullo**" refers to the Superintendent of the New York State Department of Financial Services, Maria T. Vullo, and all other persons acting or purporting to act with, for or on her

behalf, including but not limited to consultants, advisors, attorneys, or any person acting in an advisory or consulting capacity.

22.     Whenever appropriate, the singular form of a word shall be interpreted in the plural, and vice-versa, and the words "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Requests all documents that might otherwise be construed to be outside their scope.

23.     Unless otherwise specified, the time period covered by each Request is from January 1, 2017 to present.


# III.

## <u>DOCUMENT REQUESTS</u>

### <u>REQUEST FOR PRODUCTION NO. 1:</u>

All documents and communications (including, without limitation, communications between or among Defendants) relating to the compliance of the Carry Guard insurance program described in the Lockton Consent Order and the Chubb Consent Order with the Insurance Law.

### <u>REQUEST FOR PRODUCTION NO. 2:</u>

All documents and communications You sent to, received from, or exchanged with Lockton and/or Chubb (including, without limitation, all documents produced by the foregoing entities) relating to the NRA Insurance Investigation.

### <u>REQUEST FOR PRODUCTION NO. 3:</u>

All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any governmental agency—including, without limitation, the New York Office of the Governor and the New York Office of the Attorney General—which relate to the NRA Insurance Investigation.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any non-governmental organization—including without limitation Everytown—which relate to any Gun Promotion Organization.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any non-governmental organization—including without limitation Everytown—which relate to the NRA Insurance Investigation.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any Defendant, on the one hand, and any Financial Institution, on the other hand, which relate to such Financial Institution's actual or potential business arrangements with any Gun Promotion Organization, including the NRA.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not encompassed by Request No. 6, documents sufficient to identify any communications responsive to Request No. 6 which occurred in unwritten form (*e.g.*, telephone calls or in-person meetings).

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications relating to any actual or potential Adverse Action by any Defendant against any Financial Institution known or suspected by any Defendant to maintain or seek business arrangements with any Gun Promotion Organization, including without limitation the NRA.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications relating to actual or potential enforcement of the Insurance Law by any Defendant against any Financial Institution known or suspected by any Defendant to maintain or seek business arrangements with any Gun Promotion Organization.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications relating to any Defendants' utilization of other governmental agencies to investigate any Gun Promotion Organization.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications relating to any Defendants' utilization of other governmental agencies to investigate the NRA.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications relating to Defendants' utilization of other governmental agencies to investigate any Financial Institution concerning any affinity insurance policy or program without any NRA affiliation.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications relating to actual or potential Adverse Action by any Defendant against any Financial Institution concerning any affinity insurance policy or program without any NRA affiliation.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications sufficient to identify all past, present, or future investigation of or enforcement action against any affinity insurance policy or program—other than the Carry Guard insurance program described in the Lockton Consent Order and the Chubb

Consent Order—that any Defendant suspected or suspects of violating Insurance Law §§ 1102, 2116, 2117, 2118, 2122, 2324, or 3420.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications relating to actual or potential enforcement of the Insurance Law with respect to affinity insurance policies or programs by any Defendant against any Financial Institution.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications relating to any Defendants' investigation of the NRA's promotional activities.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications relating to any Defendants' investigation of the NRA's lobbying activities.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications relating to the reasons You commenced or recommended the commencement of the NRA Insurance Investigation.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications relating to revenues generated by the sale of any affinity insurance policy or program endorsed by the NRA.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications, including but not limited to reports, analyses, and financial projections, relating to revenues expected to be generated by the sale of any affinity insurance policy or program endorsed by the NRA.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications related to your referral of matters concerning the NRA to any governmental agency, including without limitation to the New York Office of the Attorney General.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications related to your referral of matters concerning any Gun Promotion Organization to any governmental agency, including without limitation to the New York Office of the Attorney General.

**REQUEST FOR PRODUCTION NO. 25:**

Documents and communications sufficient to identify your referral of any matter not concerning either the NRA or any Gun Promotion Organization to any governmental agency, including without limitation to the New York Office of the Attorney General.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any Defendants relating to the Action.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications relating to the April 2018 Letters.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications relating to the April 19 Press Release including, without limitation:

a) All documents and communications relating to the concern that Financial Institutions might "send[] the wrong message" by doing business with the NRA;

b) Any research, analyses, models, or estimates developed or compiled by Defendants to substantiate the expectation that the April 2018 Letters would "encourage strong markets";

c) Documents sufficient to identify the risk(s) from which Defendants, by their issuance of the April 2018 Letters, seek to "protect consumers"; and

d) Any communications received by Defendants from Financial Institutions seeking guidance or clarification regarding the April 19 Press Release, or concerning the potential impact of the April 19 Press Release upon the business practices of such Financial Institutions.

## REQUEST FOR PRODUCTION NO. 27:

All documents and communications relating to the NRA Insurance Investigation, the Lockton Consent Order, or the Chubb Consent Order.

Dated: November 21, 2018                    Respectfully submitted,


By:        */s/ Stephanie L. Gase*
           William A. Brewer III (Bar No. 700217)
           wab@brewerattorneys.com
           Stephanie L. Gase (Bar No. 700205)
           sgase@brewerattorneys.com
           Sarah B. Rogers (Bar No. 700207)
           sbr@brewerattorneys.com
           BREWER, ATTORNEYS & COUNSELORS
           750 Lexington Avenue, 14th Floor
           New York, New York 10022
           Telephone:  (212) 489-1400
           Facsimile:  (212) 751-2849

           Charles J. Cooper (Bar No. 103729)
           ccooper@cooperkirk.com
           Michael W. Kirk (*pro hac vice* to be filed)
           mkirk@cooperkirk.com
           J. Joel Alicea (*pro hac vice* to be filed)
           jalicea@cooperkirk.com
           COOPER & KIRK, PLLC
           1523 New Hampshire Ave., NW
           Washington D.C., 20036
           Telephone: (202) 220-9660


           **ATTORNEYS FOR THE NATIONAL RIFLE
           ASSOCIATION OF AMERICA**

## CERTIFICATE OF SERVICE BY MAIL

I hereby certify under penalty of perjury that I caused a true and correct copy of National

Rifle Association of America's Requests for Production of Documents to Defendant Governor of

New York Andrew Cuomo to be served via electronic mail and overnight mail upon the following

counsel in accordance with the Federal Rules of Civil Procedure and the Local Rules on this 21st

day of November 2018.


Adrienne J. Kerwin
Assistant Attorney General
New York State Attorney General's Office
Albany Office
The Capitol Albany, New York
12224-0341
*ATTORNEY FOR GOVERNOR OF*
*NEW YORK ANDREW CUOMO*



_____ */s/  Stephanie L. Gase*_____
Stephanie L. Gase

# Exhibit 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § | |
| **Plaintiff,** | § § | CIVIL CASE NO.   18-CV-00566-LEK-CFH |
| v. | § § | |
| ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES, | § § § § § § § | |
| **Defendants.** | § § | |

## NATIONAL RIFLE ASSOCIATION OF AMERICA'S
## FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
## NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES

TO:   Defendant New York State Department of Financial Services, by and through its counsel of record, Adrienne J. Kerwin, Assistant Attorney General, New York State Attorney General's Office, Albany Office, The Capitol Albany, New York, 12224-0341.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff National Rifle Association of America (the "NRA") hereby requests that Defendant New York State Department of Financial Services ("DFS") produce the following documents within thirty days of service hereof.

## I.

## INSTRUCTIONS

1.     To the extent provided by the Federal Rules of Civil Procedure, the NRA's Requests for Production of Documents are intended to be continuing in nature. You are requested and required to supplement your responses when appropriate or necessary to make correct and

complete responses to the full extent provided by the Federal Rules of Civil Procedure, the Local Rules, and any Order of this Court.

2.      To the extent that the responding party believes that any of the following requests are vague or ambiguous, the responding party is requested to notify the NRA immediately and a clarification will be provided.

3.      These requests are intended to include all documents in your possession, or subject to your custody, or control, whether directly or indirectly.  A document is deemed to be within your possession, custody, or control if:  (1) it is within your actual possession, custody, or control; or (2) it is within the possession of any other person or entity and you have the right to obtain the document from such person or entity, and you:  (a) own the document in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine or copy such documents on any term; or (c) as a practical matter, have been able to use, inspect, examine or copy such document when you have sought to do so.  For the avoidance of doubt, these requests are intended to include, but are not limited to, all documents subject to your control that are stored on any computers, tablets, and cellular devices, including Blackberries, iPhones, or other smart phones.

4.      Unless otherwise indicated, the use in these Requests of your name or the name of any party, individual, business organization, or other legal entity, shall specifically include all of that individual's or entity's present or former employees, officers, directors, agents, representatives, members, departments, sections, affiliates, subsidiaries, parents, attorneys, and all other persons acting on his/her or its behalf.

5.      These Requests seek production of responsive documents in their entirety, without abbreviation, deletion, or redaction.  For the avoidance of doubt, each responsive email message should be produced with all of its respective email attachments, and each responsive email

attachment should be produced with its respective parent email message and with all email attachments to that respective parent email message.  To the extent that you consider an email message and its corresponding email attachment(s) to constitute separate documents, the NRA requests the production of all documents attached to each responsive email message, as well as all e-email messages for which a responsive document is attached and all other documents attached to said email messages.  For the further avoidance of doubt, all responsive electronic documents should be produced with all their corresponding metadata.  To the extent that you consider an electronic document's metadata to constitute a separate document, the NRA requests the production of all metadata that correspond to each responsive electronic document and all electronic documents that correspond to each responsive piece of metadata.

6.      In the event you interpose an objection to the request or requests, you should clearly indicate to which part or portion of the request or requests the objection is directed and provide all documents to which objection is not made as if such part or portion were propounded as a separate request.

7.      In the event that you seek to withhold any document, thing or information on the basis that it is properly entitled to some privilege or other limitation of discovery, you are instructed to supply counsel for the NRA with a numerical list of document(s) and thing(s) for which privilege or limitation of discovery is claimed, indicating:

   a.      the name of each author, writer, sender, creator or initiator of such document or thing, if any;

   b.      the name of each recipient, addressee, or party for whom such document or thing was intended, if any;

   c.      the date of each such document, if any, or an estimate thereof and so indicated as an estimate if no date appears on said document;

      d.      the general subject matter as described in the document; and

      e.      the claimed grounds for privilege or limitation of discovery.

You are to produce the documents as they are kept in the ordinary course of business, with appropriate markings or designations, so that it may be determined to what request they are intended to be responsive.

