DALLAS | NEW YORK

# BREWER
ATTORNEYS & COUNSELORS

April 1, 2019

**VIA ECF**

Hon. Christian F. Hummel
United States Magistrate Judge
United State District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

      RE:    *National Rifle Association of America v. Cuomo, et. al*, No. 18-CV-00566-LEK-CFH

Dear Judge Hummel:

      We write to request a conference as soon practicable to discuss the necessity of a confidentiality and protective order to protect the parties' interests during the ongoing litigation. Defendants served requests for production and interrogatories on the NRA seeking confidential information,[1] and the NRA served non-party subpoenas that called for the production of confidential information.[2] The NRA has diligently sought to finalize an order, but Defendants continuously refuse to work with the NRA to reach a resolution and permit the parties to submit a stipulated order to the Court. Court intervention is necessary to resolve the parties' dispute concerning the necessity of an order to protect sensitive materials subject to discovery in this litigation.

      The NRA initially reached out to Defendants in November 2018 with a proposed order; however, Defendants indicated they would prefer to postpone a discussion until the production of confidential information becomes an issue. Accordingly, the NRA again raised the issue at the beginning of February 2019 and requested a telephone conference to discuss any disputes. However, Defendants repeatedly ignored or refused to engage in the meet and confer process. Only after the NRA indicated it would seek relief with the Court if Defendants refused to confer did Defendants agree to even discuss a proposed order on February 27, 2019.

---

[1] Among other things, the Defendants' seek highly-sensitive confidential information including, *inter alia*, the NRA's bank account numbers; confidential business agreements with insurance brokers and affinity insurance companies; information regarding non-public business relationships with third parties; and confidential information on the NRA's internal operations and finances.

[2] Every non-party responding to subpoenas to date has refused to produce documents containing highly sensitive business information until a confidentiality order is executed, including Everytown for Gun Safety, Lloyd's America, Inc., Chubb Group Holdings, Inc., Illinois Union Insurance Company, MetLife, Inc., Lockton Companies, LLC, Lockton Affinity Series of Lockton Affinity, LLC, and Kansas City Series of Lockton Companies, LLC.

# BREWER

**Hon. Christian F. Hummel**
April 1, 2019
Page 2

  During the meet and confer, Defendants indicated that they did not want to agree to a definition of confidential or attorneys' eyes-only documents, and, instead, wanted the parties to subsequently confer on an issue by issue basis as confidential information arose. Although the NRA indicated it believed this would be a waste of the parties' and the court's resources, especially if court intervention was required each time a new category of confidential information arose, we requested that Defendants, at a minimum, provide feedback on how confidential information and documents should be treated so that the parties could narrow any dispute before bringing it before the Court.

  More than two weeks later, on March 13, 2019, Defendants finally responded with initial revisions to the NRA's proposed order. However, since that time, Defendants have again refused to engage in the meet and confer process because they allegedly cannot get feedback from their client.

  The NRA has been attempting to resolve this relatively straightforward and extremely common issue for more than two months. Enough is enough. Absent Court intervention, Defendants' delay tactics will continue, and they will likely use this as an excuse to extend this case and their unconstitutional activity as long as possible. We ask the Court send a clear message that these delay tactics and refusals to engage in good faith negotiations are improper by setting an immediate hearing on the proposed confidentiality order attached as Exhibit A. The NRA is available to attend an in-person or telephone hearing as early as April 2, 2019.

  Thank you for your consideration of this matter.

                  Sincerely,

                  Sarah B. Rogers

cc:  All Counsel of Record (via ECF)

4843-6873-3833.6
2277-05

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NATIONAL RIFLE ASSOCIATION OF AMERICA,** § § § **Plaintiff,** § § **v.** § § **ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,** § § § § § § § § **Defendants.** § | **CIVIL CASE NO. 18-CV-00566-TJM-CFH** |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Confidentiality and Protective Order (the "Order") shall govern the disclosure, handling, and use of documents, deposition testimony and transcripts thereof, deposition exhibits, interrogatory responses, admissions, and any other information and material produced or disclosed, whether voluntarily or in response to a request made pursuant to the Federal Rules of Civil Procedure, in discovery in the above-captioned action (the "Litigation"), because discovery in the Litigation may involve production of confidential, proprietary, competitively sensitive, or private information for which special protection from public disclosure, and from use for any purpose other than prosecuting or defending this Litigation, would be warranted.

