DALLAS | NEW YORK

# BREWER
## ATTORNEYS & COUNSELORS

April 5, 2019

V<span>IA</span> ECF

Hon. Christian F. Hummel
United States Magistrate Judge
United State District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

      RE:    *National Rifle Association of America v. Cuomo, et. al*, No. 18-CV-00566-LEK-CFH

Dear Judge Hummel:

We write to request a conference to discuss the motion for contempt the National Rifle Association of America (the "NRA") wishes to bring against various syndicates and managing agents from the Lloyd's of London insurance market for failing to respond to lawfully served non-party subpoenas for discovery (the "Subpoenas"). The parties exchanged letter correspondence and telephonically conferred to discuss the issue but have been unable to reach a resolution.

**A.**     **The NRA Properly Served The Subpoenas On The Superintendent Of The Department Of Financial Services, As Registered Agent For the Lloyd's Entities.**

The NRA seeks non-party discovery from the Lloyd's Entities pursuant to Rule 45 of the Federal Rules of Civil Procedure. Accordingly, the NRA prepared valid, narrowly tailored subpoenas to be served on several syndicates from the Lloyd's of London insurance market that underwrote affinity-insurance policies for the NRA, along with the managing agents for those syndicates (collectively, the "Lloyd's Entities").[1]

It is undisputed that the NRA, on the one hand, and Lloyd's Entities generally, on the other hand, are party to that certain Master Lloyd's Policy dated August 9, 2016 (the "Insurance Policy"). Pursuant to the Insurance Policy, the Lloyd's Entities designate the Superintendent of the New York Department of Financial Services ("DFS") to receive service of "any lawful process in any action, suit or proceeding instituted by or on behalf of the [NRA] or any beneficiary hereunder

---

[1] The individual Lloyd's syndicates and managing agents that were involved in the policies at issue here, and upon whom the NRA seeks to serve subpoenas, are: AUW 0609; BRT 2987; CNP 0958; CNP 4444; CSL 1084; GER 1206; KLN 0510; LIB 4472; ROC 1200; SAM 0727; AmTrust Syndicates Limited; Argo Managing Agency Limited; Atrium Underwriters Limited; Brit Syndicates Limited; Canopius Managing Agents Limited; Chaucer Syndicates Limited; Liberty Managing Agency Limited; S.A. Meacock & Company Limited; Tokio Marine Kiln Syndicates Limited. All are located in the United Kingdom.

# BREWER

**Hon. Christian F. Hummel**
April 5, 2019
Page 2

arising out of" the Insurance Policy. Additionally and separately, the Lloyd's Entities have designated the Superintendent of the DFS as their agent for service of process pursuant to New York Insurance Law § 1213.[2]  Operating in accordance with its contractual rights and New York law, the NRA successfully served the Subpoenas on the Superintendent of the DFS on March 26, 2019.  The sworn affidavit from the NRA's process server confirms that a DFS employee at the Albany, New York DFS office accepted service of the non-party subpoenas.[3]

The following day, an employee from the DFS office called the NRA's process server and indicated that the DFS office would not be accepting service of the subpoenas, and the DFS office would be mailing the subpoenas back to the process server.  Based on these circumstances, the Lloyd's Entities contend that service of the Subpoenas has not occurred.  It is irrelevant, however, that DFS intends to return the Subpoenas to the process server.  Indeed, a designated agent's refusal to accept service *after* receipt of service does not invalidate service.[4]  As discussed below, the Superintendent of the DFS is obligated to accept service of the non-party subpoenas on behalf of the Lloyd's Entities.  Thus, the DFS's later, purported rejection of the Subpoenas after their initial, successful service does not relieve the Lloyd's Entities of their obligation to comply.

The Superintendent of the DFS does not have a legitimate basis for rejecting service of the Subpoenas.  Under the Insurance Policy, the Lloyd's Entities designated the Superintendent of the DFS as their attorney in fact and registered agent of process with respect to the insurance policies at issue in the above-styled action.  These contractual provisions do not contain any limitation as to what form of lawful process may be served on the Superintendent of the DFS—thus, the Superintendent's purported rejection of the Subpoenas is improper.

---

[2] New York Insurance Law § 1213.  The Lloyd's Entities were operating as excess line insurance carriers, which are not licensed by the DFS but are still permitted to do business in New York.  As a result, the Lloyd's Entities fall within the scope of New York Insurance Law § 1213.  *See* Consent Order Under Sections 1102 and 3420 of the Insurance Law, *In the Matter of Certain Underwriters at Lloyd's, London Subscribing to Insurance Policies Issued to the National Rifle Association of America*, dated December 20, 2018, attached hereto as Exhibit A (the "Consent Order").

[3] *See* Affidavits of Service, dated March 27, 2019, attached hereto as Exhibit B.

[4] *See Recyclers Consulting Group, Inc. v. IMB-Japan, Ltd*, 1997 WL 615014, at *3 (S.D.N.Y. Oct. 3, 1997) ("Resistance or rejection of service by a person authorized to accept service on behalf of the principal is not uncommon and does not necessarily invalidate service."); *see also id.* at *3 (holding that service of process on a designated agent was valid when the agent—after initially accepting service—asserted that it was not authorized to accept service on behalf of the principal and subsequently returned the service papers to the third-party, even though the agent was contractually designated to accept lawful service of process on the principal's behalf); *Mastec Latin America v. Inepar S/A Industrias E Construcoes*, 2004 WL 1574732, at *3 (S.D.N.Y. July 13, 2004) (holding that a designated agent's receipt and subsequent return of service did not render service ineffective when the agent was in fact authorized by contractual agreement between a third-party and the principal—a foreign corporation—to accept service on behalf of the principal, and when the third-party properly served the agent in accordance to the contractual agreement).

# BREWER

**Hon. Christian F. Hummel**
April 5, 2019
Page 3

Furthermore, the DFS has no statutory basis for rejecting service of the Subpoenas. Pursuant to New York Insurance Law § 1213, the Lloyd's Entities designated the Superintendent of the DFS as their agent for service of process. Section 1213 requires that the Superintendent of the DFS be appointed as the true and lawful attorney for purposes of accepting service of process for all unauthorized or alien insurers that operate in the state of New York, including the Lloyd's Entities.[5]  Indeed, the statute explicitly states, in relevant part, that the issuance or delivery of contracts of insurance to New York residents or operating entities by unauthorized or alien insurers is "equivalent to and constitutes its appointment of the [Superintendent of the DFS] . . . to be [the insurer's] true and lawful attorney upon whom may be served *all* lawful process in *any* proceeding instituted by or on behalf of an insured or beneficiary arising out of such contract of insurance[.]"[6] Section 1213 applies to all types of lawful process—there is no exclusion for nonparty subpoenas.

