

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

Writer Direct:  518-776-2255

April 10, 2019

Honorable Christian F. Hummel  
United States District Court  
Northern District of New York  
James T. Foley U.S. Courthouse  
445 Broadway, Room 441  
Albany, NY 12207

Re:   *NRA v. Cuomo, et al*  
       Northern District of New York  
       18-CV-566 (TJM)(CFH)

Dear Judge Hummel:

    I write pursuant to the Court's directive at Dkt. 94, to respond to the Plaintiff's letter request at Dkt. 93.  The Plaintiff requests a hearing to discuss a proposed confidentiality order that has been circulating between the parties.  Initially, it is unclear what relief the Plaintiff seeks or what it hopes to gain by such a conference.  FRCP 26(c), which governs protective orders, does not contemplate a general confidentiality order without reference to particular documents or issues, absent agreement between the parties. The Plaintiff has not asked for permission to move for a protective order relative to its assertions of confidentiality in its discovery responses. Notwithstanding this, as has been represented to Plaintiff's counsel previously, the proposed confidentiality order is being circulated amongst the Defendants for review and comment, and if terms can be agreed upon the revised Order will be returned to the Plaintiff.

    It should be noted that the proposed order does not allow either party to designate material as confidential, but merely governs how material that has been designated confidential by the Court, or by agreement between the parties, is handled.  To date no material has been designated confidential by agreement or order.  What has occurred is that the Plaintiff has made multiple assertions of confidentiality, which appear to be improper.  By way of example, the Plaintiff has alleged that various financial institutions cut ties with the NRA due to pressure from

THE CAPITOL, ALBANY, NY  12224-0341 ● (518) 776-2300 ● FAX (518) 915-7738 * NOT FOR SERVICE OF PAPERS
WWW.AG.NY.GOV

April 10, 2019
Page 2

the Defendants. When asked to identify these institutions, the Plaintiff has indicated that it "has identified several additional institutions responsive to this Interrogatory whose identities are not already a matter of public record. The NRA considers the identities of these institutions to be confidential." These facts are obviously central to this case.

It seems evident that the Plaintiff intends to forestall its discovery obligations by hiding behind an improper veil of confidentiality while attempting to rush through the discovery process in an effort to avoid production of discoverable facts. Despite the Plaintiff's continued protestations, there is no emergency present in this case, and its claim that there is some urgent need to finalize an agreed upon confidentiality order, which would not resolve the Plaintiff's assertions of confidentiality in any event, is simply without basis.

Notwithstanding the foregoing, the Defendants continue to review the Plaintiff's proposed confidentiality order. If terms can be agreed upon, and the Defendants believe that agreement can be reached, a new draft will be forwarded to Plaintiff's counsel for review.

The Court's continued attention to this matter is appreciated.

Respectfully yours,

s/ William A. Scott

William A. Scott
Assistant Attorney General
Bar Roll No. 512434
William.Scott@ag.ny.gov