## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **NATIONAL RIFLE ASSOCIATION OF AMERICA,** | § § § | |
| **Plaintiff,** | § § | **CIVIL CASE NO.  18-CV-00566-TJM-CFH** |
| **v.** | § § | |
| **ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,** | § § § § § § § | |
| **Defendants.** | § § | |

## DECLARATION OF SARAH B. ROGERS IN SUPPORT OF MOTION TO COMPEL LLOYD'S ENTITIES TO COMPLY WITH NON-PARTY SUBPOENAS, OR ALTERNATIVELY, TO COMPEL THE DFS TO EFFECTUATE SERVICE

I, Sarah B. Rogers, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.     I am a partner with the law firm Brewer, Attorneys & Counsels, counsel to the National Rifle Association of America (the "NRA") in the above-caption title (the "Action").  I submit this declaration in support of the NRA's Motion for Order to Show Cause for Defendant's Acceptance of Service of Non-Party Subpoenas (the "Motion").

2.     As counsel for the NRA, I have reviewed pleadings, and other documents related to the Action, and I am familiar with the facts and circumstances of this Action.

3.     On March 18, 2019, the NRA served notice on defendants Governor Andrew Cuomo, Maria T. Vullo, and the New York Department of Financial Services (the "DFS", and, collectively the "Defendants") that it would be serving non-party subpoenas on nineteen entities— ten syndicates from the Lloyd's of London market, as well as their respective managing agents (the "Subpoenas").  These nineteen entities were chosen by the NRA for purposes of non-party

1

discovery because the syndicates were all subject to a Consent Order entered into by the DFS on December 28, 2018 (the "Lloyd's Entities"). Attached hereto as **Exhibit A** is a true and correct copy of the Consent Order Under Sections 1102 and 3420 of the Insurance Law, in the captioned matter *In re Certain Underwriters at Lloyd's London Subscribing to Insurance Policies to the National Rifle Association of America*, dated December 20, 2018. Attached hereto as **Exhibit B** is a true and correct copy of the NRA's Notice of Intent to Request for Production of Documents of Tokio Marine Kiln Syndicates Limited. The NRA notes that the Subpoenas are substantively identical; accordingly, to avoid duplication, the NRA has included only one illustrative Subpoena in Exhibit B.

4.     Attached hereto as **Exhibit C** are true and correct copies of sworn affidavits from the process server attesting to the successful service of the Subpoenas on the Superintendent of the DFS, dated March 27, 2019.

5.     On March 27, 2019, the NRA sent courtesy copies of the above-referenced Subpoenas and service affidavits by Federal Express to each of the Lloyd's Entities. Attached hereto as **Exhibit D** are true and correct copies of Federal Express receipts verifying delivery of the Subpoenas and service affidavits to each of the respective Lloyd's Entities.

6.     The NRA also transmitted relevant service affidavits via email to DLA Piper LLP, which I understand serves as counsel to the Lloyd's Entities. Attached hereto as **Exhibit E** is a true and correct copy of email correspondence from Stephanie Gase to Michael D. Hynes, dated March 28, 2019, attaching the affidavits of service attached hereto as Exhibit C.

7.     Attached hereto as **Exhibit F** is a true and correct copy of a letter from Michael D. Hynes (counsel for the Lloyd's Entities) to Stephanie Gase, dated March 28, 2019, wherein Mr. Haynes states that "it appears that DFS contends that it has not accepted service of the Subpoenas"

2

and has not transmitted copies directly to the Lloyd's Entities; accordingly, the Lloyd's Entities "must conclude that the Subpoenas have not yet been served."

8.      Attached hereto as **Exhibit G** is a true and correct copy of a letter from Michael D. Hynes to Stephanie Gase, dated April 2, 2019, affirming that the Lloyd's Entities do not acknowledge service of the Subpoenas.

9.      On April 5, 2019, I participated in a telephonic meet-and-confer with counsel for the Lloyd's Entities and counsel for Defendants regarding service of the Subpoenas. However, no resolution could be reached.   Attached hereto as **Exhibit H** is a true and correct copy of a letter from Michael D. Hynes to William Scott, dated April 8, 2019, which purports to memorialize the outcome of the parties' meet-and-confer teleconference and reaffirms that the Lloyd's Entities do not acknowledge service of the Subpoenas.

10.     Attached hereto as **Exhibit I** are the cover page and relevant excerpts of documentation comprising the Lloyd's Master Policy Issued to the National Rifle Association by Lloyd's effective June 1, 2016.

11.     I declare under penalty to perjury that the foregoing is true and correct.


Executed this 19th day of April, 2019.

Sarah B. Rogers

4849-9148-6100.7