# EXHIBIT F



**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Michael D. Hynes
michael.hynes@dlapiper.com
T  212.335.4942
F  212.884.8642

March 28, 2019

*VIA E-MAIL: SZG@BREWERATTORNEYS.COM;*

Stephanie Gase
Brewer, Attorneys & Counselors
1717 Main Street, Suite 5900
Dallas, Texas 75201

**Re:    NRA v. Cuomo, et al.**

Dear Ms. Gase:

On behalf of our clients, Atrium Underwriters Limited, Brit Syndicates Limited, Canopius Managing Agents Limited, Chaucer Syndicates Limited, AmTrust Syndicates Limited, Tokio Marine Kiln Syndicates Limited, Liberty Managing Agency Limited, Argo Managing Agency Limited and S.A. Meacock & Company Limited (collectively, the "Underwriters"), we write in response to your March 28, 2019 email purporting to confirm that service of the nineteen subpoenas, courtesy copies of which you sent to my colleague Michael Murphy on March 19, 2019 (the "Subpoenas"), was completed on March 26, 2019.

Based on the New York State Department of Financial Services' ("DFS") prior refusal to accept service of the Subpoenas, which you reported to the Court in your March 25, 2019 status report, as well as the sworn testimony of your process server, it appears that DFS contends that it has not accepted service of the Subpoenas. DFS's refusal to accept service of the Subpoenas appears to be consistent with General Counsel Opinion 8-5-2009, 2009 WL 2712332 (NY INS BUL) (available at https://www.dfs.ny.gov/insurance/ogco2009/rg090802.htm). Indeed, "[t]he Superintendent is not authorized to accept [service of a non-party] subpoena, because N.Y. Ins. Law § 1212 only requires an insurer to appoint the Superintendent to accept lawful process on its behalf when such process is associated with an action against the insurer." *Id.*; *see also Broderick v. Shapiro*, 172 Misc. 28, 30, 14 N.Y.S.2d 542, 544–45 (Sup. Ct. 1939).

If DFS accepts service of the Subpoenas or the Court deems it so, the Underwriters would expect to receive copies of the Subpoenas directly from DFS as required by N.Y. Ins. Law § 1212. Under these circumstances, we must conclude that the Subpoenas have not yet been served. Please keep us informed of your discussions with DFS and the Court on this issue. We continue reserve all rights and waive none.



Very truly yours,

Michael D. Hynes

cc:     Sarah Rogers
        Rachel Stevens