# EXHIBIT H



DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Michael D. Hynes
michael.hynes@dlapiper.com
T  212.335.4942
F  212.884.8642

April 8, 2019

*VIA E-MAIL: WILLIAM.SCOTT@AG.NY.GOV*

William Scott
Office of the New York State Attorney General
The Capitol
Albany, NY 12224

**Re:   NRA v. Cuomo, et al.**

Dear Mr. Scott:

On behalf of our clients, Atrium Underwriters Limited, Brit Syndicates Limited, Canopius Managing Agents Limited, Chaucer Syndicates Limited, AmTrust Syndicates Limited, Tokio Marine Kiln Syndicates Limited, Liberty Managing Agency Limited, Argo Managing Agency Limited and S.A. Meacock & Company Limited (collectively, the "Underwriters"), we write in connection with the NRA's attempt to serve upon the New York State Department of Financial Services ("NYDFS") nineteen subpoenas ("the "Subpoenas") that call for non-party Underwriters to produce documents in the referenced litigation.

As you have informed us on multiple occasions, NYDFS cannot accept service of the Subpoenas because it is not Underwriters' registered agent for purposes of accepting service of non-party subpoenas. We understand that the NYDFS' position is consistent with its historical interpretation of New York Insurance Law Sections 1212 and 1213.[1]  *See, e.g.,* https://www.dfs.ny.gov/industry_guidance/service_legal_process (defining "process, in the context of service upon the Superintendent" as "the papers used to commence a lawsuit" and explicitly excluding "subpoenas, motions, or any other pleadings in a pending lawsuit that are not described herein."). On the other hand, the NRA contends that NYDFS has misinterpreted the New York Insurance Law and that it does act as Underwriters' registered agent for purposes of accepting service of the Subpoenas. In all events, the NYDFS has not provided our clients with the Subpoenas, so service has not been effectuated to date regardless of whose interpretation is the correct one. While we encouraged both parties, in writing and on the telephone, to resolve this dispute, we understand that the NRA filed an April 5, 2019 letter to the

---

[1] We note that the NRA assumes in its April 5, 2019 letter that Underwriters are operating pursuant to NY Insurance Law §1213, and in support of that assumption relies only on a lone paragraph in the December 20, 2018 Consent Order entered into between NYDFS and Certain Underwriters at Lloyd's, London Subscribing to Insurance Policies Issued to the National Rifle Association of America. *See* NRA's April 5, 2019 letter at 4. For the purposes of the question before the Court, it is immaterial whether Underwriters are operating under §1213 or §1212 because, as noted above, NYDFS is not authorized to accept service of subpoenas under either provision. Underwriters reserve all rights as to this issue.



Court seeking permission to file a motion for contempt against Underwriters or, alternatively, to compel NYDFS to accept service of the Subpoenas as registered agent for Underwriters.

To the extent it helps clarify the material facts in connection with the parties' dispute over service of the Subpoenas, we provide the following context. On March 19, 2019, the NRA sent us courtesy copies of the Subpoenas that it planned to serve upon NYDFS. On March 22, 2019, the NRA's counsel informed us that NYDFS had refused to accept service of the Subpoenas. On March 25, 2019, we sent counsel for the NRA a letter noting that the Subpoenas had not been served, confirming that DLA Piper cannot accept service, and reserving all rights. (*See* **Ex. 1**.) On March 28, 2019, we received an email from the NRA's counsel stating that service of the Subpoenas on NYDFS was completed on March 26, 2019 and attaching Affidavits of Service from the NRA's process server. (*See* **Ex. 2**.) Notably, the Affidavits of Service state that within minutes of leaving the Subpoenas with an NYDFS representative, the NRA's process server received a call from that same NYDFS representative saying she was mistaken and NYDFS was unable to accept service; NYDFS also called the NRA's process server the next day to confirm that service was not effected and that the Subpoenas would be returned to the process server. (*See* **Ex. 2**.)

In our March 28, 2019 letter, we informed the NRA that NYDFS had neither accepted the Subpoenas nor provided them to Underwriters, and, therefore, service had not been effected. (*See* **Ex. 3**.) In its March 29, 2019 letter, the NRA asserted that its service attempts on NYDFS constituted effective service on Underwriters and threatened to seek judicial relief if Underwriters refused to accept the NRA's view. (*See* **Ex. 4**.) In our April 2, 2019 letter, we reiterated that the Subpoenas had not been properly served given the position taken by the NYDFS. (*See* **Ex. 5**.)

