IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NATIONAL RIFLE ASSOCIATION OF AMERICA,** § § § | |
| **Plaintiff,** § § | **CIVIL CASE NO. 18-CV-00566-TJM-CFH** |
| v. § § | |
| **ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,** § § § § § § § § | |
| **Defendants.** § | |

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, plaintiff the National Rifle Association of America (the "NRA") and defendants New York Governor Andrew Cuomo, Maria T. Vullo, and the New York State Department of Financial Services (individually, a "party"; together, the "parties"), by their respective undersigned counsel, hereby agree and stipulate, subject to the approval of the court, that the following Confidentiality and Protective Order (the "Order") shall govern the disclosure, handling, and use of documents, deposition testimony and transcripts thereof, deposition exhibits, interrogatory responses, admissions, and any other information and material produced or disclosed, whether voluntarily or in response to a request made pursuant to the Federal Rules of Civil Procedure, in discovery in the above-captioned action (the "Litigation"), because discovery in the Litigation may involve production of confidential, proprietary, competitively sensitive, or private information for which special protection from public disclosure, and from use for any purpose other than prosecuting or defending this Litigation, would be warranted.

This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles and the terms of this Order.

No provision in this Order is intended to provide for the prospective filing of confidential information under seal with the Court.  Any party intending to file material under seal with the Court must comply with the requirements of the Local Rules of Practice for the United States District Court for the Northern District of New York (the "Local Rules").

The Court being fully advised in the premises:

It is hereby **ORDERED** as follows:

This Order shall apply to Materials exchanged by the parties to this Action or by third parties in discovery in this matter, which are confidential under statute, rule, or other applicable law, including Materials that are confidential, including but not limited to proprietary or commercially sensitive business or financial information, trade secrets, or personal information that is not generally known or publicly available and which the designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence, or information that otherwise meets the standard for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure.  It is the intent of the Parties that Materials will not be designated as Confidential without a good faith belief that it has been maintained in a confidential non-public manner, and there is good cause why it should not be part of the public record of this Action. Nothing in this Order creates a presumption or implies that Material designated by a Party as Confidential actually constitutes confidential, private, or similarly protected information under applicable law, and such determination may be made at a later time by this Court.

# I.

# DEFINITIONS

As used in this Order, these terms have the following meanings:

1. **"Action"** refers to this case captioned: *National Rifle Association of America v. Andrew Cuomo, et al.*, Civil Case No. 18-cv-00566-TJM-CFH.

2. **"Producing Party"** is the party or non-party producing Materials and/or designating Materials as Confidential.

3. **"Receiving Party"** is the party or non-party receiving or having access to Materials.

4. **"Confidential"** means any Materials designated as confidential in accordance with this Order unless: (a) the Party which designated the Material removes the Confidential designation; (b) the Material loses its designation as confidential in accordance with the procedure set forth in Paragraph 5 of this Order; or (c) the Court has determined, after an *in camera* inspection, that the Material is not confidential.

A Party may only designate Materials Confidential if it has a good-faith basis to believe that the Material is, constitutes, or contains Material that is confidential under statute, rule, or other applicable law, including Materials that are confidential, proprietary, trade secrets, or commercially sensitive business or financial information, or personal information that is not generally known or publicly available and that the Party making the designation would not normally reveal to third parties or would cause third parties to maintain in confidence, or information that otherwise meets the standard for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure**.**

5. **"Documents"** includes all materials within the scope of Rule 34(a) of the Federal Rules of Civil Procedure.

6. **"Information"** includes all materials within the scope of Documents, exhibits, evidence or things used at trial, depositions or other proceedings; any testimony, whether given at trial or a deposition; and any other means of presenting, producing or revealing information.

7. **"Materials"** includes Documents and Information, and any other tangible things.

## II.

## INSTRUCTIONS AND TERMS

1. **Disclosure of Confidential Materials.**  All Confidential Materials produced in discovery, if any, shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation of this Action, consistent with the restrictions on use of Confidential Materials contained in this Order.  Access to any Confidential Materials shall be limited to:

   (a) This Court, any jurors, court reporters, and court personnel, to the extent that they are involved in a court proceeding or trial of this Action.

   (b) The Parties' counsel in this Action, including the outside and in-house counsel of the Parties, and the attorneys, secretaries, paralegals, assistants, and other employees of such counsel who are actively engaged in connection with or making decisions or assisting in any way with respect to the preparation for and trial of this Action, but only to the extent reasonably necessary to render professional services in this Action.

