DALLAS | NEW YORK

# BREWER
## ATTORNEYS & COUNSELORS

July 30, 2019

**VIA ECF**

Hon. Christian F. Hummel
United States Magistrate Judge
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

      RE:    *National Rifle Association of America v. Cuomo, et. al*, No. 18-CV-00566-TJM-CFH

Dear Judge Hummel:

      We represent the National Rifle Association of America (the "NRA") in the above-styled action (the "Action"). We write to request a conference as soon practicable to discuss a request for a modification of the Uniform Pretrial Scheduling Order (the "Scheduling Order") in this Action.[1] The original deadline for fact discovery set by the Scheduling Order was June 17, 2019.

      Although the parties and the Court discussed and contemplated that case deadlines would be extended,[2] no new schedule has formally been entered or agreed upon. We submit this request accordingly. Although we concur with the Court that the proper schedule in this case will ultimately depend upon the disposition of pending motions,[3] the fact that deadlines have formally

---

[1] ECF No. 66.

[2] Transcript of Proceedings Before the Hon. Christian F. Hummel, Friday, April 12, 2019, Albany New York (the "Transcript"), 22:3-6, 14-16 ("So [the parties] can continue to conduct discovery, but I will give you sufficient time to conduct discovery once [the Court] renders a decision on [the Motion to Dismiss] . . . . I will grant you an extension of discovery once I get some sense of what the issues are. **I mean, I'm telling you now that discovery will be extended**.") (emphasis added); *see id.* at 23:5-7 ("So, once we get a decision from [the Court] on [the Motion to Dismiss], I will schedule another conference and I will reset the deadlines for you.").

[3] For example, the disposition of the NRA's Motion to Compel (ECF No. 73) and Defendants' Motion for Reconsideration (ECF No. 95) may impact the scope and extent of discovery in this case. In addition, rather than await the adjudication of its Motion to Compel (which seeks documents from various Lloyd's entities, which otherwise must be obtained overseas), the NRA, contemporaneously with the submission of this letter, is commencing the process of propounding the same discovery through the Hague. Courts have acknowledged that Hague process can be "uncertain [and] time-consuming"—making it difficult to predict when documents might arrive, and introducing another variable the resolution of which will impact the progress of this case. *See, e.g., Strauss v. Credit Lyonnais*, S.A., 249 F.R.D. 429, 456 (E.D.N.Y. 2008) (characterizing difficulties with the Hague process); Charles D. Schmerler, International Litigation Management, in International Corporate Practice: A Practitioner's Guide to Global Success 10-28, §10:7.2 (Carole Basri ed., 2008) ("Discovery under the Hague Evidence Convention is time consuming and

**BREWER**

**Hon. Christian F. Hummel**
July 30, 2019
Page 2

lapsed may delay and impair ongoing third-party discovery (*e.g.*, the NRA's submission of papers to the Hague). Accordingly, we write to request that the Court modify the Scheduling Order by: (i) setting an interim fact-discovery deadline of October 15, 2019; (ii) with a proviso that the case schedule will be revisited after the Court has ruled on the parties' pending discovery motions, and after the NRA obtains documents from Corporation of Lloyd's pursuant to the Letter of Request through the Hague Convention.

The parties have discussed this issue, and Defendants are not opposed to a modification of the Scheduling Order.

**A.    Legal Standard**

This Court may modify a scheduling order upon a showing of good cause by the movant and with the judge's consent.[4] A finding of good cause depends on the diligence of the movant to meet the deadlines initially established by the scheduling order.[5] Courts in this Circuit have also applied additional factors to determine whether good cause exists to reopen discovery, including: whether trial is imminent; whether the non-moving party would be prejudiced; the foreseeability of the need for additional discovery in light of the time allowed for discovery by the court; and the likelihood that additional discovery will lead to relevant evidence.[6]

Courts in this Circuit have found good cause to modify discovery deadlines when a party has diligently sought to progress discovery and meet the deadlines initially established in the scheduling order.[7] A party's diligence is further exemplified when its efforts to obtain discovery are precluded by circumstances out of its control,[8] including when there is pending motion practice

---

somewhat unpredictable. There is little way to predict if, when, or how a foreign state's central authority will act upon a letter rogatory or other request, and therefore the predictability desired ... is difficult to achieve.")

[4] FED. R. CIV. P. 16(b)(4).

[5] *Kassner v. 2nd Ave. Delicatessen Inc.*, 296 F.3d 229, 242–43 (2d Cir. 2007).

