

September 16, 2019

**VIA ECF**

Honorable Christian F. Hummel
United States Magistrate Judge
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

      Re:    *National Rifle Association of America v. Cuomo, et al.*, No. 18-cv-00566-TJM-CFH

Dear Judge Hummel:

      This firm represents Plaintiff the National Rifle Association of America ("NRA") in this action. We write in further support of the NRA's Motion for Issuance of Letters of Request (the "Motion")[1] and to reply to Defendants' September 9, 2019 Letter responding to the Motion (the "Response").[2] The Court should grant the Motion because: (1) Defendants lack standing to oppose the Motion; and (2) the NRA's requests for discovery from the Corporation of Lloyd's and the various Lloyd's entities (the "Requests") are relevant, despite Defendants' meritless contention otherwise.

      As an initial matter, Defendants lack standing to dispute the relevance of the Requests. Absent a viable interest or privilege with regard to the information sought, a party to a lawsuit lacks standing to challenge subpoenas issued to third parties on relevancy grounds.[3] Defendants' Response does not assert any interest or privilege impacted by the NRA's Requests. Thus, Defendants lack standing to contend that the Motion should be denied.

      Even if the Court does look past Defendants' lack of standing—which it should not—the Court should still reject Defendants' contentions concerning the relevance of the Requests. Defendants assert that the Court's previous rulings should result in the rejection of the Motion.[4]

---

[1] ECF No. 129.

[2] ECF No. 133.

[3] *See Universitas Educ., LLC v. Nova Group, Inc.*, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013); *US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012) (citing *Estate of Ungar v. Palestinian Authority*, 332 F. App'x 643, 645 (2d Cir. 2009)); *Harris v. Jamaica Auto Repair, Inc.*, 2009 WL 2242355, at *2 (E.D.N.Y. July 27, 2009).

[4] *See* ECF No. 133 at 1–2.

**BREWER**

**Hon. Christian F. Hummel**
September 16, 2019
Page 2

But Defendants do not explain why the *entirety* of the NRA's Requests should be denied based on those rulings. Indeed, Defendants make no effort to identify which, if any, of the Requests are somehow "not relevant," and provide the Court no standard by which to parse through the NRA's Requests to determine relevance. Without any guidance or justification, Defendants' Response is nothing more than underwhelming posturing against the NRA's earnest efforts to progress discovery in this Action.

Further, as discussed in the NRA's memorandum in support of the Motion,[5] the Requests are relevant to the NRA's extant First Amendment claims. The information sought in the Requests has a high likelihood of providing context to Defendants' retaliatory actions against the NRA and its insurance business partners—the very foundation for the NRA's First Amendment claims against Defendants.[6] On these grounds, the NRA's Requests at issue in the Motion should go forward.

Finally, even if the Court questions the relevance of the NRA's discovery requests—which it should not—the Court should withhold its ruling on the Motion until Judge McAvoy rules on the NRA's Objections to the Magistrate Judge's Ruling on the Motion to Compel (the "Objections").

Accordingly, the Court should grant the NRA's Motion for Issuance of Letters of Request. Thank you for your consideration of this matter.

Respectfully submitted,

John C. Canoni

cc:   All Counsel of Record (ECF)

---

[5] *See* ECF 129-1, at 8.

[6] *See Franzon v. Massena Memorial Hosp.*, 32 F. Supp. 2d 528, 533 (N.D.N.Y. 1998) (holding that evidence, even circumstantial evidence, or disparate treatment based on First Amendment speech would be relevant—even if indirectly—to a First Amendment retaliation claim).

4833-8534-4933.4
2277-05