## II.

## __DEFINITIONS__

1.      "**Action**" shall mean the lawsuit styled *National Rifle Association of America v. Andrew Cuomo, both individually and in his official capacity; Maria T. Vullo, both individually and in her official capacity; and the New York State Department of Financial Services*, Civil File No. 18-CV-00566-LEK-CFH, pending in the United States District Court for the Northern District of New York, Albany Division.

2.      "**Adverse Action**" shall mean any of the following actions by DFS:  any investigation, inquiry, or issuance of a subpoena, letter request, or other request for information; the issuance or modification of any regulatory rating, assessment, or classification, to the extent that the foregoing could be construed as unfavorable or have unfavorable effects; the conduct of any examination or audit; the restriction or revocation of any assistance or favorable consideration provided or facilitated by DFS with respect to any government benefit, loan, grant, service, or contract; the imposition of any new or increased fine, penalty, tax, or other financial liability or obligation; and/or, the issuance of any communication that is intended, or reasonably likely, to stigmatize the subject person or Financial Institution or negatively impact the goodwill or business reputation of such person or Financial Institution.

3.      "**All**" and "**any**" shall be construed so as to bring within the scope of the request all documents which might otherwise be construed to be outside the scope.

4.      "**April 19 Press Release**" shall mean the press release issued April 19, 2018, by the Governor's Office, entitled, Governor Cuomo Directs Department of Financial Services to Urge Companies to Weigh Reputational Risks of Business Ties to the NRA and Similar Organizations.

5.      "**April 2018 Letters**" shall mean the guidance letters issued April 19, 2018, by you and DFS directed at the chief executive officers, or equivalents, of all New York State chartered or licensed financial institutions and all insurers doing business in New York.

6.      "**Chubb Consent Order**" shall mean the Consent Order Under Sections 1102 and 3420 of the Insurance Law entered into between Chubb Group Holdings Inc., its subsidiary, Illinois Union Insurance Company, and DFS dated May 7, 2018, which imposes a civil monetary penalty of $1.3 million.

7.      "**Communication**" shall mean any oral, written, or recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, emails, text messages, conversations, facsimiles, letters, telegrams, cables, telexes, dialogues, discussions, negotiations, interviews, consultations, telephone calls, agreements, and other understandings, among two or more persons.  The term "communication" includes written summaries of any of the foregoing communications.

8.      "**Cuomo**" shall mean Governor of New York Andrew Cuomo, and all other persons acting or purporting to act with, for or on his behalf, including but not limited to consultants, advisors, attorneys, or any person acting in an advisory or consulting capacity.

9.      "**Defendants**" shall mean the Defendants in this action, individually and collectively, each or all of the following persons, or any combination of them acting in concert: DFS; Cuomo; Vullo.

10.      "**DFS**," "**you**," and "**your**" shall mean the New York State Department of Financial Services and all other persons acting or purporting to act with, for or on its behalf, including but not limited to consultants, advisors, attorneys, or any person acting in an advisory or consulting capacity.

11.      "**Document(s)**" has the broadest meaning permitted by the Federal Rules of Civil Procedure, including without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, printouts, tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription, computer tapes, databases, emails, pictures, photographs, slides, films, microfilms, motion pictures, or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of handwritten notes or underlining, represents a separate document within the meaning of this term). The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not.

12.      "**Everytown**" shall mean the organization Everytown For Gun Safety, and any person acting, or who has so acted, on its behalf, including, but not limited to, any of their agents, principals, supervisors, representatives, officers, directors, employees (current and former),

independent contractors, stockholders, subsidiaries, divisions, parent corporations, assignees, predecessors, successors, consultants, attorneys and each and every person acting on their behalf or at their direction or on whose behalf they were acting with respect to the matters referred to herein.

13.     "**Financial Institution**" shall mean any:  bank, or agency, branch, or representative office thereof; bank holding company; trust company; check casher; credit union; mutual company, or related charitable foundation; investment company; licensed lender; money transmitter; mortgage banker, broker, originator, or servicer; New York State Regulated Corporation; premium finance agency; safe deposit company; sales finance company;  savings bank, thrift, or savings & loan association; and/or, any insurance agent, insurance underwriter, insurance broker, or other insurance-industry firm.

14.     "**Gun Promotion Organization**" shall mean any:  (a) organization, business entity, or publication that promotes, advocates, campaigns, organizes, lobbies, reports, or publicizes concerning any:  firearms, firearm accessories, including but not limited to firearm ammunition, magazines, and gunstocks; or firearm self-defense, including but not limited to firearms liability insurance products; or pro-firearm, pro-right to bear arms or pro-Second Amendment viewpoints or beliefs; or (b) manufactures, designs, buys, sells, trades, or in any way transacts firearms, firearm accessories, including but not limited to, firearm ammunition, magazines, and gunstocks; and includes any person acting, or who has so acted, on behalf of any person of type (a) or (b), including, but not limited to, any of their agents, principals, supervisors, representatives, officers, directors, employees (current and former), independent contractors, stockholders, subsidiaries, divisions, parent corporations, assignees, predecessors, successors, consultants, attorneys and each

and every person acting on their behalf or at their direction or on whose behalf they were acting with respect to the matters referred to herein.

15.    "**Insurance Law**" shall mean the Insurance Laws of the New York Consolidated Laws and the articles, sections, and provisions contained therein.

16.    "**Lockton Consent Order**" shall mean the Consent Order Under Articles 21, 23 and 34 of the Insurance Law entered into between Lockton Affinity, LLC, Lockton Companies, LLC, and DFS dated May 2, 2018, which imposes a civil monetary penalty of $7 million.

17.    "**NRA**" shall mean the National Rifle Association of America and any person acting, or who has so acted, on its behalf, including, but not limited to, any of their agents, representatives, officers, directors, employees (current and former), independent contractors, attorneys and each and every person acting on their behalf or at their direction or on whose behalf they were acting with respect to the matters referred to herein.

18.    "**NRA Insurance Investigation**" shall mean the investigation that was referenced by the *Wall Street Journal* in its October 24, 2017, article titled *New York Regulator Probes NRA-Branded Self-Defense Insurance*, and which led to the Lockton Consent Order and the Chubb Consent Order.

19.    "**Person**" and "**persons**" includes natural persons, groups of natural persons acting in a collegial capacity (e.g., a committee or counsel), firms, corporations, partnerships, associations, joint ventures, trusts, and any other incorporated or unincorporated business, governmental, public or legal entity.

20.    "**Relating to**" or "**concerning**" shall mean relating to, concerning, reflecting, referring to, having a relationship to, pertaining to, identifying, containing, pertinent to, compromising, setting forth, showing, disclosing, describing, explaining, summarizing,

evidencing, or constituting, directly or indirectly, in whole or in part, or to be otherwise factually, legally or logically connected to the subject matter of the particular Request.

21.     "**Vullo**" refers to the Superintendent of the New York State Department of Financial Services, Maria T. Vullo, and all other persons acting or purporting to act with, for or on her behalf, including but not limited to consultants, advisors, attorneys, or any person acting in an advisory or consulting capacity.

22.     Whenever appropriate, the singular form of a word shall be interpreted in the plural, and vice-versa, and the words "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Requests all documents that might otherwise be construed to be outside their scope.

23.     Unless otherwise specified, the time period covered by each Request is from January 1, 2017 to present.

## III.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications (including, without limitation, communications between or among Defendants) relating to the compliance of the Carry Guard insurance program described in the Lockton Consent Order and the Chubb Consent Order with the Insurance Law.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications You sent to, received from, or exchanged with Lockton and/or Chubb (including, without limitation, all documents produced by the foregoing entities) relating to the NRA Insurance Investigation.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any governmental agency—including, without limitation, the New York Office of the Governor and the New York Office of the Attorney General—which relate to the NRA Insurance Investigation.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any non-governmental organization—including without limitation Everytown—which relate to any Gun Promotion Organization.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any non-governmental organization—including without limitation Everytown—which relate to the NRA Insurance Investigation.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any Defendant, on the one hand, and any Financial Institution, on the other hand, which relate to such Financial Institution's actual or potential business arrangements with any Gun Promotion Organization, including the NRA.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not encompassed by Request No. 6, documents sufficient to identify any communications responsive to Request No. 6 which occurred in unwritten form (*e.g.*, telephone calls or in-person meetings).

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications relating to any actual or potential Adverse Action by any Defendant against any Financial Institution known or suspected by any Defendant to maintain or seek business arrangements with any Gun Promotion Organization, including without limitation the NRA.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications relating to actual or potential enforcement of the Insurance Law by any Defendant against any Financial Institution known or suspected by any Defendant to maintain or seek business arrangements with any Gun Promotion Organization, including without limitation the NRA.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications relating to any Defendants' utilization of other governmental agencies to investigate any Gun Promotion Organization, including without limitation the NRA.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications relating to any Defendants' utilization of other governmental agencies to investigate the NRA.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications relating to Defendants' utilization of other governmental agencies to investigate any Financial Institution concerning any affinity insurance policy or program without any NRA affiliation.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications relating to actual or potential Adverse Action by any Defendant against any Financial Institution concerning any affinity insurance policy or program without any NRA affiliation.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications relating to actual or potential enforcement of the Insurance Law with respect to affinity insurance policies or programs by any Defendant against any Financial Institution.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications relating to any Defendants' investigation of the NRA's promotional activities.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications relating to any Defendants' investigation of the NRA's lobbying activities.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications relating to the reasons You commenced or recommended the commencement of the NRA Insurance Investigation.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications relating to revenues generated, or expected to be generated, by the sale of any affinity insurance policy or program endorsed by the NRA.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications relating to your determination that Lockton should pay a civil monetary penalty of $7 million.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications relating to your determination that Chubb should pay a civil monetary penalty of $1.3 million.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications related to your referral of matters concerning the NRA to any governmental agency, including without limitation the New York Office of the Attorney General.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications related to your referral of matters concerning any Gun Promotion Organization to any governmental agency, including without limitation to the New York Office of the Attorney General.

NATIONAL RIFLE ASSOCIATION OF AMERICA'S
FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES                    Page 13

**REQUEST FOR PRODUCTION NO. 25:**

Documents and communications sufficient to identify your referral of any matter not concerning either the NRA or any Gun Promotion Organization to any governmental agency, including without limitation to the New York Office of the Attorney General.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any Defendants relating to the Action.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and communications sufficient to identify all past, present, or future investigation of or enforcement action against any affinity insurance policy or program—other than the Carry Guard insurance program described in the Lockton Consent Order and the Chubb Consent Order—that any Defendant suspected or suspects of violating New York Insurance Law §§ 1102, 2116, 2117, 2118, 2122, 2324, or 3420.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications relating to the April 2018 Letters including, without limitation:

a) Any research, analyses, models, or estimates developed or compiled by DFS regarding "reputational risks[] that may arise from [] dealings with the NRA or similar gun promotion organizations," and the impact of such risks upon the solvency, safety, or soundness of New York financial institutions;

b) Documents sufficient to identify the "gun promotion organizations" referenced in the April 2018 Letters; and

NATIONAL RIFLE ASSOCIATION OF AMERICA'S
FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES                    Page 14

c)   Any communications received by Defendants from Financial Institutions seeking guidance or clarification regarding the April 2018 Letters, or concerning the potential impact of the April 2018 Letters upon the business practices of such Financial Institutions.