This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles and the terms of this Order.

No provision in this Order is intended to provide for the prospective filing of confidential information under seal with the Court. Any party intending to file material under seal with the Court must comply with the requirements of the Local Rules of Practice for the United States District Court for the Northern District of New York (the "Local Rules").

The Court being fully advised in the premises:

It is hereby **ORDERED** as follows:

This Order shall apply to Materials exchanged by the parties to this Action or by third parties in discovery in this matter, which are confidential under statute, rule, or other applicable law, including Materials that are confidential, including but not limited to proprietary or commercially sensitive business or financial information, trade secrets, or personal information that is not generally known or publicly available and which the designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence, or information that otherwise meets the standard for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure. Materials will not be designated as described below without a good faith belief that it has been maintained in a confidential non-public manner, and there is good cause why it should not be part of the public record of this Action. Nothing in this Order creates a presumption or implies that Material designated by a Party as Confidential or Attorneys' Eyes Only actually constitutes confidential, private, or similarly protected information under applicable law, and such determination may be made at a later time by this Court.

# I.

## DEFINITIONS

As used in this Order, these terms have the following meanings:

1. **"Action"** refers to this case captioned: *National Rifle Association of America v. Andrew Cuomo, et al.*, Civil Case No. 18-cv-00566-TJM-CFH.

CONFIDENTIALITY AND PROTECTIVE ORDER                                                                                          Page 2

2. **"Producing Party"** is the party or non-party producing Materials and/or designating Materials as Confidential or Attorneys' Eyes Only.

3. **"Receiving Party"** is the party or non-party receiving or having access to Materials.

4. **"Confidential"** means any Materials designated as confidential in accordance with this Order unless: (a) the Party which designated the Material removes the Confidential designation; (b) the Material loses its designation as confidential in accordance with the procedure set forth in Paragraph 6 of this Order; or (c) the Court has determined, after an *in camera* inspection, that the Material is not confidential.

A Party may only designate Materials Confidential if it has a good-faith basis to believe that the Material is, constitutes, or contains Material that is confidential under statute, rule, or other applicable law, including Materials that are confidential, proprietary, trade secrets, or commercially sensitive business or financial information, or personal information that is not generally known or publicly available and that the Party making the designation would not normally reveal to third parties or would cause third parties to maintain in confidence, or information that otherwise meets the standard for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure**.**

5. **"Attorneys' Eyes Only"** means any Materials designated as Attorneys' Eyes Only in accordance with this Order unless: (a) the Party which designated the Material removes the Attorneys' Eyes Only designation; (b) the Material loses its designation as Attorneys' Eyes Only in accordance with the procedure set forth in Paragraph 6 of this Order; or (c) the Court has determined that the Material is not Attorneys' Eyes Only.  A Party may only designate a Material Attorneys' Eyes Only if it has a good-faith basis to believe that it contains:

   (a) Membership lists, including contact information of members.

   (b) Lists of affinity insurance holders, including contact information of affinity insurance holders.

   (c) Donor lists, including contact information of donors.

   (d) Internal financial/accounting information.

   (e) Operations information.

   (f) License agreements.

   (g) Agreements with insurance brokers.

   (h) Agreements with affinity insurance companies.

   (i) Agreements with customers.

   (j) Business relationships with third parties.

**6.** **"Documents"** includes all materials within the scope of Rule 34(a) of the Federal Rules of Civil Procedure.

**7.** **"Information"** includes all materials within the scope of Documents, exhibits, evidence or things used at trial, depositions or other proceedings; any testimony, whether given at trial or a deposition; and any other means of presenting, producing or revealing information.

**8.** **"Materials"** includes Documents and Information, and any other tangible things.

## II.

## INSTRUCTIONS AND TERMS

**1.** **Disclosure of Confidential Materials.** All Confidential Materials produced in discovery, if any, shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation of this Action, consistent with the restrictions on use of Confidential Materials contained in this Order. Access to any Confidential Materials shall be limited to:

(a) This Court, any jurors, court reporters, and court personnel, to the extent that they are involved in a court proceeding or trial of this Action.