That § 1213 permits service in situations like this one becomes particularly obvious when that statute is read against the backdrop of an adjacent and different provision—§ 1212, which addresses service of process upon domestic and authorized (*i.e.*, non-excess-line) insurers.[7] Unlike § 1213, § 1212 expressly circumscribes the agent-for-service designation to apply only in any "lawful process or proceeding against it [*i.e.*, against the insurer]."[8] Interpreting this language, DFS historically has refused to accept non-party subpoenas served upon domestic and authorized insurers pursuant to § 1212, instead accepting service under § 1212 only if the insurer is a named defendant.[9]

Section 1213, however, intentionally provides for service in a broader set of situations. The text of the statute explains the reason for this approach. With respect to unauthorized foreign insurers, the legislature "declares that it is a subject of concern that many residence of this state," holding policies underwritten by excess-line insurers, could face "the often insuperable obstacle of resorting to distant forums" if they seek enforce rights arising out of, or relating to, their insurance policies.[10]  To enhance the recourse available to New York residents dealing with foreign insurers who might otherwise operate beyond the reach of local courts, the New York legislature deviated from the statutory scheme of § 1212 to focus, first and foremost, on protecting insureds

---

[5] New York Insurance Law § 1213.

[6] New York Insurance Law § 1213 (emphasis added).

[7] *See Friends of Gateway v. Slater*, 257 F.3d 74, 81–82 (2d Cir. 2001) (comparing legislative provisions and finding that the presence of restrictions in one act, and absence of restrictions in another, demonstrates legislative intent to implement restrictions in a precise manner); *Nat. Resources Def. Council, Inc. v. U.S. Consumer Product Safety Com'n*, 597 F. Supp. 2d 370, 385 (S.D.N.Y. 2009) (holding that the use of restrictive prohibitions in one provision of a consumer safety statute and not in another in the same statute was a meaningful legislative choice that should be accepted by an interpreting court).

[8] New York Insurance Law § 1212(a).

[9] *See* General Counsel Opinion 8-5-2009, 2008 WL 2712332 (NY INS BUL) (available at https://www.dfs.ny.gov/insurance/ogco2009/rg090802.htm).

[10] New York Insurance Law § 1213(a).

# BREWER

Hon. Christian F. Hummel
April 5, 2019
Page 4

and beneficiaries—even in proceedings that are not commenced "against" the insurer. For ease of reference, parallel excerpts of the two statutes appear below.

| N.Y. Ins. Law § 1212<br>*Applies to Domestic Insurers, Plus Foreign Insurers Authorized to Do Business In New York* | "…all lawful process in ***any proceeding against it on*** a contract delivered or issued for delivery, or on a cause of action arising, in this state…" |
| --- | --- |
| **N.Y. Ins. Law § 1213**<br>*Applies to Foreign Unauthorized Insurers* | "…all lawful process in ***any proceeding instituted by or on behalf of an insured or beneficiary arising out of*** any such contract of insurance [issued or delivered to New York residents or to corporations authorized to do business in New York, or meeting certain other criteria]." |

As their consent order with DFS recites, when they underwrote the policies at issue in this lawsuit, the Lloyd's Entities were operating as excess-line insurers (*i.e.*, operating pursuant to § 1213).[11]

## B.   The Court Has Jurisdiction To Enforce The Subpoenas.[12]

The subpoena power of this Court extends as far as its jurisdiction.[13]   Financial institutions, such insurance syndicates and managing agents, that are domiciled or do business principally in a foreign country may still be subject to general personal jurisdiction in the federal courts of any U.S. state where they operate and submit to state-level financial regulatory authority.[14]   General personal jurisdiction is especially likely to arise where, as here, the entity maintains the ability to sue and be sued in particular U.S. states.[15]   Importantly, general personal jurisdiction should not be construed so narrowly as to permit foreign entities with an active presence in a state to avoid the court's reach entirely.[16]   Moreover, at least one court in this Circuit has emphasized that when

---

[11] *See* Consent Order at 5, ¶ 9.

[12] Despite not yet being a topic of discussion between the NRA and the Lloyd's Entities, the NRA anticipates that the Lloyd's Entities will contest this Court's jurisdiction to enforce the Subpoenas.

[13] *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988).

[14] *See Vera v. Republic of Cuba*, 91 F. Supp. 3d 561, 570–71 (S.D.N.Y. 2015), *rev'd on other grounds*, *Vera v. Republic of Cuba*, 867 F.3d 310 (2d Cir. 2017) (holding that a foreign bank was subject to the court's general jurisdiction because it was authorized to operate in the state by the Superintendent of the Department of Financial Services); *The Rockefeller Univ. v. Ligand Pharmaceuticals*, 581 F. Supp. 3d 461, 465–66 (holding that a foreign business consented to the state's general jurisdiction when it was authorized by the New York Secretary of State to conduct its business in the state, and subsequently, to be sufficiently present in the state as to be subject to personal jurisdiction).

[15] *See Vera*, 91 F. Supp. 3d at 570.

[16] *See id.* at 570–71.

# BREWER

Hon. Christian F. Hummel
April 5, 2019
Page 5

foreign financial institutions receive the "privileges and benefits associated with" operating in New York, they incur "commensurate, reciprocal obligations," including the obligation "to participate as third-parties in lawsuits" that implicate the interests of this State.[17]

Separately, New York's long-arm statute provides that the Court can exercise specific personal jurisdiction over "any entity that transacts any business within the state or contracts anywhere to supply goods or services in the state,"[18] so long as there is an "articulable nexus or substantial relationship" between the relevant transaction and the claims asserted.[19]

In this case, the Lloyd's Entities entered into more than 24,000 insurance policies or insurance agreements in New York,[20] including insurance policies for which the NRA (a New York not-for-profit) was the named insured. The Lloyd's Entities then announced that they would be terminating future New York business with their New York counterparty,[21] the NRA, specifically citing their ongoing involvement in an inquiry by a New York regulator, DFS.[22] They ultimately entered into a consent order with DFS, which obligates to appear before DFS in New York[23] and be subject to legal proceedings in New York[24] under certain conditions. Of course, the DFS investigation and consent order, as well as the Lloyd's actions relating thereto, are part of the core sequence of events from which this lawsuit arises.[25] Therefore, the criteria for both general personal jurisdiction and specific personal jurisdiction are satisfied.