On April 5, 2019, you joined us in a telephonic meet and confer with counsel for the NRA. During that call, you confirmed that NYDFS was not authorized to accept service of any non-party subpoenas, and we confirmed that, as a result, Underwriters were under no obligation to respond to the Subpoenas. In response, the NRA confirmed its intent to seek judicial relief from the Court instead of pursuing other service options, such as using the Hague Convention. Later that day, the NRA sent its April 5, 2019 letter to the Court.

Under these circumstances, the threshold question presented—whether the NYDFS is correct that it is not authorized to accept service of the Subpoenas as Underwriters' registered agent—is for the parties and the Court to resolve. Consequently, the NRA's request that the Court hold Underwriters in contempt is misplaced.



William Scott
April 8, 2019
Page Three

Finally, we note that the NRA claims in its April 5, 2019 letter that Underwriters are subject to the general and specific jurisdiction of the Court. We disagree with the NRA that Underwriters are subject to personal jurisdiction in New York, either through the Court's exercise of general or specific jurisdiction, and Underwriters have never consented to the Court's jurisdiction. For the avoidance of doubt, nothing in our discussions or correspondence with you or the NRA should be taken as a waiver of any jurisdictional arguments. Instead, Underwriters expressly reserve and do not waive the right to contest the jurisdiction of the Court to enforce the Subpoenas if they are ever properly served.

Thank you very much and please feel free to share this letter with the Court if you believe it would be helpful. In the meantime, Underwriters reserve all rights and waive none.

Very truly yours,

Michael D. Hynes

cc:   Sarah Rogers
      Stephanie Gase
      Dallas Flick
      Rachel Stevens

# Exhibit 1



**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Michael D. Hynes
michael.hynes@dlapiper.com
T  212.335.4942
F  212.884.8642

March 25, 2019

*VIA E-MAIL: SZG@BREWERATTORNEYS.COM;*
*SBR@BREWERATTORNEYS.COM*

Stephanie Gase
Sarah Rogers
Brewer, Attorneys & Counselors
1717 Main Street, Suite 5900
Dallas, Texas 75201

**Re:   NRA v. Cuomo, et al.**

Dear Ms. Gase and Ms. Rogers:

On behalf of our clients, Atrium Underwriters Limited, Brit Syndicates Limited, Canopius Managing Agents Limited, Chaucer Syndicates Limited, AmTrust Syndicates Limited, Tokio Marine Kiln Syndicates Limited, Liberty Managing Agency Limited, Argo Managing Agency Limited and S.A. Meacock & Company Limited, we write in connection with the nineteen subpoenas, courtesy copies of which you sent to my colleague Michael Murphy on March 19, 2019 (the "Subpoenas").

The courtesy copies were forwarded to me for handling. I understand that service has not been effected to date and, as we have previously informed you, my firm is not authorized to accept service of the Subpoenas. Upon completion of service, please direct all correspondence related to the Subpoenas to me. In the meantime, we reserve all rights and waive none.

Very truly yours,

Michael D. Hynes

cc:   Michael P. Murphy
Jonathan Kinney

# Exhibit 2

| From: | Stephanie Gase <SZG@BrewerAttorneys.com> |
| Sent: | Thursday, March 28, 2019 1:26 PM |
| To: | Hynes, Michael D. |
| Cc: | Murphy, Michael (New York); Kinney, Jonathan; Sarah Rogers; Stevens, Rachel |
| Subject: | RE: NRA v. Cuomo | Lloyds Subpoenas |
| Attachments: | NRA vs. Andrew Cuomo - Affidavits.pdf |

**[EXTERNAL]**

Michael,

Attached please find the certificates of service for the subpoenas indicating service was complete on DFS on March 26, 2019. We have also mailed copies of the subpoenas and the certificates of service to each of your clients. I have previously discussed an extension of the deadline in the subpoenas with both Michael Murphy and Jonathan Kinney. At this time, given the discovery deadlines in the action and the likely motion practice involved with the subpoenas, we can only agree to a deadline for submission of objections or other responses of April 19, 2019. Please let me know if you would like to discuss further.