   (c) Officers, directors, executives, employees, or former employees of the Parties who are assisting in any way in the preparation of, or are actively engaged in, making decisions with respect to the preparation for and trial of this Action, provided that such individuals have agreed, in writing, to be bound by this Order.

(d) A Party's outside or in-house auditors, including auditors' officers, directors, employees, agents, or counsel, provided that such individuals have agreed, in writing, to be bound by this Order.

(e) Persons who have prepared or assisted in the preparation of Materials or to whom the Materials or copies thereof were addressed or delivered, provided that such individuals have agreed, in writing, to be bound by this Order.

(f) The insurers of the Parties or any agents retained by the insurers including independent claims management personnel provided that such individuals have agreed, in writing, to be bound by this Order.

(g) To the extent deemed necessary by counsel, witnesses whose deposition or trial testimony is related to Confidential Materials, provided that the witness has agreed, in writing, to be bound by this Order.

(h) Independent consultants or experts and their employees or clerical assistants who are employed, retained, assisting or otherwise consulted by counsel of record or a Party for the purpose of assisting counsel of record in this Action, including consulting and testifying experts, jury/trial consultants, and mock jurors or focus group members, provided that such individuals have agreed, in writing, to be bound by this Order.

(i) Outside vendors employed by the Parties or their counsel of record (including members or associates of such counsel of record's firm) to assist in the Action, provided that such individuals have agreed, in writing, to be bound by this Order.

      (j)      Other persons who may be designated by written consent of the Producing Party or pursuant to Court order so long as said persons have agreed, in writing, to be bound by this Order.

**2.**      **Acknowledgement to be Bound by Order.**  Before disclosing Confidential Materials to any person listed in paragraphs 1(e)-(j), the Party proposing such disclosure must provide a copy of this Order to such person, who must sign the attached Exhibit A. The Party must retain a signed copy on file for inspection by the Court. If the person to whom disclosure is contemplated does not sign Exhibit A, then the Parties will work cooperatively to obtain a prompt hearing before this Court to resolve any issues of confidentiality. In the interim, while awaiting a ruling on the issue by the Court, no one may disclose Materials to the person at issue.

**3.**      **Designating Materials as Confidential.**  The Parties may only designate Materials as Confidential if they have a good-faith basis to believe that the Materials are Confidential, as the case may be under statute, rule, or other applicable law and consistent with the restrictions on use of ConfidentialMaterials contained in this Order.

With respect to Materials that are produced in TIFF format, the designation of confidentiality shall be made by including the words in bold print "CONFIDENTIAL - SUBJECT TO A PROTECTIVE ORDER" in the document in a manner reasonably calculated to be observed by anyone who obtains possession of the electronic document. With respect to Materials that are produced in native format, the designation of confidentiality shall be made by including the words "CONFIDENTIAL - SUBJECT TO A PROTECTIVE ORDER" on a cover sheet produced in TIFF format along with the native file and by including the words "CONFIDENTIAL" in the file name of the matrix file.

4. **Designating Deposition Transcripts as Confidential.** All depositions or portions of depositions taken in this Action and any Materials, things, or exhibits used at those depositions may be designated as Confidential pursuant to the terms of this Order. Such designations shall be made either on the record or by written notice to the other Parties within twenty (20) calendar days of receipt of the transcript of the deposition. Unless otherwise agreed, depositions shall be treated as Confidential during the twenty-calendar-day period following receipt of the transcript.

5. **Contesting Materials Designated Confidential.** Any Party who objects to any designation of any Material as "Confidential" may at any time before the trial of this action serve upon counsel for all Parties (and, if applicable, the counsel for the nonparty who made the designation) a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement, counsel for all affected Parties (and any nonparty desiring to participate in potential motion practice) will address their dispute to this Court in accordance with Local Rule 7.1(d). In the event of any such dispute, the Party or nonparty who designated the Material Confidential shall have the burden of showing that it is Confidential. In the event that a designation by a nonparty is contested, any Party may, at its option, assume the burden of establishing that the nonparty's designation should apply.

6. **Inadvertent Failure to Identify Confidential.** Any Party who inadvertently fails to identify Materials as Confidential shall have ten (10) business days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced Materials. Any Party receiving such inadvertently unmarked Materials shall make reasonable efforts to retrieve the Materials distributed to persons not entitled to receive it with the corrected designation. Such inadvertent or unintentional disclosure will not be deemed a waiver in whole or in part of the Producing Party's

claim of confidentiality, either as to specific Materials disclosed or on the same or related subject matter.  Upon receipt of such notice, the Receiving Parties will mark the Materials and all copies "Confidential", as the case may be, and treat it as Confidential, as they case may be, under the terms of this Order.  Notice of inadvertent or erroneous disclosure will be deemed to apply to all copies of the Materials disclosed.  Each Receiving Party must further notify every person or organization that received copies of or access to the Materials identified in the notice that such Materials have been designated Confidential.