[6] *See Young v. Southwest Airlines Co.*, 2016 WL 3257008, at *2 (E.D.N.Y. May 4, 2016) (quoting *Jacobs v. N.Y. City Dep't of Educ.*, 2015 WL 7568642, at *4 (E.D.N.Y. Nov. 24, 2015); *see also Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2015) (finding that "[a]pplication of [the factor test] is helpful here and consistent with case law within this Circuit"). The court in *Young* includes two additional factors in its test: diligence of the movant to meet deadlines, and whether the request to modify the scheduling order is opposed. Opposition is not an issue here, however, as Defendants do not oppose the NRA's request.

[7] *See Wade v. North Am. Asset Services, LLC*, 2013 WL 593470, at *2–3 (E.D.N.Y. Feb. 14, 2013) (granting extension of discovery after movant diligently sought to obtain the requested discovery from the nonmovant); *Jade Apparel, Inc. v. Steven Schor, Inc.*, 2012 WL 3578593, at *2 (S.D.N.Y. Aug. 15, 2012) (granting extension of discovery to permit a deposition because movants were initially unsuccessful in serving a deposition subpoena despite movant's diligent attempts to serve the subpoena).

[8] *See Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 59 (S.D.N.Y. 2019) (granting movant's motion to reopen discovery because, *inter alia*, the court did not want to prejudice the movant for the delays in production of

**BREWER**

**Hon. Christian F. Hummel**
July 30, 2019
Page 3

that would dictate the permissible scope of discovery.[9]  Another factor for consideration is what is best for the public interest—namely, that cases be decided on the merits.[10]

**B.     The NRA Has Been Diligent In Pursing Discovery.**

Good cause exists to permit a modification of the Scheduling Order, as the NRA has been diligent in abiding by the Court's discovery deadlines.  Despite delays and other circumstances outside its control, the NRA has pursued relevant discovery from Defendants and non-parties, and it has met all deadlines for expert disclosures to date.

   **1.     The NRA Has Actively Pursued Party Discovery Despite Pending Motion Practice With the Court.**

The NRA served its First Requests for Production on Defendants Cuomo, Vullo, and the DFS, respectively, on November 21, 2018.[11]  After Defendants served Objections to the NRA's First Requests for Production on December 21, 2018, the parties conducted a meet and confer

---

materials by nonmovants that was critical to the issues in the litigation); *In re Servo Corp. of Am.*, 2015 WL 276651 (E.D.N.Y. Feb. 20, 2015) (granting movant's request for an extension of discovery because, *inter alia*, movant was delayed in obtaining discovery necessary to conduct key depositions, and because the extension would not prejudice the nonmovant); *Ross v. Kopocs,* 2015 WL 1401680, at *5–6 (E.D. Tenn. Mar. 26, 2015) (holding that, despite their diligence in attempting to adhere to the court's discovery deadlines, the parties experienced significant delays in obtaining deposition testimony and finalizing expert reports, thus justifying a modification of the scheduling order); *Zhao v. U.S. Dep't of Homeland Security*, 2008 WL 123933, at *3 (W.D.N.Y. Jan. 10, 2008) (identifying good cause from nonmovant to extend discovery based on delays in nonmovant's production of documents).

[9] *See Soc. of Prof. Eng'r Empl. In Aerospace v. Spirit Aerosystems, Inc.*, 2015 WL 3466091, at *8–9 (D. Kan. June 1, 2015) (granting movant's motion to modify the scheduling order because both parties were awaiting the court's rulings on pending motions to compel); *Integracolor, Ltd. v. McClure,* 2014 WL 4209577, at *2 (N.D. Tex. Aug. 26, 2014) (extending scheduling order discovery deadlines and holding that the movant was sufficiently diligent in attempting to avoid a request for extension, despite delays in receiving discovery from the nonmovant that resulted in a motion to compel).

[10] *See Lent v. Signature Truck Sys., Inc.*, 2010 WL 1707998, at *6 (W.D.N.Y. Apr. 26, 2010) ("This case is more than three years old and the Court is reticent to extend discovery.  However, the Court is again guided by the fact that the public interest is best served when cases are decided on the merits."); *AIG Managed Mkt. Neutral Fund v. Askin Capital Management*, *L.P.*, 197 F.R.D. 104, 112 (S.D.N.Y. 2000) ("It is unfortunate that this already complex and lengthy litigation may be protracted yet further.  Under all the circumstances, however, a discretionary extension is warranted, and comports with the Second Circuit's clearly expressed preference that disputes be resolved on the merits.").

[11] These Requests seeks documents and communications relating to seven topics: (1) DFS's investigation of NRA-endorsed affinity insurance programs; (2) the April 2018 Letters and the April 19 Press Release from DFS and Cuomo, respectively; (3) investigations or actions by Defendants concerning affinity insurance programs not relating to the NRA; (4) communications between Defendants and non-parties regarding the non-parties' relationships with the NRA; (5) documents regarding potential or actual adverse actions against institutions that did business with the NRA; (6) information exchanged between the Defendants concerning this Action; and (7) documents related to any referral by Defendants of the matters at issue in this Action to other governmental agencies.