## REQUEST FOR PRODUCTION NO. 30:

All documents and communications relating to the April 19 Press Release including, without limitation:

a) All documents and communications relating to the concern that Financial Institutions might "send[] the wrong message" by doing business with the NRA;

b) Any research, analyses, models, or estimates developed or compiled by Defendants to substantiate the expectation that the April 2018 Letters would "encourage strong markets";

c) Documents sufficient to identify the risk(s) from which Defendants, by their issuance of the April 2018 Letters, seek to "protect consumers"; and

d) Any communications received by Defendants from Financial Institutions seeking guidance or clarification regarding the April 19 Press Release, or concerning the potential impact of the April 19 Press Release upon the business practices of such Financial Institutions.

## REQUEST FOR PRODUCTION NO. 31:

All documents and communications relating to any of the following provisions of the Lockton Consent Order or the Chubb Consent Order:  (a) Lockton Consent Order paragraphs 42 and 43; (b) Chubb Consent Order paragraphs 21 and 22.

Dated: November 21, 2018                    Respectfully submitted,


By:          /s/ Stephanie L. Gase
             William A. Brewer III (Bar No. 700217)
             wab@brewerattorneys.com
             Stephanie L. Gase (Bar No. 700205)
             sgase@brewerattorneys.com
             Sarah B. Rogers (Bar No. 700207)
             sbr@brewerattorneys.com
             BREWER,   ATTORNEYS   &   COUNSELORS
             750 Lexington Avenue, 14th Floor
             New York, New York 10022
             Telephone:  (212) 489-1400
             Facsimile:  (212) 751-2849

             Charles J. Cooper (Bar No. 103729)
             ccooper@cooperkirk.com
             Michael W. Kirk (*pro hac vice* to be filed)
             mkirk@cooperkirk.com
             J. Joel Alicea (*pro hac vice* to be filed)
             jalicea@cooperkirk.com
             COOPER & KIRK, PLLC
             1523 New Hampshire Ave., NW
             Washington D.C., 20036
             Telephone: (202) 220-9660

             **ATTORNEYS FOR THE NATIONAL RIFLE
             ASSOCIATION OF AMERICA**

## <u>CERTIFICATE OF SERVICE BY MAIL</u>

I hereby certify under penalty of perjury that I caused a true and correct copy of National

Rifle Association of America's Requests for Production of Documents to Defendant the New York

State Department of Financial Services to be served via electronic mail and overnight mail upon

the following counsel in accordance with the Federal Rules of Civil Procedure and the Local Rules

on this 21st day of November, 2018.


Adrienne J. Kerwin
Assistant Attorney General
New York State Attorney General's Office
Albany Office
The Capitol Albany, New York
12224-0341
*ATTORNEY FOR NEW YORK STATE*
*DEPARTMENT OF FINANCIAL SERVICES*


<u>        /s/  Stephanie L. Gase        </u>
Stephanie L. Gase


NATIONAL RIFLE ASSOCIATION OF AMERICA'S
FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES                    Page 17

# Exhibit 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATIONAL RIFLE ASSOCIATION OF AMERICA,

                                        *Plaintiff*,

                        -against-

ANDREW CUOMO, both individually and in his official
capacity; MARIA T. VULLO, both individually and in her
official capacity; and THE NEW YORK STATE
DEPARTMENT OF FINANCIAL SERVICES,

                                        *Defendants*.

_____

**SUPPLEMENTAL
RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR
PRODUCTION TO
DEFENDANT VULLO**

18-CV-0566

TJM/CFH

 

 

Defendant Vullo, by her attorney, Letitia James, Attorney General of the State of New York, William A. Scott, Assistant Attorney General, of counsel, pursuant to Rules 26 and 34 of the Federal Rules, hereby offers this supplemental respond to Plaintiff National Rifle Association of America's First Requests for Production to Defendant New York State Department of Financial Services, dated November 21, 2018 (the "Requests"), as follows, supplemental responses appear below in italics:

<u>**INSTRUCTIONS**</u>

1.      Defendant Vullo objects to the Instructions to the extent they purport to impose any requirement or discovery obligation greater than or different from those imposed by Rule 26(b)(1) of the Federal Rules of Civil Procedure or the Local Rules of this District.

2.      Defendant Vullo objects to the Instructions to the extent they seek the production of documents created after the filing of the Complaint in this action.

3.      Defendant Vullo objects to the Instructions to the extent they seek to impose any

1

continuing obligation on Defendant Vullo to respond.   Defendant Vullo will supplement her Responses only to the extent expressly required by the Federal Rules of Civil Procedure, the Local Rules, or by law.

4.      Defendant Vullo objects to the Instructions to the extent they conflict with any pending order in this action, including orders pertaining to confidentiality or the production of electronically stored information.

## **DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1**:   All documents and communications (including, without limitation, communications between or among Defendants) relating to the compliance of the Carry Guard insurance program described in the Lockton Consent Order and the Chubb Consent Order with the Insurance Law.

OBJECTION: Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.   Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.   Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.   Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

*Plaintiff has requested a privilege log relative to this demand.  The documents that are potentially responsive to this demand number in the thousands.  Until this request is appropriately narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable and unnecessary burden to place on the Defendants.  The NRA continues to be*

2

*a target of the same investigation that gave rise to the Lockton Consent Order and the Chubb*

*Consent Order.   The NRA's attempt to bypass this investigation and receive privileged*

*information in this civil proceeding is improper.*

*To the extent that the Plaintiff's have indicated that they intended this demand to include*

*documents merely discussing the Carry Guard program and not directly a part of the relevant*

*investigation files, Plaintiff is referred to Exhibit A accompanying Defendant DFS' responses.*

*Additionally, the Plaintiff is referred to* [https://www.dfs.ny.gov/reportpub/dfs_reportpub.htm](https://www.dfs.ny.gov/reportpub/dfs_reportpub.htm)

*which provides a complete listing of all press releases and superintendent statements issued by*

*DFS.  Plaintiff is more particularly referred to*

[https://www.dfs.ny.gov/about/statements/st1805111.htm](https://www.dfs.ny.gov/about/statements/st1805111.htm)*;*

[https://www.dfs.ny.gov/about/press/pr1805021.htm](https://www.dfs.ny.gov/about/press/pr1805021.htm)*;*

[https://www.dfs.ny.gov/about/press/pr1805071.htm](https://www.dfs.ny.gov/about/press/pr1805071.htm)*.*

*Additionally, copies of Industry Guidance Letters issued relative to the NRA and other Gun*

*Promotion Organizations can be found at* [https://www.dfs.ny.gov/legal/industrylet.htm](https://www.dfs.ny.gov/legal/industrylet.htm)*.*

**REQUEST FOR PRODUCTION NO. 2**:  All documents and communications You sent to,

received from, or exchanged with Lockton and/or Chubb (including, without limitation, all

documents produced by the foregoing entities) relating to the NRA Insurance Investigation.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague,

ambiguous and over broad, and seeks information not proportional to the discovery needs of this

action.  Defendants object to this demand as it calls for the production of documents and/or

information that is not relevant or at issue in this case.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege.

*Plaintiff has requested a privilege log relative to this demand.  The documents that are potentially responsive to this demand number in the thousands.  Until this request is appropriately narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable and unnecessary burden to place on the Defendants.  The NRA continues to be a target of the same investigation that gave rise to the Lockton Consent Order and the Chubb Consent Order.  The NRA's attempt to bypass this investigation and receive privileged information in this civil proceeding is improper.*

**REQUEST FOR PRODUCTION NO. 3**:  All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any governmental agency—including, without limitation, the New York Office of the Governor and the New York Office of the Attorney General—which relate to the NRA Insurance Investigation.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

*Plaintiff has indicated that it intended this demand to cover _any_ governmental agency to include other states and countries.  Aside from the above objections, this clarification also requests*

4

*documentation that is irrelevant to and not proportional to the needs of this case. The Plaintiff*

*does not, nor can it, allege that any of the Defendants have authority, be it regulatory or otherwise,*

*over a separate governmental entity, be it foreign or domestic, and therefore any such*

*communications are not the proper subject of discovery in this case. Without waiving said*

*objections, Plaintiff is referred to Exhibit B and D accompanying Defendant DFS' responses.*

**REQUEST FOR PRODUCTION NO. 4**: All documents and communications You sent to,

received from, or exchanged with, or prepared for the purpose of dissemination to any non-

governmental organization—including without limitation Everytown—which relate to any Gun

Promotion Organization.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague,

ambiguous and over broad, and seeks information not proportional to the discovery needs of this

action.  Defendants object to this demand as it calls for the production of documents and/or

information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to

the extent that it seeks information protected by the attorney-client, work product and/or other

applicable privileges.  Defendant Vullo objects to this request as it seeks information protected

from disclosure by the law enforcement privilege, the intra-agency and deliberative process

privileges, and the inter-agency privilege.

*Plaintiff is referred to Exhibit A and E accompanying Defendant DFS's responses.*

*Additionally, the Plaintiff is referred to https://www.dfs.ny.gov/reportpub/dfs_reportpub.htm*

*which provides a complete listing of all press releases and superintendent statements issued by*

*DFS. Plaintiff is more particularly referred to*

*https://www.dfs.ny.gov/about/statements/st1805111.htm;*

*https://www.dfs.ny.gov/about/press/pr1805021.htm;*

*https://www.dfs.ny.gov/about/press/pr1805071.htm.*

*Additionally, copies of Industry Guidance Letters issued relative to the NRA and other Gun*

*Promotion Organizations can be found at https://www.dfs.ny.gov/legal/industrylet.htm.*

**<u>REQUEST FOR PRODUCTION NO. 5</u>**:  All documents and communications You sent to,
received from, or exchanged with, or prepared for the purpose of dissemination to any non-
governmental organization—including without limitation Everytown—which relate to the NRA
Insurance Investigation.

<u>OBJECTION</u>:  Defendant Vullo objects to this Request on the grounds that it is vague,
ambiguous and over broad, and seeks information not proportional to the discovery needs of this
action.  Defendants object to this demand as it calls for the production of documents and/or
information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to
the extent that it seeks information protected by the attorney-client, work product and/or other
applicable privileges.  Defendant Vullo objects to this request as it seeks information protected
from disclosure by the law enforcement privilege, the intra-agency and deliberative process
privileges, and the inter-agency privilege.