(b) The Parties' counsel in this Action, including the outside and in-house counsel of the Parties, and the attorneys, secretaries, paralegals, assistants, and other employees of such counsel who are actively engaged in connection with or making decisions or assisting in any way with respect to the preparation for and trial of this Action, but only to the extent reasonably necessary to render professional services in this Action.

(c) Officers, directors, executives, employees, or former employees of the Parties who are assisting in any way in the preparation of, or are actively engaged in, making decisions with respect to the preparation for and trial of this Action, provided that such individuals have agreed, in writing, to be bound by this Order.

(d) A Party's outside or in-house auditors, including auditors' officers, directors, employees, agents, or counsel, provided that such individuals have agreed, in writing, to be bound by this Order.

(e) Persons who have prepared or assisted in the preparation of Materials or to whom the Materials or copies thereof were addressed or delivered, provided that such individuals have agreed, in writing, to be bound by this Order.

(f) The insurers of the Parties or any agents retained by the insurers including independent claims management personnel provided that such individuals have agreed, in writing, to be bound by this Order.

    (g)    To the extent deemed necessary by counsel, witnesses whose deposition or trial testimony is related to Confidential Materials, provided that the witness has agreed, in writing, to be bound by this Order.

    (h)    Independent consultants or experts and their employees or clerical assistants who are employed, retained, assisting or otherwise consulted by counsel of record or a Party for the purpose of assisting counsel of record in this Action, including consulting and testifying experts, jury/trial consultants, and mock jurors or focus group members, provided that such individuals have agreed, in writing, to be bound by this Order.

    (i)    Outside vendors employed by the Parties or their counsel of record (including members or associates of such counsel of record's firm) to assist in the Action, provided that such individuals have agreed, in writing, to be bound by this Order.

    (j)    Other persons who may be designated by written consent of the Producing Party or pursuant to Court order so long as said persons have agreed, in writing, to be bound by this Order.

**2.** **<u>Disclosure of Attorneys' Eyes Only Materials.</u>** All Attorneys' Eyes Only Materials produced in discovery, if any, shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation of this Action, consistent with the restrictions on use of Attorneys' Eyes Only contained elsewhere in this Order. Access to any Attorneys' Eyes Only Materials shall be limited to:

    (a)    This Court, any jurors, court reporters, and court personnel, to the extent that they are involved in a court proceeding or trial of this Action.

  (b)  The Parties counsel in this Action, including the outside and in-house counsel of the Parties, and the attorneys, secretaries, paralegals, assistants, and other employees of such counsel who are actively engaged in connection with or making decisions or assisting in any way with respect to the preparation for and trial of this Action, but only to the extent reasonably necessary to render professional services in this Action.

  (c)  Non-party consultants and experts (and their professional staffs) who are employed, retained, assisting or otherwise consulted by counsel of record for the purpose of assisting in this Action, provided that such individuals have agreed, in writing, to be bound by this Order.

  **3.**  **Acknowledgement to be Bound by Order.** Before disclosing Confidential Materials to any person listed in paragraphs 1(e)-(j) or Attorneys' Eyes Only Materials to any person listed in paragraphs 2(a)-(c), the Party proposing such disclosure must provide a copy of this Order to such person, who must sign the attached Exhibit A.  The Party must retain a signed copy on file for inspection by the Court.  If the person to whom disclosure is contemplated does not sign Exhibit A, then the Parties will work cooperatively to obtain a prompt hearing before this Court to resolve any issues of confidentiality.  In the interim, while awaiting a ruling on the issue by the Court, no one may disclose Materials to the person at issue.

  **4.**  **Designating Materials as Confidential or Attorneys' Eyes Only.** The Parties may only designate Materials as Confidential or Attorneys' Eyes Only if they have a good-faith basis to believe that the Materials are Confidential or Attorneys' Eyes Only, as the case may be under statute, rule, or other applicable law and consistent with the restrictions on use of Confidential and Attorneys' Eyes Only Materials contained in this Order.