C.     **In the Alternative, the Court Should Order DFS to Formally Effect Service of the Subpoenas Upon the Lloyd's Entities.**

The crux of this case involves allegations that DFS (acting in concert with other Defendants) selectively wielded its powers to advance a political vendetta against the NRA. Regrettably, that same conduct now infects discovery. Over the course of multiple meet/confer discussions, DFS has not even purported to identify a basis for its rejection of the Subpoenas under

---

[17] *See Vera*, 91 F. Supp. 3d at 570 (emphasizing the foreign bank's obligation to participate as a third party "in lawsuits which involve assets under its management").

[18] N.Y. C.P.L.R. § 302(a).

[19] *See, e.g.*, *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327 (2012) (internal citations omitted).

[20] *See* Consent Order at 5–6, ¶ 12.

[21] *See* ECF No. 37 at ¶ 65 (discussing how in May of 2018, Lloyd's terminated future New York business with the NRA because the Lloyd's Entities' insurance programs offered, marketed, and endorsed or otherwise made available through the NRA were subject to an inquiry by the DFS).

[22] *Id.*

[23] *See* Consent Order at 11, ¶ 28.

[24] *See* Consent Order at 11, ¶ 29.

[25] *See, e.g.*, ECF No. 37 at ¶¶ 74–75, 86–88.

# BREWER

**Hon. Christian F. Hummel**
April 5, 2019
Page 6

New York Insurance Law § 1213 (relying instead on the Department's own interpretation of § 1212). The information targeted by the narrow, tailored Subpoenas includes the records of several "backroom exhortations" referenced in the Amended Complaint.[26] DFS should not be permitted to derogate its duties under § 1213 in order to obstruct discovery in a matter to which it is party. Although the NRA maintains that service has properly been effected on the Lloyd's Entities irrespective of DFS's attempts to return relevant papers,[27] as an alternative to contempt sanctions against the Lloyd's Entities, an order by the Court compelling DFS to formalize service would provide another acceptable mechanism of relief.

Court intervention is necessary to resolve the above-described issues. We respectfully ask the Court to add the NRA's request for a briefing schedule on its motion for contempt against the Lloyd's Entities to the list of items to be discussed at the hearing scheduled for Friday, April 12, 2019.

Thank you for your consideration of this matter.

Sincerely,

Sarah B. Rogers

cc:    All Counsel of Record (via ECF)
       Michael D. Hynes (Michael.hynes@dlapiper.com)
       Rachel Stevens (Rachel.stevens@dlapiper.com)

---

[26] *See, e.g.*, ECF No. 56, p. 24–26 (acknowledging that the NRA's claims of Defendants "backroom exhortations" provide strong support for the NRA's claims that Defendants engaged in an implicit censorship and retaliation campaign against the NRA).

[27] *See Mastec Latin America*, 2004 WL 1574732, at *3.

# EXHIBIT A

NEW YORK STATE DEPARTMENT
OF FINANCIAL SERVICES

In the Matter of

**CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO INSURANCE
POLICIES ISSUED TO THE NATIONAL RIFLE
ASSOCIATION OF AMERICA**

**CONSENT ORDER UNDER
SECTIONS 1102 AND 3420 OF THE INSURANCE LAW**

The following underwriters at the Lloyd's London market, which are subject to this Consent Order, acting through the undersigned managing agents:  KLN 0510, managing agent Tokio Marine Kiln Syndicates Limited; AUW 0609, managing agent Atrium Underwriters Limited; SAM 0727, managing agent S.A. Meacock & Company Limited; CNP 0958, managing agent Canopius Managing Agents Limited; CSL 1084, managing agent Chaucer Syndicates Limited; ROC 1200, managing agent Argo Managing Agency Limited; GER 1206, managing agent AmTrust Syndicates Limited; BRT 2987, managing agent Brit Syndicates Limited; CNP 4444, managing agent Canopius Managing Agents Limited; and LIB 4472, managing agent Liberty Managing Agency Limited (together, the "Underwriters"), and the New York State Department of Financial Services (the "Department") are willing to resolve the matters described herein without further proceedings.  This Order is entered into by the undersigned managing agents, who execute this Order on behalf of Underwriters.

**THE DEPARTMENT'S FINDINGS FOLLOWING INVESTIGATION**

1.     Lloyd's of London is an insurance market encompassing underwriting syndicates managed by more than 50 managing agents with whom over 200 registered brokers do business,

1

some of which involves a global network of over 4,000 local agents, known as "coverholders," which have underwriting authority on behalf of the underwriting syndicates.[1] The Lloyd's market is overseen by the U.K.-based Corporation of Lloyd's.

2.      An "admitted" insurer is an insurance company that has received a license from the Department to provide specified types of insurance to customers in New York. Admitted insurers are fully regulated by the Department in order to ensure solvency and adherence to consumer protection standards. A non-admitted insurer is an insurer not licensed by the Department, and may be an insurance carrier that provides "excess line" insurance only under prescribed rules.

3.      Excess line coverage offers policyholders an opportunity to obtain insurance that could not be procured through admitted insurance carriers. Excess line carriers are not licensed by the Department but are permitted to do business in New York through a licensed excess line broker. Generally, an excess line policy can be written only after it has been declined by at least three admitted carriers.

4.      Lockton Companies, LLC ("Lockton") is the world's largest privately owned, independent insurance brokerage firm, offering customers risk management, insurance and employee benefits services. At least one of its affiliates has been licensed by the Department since approximately 1987. Lockton Affinity, LLC ("Lockton Affinity") is an affiliate of Lockton Companies, and has been licensed by the Department to act as an excess line insurance broker since at least 2013.