Regards,

Stephanie

**Stephanie Gase** | Partner
Brewer, Attorneys & Counselors
1717 Main Street, Suite 5900
Dallas, Texas 75201
Office: 214.653.4942 | Fax: 214.653.1015
sgase@brewerattorneys.com | www.brewerattorneys.com

# BREWER
ATTORNEYS & COUNSELORS

**From:** Stevens, Rachel <rachel.stevens@dlapiper.com>
**Sent:** Monday, March 25, 2019 10:52 AM
**To:** Stephanie Gase <SZG@BrewerAttorneys.com>; Sarah Rogers <sbr@BrewerAttorneys.com>
**Cc:** Hynes, Michael D. <michael.hynes@dlapiper.com>; Murphy, Michael (New York) <michael.murphy@dlapiper.com>; Kinney, Jonathan <jonathan.kinney@dlapiper.com>
**Subject:** NRA v. Cuomo | Lloyds Subpoenas

Counsel,
Please see the attached letter from Michael Hynes.

Regards,
Rachel

**Rachel Stevens**

**T** +1 212.335.4552

1

F +1 212.884.8652
E rachel.stevens@dlapiper.com



DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
United States
www.dlapiper.com

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

## AFFIDAVIT OF SERVICE

| Case:<br>18-CV-00566-<br>TJM-CFH | Court:<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF NEW YORK | County: | Job:<br>3202096 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>NATIONAL RIFLE ASSOCIATION OF AMERICA | | Defendant / Respondent:<br>ANDREW CUOMO, both individually and in his official capacity, et<br>al. | |
| Received by:<br>A Plus Process Service | | For:<br>Brewer, Attorneys & Counselors | |
| To be served upon:<br>BRT 2987 c/o New York Department of Financial Services | | | |

I, Austin Taylor, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Mary Borcsok, Clerk, 99 Washington Ave, Albany, NY 12210

**Manner of Service:**   Authorized, Mar 26, 2019, 3:02 pm EDT

**Documents:**   Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Additional Comments:**
1) Successful Attempt: Mar 26, 2019, 3:02 pm EDT at 99 Washington Ave, Albany, NY 12210 received by Mary Borcsok, Clerk. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 165; Height: 5'5"; Hair: Brown;

At 3:08 p.m. on Mar 26, 2019, I received a phone call from Mary Borcsok saying that she didn't realize they could not accept subpoenas and that I was to return to the office to retrieve them. I told her I could not do that and if she had any questions or concerns, that she should contact the attorney firm.

At 8:19 a.m. on Mar 27, 2019, I received a phone call from number 518-391-4565 from a man named Patrick. He was very hostile and informed me he would be sending the subpoenas back to my office and not to come back to them to serve them again.

Austin Taylor

3/27/19
Date

A Plus Process Service
PO Box 582
Guilderland, NY 12084
5184706552

Subscribed and sworn to before me by the affiant who is
personally known to me.

Notary Public

3/27/19
Date

Anne B. Stefanski
Notary Public, State of New York
Registration No. 01ST6369842
Qualified in Albany County
Commission Expires January 22, 2022

# Exhibit 3



**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Michael D. Hynes
michael.hynes@dlapiper.com
T  212.335.4942
F  212.884.8642

March 28, 2019

*VIA E-MAIL: SZG@BREWERATTORNEYS.COM;*

Stephanie Gase
Brewer, Attorneys & Counselors
1717 Main Street, Suite 5900
Dallas, Texas 75201

**Re:   NRA v. Cuomo, et al.**

Dear Ms. Gase:

On behalf of our clients, Atrium Underwriters Limited, Brit Syndicates Limited, Canopius Managing Agents Limited, Chaucer Syndicates Limited, AmTrust Syndicates Limited, Tokio Marine Kiln Syndicates Limited, Liberty Managing Agency Limited, Argo Managing Agency Limited and S.A. Meacock & Company Limited (collectively, the "Underwriters"), we write in response to your March 28, 2019 email purporting to confirm that service of the nineteen subpoenas, courtesy copies of which you sent to my colleague Michael Murphy on March 19, 2019 (the "Subpoenas"), was completed on March 26, 2019.