      **7.**     **Court Filings.**  This Order does not, by itself, authorize the filing of any Materials under seal.  Notwithstanding any other provision of this Order, Materials may not be filed under seal with the Clerk of the Court unless such sealing is authorized by a separate order upon an express finding that the Materials or portions thereof to be sealed, satisfy the requirements for sealing under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  If a Party wishes to file in the public record Materials that a Producing Party has designated Confidential, the Party must advise the Producing Party of the Materials no later than five (5) business days before the Materials are due to be filed, if feasible, so that the Producing Party may move the Court to require the Materials to be filed under seal. If exigent circumstances prevent a Party from providing the five-business day notice contemplated above, the Party may provide courtesy copies to the Court and all parties of the documents containing Confidential Materials pending the Producing Party's motion for filing under seal and such courtesy copies shall be considered compliance with the filing deadline.  It shall be the burden of the Producing Party to establish that the subject material was properly designated as confidential and should be further submitted under seal.

      **8.**     **Handling During Hearings and Trial.**  Confidential Material may be submitted to the Court and used in any hearing, at trial, or in any other proceeding in this Action.  If any

Confidential Material is introduced by any Party at the time of trial, such information shall be governed by the Court's orders regarding confidentiality of such materials.  As part of the Parties' preparation for trial of this Action, they shall each notify the other regarding any intent to use the other's Confidential Materials at trial so that the Party which produced such information may seek an appropriate order from the Court limiting the disclosure of such Confidential Materials during trial.  It shall be the burden of the party asserting confidentiality to demonstrate that the subject materials should be designated as confidential.  Such Materials shall be designated as Confidential Material on the record.  With respect to testimony elicited during a hearing, trial, or other proceeding, counsel for a Party may designate as Confidential any testimony that the Party believes contains Confidential Information.  Whenever any testimony is designated as Confidential, or any question or line of questioning calls for the disclosure of Confidential Information, the designating Party may request that the Court exclude from the courtroom any person who is not entitled under this Order to receive the Confidential Information.

Nothing in this Order shall be construed to regulate the conduct of the actual trial of this case, nor to limit the right of any Party to seek amendments thereto, or to seek additional protective orders pertaining to discovery pretrial proceedings and trial.

**9.** **Legal Process for Confidential.**  If Confidential Materials are sought from a non-producing Party by a discovery request, subpoena, an order or other form of legal process from or by any person, court, administrative or legislative body, then the Party receiving the discovery request, subpoena, order or other form of legal process must not, except to the extent required by applicable law, provide or otherwise disclose such documents or information until thirty (30) days after giving counsel for the Producing Party notice in writing, accompanied by a copy of the discovery request, subpoena, order or other form of legal process.  If the Producing Party objects

to disclosure, then the Party to whom the discovery request, subpoena, order or other form of legal process is directed shall not make any disclosure in response to it until the resolution of the objection by the appropriate court.  The Party to whom the discovery request, subpoena, order or other form of legal process is directed shall not oppose the Producing Party's effort to intervene in the proceeding, quash the subpoena, or take other reasonable action to seek appropriate relief, with the cost of such opposition to the subpoena to be borne by the Producing Party unless otherwise agreed to by the Parties.

      **10.** **Inadvertent Disclosure of Privileged or Protected Material.**  The Parties intend to invoke the protections of Federal Rule of Evidence 502, and specifically 502(d) and (e).  If a Party discovers through any means that it inadvertently produced privileged or attorney work product Materials or non-responsive information (collectively referred to as the "Inadvertently Produced Information"), the Producing Party may provide written notice to the Receiving Party that the Material was inadvertently produced, which notice shall include a statement of the basis for the Producing Party's contention that the Material is privileged, attorney work product, or not responsive.  After receiving such notice, within five (5) business days the Receiving Party must return, sequester, or destroy the Inadvertently Produced Information and any copies that it has and must provide a certification of counsel that all such Inadvertently Produced Information has been returned, sequestered, or destroyed.  Any motion to compel production of Inadvertently Produced Information cannot assert the circumstances of the inadvertent production in support of the motion.  The Receiving Party shall not copy, distribute, file, or otherwise use the Inadvertently Produced Information until there is an agreement or an adjudication that the Material is discoverable.  If the Receiving Party disclosed the Inadvertently Produced Information before receiving notice of its inadvertent production, the Receiving Party must take reasonable steps to retrieve it.  The

Producing Party must preserve the Inadvertently Produced Information until all disputes regarding the discoverability of the information has been resolved. This protocol shall be deemed to comply with the Party's obligation to take reasonable steps to prevent, identify, and rectify inadvertent disclosure pursuant to Federal Rule of Evidence 502(b). The Court's entry of this Order shall specifically confer the rights and protections available to the Parties under Federal Rule of Evidence 502(d) and (e).