**BREWER**

**Hon. Christian F. Hummel**
July 30, 2019
Page 4

session on January 4, 2019.  Defendants then served Supplemental Responses to the NRA's Requests on January 7, 2019, along with a production of only 95 documents.  Defendants also asserted a litany of objections and privileges to justify withholding documents, but Defendants refused to provide the NRA with a privilege log.  Based on Defendants' conduct, the NRA filed its Motion to Compel the Production of Documents on January 22, 2019.[12]

Defendants also filed with the Court a Motion for Protective Order on February 4, 2019,[13] which seeks to preclude the production of documents in response to the NRA's First Requests for Production based on the above-described objections and assertions of privilege.  To date, both the NRA's Motion to Compel and Defendants' Motion for Protective Order remain pending with the Court, and the Court has not requested oral arguments for either motion. Because these issues remain unresolved by the Court, the NRA was not able to complete discovery by the previously-established deadline in the Scheduling Order.

Additionally, the NRA requested a deposition of Defendant Vullo as part of its Order to Show Cause for Expedited Discovery on June 14, 2018.[14]  This deposition is necessary to obtaining discovery on Vullo's unique, first-hand knowledge related to the NRA's claims against Defendants, as well as further information regarding Vullo's role in the DFS's investigation of NRA-related affinity insurance programs.  The Court heard oral arguments on the issue of the Vullo deposition on March 13, 2019, and ruled on March 20, 2019, that the deposition of Vullo should proceed.[15]  On April 3, 2019, Defendants filed a Motion for Reconsideration of the Court's March 20, 2019 ruling, which remains pending with the Court.[16]  Until the Court rules on the Motion for Reconsideration, the NRA cannot move forward with Defendant Vullo's deposition.

Meanwhile, the NRA has been diligent in producing materials to Defendants.  On February 15, 2019, Defendants served their First Request for Production of Documents and their First Set of Interrogatories on the NRA.  On March 18, 2019, the NRA served its Responses and Objections to both sets of discovery requests.  The NRA began its production of documents to Defendants on March 26, 2019.  The parties exchanged correspondence and held a meet and confer session on April 8, 2019, regarding the sufficiency of the NRA's Responses and Objections.  Pursuant to these discussions, the NRA continues to provide additional materials to Defendants.

Further, the NRA and Defendants have both finished first rounds of expert disclosures. However, because of a lack of discovery from Defendants, it will be necessary for the NRA to prepare and serve supplemental expert reports on issues such as the permissibility of Defendants'

---

[12] ECF No. 73.  This motion was fully briefed as of February 8, 2019.

[13] ECF No. 78.  This motion was fully briefed as of February 20, 2019.

[14] ECF No. 21.

[15] ECF No. 89.

[16] ECF No. 95.  This motion was fully briefed as of May 13, 2019.

**BREWER**

Hon. Christian F. Hummel
July 30, 2019
Page 5

regulatory conduct that led to this Action. It would greatly benefit both parties to have robust expert analysis before key depositions are held, as well as before a trial on the merits.

The NRA has been as diligent as possible in advancing party discovery in this Action. Nevertheless, the pending motion practice with the Court necessitates a modification of the Scheduling Order to ensure the NRA receives the materials from Defendants necessary to support its claims.

## 2. The NRA Has Diligently Sought Non-Party Discovery.

Well before the original deadline for fact discovery provided by the Scheduling Order, the NRA served subpoenas for non-party discovery on the following entities: Everytown for Gun Safety, Lloyd's America, Inc., Chubb Group Holdings, Inc., Illinois Union Insurance Company, MetLife, Inc., Lockton Companies, LLC, Lockton Affinity Series of Lockton Affinity, LLC, and Kansas City Series of Lockton Companies, LLC. The NRA has communicated with the above-listed entities regarding their respective subpoenas, and all of the entities have served responses and objections to the subpoenas.

The non-party entities consistently objected to the production of materials without a binding confidentiality and protective order that would ensure the protection of any confidential or otherwise sensitive information. Indeed, the NRA sought to negotiate such an order with Defendants as early as November of 2018; however, the order was not executed until April of 2019. The lengthy time period to execute such an order caused a substantial delay in negotiating with the non-parties for discovery. To date, the NRA has only received materials from the Lockton entities and Lloyd's America, Inc, while negotiations with the other entities continues. In fact, at least one non-party has stated that it is under no obligation to comply with the subpoena because fact discovery has technically closed in this Action.