*Plaintiff is referred to Exhibit A and E accompanying Defendant DFS's responses.*

*Additionally, the Plaintiff is referred to https://www.dfs.ny.gov/reportpub/dfs_reportpub.htm*

*which provides a complete listing of all press releases and superintendent statements issued by*

*DFS.  Plaintiff is more particularly referred to*

*https://www.dfs.ny.gov/about/statements/st1805111.htm;*

6

*https://www.dfs.ny.gov/about/press/pr1805021.htm*;

*https://www.dfs.ny.gov/about/press/pr1805071.htm*.

*Additionally, copies of Industry Guidance Letters issued relative to the NRA and other Gun Promotion Organizations can be found at* *https://www.dfs.ny.gov/legal/industrylet.htm*.

**REQUEST FOR PRODUCTION NO. 6**:  All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any Defendant, on the one hand, and any Financial Institution, on the other hand, which relate to such Financial Institution's actual or potential business arrangements with any Gun Promotion Organization, including the NRA.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

*Plaintiff has indicated that they intended this request to cover publicly available advisory letters and press releases.    The Plaintiff is again referred to https://www.dfs.ny.gov/reportpub/dfs_reportpub.htm which provides a complete listing of all press releases and superintendent statements issued by DFS.  Plaintiff is more particularly referred to https://www.dfs.ny.gov/about/statements/st1805111.htm;*

7

*https://www.dfs.ny.gov/about/press/pr1805021.htm;*

*https://www.dfs.ny.gov/about/press/pr1805071.htm.*

*Additionally, copies of Industry Guidance Letters issued relative to the NRA and other Gun*

*Promotion Organizations can be found at https://www.dfs.ny.gov/legal/industrylet.htm.*

*Plaintiff is also referred to Exhibit C enclosed with Defendant DFS' responses, which includes a*

*press release that an insurer provided to DFS on an unsolicited basis two months before DFS*

*issued the guidance letters or consent orders at issue in this case.*

**REQUEST FOR PRODUCTION NO. 7**:  To the extent not encompassed by Request No. 6, documents sufficient to identify any communications responsive to Request No. 6 which occurred in unwritten form (*e.g.*, telephone calls or in-person meetings).

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that there are no documents responsive to this request.

*Defendant is not in possession of documentation responsive to this demand aside from those documents identified in Responses 4, 5 and 6 above.*

**REQUEST FOR PRODUCTION NO. 8:**  All documents and communications relating to any actual or potential Adverse Action by any Defendant against any Financial Institution known or suspected by any Defendant to maintain or seek business arrangements with any Gun Promotion Organization, including without limitation the NRA.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that there are no documents responsive to this request.

*To clarify, based on the Plaintiff's request, to the extent that this request was intended to be duplicative of the Plaintiff's requests above, the Defendant is not in possession of material responsive to this request, with the exception of material associated with the Lockton, Chubb, Lloyds and NRA investigations, which is being withheld for the reasons set forth above.*

**REQUEST FOR PRODUCTION NO. 9**:  All documents and communications relating to actual or potential enforcement of the Insurance Law by any Defendant against any Financial Institution known or suspected by any Defendant to maintain or seek business arrangements with any Gun Promotion Organization.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this

action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that there are no documents responsive to this request.

*To clarify, based on the Plaintiff's request, to the extent that this request was intended to be duplicative of the Plaintiff's requests above, the Defendant is not in possession of material responsive to this request, with the exception of material associated with the Lockton, Chubb, Lloyds and NRA investigations, which is being withheld for the reasons set forth above.*

**REQUEST FOR PRODUCTION NO. 10**:  All documents and communications relating to any Defendants' utilization of other governmental agencies to investigate any Gun Promotion Organization, including without limitation the NRA.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.  Without waiving the foregoing objections, please be advised that there are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11**:  All documents and communications relating to Defendants' utilization of other governmental agencies to investigate any Financial Institution concerning any affinity insurance policy or program without any NRA affiliation.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that there are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12**:  All documents and communications relating to actual or potential Adverse Action by any Defendant against any Financial Institution concerning any affinity insurance policy or program without any NRA affiliation.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.  Without waiving the foregoing objection, please be

11

advised that there are no documents responsive to this request.

*Plaintiff has requested a privilege log relative to this demand.  The documents that are potentially responsive to this demand number in the thousands.  It is the Defendants' position that it is an unreasonable and unnecessary burden to place on the Defendants to sift through this enormous amount of material to identify documentation that the Plaintiff is not entitled to under the privileges asserted.  Furthermore, merely because other entity's offer or participate in affinity insurance programs does not render those programs or any accompanying investigations into those programs relevant to this matter.  The NRA, Chubb and Lockton have offered a very specific brand of affinity insurance, which was accompanied by a particular mix of legal violations. Investigations into other affinity programs that did not offer similar coverage with comparable violations are simply irrelevant to this matter.*

**<u>REQUEST FOR PRODUCTION NO. 13</u>**:  All documents and communications relating to actual or potential enforcement of the Insurance Law with respect to affinity insurance policies or programs by any Defendant against any Financial Institution.

<u>OBJECTION</u>:  Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

*Plaintiff has requested a privilege log relative to this demand.   Until this request is appropriately narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable and unnecessary burden to place on the Defendants.   Furthermore, merely because other entity's offer or participate in affinity insurance programs does not render those programs or any accompanying investigations into those programs relevant to this matter.   The NRA, Chubb and Lockton have offered a very specific brand of affinity insurance, which was accompanied by a particular mix of legal violations.   Investigations into other affinity programs that did not offer similar coverage with comparable violations are simply irrelevant to this matter.*

**<u>Plaintiff's Requests Omit Nos. 14 through 16.</u>**

**<u>REQUEST FOR PRODUCTION NO. 17</u>**:   All documents and communications relating to any Defendants' investigation of the NRA's promotional activities.

<u>OBJECTION</u>: Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.   Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.   Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.   Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.   Without waiving the foregoing objection, please be advised that there are no documents responsive to this request.

*Plaintiff has requested clarification regarding this request, to the extent that the Plaintiff intended this request to cover documentation requested in earlier requests and relative to the NRA, Lockton and/or Chubb investigations, that documentation is being withheld based on the privileges*

13

*asserted.  Plaintiff has requested a privilege log relative to this demand.  The documents that are*

*potentially responsive to this demand number in the thousands.  Until this request is appropriately*

*narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable*

*and unnecessary burden to place on the Defendants.  The NRA continues to be a target of the same*

*investigation that gave rise to the Lockton Consent Order and the Chubb Consent Order.  The*

*NRA's attempt to bypass this investigation and receive privileged information in this civil*

*proceeding is improper.*

**REQUEST FOR PRODUCTION NO. 18**:  All documents and communications relating to any

Defendants' investigation of the NRA's lobbying activities.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague,

ambiguous and over broad, and seeks information not proportional to the discovery needs of this

action.  Defendants object to this demand as it calls for the production of documents and/or

information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to

the extent that it seeks information protected by the attorney-client, work product and/or other

applicable privileges.  Defendant Vullo objects to this request as it seeks information protected

from disclosure by the law enforcement privilege, the intra-agency and deliberative process

privileges, and the inter-agency privilege.  Without waiving the foregoing objection, please be

advised that there are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19**:  All documents and communications relating to the

reasons You commenced or recommended the commencement of the NRA Insurance

Investigation.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague,

ambiguous and over broad, and seeks information not proportional to the discovery needs of this

14

action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

*Plaintiff has requested a privilege log relative to this demand.  The documents that are potentially responsive to this demand number in the thousands.  Until this request is appropriately narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable and unnecessary burden to place on the Defendants.  The NRA continues to be a target of the same investigation that gave rise to the Lockton Consent Order and the Chubb Consent Order.  The NRA's attempt to bypass this investigation and receive privileged information in this civil proceeding is improper.*

**REQUEST FOR PRODUCTION NO. 20**:  All documents and communications relating to revenues generated, or expected to be generated, by the sale of any affinity insurance policy or program endorsed by the NRA.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process

privileges.

*Plaintiff has requested a privilege log relative to this demand.  Until this request is appropriately narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable and unnecessary burden to place on the Defendants.  The NRA continues to be a target of the same investigation that gave rise to the Lockton Consent Order and the Chubb Consent Order.  The NRA's attempt to bypass this investigation and receive privileged information in this civil proceeding is improper.*

**REQUEST FOR PRODUCTION NO. 21**:  All documents and communications relating to your determination that Lockton should pay a civil monetary penalty of $7 million.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges.

*Plaintiff has requested a privilege log relative to this demand.  The documents that are potentially responsive to this demand number in the thousands.  Until this request is appropriately narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable and unnecessary burden to place on the Defendants.  The NRA continues to be a target of the same investigation that gave rise to the Lockton Consent Order and the Chubb Consent Order.  The NRA's attempt to bypass this investigation and receive privileged information in this civil*

16

*proceeding is improper.*

**REQUEST FOR PRODUCTION NO. 22**:  All documents and communications relating to your determination that Chubb should pay a civil monetary penalty of $1.3 million.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges.

*Plaintiff has requested a privilege log relative to this demand.  The documents that are potentially responsive to this demand number in the thousands.  It is the Defendants' position that it is an unreasonable and unnecessary burden to place on the Defendants to sift through this enormous amount of material to identify documentation that the Plaintiff is not entitled to under the privileges asserted.  It must be remembered that the information sought relates to a pending investigation of which the NRA is a target.  Two major insurance entities have already entered into consent orders reflecting their violations of the law stemming from their relationship with the NRA.  The NRA's attempt to bypass this investigation and receive privileged information in this civil proceeding is improper.  Furthermore, the method by which the penalties assessed against agreed to be Chubb has no bearing on the claims in this matter, particularly given the Court's dismissal of the Plaintiff's claims attempting to challenge the Lockton and Chubb consent orders.*

**REQUEST FOR PRODUCTION NO. 23**:  All documents and communications related to your

referral of matters concerning the NRA to any governmental agency, including without limitation to the New York Office of the Attorney General.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that there are no documents responsive to this request.