With respect to Materials that are produced in TIFF format, the designation of confidentiality shall be made by including the words in bold print "CONFIDENTIAL - SUBJECT TO A PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" in the document in a manner reasonably calculated to be observed by anyone who obtains possession of the electronic document.  With respect to Materials that are produced in native format, the designation of confidentiality shall be made by including the words "CONFIDENTIAL - SUBJECT TO A PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" on a cover sheet produced in TIFF format along with the native file and by including the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the file name of the matrix file.

**5.      Designating Deposition Transcripts as Confidential or Attorneys' Eyes Only.** All depositions or portions of depositions taken in this Action and any Materials, things, or exhibits used at those depositions may be designated as Confidential or Attorneys' Eyes Only pursuant to the terms of this Order.  Such designations shall be made either on the record or by written notice to the other Parties within twenty (20) calendar days of receipt of the transcript of the deposition.  Unless otherwise agreed, depositions shall be treated as Confidential during the twenty-calendar-day period following receipt of the transcript.

**6.      Contesting Materials Designated Confidential or Attorneys' Eyes Only.**  If any Party believes that any Materials designated Confidential or Attorneys' Eyes Only do not constitute Confidential or Attorneys' Eyes Only Material, that Party may, no later than sixty (60) days after the close of discovery, contest the applicability of this Order to such Material by notifying counsel to all Parties in writing, and identifying the Material contested.  The objecting and designating Parties shall have thirty (30) business days after such notice to meet and confer

and attempt in good faith to resolve the issue. If the dispute is not resolved within said period, the Party who contested the confidentiality designation shall have five (5) business days to determine whether the Material is Confidential or Attorneys' Eyes Only. The Party who designated the Material Confidential or Attorneys' Eyes Only shall have the burden of showing that it is Confidential or Attorneys' Eyes Only. If the objecting Party does not contact the Court within the five-business-day period, its objection shall be considered withdrawn. Any Materials designated as Confidential or Attorneys' Eyes Only by a Party in accordance with this Order which are required to be filed with the Court shall be filed in sealed envelopes or containers on which shall be written the title and docket number of the Action, a general indication of the nature or contents of the envelope or container, and a legend designating the matter as "CONFIDENTIAL - SUBJECT TO A PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER."

**7.** **Inadvertent Failure to Identify Confidential or Attorneys' Eyes Only Materials.** Any Party who inadvertently fails to identify Materials as Confidential or Attorneys' Eyes Only shall have ten (10) business days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced Materials. Any Party receiving such inadvertently unmarked Materials shall make reasonable efforts to retrieve the Materials distributed to persons not entitled to receive it with the corrected designation. Such inadvertent or unintentional disclosure will not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to specific Materials disclosed or on the same or related subject matter. Upon receipt of such notice, the Receiving Parties will mark the Materials and all copies "Confidential" or "Attorneys' Eyes Only," as the case may be, and treat it as Confidential or Attorneys' Eyes Only, as they case may be, under

the terms of this Order.  Notice of inadvertent or erroneous disclosure will be deemed to apply to all copies of the Materials disclosed.  Each Receiving Party must further notify every person or organization that received copies of or access to the Materials identified in the notice that such Materials have been designated Confidential or Attorneys' Eyes Only.

**8.    Court Filings.**  This Order does not, by itself, authorize the filing of any Materials under seal.  Notwithstanding any other provision of this Order, Materials may not be filed under seal with the Clerk of the Court unless such sealing is authorized by a separate order upon an express finding that the Materials or portions thereof to be sealed, satisfy the requirements for sealing under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  If a Party wishes to file in the public record Materials that a Producing Party has designated Confidential or Attorney' Eyes Only, the Party must advise the Producing Party of the Materials no later than five (5) business days before the Materials are due to be filed, so that the Producing Party may move the Court to require the Materials to be filed under seal.

**9.    Handling During Hearings and Trial.**  Confidential Material may be submitted to the Court and used in any hearing, at trial, or in any other proceeding in this Action.  If any Confidential Material is introduced by any Party at the time of trial, such information shall be governed by the Court's orders regarding confidentiality of such materials.  As part of the Parties' preparation for trial of this Action, they shall each notify the other regarding any intent to use the other's Confidential Materials at trial so that the Party which produced such information may seek an appropriate order from the Court limiting the disclosure of such Confidential Materials during trial.  Such Materials shall be designated as Confidential Material on the record.  With respect to testimony elicited during a hearing, trial, or other proceeding, counsel for a Party may designate as Confidential any testimony that the Party believes contains Confidential Information.