5.      The National Rifle Association of America ("NRA") is a New York not-for-profit corporation incorporated in 1871. The NRA describes its mission as "firearms safety, education,

---

[1] A "coverholder" in the Lloyd's market is an insurance intermediary authorized by a managing agent to enter into contracts of insurance to be underwritten by the members of a syndicate managed by it, in accordance with the terms of a binding authority. *See* https://www.lloyds.com/lloyds-around-the-world/europe/switzerland/becoming-an-intermediary-and-coverholder.

and training and advocacy on behalf of safe and responsible gun owners." The NRA is not and has never been licensed by the Department.

6.     From approximately January 2000 through March 2018 (or, for certain insuring agreements, for shorter time periods within this span), the NRA (through Lockton Affinity) offered 15 insurance programs to new and existing NRA members in New York and elsewhere that were underwritten by Underwriters, including, *inter alia*:

  a.  "Self-Defense Insurance," which provided coverage for criminal and civil defense costs, and bodily injury and damage caused by the use of a firearm;

  b.  "Retired Law Enforcement Officer Self-Defense Insurance," which provided coverage for criminal and civil defense costs, and bodily injury and damage caused by the use of a firearm;

  c.  "Second-Call Defense Insurance," which provided coverage for criminal and civil defense costs, and bodily injury and damage caused by the use of a firearm;

  d.  "ArmsCare Plus Firearms Insurance," which provided coverage for legal firearms and attached accessories against loss, damage, flood, fire, and theft (including theft from a locked vehicle);

  e.  "No Cost ArmsCare Firearms Insurance," which provided free coverage to NRA members in good standing for legal firearms and their attached accessories, up to $2,500 in value, against loss, damage, flood, fire, and theft (including theft from a locked vehicle);

  f.  "Firearms Instructor Plus Liability Insurance," which provided coverage for injuries or damage the insured causes while acting as an instructor during a lesson, medical expenses up to $5,000, legal expenses from lawsuits related to the injuries or damage, and professional liability coverage that protects the member from allegations of negligent training;

  g.  "Personal Firearms Protection Insurance," which provided coverage for any unintentional injuries or damage an insured causes while hunting or trapping on public or private land, shooting in competitions, or shooting at private shooting ranges, with a firearm, air gun, bow and arrow, or trapping equipment, and coverage for lawsuit defense costs;

3

h. "Gun Collector Insurance," which provided coverage for certain firearms and their attached accessories against loss, damage, fire, and theft (including theft from a locked vehicle);

i. "Gun Club Insurance," which provided coverage for loss or damage to any assets the gun club rents, leases or owns, coverage for general liability plus medical payments, coverage for claims of false advertising, and optional coverage for business income, boiler and machinery, glass, computers, valuable papers and records, and accounts receivable;

j. "Hunt Club Insurance," which provided coverage for hunt clubs and the landowners to protect against injury and damage, provided host liquor coverage, and provides hired and non-owned auto coverage. In addition, an insured may select coverage for "personal and advertising", products/completed operations, and medical expenses up to $5,000 for any one person;

k. "NRA Business Alliance Insurance," which provided coverage for a firearms-related business, including coverage for loss or damage to any assets the insured business rents, leases or owns, coverage for general liability plus medical payments, coverage for claims of false advertising, gunsmith coverage, and optional coverage for business income, boiler and machinery, glass, computers, valuable papers and records, and accounts receivable;

l. "Gun Show Insurance," which provided coverage for the insured's liability arising out of the insured's occupation as a gun show promoter; and

m. "Home-Based Federal Firearms License Insurance" for gun dealers and gunsmiths, which provided coverage for the insured's business location, equipment and tools, and gear entrusted to the insured by the insured's clients, against theft, damage and other loss, and provided general liability coverage, including products/completed liability to insure the insured's finished work against later claims.

Together, these insurance programs are referred to herein as the "NRA Programs."[2]

7.      Pursuant to written agreements with Lockton, Underwriters served as the underwriters for the NRA Programs, providing insurance policies to individuals and organizations

---

[2] This paragraph includes summary descriptions obtained from the NRA website of coverage provided under the pertinent insurance agreements. The specific operative terms and conditions of these coverages are set forth in the actual insuring agreements identified.

who purchased NRA-sponsored insurance. Lockton Affinity placed coverage for individuals whose home state is New York with Underwriters as part of a group policy issued to the NRA in Virginia. Lockton also procured from Underwriters individual policies covering organizations, such as gun clubs, whose home state is New York.

8.      Pursuant to written agreements between Underwriters and Lockton Affinity, and between Lockton Affinity and the NRA, Lockton Affinity served as the administrator for the NRA Programs, carrying out such functions as marketing the insurance, binding the insurance, collecting and distributing premiums, and delivering policy documents to insureds.

9.      The NRA Programs, as underwritten by Underwriters and administered by Lockton Affinity, unlawfully provided insurance coverage that may not be offered in the New York State excess line market, specifically: (a) defense coverage in a criminal proceeding that is not permitted by law; and (b) liability coverage for bodily injury or property damage expected or intended from the insured's standpoint in an insurance policy limited to use of firearms and that was beyond the use of reasonable force to protect persons or property.

10.     The NRA Programs, as underwritten by Underwriters and administered by Lockton Affinity, further failed to comply with Section 3420 of the Insurance Law, which sets forth minimum requirements for liability insurance policies.

11.     Moreover, Underwriters issued to the NRA impermissible group policies covering insureds whose home state is New York State, as neither Insurance Law Article 34 nor Insurance Regulation 135 (11 N.Y.C.R.R. § 153) authorize Underwriters to write this type of group property or casualty insurance.

12.     Underwriters have represented to the Department that, between approximately January 2000 and May 31, 2018, (a) 24,637 insurance policies or insuring agreements were issued

to persons or entities with a New York address in connection with the NRA Programs; and (b) 401 claims for payment have been filed by persons or entities whose home state is New York for the NRA Programs as of December 18, 2018.

13.     Since October 2017, the Department has been conducting an investigation of the involvement of the Corporation of Lloyd's, Underwriters, Lockton and the NRA in the NRA Programs and other matters, including a review of thousands of pages of documents obtained from the Corporation of Lloyd's, Underwriters, Lockton Affinity and the NRA, as well as other information obtained from relevant sources (the "DFS Investigation").

14.     Underwriters have represented to the Department that, following initiation of the DFS Investigation, Underwriters suspended their participation in the NRA Programs as of June 1, 2018 with respect to persons or entities whose home state is New York.