Based on the New York State Department of Financial Services' ("DFS") prior refusal to accept service of the Subpoenas, which you reported to the Court in your March 25, 2019 status report, as well as the sworn testimony of your process server, it appears that DFS contends that it has not accepted service of the Subpoenas. DFS's refusal to accept service of the Subpoenas appears to be consistent with General Counsel Opinion 8-5-2009, 2009 WL 2712332 (NY INS BUL) (available at https://www.dfs.ny.gov/insurance/ogco2009/rg090802.htm). Indeed, "[t]he Superintendent is not authorized to accept [service of a non-party] subpoena, because N.Y. Ins. Law § 1212 only requires an insurer to appoint the Superintendent to accept lawful process on its behalf when such process is associated with an action against the insurer." *Id.*; *see also Broderick v. Shapiro*, 172 Misc. 28, 30, 14 N.Y.S.2d 542, 544–45 (Sup. Ct. 1939).

If DFS accepts service of the Subpoenas or the Court deems it so, the Underwriters would expect to receive copies of the Subpoenas directly from DFS as required by N.Y. Ins. Law § 1212. Under these circumstances, we must conclude that the Subpoenas have not yet been served. Please keep us informed of your discussions with DFS and the Court on this issue. We continue reserve all rights and waive none.



Stephanie Gase
March 28, 2019
Page Two

Very truly yours,

Michael D. Hynes

cc:    Sarah Rogers
        Rachel Stevens

# Exhibit 4

DALLAS | NEW YORK

# BREWER
ATTORNEYS & COUNSELORS

March 29, 2019

**VIA EMAIL**

Michael D. Hynes
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
Michael.hynes@dlapiper.com
(212) 335-4942

> Re:   *National Rifle Association of America v. Cuomo, et. al*, Northern District of New York 18-CV-0566 (LEK)(CFH)

Dear Mr. Hynes:

As you know, we represent the National Rifle Association of America (the "NRA") in the above-styled matter. This letter responds to your letter to Stephanie Gase dated March 28, 2019, concerning the service of subpoenas for non-party discovery of documents to nine syndicates from the Lloyd's of London insurance market, as well as the syndicates' respective managing agents (the "Lloyd's Entities").[1]

Contrary to your assertion in your letter, the Superintendent of the New York Department of Financial Services (the "DFS") did accept service of the non-party subpoenas on behalf of the Lloyd's Entities. The sworn affidavit from the process server confirms that a DFS employee at the Albany, New York DFS office accepted service of the non-party subpoenas, which is sufficient to meet the requirements for service of non-party subpoenas for discovery under Rule 45 of the Federal Rules of Civil Procedure.[2] Service on the Superintendent of the

---

[1] The Lloyd's Entities are as follows: AUW 0609; BRT 2987; CNP 0958; CNP 4444; CSL 1084; GER 1206; KLN 0510; LIB 4472; ROC 1200; SAM 0727; AmTrust Syndicates Limited; Argo Managing Agency Limited; Atrium Underwriters Limited; Brit Syndicates Limited; Canopius Managing Agents Limited; Chaucer Syndicates Limited; Liberty Managing Agency Limited; S.A. Meacock & Company Limited; Tokio Marine Kiln Syndicates Limited.

[2] Federal Rules of Civil Procedure Rule 45(b)(1); *see King v. Crown Plastering Corp.* 170 F.R.D. 355, 356 (E.D.N.Y. 1997) (holding that proper service of a subpoena under Rule 45 of the Federal Rules of Civil Procedure only requires service in a manner that "reasonable insures actual receipt of the subpoena by the witness."); *see also Securities Exchange Commission v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) ("By its text, Rule 45 requires only "delivering" the subpoena to the named person, and does not dictate the manner in which the delivery must occur.").

# BREWER

**Michael D. Haynes**
March 29, 2019
Page 2

DFS—the designated agent for the Lloyd's Entities—is reasonably measured to insure the actual receipt of the subpoenas by the Lloyd's Entities.[3]

It is irrelevant that the DFS intends to return the subpoenas to the process server. Indeed, a designated agent's refusal to accept service *after* receipt of service does not invalidate service.[4] As discussed below, the Superintendent of the DFS is obligated to accept service of the non-party subpoenas on behalf of the Lloyd's Entities. Thus, the DFS's subsequent rejection of service following the successful service that occurred on March 26 does not void the Lloyd's Entities' obligation to comply with the non-party subpoenas.

Furthermore, the DFS does not have a legitimate basis for rejecting service of the non-party subpoenas. Under multiple contracts with the NRA, the Lloyd's Entities designated the Superintendent of the DFS as their attorney in fact and registered agent of process with respect to the insurance policies at issue in the above-styled action. These contractual provisions do not contain any limitation as to what form of lawful process may be served on the Superintendent of the DFS, and thus, the DFS's purported rejection of the non-party subpoenas is improper.