11. **Use of Confidential.** Confidential Materials shall be maintained in confidence by counsel for the Parties and by the Parties themselves and may be used only for the purpose of this Action, and no other purpose. Confidential Materials must not be used for any business, competitive, legal, or any other purpose unrelated to this Action without the express written consent of counsel for Producing Party or by order of the Court. Nothing in this Order limits any Party to this Action from disclosing or otherwise using:

  (a) Its own Materials produced or disclosed in this Action.

  (b) Any Materials produced or disclosed in this Action not subject to this Order and not designated as Confidential.

  (c) Materials that a Party already possessed or that it obtained by proper means from other sources.

12. **Confidential Materials Produced by a Non-Party.** Any non-party who may be called upon to make discovery herein or provide deposition or other testimony pursuant to subpoena or other formal or informal discovery device is entitled to avail itself of the provisions and protections of this Order; provided, however, that if a designation by a Non-Party is contested, such Non-Party (or any Party, at such Party's option) shall bear the burden of establishing the confidentiality of material designated as such. All Material designated by the non-party as

Confidential will be treated in the same manner as any Confidential (as the case may be) produced by the Parties.

13. **Non-Termination.** The duty to treat Confidential Materials as set forth in this Order survives the completion of this case. At the conclusion of this Action by settlement, jury verdict, judgment order, or otherwise, each Party so requested must return all Confidential Materials to counsel for the Party that produced it or must destroy it. The return or destruction of Confidential Materials under this paragraph will include, without limitation, all copies and duplicates thereof. The Parties will certify, within thirty (30) days of receipt of a written request for certification that all Confidential Materials required to be returned or destroyed has been so returned or destroyed. Unless otherwise ordered by the Court, counsel may retain: (a) copies of pleadings or other papers that have been filed with the Court and that contain Confidential Materials; (b) their work product; and (c) official transcripts and exhibits thereto. The terms and provisions of this Order will continue to apply to any such Materials retained by counsel.

14. **Non-Waiver of Objections.** Neither this Order nor any of the provisions described herein is a waiver of any Party's right to: (a) object to the admissibility or discoverability of any Materials; (b) seek further protection from the Court before producing Materials that any Party believes the Order may not adequately protect; or (c) seek leave to refuse production of such Materials. Nothing in this Order shall prevent any party from applying to the Court for relief therefrom.

15. **Modification Permitted.** This Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated this 24 day of April 2019.

_[signature]_
Christian F. Hummel
U.S. Magistrate Judge

Dated: April 23, 2019                    Respectfully submitted,

By:      */s/ William A. Brewer III*
William A. Brewer III (Bar No. 700217)
wab@brewerattorneys.com
Sarah B. Rogers (Bar No. 700207)
sbr@brewerattorneys.com
BREWER, ATTORNEYS & COUNSELORS
750 Lexington Avenue, 14th Floor
New York, New York 10022
Telephone:  (212) 489-1400
Facsimile:  (212) 751-2849

Charles J. Cooper*
ccooper@cooperkirk.com
Michael W. Kirk*
mkirk@cooperkirk.com
J. Joel Alicea*
Jalicea@cooperkirk.com
Nicole Frazer Reaves*
nreaves@cooperkirk.com
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington D.C., 20036
Telephone: (202) 220-9660
Facsimile: (202) 220-9601

*Appearing pro hac vice

**ATTORNEYS FOR THE NATIONAL RIFLE ASSOCIATION OF AMERICA**

and

LETITIA JAMES
Attorney General of the State of New York

        The Capitol
        Albany, New York 12224

        By:   */s/ William A. Scott*
        William A. Scott
        Assistant Attorney General, of Counsel
        Bar Roll No. 512434
        Telephone: (518) 776-2255
        Fax: (518) 915-7738 (Not for service of papers)
        Email: William.Scott@ag.ny.gov

        **ATTORNEY FOR DEFENDANTS ANDREW M. CUOMO, MARIA T. VULLO AND DEPARTMENT OF FINANCIAL SERVICES**