The NRA also sought non-party discovery from nineteen entities within the Lloyd's of London Marketplace (the "Lloyd's Entities"). However, the DFS, who is the registered agent of process for these organizations under New York state law and various contracts with the Lloyd's Entities, repeatedly refused to accept service of the subpoenas on behalf of these entities. As a result, the NRA filed its Motion to Compel Lloyd's Entities to Comply with the Non-Party Subpoenas, or Alternatively, to Compel the DFS To Effectuate Service on April 19, 2019.[17] This motion remains pending with the Court.

Further, the NRA will be filing shortly with the Court a Motion for the Issuance of a Letter of Request for the Production of Documents Under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. The Letter of Request seeks documents by the Corporation of Lloyd's in the United Kingdom. The process for completing this Request and

---

[17] ECF No. 101. This motion has been fully briefed since May 9, 2019.

obtaining these documents could take months—thus, new deadlines for fact discovery in this Action should reflect this Request.

Without a modification of the Scheduling Order, the NRA cannot effectively progress non-party discovery, which is critical to obtaining relevant information regarding the non-parties' involvement with the DFS Investigation and several of the non-parties' decisions to terminate their business relationships with the NRA.

C. **Other Factors Weigh In Favor of Modifying the Scheduling Order.**

The other factors used by courts to determine if a modification of a scheduling order weigh in favor of such a modification in this Action.[18] First, a trial is not imminent in this Action. The parties have an extensive amount of discovery that has yet to be completed, and the parties still have the opportunity to file dispositive motions, including motions for summary judgment.[19]

Second, Defendants would not be prejudiced by a modification of the Scheduling Order. Defendants themselves have already requested an extension of discovery from the Court.[20] The circumstances cited by Defendants have not changed—multiple discovery motions remain pending, and the NRA's third-party subpoenas also remain pending. Thus, such a modification to the Scheduling Order should be more than predictable for Defendants.

Third, the NRA could foresee the need for additional discovery in this Action, despite the timeframe provided by the Scheduling Order. This factor is mitigated primarily by the pending status of the NRA's Motion to Compel Discovery and Defendants' Motion for a Protective Order.

Finally, as discussed above and in previous motion practice, the discovery sought by the NRA has a high likelihood of relevance. Discovery sought from Defendants stands to provide necessary context for the investigation by Vullo and the DFS into the NRA-related affinity programs, as well as any political or social animus held by the Defendants against the NRA and its constitutionally-protected speech regarding gun ownership and the Second Amendment. Discovery sought from non-parties is likely to provide context similar to that of discovery from Defendants, along with additional context as to why certain parties chose to terminate their business relationships with the NRA. The extent of pending and forthcoming discovery requests

---

[18] *See Young*, 2016 WL 3257008, at *2.

[19] *See Jacobs*, 2015 WL 7568642, at *4 (E.D.N.Y. Nov. 24, 2015) ("First, a trial is not imminent. Defendant has served a motion for summary judgment, which Plaintiff has yet to respond to, pending the resolution of her request to reopen discovery. This factor weighs in favor of reopening discovery.").

[20] Transcript, at 6:2-8 ("And I think, frankly, given the outstanding subpoenas that are at issue in this case, I know there's been over a dozen third-party subpoenas served thus far, the discovery motions that are pending and that we think will be pending, that's appropriate to at least extend if not stay the discovery deadlines in this case.").

# BREWER

Hon. Christian F. Hummel
July 30, 2019
Page 7

will be highly relevant to the claims in this Action, along with claims that were dismissed by the Court that the NRA seeks to re-plead in the future.

In sum, the NRA has established its diligence in pursuing discovery during the initially-established discovery period—despite circumstances out of the NRA's control that precluded the completion of discovery.  Further, the other relevant factors weigh in favor of modifying the Scheduling Order.  Because the NRA has made the necessary showing, the Court should grant the NRA's request to modify the Scheduling Order—which, again, is agreed upon by both the NRA and Defendants.

**D.    Conclusion**

Based on the above, ask that the Court reopen discovery and allow for party and non-party discovery to continue.  We also request that the Court set an interim fact-discovery deadline of October 15, 2019, and revisit the case schedule after the Court has ruled on the parties' pending discovery motions, and after the NRA obtains documents from Corporation of Lloyd's pursuant to the Letter of Request through the Hague Convention.

We are available to participate in a conference either telephonically or in person at the Court's earliest convenience to discuss these issues.  Thank you for your consideration of this matter.

Respectfully,

John Canoni

cc:    All Counsel of Record (via ECF)

4849-5400-2075.6
2277-05