*Plaintiff has indicated that it intended this demand to cover any governmental agency to include other states and countries.  Plaintiff has further indicated that it did not intend to limit this demand to referrals for action, but apparently intended this demand to encompass any form of communication between the Defendant and any type of governmental agency.  Aside from the above objections, this clarification also requests documentation that is irrelevant to and not proportional to the needs of this case.  The Plaintiff does not, nor can it, allege that any of the Defendants have authority, be it regulatory or otherwise, over a separate governmental entity, be it foreign or domestic, and therefore any such communications are not the proper subject of discovery in this case.  The Defendant has not referred any matter concerning the NRA to another governmental agency or entity for action, and therefore has no documentation responsive to the request as phrased.  Without waiving the foregoing, Plaintiff is referred to Exhibits B and D accompanying Defendant DFS' responses.*

18

**REQUEST FOR PRODUCTION NO. 24**:  All documents and communications related to your referral of matters concerning any Gun Promotion Organization to any governmental agency, including without limitation to the New York Office of the Attorney General.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that there are no documents responsive to this request.

*Plaintiff has indicated that it intended this demand to cover* <u>any</u> *governmental agency to include other states and countries.  Plaintiff has further indicated that it did not intend to limit this demand to referrals for action, but apparently intended this demand to encompass any form of communication between the Defendant and any type of governmental agency.  Aside from the above objections, this clarification also requests documentation that is irrelevant to and not proportional to the needs of this case.  The Plaintiff does not, nor can it, allege that any of the Defendants have authority, be it regulatory or otherwise, over a separate governmental entity, be it foreign or domestic, and therefore any such communications are not the proper subject of discovery in this case.  The Defendant has not referred any matter concerning the a Gun Promotion Organization to another governmental agency or entity for action, and therefore has no documentation responsive to the request as phrased.  Without waiving the foregoing, Plaintiff is*

19

*referred to Exhibit B and D accompanying Defendant DFS' responses.*

**REQUEST FOR PRODUCTION NO. 25**:   Documents and communications sufficient to identify your referral of any matter not concerning either the NRA or any Gun Promotion Organization to any governmental agency, including without limitation to the New York Office of the Attorney General.

OBJECTION:   Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.   Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.   Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.   Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

*To the extent that the Plaintiff seeks clarification as to this objection, the request seeks every communication about any topic between the DFS any governmental agency anywhere in the world.  The request is clearly overbroad on its face, unduly burdensome and not proportionally related to the discovery needs of this case.  Nor is it reasonably feasible to develop a privilege log for every phone call, email or other item of correspondence that the Defendant might have sent to another government agency for any reason.*

**REQUEST FOR PRODUCTION NO. 26**:   All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any Defendants relating to the Action.

OBJECTION:   Defendant Vullo objects to this Request on the grounds that it is vague,

ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

**REQUEST FOR PRODUCTION NO. 27**:  All documents and communications sufficient to identify all past, present, or future investigation of or enforcement action against any affinity insurance policy or program—other than the Carry Guard insurance program described in the Lockton Consent Order and the Chubb Consent Order—that any Defendant suspected or suspects of violating New York Insurance Law §§ 1102, 2116, 2117, 2118, 2122, 2324, or 3420.

OBJECTION:  Defendant Vullo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant Vullo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Vullo objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges.

Dated: Albany, New York
      January 7, 2019

21

LETITIA JAMES
Attorney General of the State of New York
    *Attorney for Defendants Andrew M. Cuomo,*
    *Maria T. Vullo and New York State Department*
    *of Financial Services*
The Capitol
Albany, New York


By: **s/ William A. Scott**
William A. Scott
Assistant Attorney General, of Counsel
Bar Roll No. 512434
Telephone:  (518) 776-2255
Fax:  (518) 915-7738 (Not for service of papers.)
Email: William.Scott@ag.ny.gov

TO:    Stephanie L. Gase, Esq., via e-mail
        Sarah Rogers, Esq., via e-mail

# Exhibit 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATIONAL RIFLE ASSOCIATION OF AMERICA,

*Plaintiff*,

-against-

ANDREW CUOMO, both individually and in his official
capacity; MARIA T. VULLO, both individually and in her
official capacity; and THE NEW YORK STATE
DEPARTMENT OF FINANCIAL SERVICES,

*Defendants*.

_____

**OBJECTIONS TO
PLAINTIFF'S FIRST
REQUEST FOR
PRODUCTION TO
DEFENDANT CUOMO**

18-CV-0566

TJM/CFH

Defendant Andrew Cuomo, by his attorney, Letitia James, Attorney General of the State of New York, William A. Scott, Assistant Attorney General, of counsel, pursuant to Rules 26 and 34 of the Federal Rules, hereby offers this supplemental respond to Plaintiff National Rifle Association of America's First Requests for Production to Defendant Andrew Cuomo, dated November 21, 2018 (the "Requests"), as follows, supplemental responses appear below in italics:

## INSTRUCTIONS

1.      Defendant Cuomo objects to the Instructions to the extent they purport to impose any requirement or discovery obligation greater than or different from those imposed by Rule 26(b)(1) of the Federal Rules of Civil Procedure or the Local Rules of this District.

2.      Defendant Cuomo objects to the Instructions to the extent they seek to impose any continuing obligation on Defendant Cuomo to respond.  Defendant Cuomo will supplement his Responses only to the extent expressly required by the Federal Rules of Civil Procedure, the Local Rules, or by law.

1

3.     Defendant Cuomo objects to the Instructions to the extent they conflict with any pending order in this action, including orders pertaining to confidentiality or the production of electronically stored information.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1**:   All documents and communications (including, without limitation, communications between or among Defendants) relating to the compliance of the Carry Guard insurance program described in the Lockton Consent Order and the Chubb Consent Order with the Insurance Law.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant Cuomo objects to this Request to the extent this that it calls for the production of documents not within Defendant Cuomo's possession, custody, and/or control.  Defendant Cuomo objects to this Request to the extent that it seeks records which are publicly available or already in Plaintiff's possession, such that the burden of obtaining such documents is substantially the same for Plaintiff as it is for Defendant Cuomo.

*To the extent that the Plaintiff intended this demand to include publicly available press releases from the Governor's Office regarding the Carry Guard insurance program, the NRA, Lockton and/or Chubb, the Plaintiff is referred to:*  https://www.governor.ny.gov/news/governor-cuomo-directs-department-financial-services-urge-companies-weigh-reputational-risk

**REQUEST FOR PRODUCTION NO. 2**:  All documents and communications You sent to, received from, or exchanged with Lockton and/or Chubb (including, without limitation, all documents produced by the foregoing entities) relating to the NRA Insurance Investigation.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the law enforcement and/or other applicable privileges.

*Without waiving the foregoing objections, the Defendant is not in possession of documentation responsive to this demand.  To the extent that the Plaintiff intended this demand to include publicly available press releases from the Governor's Office regarding the Carry Guard insurance program, the NRA, Lockton and/or Chubb, the Plaintiff is referred to:* https://www.governor.ny.gov/news/governor-cuomo-directs-department-financial-services-urge-companies-weigh-reputational-risk

**REQUEST FOR PRODUCTION NO. 3**:  All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any governmental agency—including, without limitation, the New York Office of the Governor and the New York Office of the Attorney General—which relate to the NRA Insurance Investigation.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, deliberative process and/or other applicable privileges.

*Without waiving the foregoing objections, to the extent that the Plaintiff intended this*

*demand to include publicly available press releases from the Governor's Office regarding the*

*Carry Guard insurance program, the NRA, Lockton and/or Chubb, the Plaintiff is referred to:*

https://www.governor.ny.gov/news/governor-cuomo-directs-department-financial-services-urge-

companies-weigh-reputational-risk. *The Defendant is in possession of further documentation that*

*may be responsive to this demand, but has been withheld based on the aforementioned privileges.*

**REQUEST FOR PRODUCTION NO. 4**:  All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any non-governmental organization—including without limitation Everytown—which relate to any Gun Promotion Organization.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous, and over broad, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, deliberative process and/or other applicable privileges.

*Without waiving the foregoing objections, to the extent that the Plaintiff intended this*

*demand to include publicly available press releases from the Governor's Office regarding the*

*Carry Guard insurance program, the NRA, Lockton and/or Chubb, the Plaintiff is referred to:*

https://www.governor.ny.gov/news/governor-cuomo-directs-department-financial-services-urge-

companies-weigh-reputational-risk. *The Defendant is in possession of further documentation that*

*may be responsive to this demand, but has been withheld based on the aforementioned privileges.*

**REQUEST FOR PRODUCTION NO. 5**:  All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any non-

governmental organization—including without limitation Everytown—which relate to the NRA Insurance Investigation.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, deliberative process and/or other applicable privileges.

*Without waiving the foregoing objections, the Defendant is not in possession of any documentation responsive to this demand, except to the extent that the Plaintiff intended this demand to include publicly available press releases from the Governor's Office regarding the Carry Guard insurance program, the NRA, Lockton and/or Chubb, the Plaintiff is referred to:* [https://www.governor.ny.gov/news/governor-cuomo-directs-department-financial-services-urge-companies-weigh-reputational-risk](https://www.governor.ny.gov/news/governor-cuomo-directs-department-financial-services-urge-companies-weigh-reputational-risk).

**REQUEST FOR PRODUCTION NO. 6**:  All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any Defendant, on the one hand, and any Financial Institution, on the other hand, which relate to such Financial Institution's actual or potential business arrangements with any Gun Promotion Organization, including the NRA.

OBJECTION: Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous, and over broad and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, deliberative process and/or other applicable privileges.

*Without waiving the foregoing objections, to the extent that the Plaintiff intended this*

*demand to include publicly available press releases from the Governor's Office regarding the*

*Carry Guard insurance program, the NRA, Lockton and/or Chubb, the Plaintiff is referred to:*

https://www.governor.ny.gov/news/governor-cuomo-directs-department-financial-services-urge-

companies-weigh-reputational-risk. *The Defendant is in possession of further documentation that*

*may be responsive to this demand, but has been withheld based on the aforementioned privileges.*

**REQUEST FOR PRODUCTION NO. 7**:  To the extent not encompassed by Request No. 6,

documents sufficient to identify any communications responsive to Request No. 6 which occurred

in unwritten form (*e.g.*, telephone calls or in-person meetings).

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is unduly

burdensome and seeks information not proportional to the discovery needs of this action.

*Without waiving the foregoing objections, the Defendant is not in possession of*

*documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 8:**  All documents and communications relating to any

actual or potential Adverse Action by any Defendant against any Financial Institution known or

suspected by any Defendant to maintain or seek business arrangements with any Gun Promotion

Organization, including without limitation the NRA.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is vague,

ambiguous, over broad and unduly burdensome, and seeks information not proportional to the

discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks

information protected by the attorney-client, work product, law enforcement and/or other

applicable privileges.

*Without waiving the foregoing objections, the Defendant is not in possession of* *documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 9**:  All documents and communications relating to actual or potential enforcement of the Insurance Law by any Defendant against any Financial Institution known or suspected by any Defendant to maintain or seek business arrangements with any Gun Promotion Organization.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous, over broad and unduly burdensome, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, law enforcement and/or other applicable privileges.