Whenever any testimony is designated as Confidential, or any question or line of questioning calls for the disclosure of Confidential Information, the designating Party may request that the Court exclude from the courtroom any person who is not entitled under this Order to receive the Confidential Information.

Nothing in this Order shall be construed to regulate the conduct of the actual trial of this case, nor to limit the right of any Party to seek amendments thereto, or to seek additional protective orders pertaining to discovery pretrial proceedings and trial.

**10. Legal Process for Confidential or Attorneys' Eyes Only Materials.** If Confidential or Attorneys' Eyes Only Materials are sought from a non-producing Party by a discovery request, subpoena, an order or other form of legal process from or by any person, court, administrative or legislative body, then the Party receiving the discovery request, subpoena, order or other form of legal process must not, except to the extent required by applicable law, provide or otherwise disclose such documents or information until thirty (30) days after giving counsel for the Producing Party notice in writing, accompanied by a copy of the discovery request, subpoena, order or other form of legal process.  If the Producing Party objects to disclosure, then the Party to whom the discovery request, subpoena, order or other form of legal process is directed shall not make any disclosure in response to it until the resolution of the objection by the appropriate court. The Party to whom the discovery request, subpoena, order or other form of legal process is directed shall not oppose the Producing Party's effort to intervene in the proceeding, quash the subpoena, or take other reasonable action to seek appropriate relief, with the cost of such opposition to the subpoena to be borne by the Producing Party unless otherwise agreed to by the Parties.

**11. Inadvertent Disclosure of Privileged or Protected Material.** The Parties intend to invoke the protections of Federal Rule of Evidence 502, and specifically 502(d) and (e).  If a

Party discovers through any means that it inadvertently produced privileged or attorney work product Materials or non-responsive information (collectively referred to as the "Inadvertently Produced Information"), the Producing Party may provide written notice to the Receiving Party that the Material was inadvertently produced, which notice shall include a statement of the basis for the Producing Party's contention that the Material is privileged, attorney work product, or not responsive.  After receiving such notice, within five (5) business days the Receiving Party must return, sequester, or destroy the Inadvertently Produced Information and any copies that it has and must provide a certification of counsel that all such Inadvertently Produced Information has been returned, sequestered, or destroyed.  Any motion to compel production of Inadvertently Produced Information cannot assert the circumstances of the inadvertent production in support of the motion.  The Receiving Party shall not copy, distribute, file, or otherwise use the Inadvertently Produced Information until there is an agreement or an adjudication that the Material is discoverable.  If the Receiving Party disclosed the Inadvertently Produced Information before receiving notice of its inadvertent production, the Receiving Party must take reasonable steps to retrieve it.  The Producing Party must preserve the Inadvertently Produced Information until all disputes regarding the discoverability of the information has been resolved.  This protocol shall be deemed to comply with the Party's obligation to take reasonable steps to prevent, identify, and rectify inadvertent disclosure pursuant to Federal Rule of Evidence 502(b).  The Court's entry of this Order shall specifically confer the rights and protections available to the Parties under Federal Rule of Evidence 502(d) and (e).

    **12.** **Storage and Transmittal.**  To avoid security risks inherent in certain current technologies and to facilitate compliance with the terms of this Order, all persons with access to Confidential or Attorneys' Eyes Only Materials are prohibited from storing or transmitting any

Confidential or Attorneys' Eyes Only Materials in or via any online service (other than counsel or a Parties' own firm/corporate email system) that is managed or maintained by any third party other than a reputable litigation support service provider that uses: (i) a secure document hosting facility; (ii) encrypted web-enabled software; (iii) secure sharing and collaboration among only authorized users; and (iv) does not employ public cloud computing services.  Notwithstanding the foregoing provisions of this paragraph, the Parties may transmit files containing Confidential or Attorneys' Eyes Only Materials to persons authorized to receive Confidential or Attorneys' Eyes Only Materials as email attachments, via secure FTP, or by way of a third-party vendor that the Parties agree may be used for encrypted and secure, domestic transmissions, provided that for any such transmissions the Parties take all reasonable steps to protect Confidential or Attorneys' Eyes Only Materials from being disclosed to unauthorized third parties.  The use of a third-party vendor may include short-term, incidental storage of files for the sole purpose of transmitting them, provided that the files are promptly deleted upon transmission.  The Parties may agree in writing to make mutual accommodations under this paragraph.