15.     **NOW THEREFORE**, to resolve this matter without further proceedings, pursuant to Sections 1102 and 3420 of the Insurance Law, Underwriters and the Department (collectively, the "Parties") hereby stipulate and agree as follows:

## VIOLATIONS OF LAW AND REGULATIONS

16.     Underwriters engaged in the business of insurance without a license by issuing or delivering policies in New York, or otherwise issuing policies covering insureds whose home state is New York State, which provided insurance coverage that may not be offered in the New York State excess line market, specifically:  (a) defense coverage in a criminal proceeding that is not permitted by law; and (b) liability coverage for bodily injury or property damage expected or intended from the insured's standpoint in an insurance policy limited to use of firearms and that was beyond the use of reasonable force to protect persons or property, in violation of Insurance Law § 1102.

17.     Underwriters issued liability insurance coverage to insureds whose home state is New York that failed to contain required liability insurance policy provisions, in violation of Insurance Law § 3420.

## SETTLEMENT PROVISIONS

### Civil Monetary Penalty

18.     Underwriters shall pay a civil monetary penalty to the Department pursuant to Sections 1102 and 3420 of the Insurance Law in the amount of $5,000,000.  Underwriters shall pay the entire amount within ten days of executing this Consent Order.  Underwriters agree that they will not claim, assert, or apply for a tax deduction or tax credit with regard to any U.S. federal, state, or local tax, directly or indirectly, for any portion of the civil monetary penalty paid pursuant to this Consent Order.  Underwriters further agree that they will not claim, seek, or receive indemnification of the civil monetary penalty from any other person or entity.

### Prohibition on Certain Insurance Programs

19.     Underwriters agree not to issue or deliver in New York State any insurance policies specific to firearm usage that provide liability coverage for bodily injury or property damage from use of a firearm,  including, but not limited to, (a) the NRA "Self-Defense Insurance" policy, (b) the NRA "Retired Law Enforcement Officer Self-Defense Insurance" policy and (c) the NRA "Second-Call Defense Insurance" policy; and agree not to provide, to persons or entities whose home state is New York, liability coverage for bodily injury or property damage expected or intended from the insured's standpoint in general liability coverage that is not limited to those occasions where bodily injury results from the use of reasonable force to protect persons or property, whether they are written or issued in New York State or elsewhere including, but not limited to, (a) the NRA "Self-Defense Insurance" policy, (b) the NRA "Retired Law Enforcement

7

Officer Self-Defense Insurance" policy and (c) the NRA "Second-Call Defense Insurance" policy. For the avoidance of doubt, Underwriters shall not be prohibited from providing homeowners, renters or general liability insurance in New York State, or for New York persons or entities whose home state is New York, that includes bodily injury liability insurance or property damage liability insurance for loss, damage, or expense that results from the negligent use of a firearm.

20.   Underwriters agree that they shall not enter into any agreement or program with the NRA to underwrite or participate in any affinity-type insurance program involving any line of insurance covering persons or entities whose home state is New York; provided, however, that the NRA may itself purchase insurance from Underwriters for the sole purpose of obtaining insurance for the NRA's own corporate operations. Underwriters further agree that they shall not enter into any affinity-type insurance program, involving any line of insurance covering persons or entities whose home state is New York, without undertaking reasonable due diligence to ensure that any person or entity involved in the issuance, brokering, administration or marketing of such affinity insurance program is acting in compliance with the Insurance Law and the regulations promulgated thereunder, including but not limited to, any licensure requirements of the Insurance Law or regulations promulgated thereunder.

21.   Underwriters agree not to issue or deliver in New York State any group insurance policy, or issue any group insurance policy covering an insured whose home state is New York State, unless the Insurance Law or regulations promulgated thereunder authorize the Underwriters to write the group insurance policy in the New York State excess line market.

22.   Within 10 business days of the full execution of this Order, Underwriters shall cause Lockton Affinity to mail or deliver, within 30 days of the full execution of this Order, to all insureds whose home state is New York under the NRA "Self-Defense Insurance," NRA "Retired

Law Enforcement Officer Self-Defense Insurance," and NRA "Second-Call Defense Insurance" programs a notice stating that Underwriters are canceling the insurance coverage provided under these specific NRA Programs effective 90 days from the date of notice.  Underwriters agree to cause Lockton to submit the draft notices to the Department for the Department's review and approval prior to the mailing or delivering such notices. Underwriters further agree to fully refund the insurance premiums for the specific coverages canceled under these NRA Programs. Thereafter, Underwriters shall promptly file a certification with the Department that sets forth their compliance with this Paragraph 22.

23.     Also within 10 business days of the full execution of this Order, Underwriters shall cause Lockton Affinity (a) to mail or deliver, within 30 days of the full execution of this Order, to the NRA a notice stating that Underwriters are cancelling the insurance coverage provided under the NRA "No Cost ArmsCare Firearms Insurance Policy" to all insureds whose home state is New York effective 90 days from the date of notice and (b) to direct the NRA to notify such insureds (by the prescribed notice methods set forth in the "No Cost ArmsCare Firearms Insurance Policy") that this coverage has been cancelled.  Underwriters agree to cause Lockton Affinity to submit the draft notice(s) required by Paragraph 23(a) to the Department for the Department's review and approval prior to the mailing or delivering of such notices.  If the NRA does not provide, by the prescribed notice methods set forth in the "No Cost ArmsCare Firearms Insurance Policy," notice to all insureds whose home state is New York that the "No Cost ArmsCare Firearms Insurance Policy" coverage has been cancelled within the specified (or, if not specified, reasonable) time period, then at the Department's direction, Underwriters shall take and/or cause Lockton Affinity to take, such further action as reasonably may be required to notify the insureds of the cancellation including, without limitation, publication of notice of cancellation in relevant newspapers,

9

periodicals or other media, subject to the Department's prior approval.   Thereafter, Underwriters shall promptly file a certification with the Department that sets forth their compliance with this Paragraph 23.

24.    Underwriters shall direct Lockton Affinity to non-renew any of the NRA Programs, other than the NRA Programs specified in Paragraphs 22 and 23 of this Order, issued under the group policy to an insured whose home state is New York, at the end of the coverage term for that insured.  After Lockton Affinity has non-renewed all insureds whose home state is New York, Underwriters shall promptly file a certification with the Department that sets forth their compliance with this Paragraph 24.