In addition, the DFS has no statutory basis for rejecting service of the non-party subpoenas for discovery from the Lloyd's Entities. Pursuant to New York Insurance Law section 1213, the Lloyd's Entities designated the Superintendent of the DFS as their agent for service of process. Section 1213 requires that the Superintendent of the DFS be appointed as the true and lawful attorney for purposes of accepting service of process for all unauthorized or alien insurers that operate in the state of New York, including the Lloyd's Entities.[5] Indeed, the statute explicitly states, in relevant part, that the issuance or delivery of contracts of insurance to New York residents or operating entities by unauthorized or alien insurers is "equivalent to and constitutes its appointment of the [Superintendent of the DFS] . . . to be [the insurer's] true and

---

[3] Notably, the NRA also sent courtesy copies of the Certificates of Service, attested to by the process server, along with a copy of the subpoenas to both the Lloyd's Entities and counsel for the Lloyd's Entities so that the Lloyd's Entities would have full notice that service on their designated agent had taken place.

[4] *See Recyclers Consulting Group, Inc. v. IMB-Japan, Ltd,* 1997 WL 615014, at *3 (S.D.N.Y. Oct. 3, 1997) ("Resistance or rejection of service by a person authorized to accept service on behalf of the principal is not uncommon and does not necessarily invalidate service."); *see also id.* at *3 (holding that service of process on a designated agent was valid when the agent—after initially accepting service—asserted that it was not authorized to accept service on behalf of the principal and subsequently returned the service papers to the third-party, even though the agent was contractually designated to accept lawful service of process on the principal's behalf); *Mastec Latin America v. Inepar S/A Industrias E Construcoes,* 2004 WL 1574732, at *3 (S.D.N.Y. July 13, 2004) (holding that a designated agent's receipt and subsequent return of service did not render service ineffective when the agent was in fact authorized by contractual agreement between a third-party and the principal—a foreign corporation—to accept service on behalf of the principal, and when the third-party properly served the agent in accordance to the contractual agreement).

[5] New York Insurance Law § 1213.

# BREWER

**Michael D. Haynes**
March 29, 2019
Page 3

lawful attorney upon whom may be served *all* lawful process in *any* proceeding instituted by or on behalf of an insured or beneficiary arising out of such contract of insurance[.]"[6]  Section 1213 is inclusive of subpoenas for non-party discovery, as they are lawful process in a proceeding within the state of New York that arose, in part, from the insurance agreements between the NRA and the Lloyd's Entities.  Further, the failure of the New York state legislature to include limiting language within section 1213 is a clear indication that exclusion of such limitations was intended.[7]

The legislative intent of section 1213 is further clarified when compared with section 1212 of the New York Insurance Law.[8]  Section 1213 has no explicit statutory language limiting the type of lawful process to be accepted by the Superintendent of the DFS on behalf of foreign or unauthorized insurers operating in New York.[9]  Furthermore, the only limitation in section 1213 regarding the type of proceedings in which DFS's Superintendent can accept service is that it must arise out of a contract of insurance issued by the Lloyd's Entities.  In contrast, section 1212—which applies to domestic insurers and authorized foreign or alien insurers—uses more restrictive language to frame the Superintendent of the DFS's ability to accept service of process.[10]  As you point out in your letter, the DFS relied on its own interpretation of this restrictive language to reject the non-party subpoenas.  However, the restrictive language does *not* appear in section 1213, and, therefore, the Superintendent of the DFS has no basis to limit the acceptance of service only to actions directly against the Lloyd's Entities.[11]

---

[6] New York Insurance Law § 1213 (emphasis added).

[7] *See People v. Tychanski*, 577 N.E.2d 1046, 1047–48 (N.Y. 1991) (*citing Pajak v. Pajak*, 473 N.E.2d 1138, 1139 (N.Y. 1982)) ("[T]he failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended.").

[8] *See Friends of Gateway v. Slater*, 257 F.3d 74, 81–82 (2d Cir. 2001) (comparing legislative provisions and finding that the presence of restrictions in one act, and absence of restrictions in another, demonstrates legislative intent to implement restrictions in a precise manner); *Nat. Resources Def. Council, Inc. v. U.S. Consumer Product Safety Com'n*, 597 F.Supp.2d 370, 385 (S.D.N.Y. 2009) (holding that the use of restrictive prohibitions in one provision of a consumer safety statute and not in another in the same statute was a meaningful legislative choice that should be accepted by an interpreting court).