*Without waiving the foregoing objections, the Defendant is not in possession of* *documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 10**:  All documents and communications relating to any Defendants' utilization of other governmental agencies to investigate any Gun Promotion Organization.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous, over broad and unduly burdensome, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, law enforcement and/or other applicable privileges.

*Without waiving the foregoing objections, the Defendant is not in possession of documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 11**:  All documents and communications relating to any Defendants' utilization of other governmental agencies to investigate the NRA.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous, over broad and unduly burdensome, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, law enforcement and/or other applicable privileges.

*Without waiving the foregoing objections, the Defendant is not in possession of documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 12**:  All documents and communications relating to Defendants' utilization of other governmental agencies to investigate any Financial Institution concerning any affinity insurance policy or program without any NRA affiliation.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous, over broad and unduly burdensome, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, law enforcement and/or other applicable privileges.

*Without waiving the foregoing objections, the Defendant is not in possession of documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 13**:  All documents and communications relating to actual or potential Adverse Action by any Defendant against any Financial Institution concerning any affinity insurance policy or program without any NRA affiliation.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous, over broad and unduly burdensome, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, law enforcement and/or other applicable privileges.

*Without waiving the foregoing objections, the Defendant is not in possession of documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 14**:  All documents and communications sufficient to identify all past, present, or future investigation of or enforcement action against any affinity insurance policy or program—other than the Carry Guard insurance program described in the Lockton Consent Order and the Chubb Consent Order—that any Defendant suspected or suspects of violating Insurance Law §§ 1102, 2116, 2117, 2118, 2122, 2324, or 3420.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is over broad and unduly burdensome, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, law enforcement and/or other applicable privileges.

*Without waiving the foregoing objections, the Defendant is not in possession of documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 15**:  All documents and communications relating to actual or potential enforcement of the Insurance Law with respect to affinity insurance policies or programs by any Defendant against any Financial Institution.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous, over broad and unduly burdensome, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, law enforcement and/or other applicable privileges.

*Without waiving the foregoing objections, the Defendant is not in possession of documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 19**:  All documents and communications relating to any Defendants' investigation of the NRA's promotional activities.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is argumentative, vague, ambiguous, over broad and unduly burdensome, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, law enforcement and/or other applicable privileges.

10

*Without waiving the foregoing objections, the Defendant is not in possession of documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 20**:  All documents and communications relating to any Defendants' investigation of the NRA's lobbying activities.

OBJECTION:   Defendant Cuomo objects to this Request on the grounds that it is argumentative, vague, ambiguous, over broad and unduly burdensome, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, law enforcement and/or other applicable privileges.

*Without waiving the foregoing objections, the Defendant is not in possession of documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 21**:  All documents and communications relating to the reasons You commenced or recommended the commencement of the NRA Insurance Investigation.

OBJECTION:   Defendant Cuomo objects to this Request on the grounds that it is argumentative, vague, ambiguous, over broad, and unduly burdensome, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, law enforcement and/or other applicable privileges.

*Without waiving the foregoing objections, the Defendant is not in possession of documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 22**:   All documents and communications relating to revenues generated by the sale of any affinity insurance policy or program endorsed by the NRA.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous, over broad and unduly burdensome, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, law enforcement and/or other applicable privileges.  Defendant Cuomo objects to this Request to the extent that it seeks information already known to Plaintiff.

*Without waiving the foregoing objections, the Defendant is not in possession of documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 23**:  All documents and communications, including but not limited to reports, analyses, and financial projections, relating to revenues expected to be generated by the sale of any affinity insurance policy or program endorsed by the NRA.

OBJECTION: Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous, over broad and unduly burdensome, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, law enforcement and/or other applicable privileges.  Defendant Cuomo objects to this Request to the extent that it seeks information already known to Plaintiff.

12

*Without waiving the foregoing objections, the Defendant is not in possession of documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 23**:  All documents and communications related to your referral of matters concerning the NRA to any governmental agency, including without limitation to the New York Office of the Attorney General.

OBJECTION: Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.

*Without waiving the foregoing objections, the Defendant is not in possession of documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 24**:  All documents and communications related to your referral of matters concerning any Gun Promotion Organization to any governmental agency, including without limitation to the New York Office of the Attorney General.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.

*Without waiving the foregoing objections, the Defendant is not in possession of documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 25**:   Documents and communications sufficient to identify your referral of any matter not concerning either the NRA or any Gun Promotion Organization to any governmental agency, including without limitation to the New York Office of the Attorney General.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.

*Without waiving the foregoing objections, the Defendant is not in possession of documentation responsive to this demand.*

**REQUEST FOR PRODUCTION NO. 26**:  All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any Defendants relating to the Action.

OBJECTION:  Defendant Cuomo objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this

action.  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, deliberative process and/or other applicable privileges.

**REQUEST FOR PRODUCTION NO. 25**:  All documents and communications relating to the April 2018 Letters.

OBJECTION:  Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, deliberative process and/or other applicable privileges.

*Defendant is in possession of documentation that is responsive to this demand that is being withheld based on the referenced privileges.*

**REQUEST FOR PRODUCTION NO. 26**:  All documents and communications relating to the April 19 Press Release including, without limitation:

a)  All documents and communications relating to the concern that Financial Institutions might "send[] the wrong message" by doing business with the NRA;

b)  Any research, analyses, models, or estimates developed or compiled by Defendants to substantiate the expectation that the April 2018 Letters would "encourage strong markets";

c)  Documents sufficient to identify the risk(s) from which Defendants, by their issuance of the April 2018 Letters, seek to "protect consumers"; and

d)  Any communications received by Defendants from Financial Institutions seeking guidance or clarification regarding the April 19 Press Release, or concerning the potential impact of the April 19 Press Release upon the business practices of such Financial Institutions.

OBJECTION:  Defendant Cuomo objects to this Request to the extent that it seeks

information protected by the attorney-client, work product, deliberative process and/or other applicable privileges.

*Without waiving the foregoing objections, to the extent that the Plaintiff intended this demand to include publicly available press releases from the Governor's Office regarding the Carry Guard insurance program, the NRA, Lockton and/or Chubb, the Plaintiff is referred to:* https://www.governor.ny.gov/news/governor-cuomo-directs-department-financial-services-urge-companies-weigh-reputational-risk. *The Defendant is in possession of further documentation that may be responsive to this demand, but has been withheld based on the aforementioned privileges.*

**REQUEST FOR PRODUCTION NO. 27**:  All documents and communications relating to the NRA Insurance Investigation, the Lockton Consent Order, or the Chubb Consent Order.

OBJECTION:   Defendant Cuomo objects to this Request to the extent that it seeks information protected by the attorney-client, work product, deliberative process and/or other applicable privileges.

*Without waiving the foregoing objections, the Defendant is not in possession of documentation responsive to this demand.*

Dated: Albany, New York
        January 7, 2019

                            LETITIA JAMES
                            Attorney General of the State of New York
                                *Attorney for Defendants Andrew M. Cuomo,*
                                *Maria T. Vullo and New York State Department*

*of Financial Services*
The Capitol
Albany, New York


By: **s/ William A. Scott**
William A. Scott
Assistant Attorney General, of Counsel
Bar Roll No. 512434
Telephone:  (518) 776-2255
Fax:  (518) 915-7738 (Not for service of papers.)
Email: William.Scott@ag.ny.gov

TO:    Stephanie L. Gase, Esq., via e-mail
         Sarah Rogers, Esq., via e-mail

17

# Exhibit 6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NATIONAL RIFLE ASSOCIATION OF AMERICA,

*Plaintiff*,

-against-

ANDREW CUOMO, both individually and in his
official capacity; MARIA T. VULLO, both individually
and in her official capacity; and THE NEW YORK
STATE DEPARTMENT OF FINANCIAL SERVICES,

*Defendants*.

**SUPPLEMENTAL
RESPONSES TO
PLAINTIFF'S FIRST
REQUEST FOR
PRODUCTION TO
DEFENDANT DFS**

18-CV-0566

TJM/CFH

Defendant NYS Department of Financial Services ("DFS"), by its attorney, Letitia James,

Attorney General of the State of New York, William A. Scott, Assistant Attorney General, of

counsel, pursuant to Rules 26 and 34 of the Federal Rules, hereby offers this supplemental respond

to Plaintiff National Rifle Association of America's First Requests for Production to Defendant

New York State Department of Financial Services, dated November 21, 2018 (the "Requests"), as

follows, supplemental responses appear below in italics:

## INSTRUCTIONS

1.      Defendant DFS objects to the Instructions to the extent they purport to impose any

requirement or discovery obligation greater than or different from those imposed by Rule 26(b)(1)

of the Federal Rules of Civil Procedure or the Local Rules of this District.

2.      Defendant DFS objects to the Instructions to the extent they seek the production of

and documents created after the filing of the Complaint in this action.

3.      Defendant DFS objects to the Instructions to the extent they seek to impose any

continuing obligation on Defendant DFS to respond.   Defendant DFS will supplement its

1

Responses only to the extent expressly required by the Federal Rules of Civil Procedure, the Local Rules, or by law.

4.       Defendant DFS objects to the Instructions to the extent they conflict with any pending order in this action, including orders pertaining to confidentiality or the production of electronically stored information.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1**:   All documents and communications (including, without limitation, communications between or among Defendants) relating to the compliance of the Carry Guard insurance program described in the Lockton Consent Order and the Chubb Consent Order with the Insurance Law.

OBJECTION:   Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.   Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.   Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.   Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

*Plaintiff has requested a privilege log relative to this demand.  The documents that are potentially responsive to this demand number in the thousands.  Until this request is appropriately narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable and unnecessary burden to place on the Defendants. The NRA continues to be a target of the same investigation that gave rise to the Lockton Consent Order and the Chubb Consent Order.   The*

2

*NRA's attempt to bypass this investigation and receive privileged information in this civil proceeding is improper.*

*To the extent that the Plaintiff has indicated that it intended this demand to include documents merely discussing the Carry Guard program and not directly a part of the relevant investigation files, supplemental documentation responsive to this demand is provided herewith as* ***Exhibit A****. Additionally, the Plaintiff is referred to*

*https://www.dfs.ny.gov/reportpub/dfs_reportpub.htm which provides a complete listing of all press releases and superintendent statements issued by DFS. Plaintiff is more particularly referred to https://www.dfs.ny.gov/about/statements/st1805111.htm;*

*https://www.dfs.ny.gov/about/press/pr1805021.htm;*

*https://www.dfs.ny.gov/about/press/pr1805071.htm.*

*Additionally, copies of Industry Guidance Letters issued relative to the NRA and other Gun Promotion Organizations can be found at https://www.dfs.ny.gov/legal/industrylet.htm.*

**REQUEST FOR PRODUCTION NO. 2**:  All documents and communications You sent to, received from, or exchanged with Lockton and/or Chubb (including, without limitation, all documents produced by the foregoing entities) relating to the NRA Insurance Investigation.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege.