**13.     Use of Confidential and Attorneys' Eyes Only Materials.**  Confidential and Attorneys' Eyes Only Materials shall be maintained in confidence by counsel for the Parties and by the Parties themselves and may be used only for the purpose of this Action, and no other purpose.  Confidential and Attorneys' Eyes Only Materials must not be used for any business, competitive, legal, or any other purpose unrelated to this Action without the express written consent of counsel for Producing Party or by order of the Court.  Nothing in this Order limits any Party to this Action from disclosing or otherwise using:

(a)     Its own Materials produced or disclosed in this Action.

  (b)  Any Materials produced or disclosed in this Action not subject to this Order and not designated as Confidential or Attorneys' Eyes Only.

  (c)  Materials that a Party already possessed or that it obtained by proper means from other sources.

**14.** **Confidential or Attorneys' Eyes Only Materials Produced by a Non-Party.** Any non-party who may be called upon to make discovery herein or provide deposition or other testimony pursuant to subpoena or other formal or informal discovery device is entitled to avail itself of the provisions and protections of this Order. All Material designated by the non-party as Confidential or Attorneys' Eyes Only will be treated in the same manner as any Confidential or Attorneys' Eyes Only Materials (as the case may be) produced by the Parties.

**15.** **Non-Termination.** The duty to treat Confidential and Attorneys' Eyes Only Materials as set forth in this Order survives the completion of this case. At the conclusion of this Action by settlement, jury verdict, judgment order, or otherwise, each Party so requested must return all Confidential and Attorneys' Eyes Only Materials to counsel for the Party that produced it or must destroy it. The return or destruction of Confidential and Attorneys' Eyes Only Materials under this paragraph will include, without limitation, all copies and duplicates thereof. The Parties will certify, within thirty (30) days of receipt of a written request for certification that all Confidential and Attorneys' Eyes Only Materials required to be returned or destroyed has been so returned or destroyed. Unless otherwise ordered by the Court, counsel may retain: (a) copies of pleadings or other papers that have been filed with the Court and that contain Confidential or Attorneys' Eyes Only Materials; (b) their work product; and (c) official transcripts and exhibits thereto. The terms and provisions of this Order will continue to apply to any such Materials retained by counsel.

    **16.** **Non-Waiver of Objections.**  Neither this Order nor any of the provisions described herein is a waiver of any Party's right to: (a) object to the admissibility or discoverability of any Materials; (b) seek further protection from the Court before producing Materials that any Party believes the Order may not adequately protect; or (c) seek leave to refuse production of such Materials.

    **17.** **Modification Permitted.**  This Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated this ___ day of _____ 2019.

 

    **CHRISTIAN F. HUMMEL**
    **United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NATIONAL RIFFLE ASSOCIATION OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,**<br><br>**Defendants.** | § § § § § § § § § § § § § § § § § §<br><br>**CIVIL CASE NO. 18-CV-00566-TJM-CFH** |

# EXHIBIT A

**Acknowledgment and Agreement To Be Bound by Protective Order**

_____ declares that:

I reside at _____. My telephone number is _____. I am currently employed by _____, located at _____, and my current job title is _____.

I have read and understand the terms of the Confidentiality and Protective Order (Dkt. \_\_\_) entered in this Action. I understand and agree to comply with and be bound by the provisions of the Order. I understand that any violation of the Order may subject me to sanctions by the Court.

I will not divulge any information, documents, or copies of materials designated Confidential or Attorneys' Eyes Only obtained pursuant to such Order, or the contents of such

materials, to any person other than those specifically authorized by the Order. I will not copy or use such information or documents except for the purposes of this Action and pursuant to the terms of the Order.

As soon as practical, but no later than thirty (30) days after final termination of this Action, I will return to the attorney from whom I have received them any Materials in my possession that are designated Confidential or Attorneys' Eyes Only and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such Materials.

I submit myself to the jurisdiction of the above Court for the purpose of enforcing or otherwise providing relief relating to the Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____    _____
Signature                                                                      Date