25.    Underwriters agree not to issue or deliver in New York State an insurance policy, or otherwise issue an insurance policy covering an insured whose home state is New York, that provides legal services coverage, including, but not limited to, defense coverage in a criminal proceeding.

26.    Underwriters agree not to issue or deliver in New York State an insurance policy, or otherwise issue an insurance policy covering an insured whose home state is New York, that compensates any broker, agent or other entity in a manner that would constitute either an illegal inducement to the making of insurance or after insurance has been effected, an illegal rebate from the premium which is not specified in the insurance policy, or illegal valuable consideration or inducement of any kind, directly or indirectly, which is not specified in the insurance policy.

**Full and Complete Cooperation of Underwriters**

27.    Underwriters commit and agree to fully cooperate with the DFS Investigation and all terms of this Consent Order.  Such cooperation shall include, without limitation:

    a.  producing all non-privileged documents and other materials to the Department, as requested, wherever located in the possession, custody, or control of Underwriters;

    b.  requiring employees or agents to appear for interviews, at such reasonable times and places, as requested by the Department;

    c.  responding fully and truthfully in a prompt manner to all inquiries when requested to do so by the Department; and

    d.  testifying at hearings, trials and other judicial, administrative or other proceedings, when requested to do so by the Department, in connection with its investigation of matters relating to the NRA Programs.

**Breach of Consent Order**

28.    If the Department believes Underwriters, or any individual Underwriter, to be in material breach of this Consent Order, the Department will provide written notice to such Underwriter or Underwriters, and such Underwriter or Underwriters must, within ten business days of receiving such notice, or on a later date if so determined in the Department's sole discretion, appear before the Department to demonstrate that no material breach has occurred or, to the extent pertinent, that the breach is not material or has been cured.

29.    The parties understand and agree that the failure of Underwriters or such Underwriter to make the required showing within the designated time-period shall be presumptive evidence of any such Underwriter's breach. Upon a finding that an Underwriter or Underwriters have breached this Consent Order, the Department has all the remedies available to it under New York Insurance and Financial Services Law and may use any evidence available to the Department in any ensuing hearings, notices, or orders.

11

**Waiver of Rights**

30.     The parties understand and agree that no provision of this Consent Order is subject to review in any court or tribunal outside the Department.

**Parties Bound by the Consent Order**

31.     This Consent Order is binding on the Department and Underwriters, as well as any successors and assigns.  This Consent Order does not bind any federal or other state agency or any law enforcement authority.

32.     No further action will be taken by the Department against Underwriters for the specific conduct set forth in this Consent Order, provided that Underwriters comply fully with the terms of this Consent Order, including Paragraph 27 above.

33.     Notwithstanding any other provision contained in this Consent Order, the Department may undertake action against any Underwriter for transactions or conduct that such Underwriter did not disclose to the Department in the written materials that such Underwriter submitted to the Department in connection with this matter.

**Notices**

34.     All notices or communications regarding this Consent Order shall be sent to:


        For the Department:

        Hadas Jacobi
        Assistant Deputy Superintendent
          for Enforcement
        New York State Department of Financial Services
        One State Street
        New York, NY 10004

        Connor Mealey
        Excelsior Fellow
        New York State Department of Financial Services

One State Street
New York, NY 10004


For Underwriters:

Michael P. Murphy
Partner, Global Chair, Insurance and Reinsurance
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020

Catherine Marshall
Head of Compliance
Tokio Marine Kiln
20 Fenchurch Street
London, EC3M 3BY
United Kingdom
For the Members of Lloyd's Syndicate No. 0510 acting through their managing
agent, Tokio Marine Kiln Syndicates Limited.


James Cox
Compliance Director
Lloyd's Building
1 Lime Street
London, EC3M 7DQ
United Kingdom
For the Members of Lloyd's Syndicate No. 0609 acting through their managing
agent, Atrium Underwriters Ltd.

David Jones
Compliance Director
Hasilwood House
60 Bishopsgate
London, EC2N 4AW
United Kingdom
For the Members of Lloyd's Syndicate No. 0727 acting through their managing
agent, S.A. Meacock & Company Limited.


The Company Secretary
Gallery 9
One Lime Street
London, EC3M 7HA

13

United Kingdom
For the Members of Lloyd's Syndicate No. 0958 acting through their managing
agent, Canopius Managing Agents Limited.


Paul Armfield
Compliance Manager
Chaucer Syndicates
Plantation Place
30 Frenchurch Street
London EC3M 3AD
For the Members of Lloyd's Syndicate No. 1084 acting through their managing
agent, Chaucer Syndicates Limited.

Toby Mills
Head of Compliance - EMEA
ArgoGlobal
1 Fen Court
London, EC3M 5BN
United Kingdom
For the Members of Lloyd's Syndicate No. 1200 acting through their managing
agent, Argo Managing Agency Limited.

General Counsel
Exchequer Court
33 St Mary Axe
London EC3A 8AA
United Kingdom
For the Members of Lloyd's Syndicate No. 1206 acting through their managing
agent, AmTrust Syndicates Limited.

Tim Harmer, Group Director of Legal and Compliance
Brit Insurance
122 Leadenhall Street
London, EC3V 4AB
United Kingdom
For the Members of Lloyd's Syndicate No. 2987 acting through their managing
agent, Brit Syndicates Limited.

The Company Secretary
Gallery 9
One Lime Street
London, EC3M 7HA
United Kingdom
For the Members of Lloyd's Syndicate No. 4444 acting through their managing
agent, Canopius Managing Agents Limited.

14

Nigel Davenport, Group General Counsel
Liberty Specialty Markets
20 Fenchurch Street,
London, EC3M 3AW
United Kingdom
For the Members of Lloyd's Syndicate No. 4472 acting through their managing
agent, Liberty Managing Agency Limited.

**Miscellaneous**

35.     Each provision of this Consent Order shall remain effective and enforceable until

stayed, modified, suspended, or terminated by the Department.

36.     No promise, assurance, representation, or understanding other than those contained

in this Consent Order has been made to induce any party to agree to the provisions of the Consent

Order.

*[remainder of page intentionally left blank]*

15

**IN WITNESS WHEREOF**, the parties have caused this Consent Order to be signed this **20th**

day of December, 2018.