[9] New York Insurance Law § 1213.

[10] New York Insurance Law § 1212; *see* General Counsel Opinion 8-5-2009, 2009 WL 2712332 (NY INS BUL) (available at https://www.dfs.ny.gov/insurance/ogco2009/rg090802.htm) (rejecting the acceptance of non-party subpoenas under § 1212(a) based on the provision's use of the phrase "in any proceeding against it," which is interpreted narrowly to restrict the Superintendent's authority to accept service only in connection with an action directly against the insurer).

[11] Compare New York Insurance Law § 1212 ("as its true and lawful attorney in and for this state, upon whom all lawful process *in any proceeding against it* on a contract delivered or issued for delivery, or on a cause of action arising, in this state may be served") (emphasis added), with New York Insurance Law § 1213 ("to be its true

# BREWER

**Michael D. Haynes**
March 29, 2019
Page 4

Based on the above, the process server successfully served the non-party subpoenas on the Superintendent of the DFS, the designated agent for the Lloyd's Entities. Please let us know no later than April 3, 2019, whether you will make yourself available to meet and confer on this issue. If at that point you remain unwilling to respond to the non-party subpoenas issued to your clients, we will seek relief from the court.

Sincerely,

Willie A. Brewer III /g/c

William A. Brewer III

and lawful attorney upon whom may be served all lawful process *in any proceeding* instituted by or on behalf of an insured or beneficiary arising out of any such contract of insurance").

# Exhibit 5



**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Michael D. Hynes
michael.hynes@dlapiper.com
T  212.335.4942
F  212.884.8642

April 2, 2019

*VIA E-MAIL: SZG@BREWERATTORNEYS.COM:*

Stephanie Gase
Brewer, Attorneys & Counselors
1717 Main Street, Suite 5900
Dallas, Texas 75201

**Re:    NRA v. Cuomo, et al.**

Dear Ms. Gase:

On behalf of our clients, Atrium Underwriters Limited, Brit Syndicates Limited, Canopius Managing Agents Limited, Chaucer Syndicates Limited, AmTrust Syndicates Limited, Tokio Marine Kiln Syndicates Limited, Liberty Managing Agency Limited, Argo Managing Agency Limited and S.A. Meacock & Company Limited (collectively, the "Underwriters"), we write in response to your March 29, 2019 letter.

Upon receiving your letter, we conferred with counsel for the New York State Department of Financial Services ("DFS") who confirmed that DFS has neither accepted service of the Subpoenas nor transmitted them to the Underwriters. Further, counsel for DFS stated that it has specifically informed you that service of the Subpoenas has not been effectuated. Accordingly, we must disagree with the NRA's position that the Subpoenas have been served. In any event, the authority on which you rely for the proposition that the DFS lacks contractual and statutory authority to refuse service is inapposite. *See, e.g., Recyclers Consulting Group, Inc. v. IBM-Japan, LTD.*, No. 96 Civ 2137 (JFK), 1997 WL 615014, at \*4 (S.D.N.Y Oct. 3, 1997) (addressing service of a complaint for the purposes of computing time to remove and recognizing that "a distinction should be drawn between agents designated by statute and agents designated and selected by a party to receive process.") (internal citation omitted). Rather, DFS's website makes clear that it is not authorized to accept service of subpoenas on behalf of authorized insurance companies (pursuant to N.Y. Ins. Law § 1212) as well as unauthorized insurance companies (pursuant to N.Y. Ins. Law § 1213). *See* https://www.dfs.ny.gov/industry_guidance/service_legal_process. Furthermore, to our knowledge, the Underwriters have never designated DFS as an agent for the purposes of service of a subpoena. Consistent with DFS's statutory authority, the "Service of Suit" clause in the Underwriter's Master Policy with the NRA designates the Superintendent of Insurance to accept service of process only in connection with an action against the Underwriters for failure to provide coverage. *See* Master Policy, §1.6.G.



Stephanie Gase
April 2, 2019
Page Two

As noted above, the Underwriters have not received copies of the Subpoenas from DFS, a requirement for service to be completed. Since the Subpoenas have not been served, there is no obligation for the Underwriters to respond. In the meantime, we continue to reserve all rights and waive none.

Very truly yours,

Michael D. Hynes

cc:   Sarah Rogers
      Rachel Stevens