*Plaintiff has requested a privilege log relative to this demand. The documents that are potentially responsive to this demand number in the thousands. Until this request is appropriately*

3

*narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable and unnecessary burden to place on the Defendants.  The NRA continues to be a target of the same investigation that gave rise to the Lockton Consent Order and the Chubb Consent Order.  The NRA's attempt to bypass this investigation and receive privileged information in this civil proceeding is improper.*

**REQUEST FOR PRODUCTION NO. 3**:  All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any governmental agency—including, without limitation, the New York Office of the Governor and the New York Office of the Attorney General—which relate to the NRA Insurance Investigation.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

*Plaintiff has indicated that it intended this demand to cover <u>any</u> governmental agency to include other states and countries.  Aside from the above objections, this clarification also requests documentation that is irrelevant to and not proportional to the needs of this case.  The Plaintiff does not, nor can it, allege that any of the Defendants have authority, be it regulatory or otherwise, over a separate governmental entity, be it foreign or domestic, and therefore any such communications are not the proper subject of discovery in this case.  Without waiving said*

4

*objections, copies of correspondence between the DFS and other governmental agencies are*
*enclosed herewith as **Exhibit B and D**.*

**REQUEST FOR PRODUCTION NO. 4**:  All documents and communications You sent to,
received from, or exchanged with, or prepared for the purpose of dissemination to any non-
governmental organization—including without limitation Everytown—which relate to any Gun
Promotion Organization.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague,
ambiguous and over broad, and seeks information not proportional to the discovery needs of this
action.  Defendants object to this demand as it calls for the production of documents and/or
information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to
the extent that it seeks information protected by the attorney-client, work product and/or other
applicable privileges.  Defendant DFS objects to this request as it seeks information protected from
disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges,
and the inter-agency privilege.

*Plaintiff is referred to Exhibits A and E enclosed herewith which includes documents that*
*DFS received from Everytown in or about October 2017 and electronic correspondence with*
*Everytown, respectively.  Additionally, the Plaintiff is referred to*
*https://www.dfs.ny.gov/reportpub/dfs_reportpub.htm which provides a complete listing of all*
*press releases and superintendent statements issued by DFS.  Plaintiff is more particularly*
*referred to https://www.dfs.ny.gov/about/statements/st1805111.htm;*

*https://www.dfs.ny.gov/about/press/pr1805021.htm;*

*https://www.dfs.ny.gov/about/press/pr1805071.htm.*

*Additionally, copies of Industry Guidance Letters issued relative to the NRA and other Gun*

*Promotion Organizations can be found at https://www.dfs.ny.gov/legal/industrylet.htm.*

**REQUEST FOR PRODUCTION NO. 5**:   All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any non-governmental organization—including without limitation Everytown—which relate to the NRA Insurance Investigation.

OBJECTION:   Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.   Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.   Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.   Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

*Plaintiff is referred to Exhibits A and E enclosed herewith which includes documents that DFS received from Everytown in or about October 2017 and electronic correspondence with Everytown, respectively.   Additionally, the Plaintiff is referred to*

*https://www.dfs.ny.gov/reportpub/dfs_reportpub.htm which provides a complete listing of all press releases and superintendent statements issued by DFS.   Plaintiff is more particularly referred to https://www.dfs.ny.gov/about/statements/st1805111.htm;*

*https://www.dfs.ny.gov/about/press/pr1805021.htm*;

*https://www.dfs.ny.gov/about/press/pr1805071.htm*.

*Additionally, copies of Industry Guidance Letters issued relative to the NRA and other Gun Promotion Organizations can be found at https://www.dfs.ny.gov/legal/industrylet.htm.*

**REQUEST FOR PRODUCTION NO. 6**:  All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any Defendant, on the one hand, and any Financial Institution, on the other hand, which relate to such Financial Institution's actual or potential business arrangements with any Gun Promotion Organization, including the NRA.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

*Plaintiff has indicated that they intended this request to cover publicly available advisory letters and press releases.     The Plaintiff is again referred to https://www.dfs.ny.gov/reportpub/dfs_reportpub.htm which provides a complete listing of all press releases and superintendent statements issued by DFS.  Plaintiff is more particularly referred to https://www.dfs.ny.gov/about/statements/st1805111.htm;*

7

*https://www.dfs.ny.gov/about/press/pr1805021.htm;*

*https://www.dfs.ny.gov/about/press/pr1805071.htm.*

*Additionally, copies of Industry Guidance Letters issued relative to the NRA and other Gun*

*Promotion Organizations can be found at https://www.dfs.ny.gov/legal/industrylet.htm.*

*Plaintiff is also referred to **Exhibit C** enclosed herewith which includes a press release that an*

*insurer provided to DFS on an unsolicited basis two months before DFS issued the guidance*

*letters or consent orders at issue in this case.*


**REQUEST FOR PRODUCTION NO. 7**:  To the extent not encompassed by Request No. 6,
documents sufficient to identify any communications responsive to Request No. 6 which occurred
in unwritten form (*e.g.*, telephone calls or in-person meetings).

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague,
ambiguous and over broad, and seeks information not proportional to the discovery needs of this
action.  Defendants object to this demand as it calls for the production of documents and/or
information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to
the extent that it seeks information protected by the attorney-client, work product and/or other
applicable privileges.  Defendant DFS objects to this request as it seeks information protected from
disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges,
and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that
there are no documents responsive to this request.

*Defendant is not in possession of documentation responsive to this demand aside from*

*those documents identified in Responses 4, 5 and 6 above.*

8

**REQUEST FOR PRODUCTION NO. 8:**  All documents and communications relating to any actual or potential Adverse Action by any Defendant against any Financial Institution known or suspected by any Defendant to maintain or seek business arrangements with any Gun Promotion Organization, including without limitation the NRA.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that there are no documents responsive to this request.

*To clarify, based on the Plaintiff's request, to the extent that this request was intended to be duplicative of the Plaintiff's requests above, the Defendant is not in possession of material responsive to this request, with the exception of material associated with the Lockton, Chubb, Lloyds and NRA investigations, which is being withheld for the reasons set forth above.*

**REQUEST FOR PRODUCTION NO. 9:**  All documents and communications relating to actual or potential enforcement of the Insurance Law by any Defendant against any Financial Institution known or suspected by any Defendant to maintain or seek business arrangements with any Gun Promotion Organization, including without limitation the NRA.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this

9

action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that there are no documents responsive to this request.

*To clarify, based on the Plaintiff's request, to the extent that this request was intended to be duplicative of the Plaintiff's requests above, the Defendant is not in possession of material responsive to this request, with the exception of material associated with the Lockton, Chubb, Lloyds and NRA investigations, which is being withheld for the reasons set forth above.*

**REQUEST FOR PRODUCTION NO. 10**:  All documents and communications relating to any Defendants' utilization of other governmental agencies to investigate any Gun Promotion Organization, including without limitation the NRA.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that there are no documents responsive to this request.    Without waiving the foregoing objections,

10

please be advised that there are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11**:  All documents and communications relating to any

Defendants' utilization of other governmental agencies to investigate the NRA.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague,

ambiguous and over broad, and seeks information not proportional to the discovery needs of this

action.  Defendants object to this demand as it calls for the production of documents and/or

information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to

the extent that it seeks information protected by the attorney-client, work product and/or other

applicable privileges.  Defendant DFS objects to this request as it seeks information protected from

disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges,

and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that

there are no documents responsive to this request.      Without waiving the foregoing objections,

please be advised that there are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12**:  All documents and communications relating to

Defendants' utilization of other governmental agencies to investigate any Financial Institution

concerning any affinity insurance policy or program without any NRA affiliation.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague,

ambiguous and over broad, and seeks information not proportional to the discovery needs of this

action.  Defendants object to this demand as it calls for the production of documents and/or

information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to

the extent that it seeks information protected by the attorney-client, work product and/or other

applicable privileges.  Defendant DFS objects to this request as it seeks information protected from

disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges,

11

and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that there are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13**:  All documents and communications relating to actual or potential Adverse Action by any Defendant against any Financial Institution concerning any affinity insurance policy or program without any NRA affiliation.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

*Plaintiff has requested a privilege log relative to this demand.  Until this request is appropriately narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable and unnecessary burden to place on the Defendants.  Furthermore, merely because other entity's offer or participate in affinity insurance programs does not render those programs or any accompanying investigations into those programs relevant to this matter.  The NRA, Chubb and Lockton have offered a very specific brand of affinity insurance, which was accompanied by a particular mix of legal violations.  Investigations into other affinity programs that did not offer similar coverage with comparable violations are simply irrelevant to this matter.*

**REQUEST FOR PRODUCTION NO. 14**:  All documents and communications relating to actual

12

or potential enforcement of the Insurance Law with respect to affinity insurance policies or programs by any Defendant against any Financial Institution.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

*Plaintiff has requested a privilege log relative to this demand.  Until this request is appropriately narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable and unnecessary burden to place on the Defendants.  Furthermore, merely because other entity's offer or participate in affinity insurance programs does not render those programs or any accompanying investigations into those programs relevant to this matter.  The NRA, Chubb and Lockton have offered a very specific brand of affinity insurance, which was accompanied by a particular mix of legal violations.  Investigations into other affinity programs that did not offer similar coverage with comparable violations are simply irrelevant to this matter.*

**Plaintiff's Requests Omit Nos. 15 through 17.**

**REQUEST FOR PRODUCTION NO. 18**:   All documents and communications relating to any Defendants' investigation of the NRA's promotional activities.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague,

13

ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that there are no documents responsive to this request.