**UNDERWRITERS AT LLOYD'S,
LONDON**

By: _____

CHARLES FRANKS

Group Chief Executive Officer

**For the Members of Lloyd's Syndicate No.
0510 acting through their managing agent,
Tokio Marine Kiln Syndicates Limited.**

**NEW YORK STATE DEPARTMENT OF
FINANCIAL SERVICES**

By: _____

MARIA T. VULLO
Superintendent of Financial Services

By: _____

MATTHEW L. LEVINE
Executive Deputy Superintendent for
Enforcement

16

**IN WITNESS WHEREOF**, the parties have caused this Consent Order to be signed this ___

day of December, 2018.


**UNDERWRITERS AT LLOYD'S, LONDON**

By: _____

CHARLES FRANKS

Group Chief Executive Officer

**For the Members of Lloyd's Syndicate No. 0510 acting through their managing agent, Tokio Marine Kiln Syndicates Limited.**

**NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES**

By: _____
MARIA T. VULLO
Superintendent of Financial Services

By: _____
MATTHEW L. LEVINE
Executive Deputy Superintendent for Enforcement

16

By: _____

**RICHARD HARRIES**

**Chief Executive Officer**

**For the Members of Lloyd's Syndicate No.
0609 acting through their managing agent,
Atrium Underwriters Ltd.**

17

By: _____

KARL W. JARVIS

Chief Executive Officer

For the Members of Lloyd's Syndicate No.
0727 acting through their managing agent, S.A.
Meacock & Company Limited.

By: _____

**MIKE DUFFY**

**Chief Executive Officer**

**For the Members of Lloyd's Syndicate No.
0958 acting through their managing agent,
Canopius Managing Agents Limited.**

19

By: _R.N. Barnett_

**RICHARD BARNETT**

**Company Secretary and General Counsel**

**For the Members of Lloyd's Syndicate No.
1084 acting through their managing agent,
Chaucer Syndicates Limited.**

By: _____

**DOMINIC KIRBY**

**Managing Director**

**For the Members of Lloyd's Syndicate No.
1200 acting through their managing agent,
Argo Managing Agency Limited.**

By: _____

**SHELDON LACY**

**Chief Risk Officer**

**For the Members of Lloyd's Syndicate No.
1206 acting through their managing agent,
AmTrust Syndicates Limited.**


By: _____

**MIKE DUFFY**

**Chief Executive Officer**

**For the Members of Lloyd's Syndicate No.
4444 acting through their managing agent,
Canopius Managing Agents Limited.**

By: _____

**NIGEL DAVENPORT**

**Group General Counsel**

**For the Members of Lloyd's Syndicate No. 4472 acting through their managing agent, Liberty Managing Agency Limited.**

# EXHIBIT B

AFFIDAVIT OF SERVICE

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | Defendant / Respondent:<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| Received by:<br>A Plus Process Service | | For:<br>Brewer, Attorneys & Counselors | |
| To be served upon:<br>BRT 2987 c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210
Manner of Service:   Authorized, Mar 26, 2019, 3:02 pm EDT
Documents:   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Additional Comments:
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019, I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

_____   3/27/19
Austin Taylor                Date

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public
3/27/19
Date

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 2022

## AFFIDAVIT OF SERVICE

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | Defendant / Respondent:<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| Received by:<br>A Plus Process Service | | For:<br>Brewer, Attorneys & Counselors | |
| To be served upon:<br>CNP 0958 c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210
**Manner of Service:**   Authorized, Mar 26, 2019, 3:02 pm EDT
**Documents:**   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019,  I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

_____   3/27/19
Austin Taylor                          Date

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
**Notary Public**

_3/27/19_
**Date**

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20 22

# AFFIDAVIT OF SERVICE

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | Defendant / Respondent:<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| Received by:<br>A Plus Process Service | | For:<br>Brewer, Attorneys & Counselors | |
| To be served upon:<br>CNP 4444 c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210
**Manner of Service:**   Authorized, Mar 26, 2019, 3:02 pm EDT
**Documents:**   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019,  I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

_____   3/27/19
Austin Taylor            Date

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

_Subscribed and sworn to before me by the affiant who is personally known to me._

_____
Notary Public
3/27/19
Date

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20_22_

**AFFIDAVIT OF SERVICE**

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | **Defendant / Respondent:**<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| **Received by:**<br>A Plus Process Service | | **For:**<br>Brewer, Attorneys & Counselors | |
| **To be served upon:**<br>CSL 1084 c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210
**Manner of Service:**   Authorized, Mar 26, 2019, 3:02 pm EDT
**Documents:**   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019,  I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

_Austin Taylor_                    3/27/19
Austin Taylor                  Date

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

_Subscribed and sworn to before me by the affiant who is_
_personally known to me._

_Anne B Stefanski_
Notary Public

3/27/19
Date

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20_22_

**AFFIDAVIT OF SERVICE**

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | **Defendant / Respondent:**<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| **Received by:**<br>A Plus Process Service | | **For:**<br>Brewer, Attorneys & Counselors | |
| **To be served upon:**<br>GER 1206 c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210
**Manner of Service:**   Authorized, Mar 26, 2019, 3:02 pm EDT
**Documents:**   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019,  I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

Austin Taylor                          Date   3/27/19

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date   3/27/19

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20 22

**AFFIDAVIT OF SERVICE**

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | **Defendant / Respondent:**<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| **Received by:**<br>A Plus Process Service | | **For:**<br>Brewer, Attorneys & Counselors | |
| **To be served upon:**<br>KLN 0510 c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210

**Manner of Service:**   Authorized, Mar 26, 2019, 3:02 pm EDT

**Documents:**   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**

1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019,  I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

_____   3/27/19
Austin Taylor                              Date

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
**Notary Public**

3/27/19
**Date**

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20 22

## AFFIDAVIT OF SERVICE

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | Defendant / Respondent:<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| Received by:<br>A Plus Process Service | | For:<br>Brewer, Attorneys & Counselors | |
| To be served upon:<br>LIB 4472 c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210
Manner of Service:   Authorized, Mar 26, 2019, 3:02 pm EDT
Documents:   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019,  I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