*Plaintiff has requested clarification regarding this request, to the extent that the Plaintiff intended this request to cover documentation requested in earlier requests and relative to the NRA, Lockton and/or Chubb investigations, that documentation is being withheld based on the privileges asserted.  Plaintiff has requested a privilege log relative to this demand.  The documents that are potentially responsive to this demand number in the thousands.  Until this request is appropriately narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable and unnecessary burden to place on the Defendants.  The NRA continues to be a target of the same investigation that gave rise to the Lockton Consent Order and the Chubb Consent Order.  The NRA's attempt to bypass this investigation and receive privileged information in this civil proceeding is improper.*

**REQUEST FOR PRODUCTION NO. 19**:  All documents and communications relating to any Defendants' investigation of the NRA's lobbying activities.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or

information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that there are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20**:  All documents and communications relating to the reasons You commenced or recommended the commencement of the NRA Insurance Investigation.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

*Plaintiff has requested a privilege log relative to this demand.  The documents that are potentially responsive to this demand number in the thousands.  Until this request is appropriately narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable and unnecessary burden to place on the Defendants.  The NRA continues to be a target of the same investigation that gave rise to the Lockton Consent Order and the Chubb Consent Order.  The NRA's attempt to bypass this investigation and receive privileged information in this civil*

15

*proceeding is improper.*

**REQUEST FOR PRODUCTION NO. 21**:  All documents and communications relating to revenues generated, or expected to be generated, by the sale of any affinity insurance policy or program endorsed by the NRA.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

*Plaintiff has requested a privilege log relative to this demand.  Until this request is appropriately narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable and unnecessary burden to place on the Defendants.  The NRA continues to be a target of the same investigation that gave rise to the Lockton Consent Order and the Chubb Consent Order.  The NRA's attempt to bypass this investigation and receive privileged information in this civil proceeding is improper.*

**REQUEST FOR PRODUCTION NO. 22**:  All documents and communications relating to your determination that Lockton should pay a civil monetary penalty of $7 million.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or

16

information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

*Plaintiff has requested a privilege log relative to this demand.  The documents that are potentially responsive to this demand number in the thousands.  Until this request is appropriately narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable and unnecessary burden to place on the Defendants.  The NRA continues to be a target of the same investigation that gave rise to the Lockton Consent Order and the Chubb Consent Order.  The NRA's attempt to bypass this investigation and receive privileged information in this civil proceeding is improper.*

**REQUEST FOR PRODUCTION NO. 23**:  All documents and communications relating to your determination that Chubb should pay a civil monetary penalty of $1.3 million.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

*Plaintiff has requested a privilege log relative to this demand.  The documents that are*

17

*potentially responsive to this demand number in the thousands.  Until this request is appropriately narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable and unnecessary burden to place on the Defendants.  The NRA continues to be a target of the same investigation that gave rise to the Lockton Consent Order and the Chubb Consent Order.  The NRA's attempt to bypass this investigation and receive privileged information in this civil proceeding is improper.*

**REQUEST FOR PRODUCTION NO. 24**:  All documents and communications related to your referral of matters concerning the NRA to any governmental agency, including without limitation the New York Office of the Attorney General.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that there are no documents responsive to this request.

*Plaintiff has indicated that it intended this demand to cover any governmental agency to include other states and countries.  Plaintiff has further indicated that it did not intend to limit this demand to referrals for action, but apparently intended this demand to encompass any form of communication between the Defendant and any type of governmental agency.  Aside from the above objections, this clarification also requests documentation that is irrelevant to and not*

18

*proportional to the needs of this case. The Plaintiff does not, nor can it, allege that any of the*

*Defendants have authority, be it regulatory or otherwise, over a separate governmental entity, be*

*it foreign or domestic, and therefore any such communications are not the proper subject of*

*discovery in this case. The Defendant has not referred any matter concerning the NRA to another*

*governmental agency or entity for action, and therefore has no documentation responsive to the*

*request as phrased. Without waiving the foregoing, Plaintiff is referred to Exhibits B and D*

*enclosed herewith.*

**REQUEST FOR PRODUCTION NO. 24 [Second No. 24]**:  All documents and communications
related to your referral of matters concerning any Gun Promotion Organization to any
governmental agency, including without limitation to the New York Office of the Attorney
General.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague,
ambiguous and over broad, and seeks information not proportional to the discovery needs of this
action.  Defendants object to this demand as it calls for the production of documents and/or
information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to
the extent that it seeks information protected by the attorney-client, work product and/or other
applicable privileges.  Defendant DFS objects to this request as it seeks information protected from
disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges,
and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that
there are no documents responsive to this request.

*Plaintiff has indicated that it intended this demand to cover any governmental agency to*

*include other states and countries. Plaintiff has further indicated that it did not intend to limit this*

*demand to referrals for action, but apparently intended this demand to encompass any form of*

19

*communication between the Defendant and any type of governmental agency. Aside from the above objections, this clarification also requests documentation that is irrelevant to and not proportional to the needs of this case. The Plaintiff does not, nor can it, allege that any of the Defendants have authority, be it regulatory or otherwise, over a separate governmental entity, be it foreign or domestic, and therefore any such communications are not the proper subject of discovery in this case. The Defendant has not referred any matter concerning the a Gun Promotion Organization to another governmental agency or entity for action, and therefore has no documentation responsive to the request as phrased. Without waiving the foregoing, Plaintiff is referred to Exhibits B and D enclosed herewith.*

**REQUEST FOR PRODUCTION NO. 25**: Documents and communications sufficient to identify your referral of any matter not concerning either the NRA or any Gun Promotion Organization to any governmental agency, including without limitation to the New York Office of the Attorney General.

OBJECTION: Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action. Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case. Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges. Defendant DFS objects to this request as it seeks information protected from

20

disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

> *To the extent that the Plaintiff seeks clarification as to this objection, the request seeks every communication about any topic between the DFS any governmental agency anywhere in the world.  The request is clearly overbroad on its face, unduly burdensome and not proportionally related to the discovery needs of this case.  Nor is it reasonably feasible to develop a privilege log for every phone call, email or other item of correspondence that the Defendant might have sent to another government agency for any reason.*

**REQUEST FOR PRODUCTION NO. 26**:  All documents and communications You sent to, received from, or exchanged with, or prepared for the purpose of dissemination to any Defendants relating to the Action.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

**Plaintiff's Requests Omit No. 27.**

**REQUEST FOR PRODUCTION NO. 28**:  All documents and communications sufficient to identify all past, present, or future investigation of or enforcement action against any affinity

insurance policy or program—other than the Carry Guard insurance program described in the Lockton Consent Order and the Chubb Consent Order—that any Defendant suspected or suspects of violating New York Insurance Law §§ 1102, 2116, 2117, 2118, 2122, 2324, or 3420.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.

**REQUEST FOR PRODUCTION NO. 29**:  All documents and communications relating to the April 2018 Letters including, without limitation:

a)  Any research, analyses, models, or estimates developed or compiled by DFS regarding "reputational risks[] that may arise from [] dealings with the NRA or similar gun promotion organizations," and the impact of such risks upon the solvency, safety, or soundness of New York financial institutions;

b)  Documents sufficient to identify the "gun promotion organizations" referenced in the April 2018 Letters; and

c)  Any communications received by Defendants from Financial Institutions seeking guidance or clarification regarding the April 2018 Letters, or concerning the potential impact of the April 2018 Letters upon the business practices of such Financial Institutions.

22

OBJECTION: Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action. Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case. Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges. Defendant DFS objects to this request as it seeks information protected from disclosure by the intra-agency and deliberative process privileges, and the inter-agency privilege. Without waiving the foregoing objection, please be advised that there are no documents responsive to requests 29(b) and 29(c).

*Plaintiff is further advised that the terms and methodologies referenced are terms of art that are the subject of multiple treatises and are generally understood in the insurance and banking industries. The documents and treatises discussing these issues are equally available to the Plaintiff as to the Defendants and the Plaintiff is referred thereto. Without waiving the foregoing, the Plaintiff is also referred to those sources previously cited to in the Defendants' Reply in support of their Motion to Dismiss.*

**REQUEST FOR PRODUCTION NO. 30**: All documents and communications relating to the April 19 Press Release including, without limitation:

a) All documents and communications relating to the concern that Financial Institutions might "send[] the wrong message" by doing business with the NRA;

b) Any research, analyses, models, or estimates developed or compiled by Defendants to substantiate the expectation that the April 2018 Letters would "encourage strong markets";

c) Documents sufficient to identify the risk(s) from which Defendants, by their

23

issuance of the April 2018 Letters, seek to "protect consumers"; and

d)   Any communications received by Defendants from Financial Institutions seeking
     guidance or clarification regarding the April 19 Press Release, or concerning the
     potential impact of the April 19 Press Release upon the business practices of such
     Financial Institutions.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague,
ambiguous and over broad, and seeks information not proportional to the discovery needs of this
action.  Defendants object to this demand as it calls for the production of documents and/or
information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to
the extent that it seeks information protected by the attorney-client, work product and/or other
applicable privileges.  Defendant DFS objects to this request as it seeks information protected from
disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges,
and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that
there are no documents responsive to this request 30(d).

*Plaintiff is further advised that the terms and methodologies referenced are terms of art
that are the subject of multiple treatises and are generally understood in the insurance and banking
industries.  The documents and treatises discussing these issues are equally available to the
Plaintiff as to the Defendants and the Plaintiff is referred thereto.  Without waiving the foregoing,
the Plaintiff is also referred to those sources previously cited to in the Defendants' Reply in support
of their Motion to Dismiss.*

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications relating to any of the following provisions of the

24

Lockton Consent Order or the Chubb Consent Order: (a) Lockton Consent Order paragraphs 42 and 43; (b) Chubb Consent Order paragraphs 21 and 22.

OBJECTION:  Defendant DFS objects to this Request on the grounds that it is vague, ambiguous and over broad, and seeks information not proportional to the discovery needs of this action.  Defendants object to this demand as it calls for the production of documents and/or information that is not relevant or at issue in this case.  Defendant DFS objects to this Request to the extent that it seeks information protected by the attorney-client, work product and/or other applicable privileges.  Defendant DFS objects to this request as it seeks information protected from disclosure by the law enforcement privilege, the intra-agency and deliberative process privileges, and the inter-agency privilege.  Without waiving the foregoing objection, please be advised that there are no documents responsive to this request.

*Plaintiff has requested a privilege log relative to this demand.  The documents that are potentially responsive to this demand number in the thousands.  Until this request is appropriately narrowed to address defendant's objections, the preparation of a privilege log is an unreasonable and unnecessary burden to place on the Defendants.  The NRA continues to be a target of the same investigation that gave rise to the Lockton Consent Order and the Chubb Consent Order.  The NRA's attempt to bypass this investigation and receive privileged information in this civil proceeding is improper.*

Dated:  Albany, New York
       January 7, 2019

                                 LETITIA JAMES
                                 Attorney General of the State of New York
                                   *Attorney for Defendants Andrew M. Cuomo,*
                                   *Maria T. Vullo and New York State Department*

*of Financial Services*
The Capitol
Albany, New York


By: **s/ William A. Scott**
William A. Scott
Assistant Attorney General, of Counsel
Bar Roll No. 512434
Telephone:  (518) 776-2255
Fax:  (518) 915-7738 (Not for service of papers.)
Email: William.Scott@ag.ny.gov

TO:    Stephanie L. Gase, Esq., via e-mail
          Sarah Rogers, Esq., via e-mail