Austin Taylor       Date   3/27/19

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Notary Public

Date   3/27/19

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20 22

## AFFIDAVIT OF SERVICE

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | Defendant / Respondent:<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| Received by:<br>A Plus Process Service | | For:<br>Brewer, Attorneys & Counselors | |
| To be served upon:<br>ROC 1200 c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210
**Manner of Service:**   Authorized, Mar 26, 2019, 3:02 pm EDT
**Documents:**   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019,  I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

_____   3/27/19
Austin Taylor                     Date

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public

3/27/19
Date

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 2022

## AFFIDAVIT OF SERVICE

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | **Defendant / Respondent:**<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| **Received by:**<br>A Plus Process Service | | **For:**<br>Brewer, Attorneys & Counselors | |
| **To be served upon:**<br>SAM 0727 c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210

**Manner of Service:**   Authorized, Mar 26, 2019, 3:02 pm EDT

**Documents:**   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019,  I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

_____   3/27/19
Austin Taylor                                    Date

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public

3/27/19
Date

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20 22

## AFFIDAVIT OF SERVICE

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | **Defendant / Respondent:**<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| **Received by:**<br>A Plus Process Service | | **For:**<br>Brewer, Attorneys & Counselors | |
| **To be served upon:**<br>Brit Syndicates Limited c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210

**Manner of Service:**   Authorized, Mar 26, 2019, 3:02 pm EDT

**Documents:**   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**

1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019,  I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

_____     3/27/19
Austin Taylor                          Date

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
**Notary Public**

3/27/19
**Date**

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20_22_

### AFFIDAVIT OF SERVICE

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | **Defendant / Respondent:**<br>ANDREW CUOMO, both individually and in his official capacity, et<br>al. | |
| **Received by:**<br>A Plus Process Service | | **For:**<br>Brewer, Attorneys & Counselors | |
| **To be served upon:**<br>Canopius Managing Agents Limited c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210

**Manner of Service:**  Authorized, Mar 26, 2019, 3:02 pm EDT

**Documents:**  Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019,  I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

Austin Taylor                     Date  3/27/19

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

Subscribed and sworn to before me by the affiant who is
personally known to me.

Notary Public

Date  3/27/19

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20 22

### AFFIDAVIT OF SERVICE

| Case:<br>18-CV-00566-TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | **Defendant / Respondent:**<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| **Received by:**<br>A Plus Process Service | | **For:**<br>Brewer, Attorneys & Counselors | |
| **To be served upon:**<br>Liberty Managing Agency Limited c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210
**Manner of Service:**   Authorized, Mar 26, 2019, 3:02 pm EDT
**Documents:**   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019,  I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

Austin Taylor                 Date   3/27/19

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

*Subscribed and sworn to before me by the affiant who is personally known to me.*

**Notary Public**

**Date**   3/27/19

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20 22

AFFIDAVIT OF SERVICE

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | Defendant / Respondent:<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| Received by:<br>A Plus Process Service | | For:<br>Brewer, Attorneys & Counselors | |
| To be served upon:<br>S.A. Meacock & Company Limited c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210

Manner of Service:   Authorized, Mar 26, 2019, 3:02 pm EDT

Documents:   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Additional Comments:

1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019,  I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

_Austin Taylor_                3/27/19

Austin Taylor                Date

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_Anne B Stefanski_

Notary Public

_3/27/19_

Date

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20 22

**AFFIDAVIT OF SERVICE**

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | **Defendant / Respondent:**<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| **Received by:**<br>A Plus Process Service | | **For:**<br>Brewer, Attorneys & Counselors | |
| **To be served upon:**<br>Tokio Marine Kiln Syndicates Limited c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210
**Manner of Service:**   Authorized, Mar 26, 2019, 3:02 pm EDT
**Documents:**   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019,  I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

Austin Taylor                    Date  3/27/19

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date  3/27/19

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20 22

**AFFIDAVIT OF SERVICE**

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | Defendant / Respondent:<br>ANDREW CUOMO, both individually and in his official capacity, et<br>al. | |
| Received by:<br>A Plus Process Service | | For:<br>Brewer, Attorneys & Counselors | |
| To be served upon:<br>AmTrust Syndicates Limited c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:    Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210

Manner of Service:    Authorized, Mar 26, 2019, 3:02 pm EDT

Documents:    Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019, I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

Austin Taylor                    Date 3/27/19

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

Subscribed and sworn to before me by the affiant who is
personally known to me.

Notary Public

Date 3/27/19

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20 22

## AFFIDAVIT OF SERVICE

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | Defendant / Respondent:<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| Received by:<br>A Plus Process Service | | For:<br>Brewer, Attorneys & Counselors | |
| To be served upon:<br>Argo Managing Agency Limited c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210
Manner of Service:   Authorized, Mar 26, 2019, 3:02 pm EDT
Documents:   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019, I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

_____   3|27|19
Austin Taylor                             Date

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
Notary Public

_3/27/19_____
Date

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20_22_

## AFFIDAVIT OF SERVICE

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | **Defendant / Respondent:**<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| **Received by:**<br>A Plus Process Service | | **For:**<br>Brewer, Attorneys & Counselors | |
| **To be served upon:**<br>Atrium Underwriters Limited c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210

**Manner of Service:**   Authorized, Mar 26, 2019, 3:02 pm EDT

**Documents:**   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019,  I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

_____   3/27/19
Austin Taylor                         Date

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
Notary Public

3/27/19
Date

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20 22

### AFFIDAVIT OF SERVICE

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | Defendant / Respondent:<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| Received by:<br>A Plus Process Service | | For:<br>Brewer, Attorneys & Counselors | |
| To be served upon:<br>CHAUCER SYNDICATES LIMITED c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:  Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210
Manner of Service:  Authorized, Mar 26, 2019, 3:02 pm EDT
Documents:  Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019,  I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

Austin Taylor                     Date 3/27/19

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Notary Public

Date 3/27/19

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20 22

AFFIDAVIT OF SERVICE

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | Defendant / Respondent:<br>ANDREW CUOMO, both individually and in his official capacity, et al. | |
| Received by:<br>A Plus Process Service | | For:<br>Brewer, Attorneys & Counselors | |
| To be served upon:<br>AUW 0609 c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210
Manner of Service:   Authorized, Mar 26, 2019, 3:02 pm EDT
Documents:   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Additional Comments:
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019,  I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

_____    3/27/19
Austin Taylor                           Date

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

3/27/19
Date

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 20 22