

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer Direct:  518-776-2255

November 26, 2019

Honorable Christian F. Hummel
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

Re:   *NRA v. Cuomo, et al*
      Northern District of New York
      18-CV-566 (TJM)(CFH)

Dear Judge Hummel:

    I write pursuant to the Court's directive, to respond to Plaintiff's letter at Dkt. 145, concerning Plaintiff's request to amend their Complaint for a second time.  The Court asked the Plaintiff to explain the reason for its delay in seeking leave to amend and the Plaintiff offers no legitimate explanation.  Because the Plaintiff has failed to adequately address the six-month delay in seeking this leave, the Court should deny the request as it would undo the six months of progress made in this action.

    As an initial matter, the Plaintiff has not provided the Court or the Defendants with a copy of the proposed pleading.  On November 12, 2019 Plaintiff's asked for the Defendants' position on a motion for leave to file a Second Amended Complaint without offering the proposed amendments.  The Defendants asked for a copy of the proposed pleading so that they might formulate a position on Plaintiff's request, and were advised that no copy was available as "it is still being finalized."  As the Plaintiff still has not produced a proposed pleading for review it is difficult, if not impossible, to assess the merits of such an application.

    Notwithstanding the lack of a proposed pleading, Plaintiff's claim that their proposed amendment will stem from documents obtained from Lloyd's America, Inc.  The Plaintiff and

November 26, 2019
Page 2


Lloyd's America finalized their agreement on May 29, 2019, a copy of which is enclosed, and the Plaintiff, per its letter, received those documents in June 2019.  All within a month of Judge McAvoy's decision.  The NRA does not describe these documents or how they could correct the NRA's pleading deficiencies, nor do they explain why they waited until November to incorporate information they have possessed for at least five months.  The alleged attempts to schedule a deposition of a Lloyd's representative appear to be little more than a red herring, since the Plaintiff now claims that the documents themselves were sufficient to warrant an amendment.

      Some mention should also be made of the Plaintiff's submissions in this matter since Judge McAvoy's decision, as none of those submissions sought leave to amend or gave any indication that such an application would follow.  On July 30, 2019, after having documents from Lloyds for at least a month, the Plaintiff filed a lengthy letter with the Court discussing the need to reset discovery deadlines.  The Plaintiff specifically affirms that it has received information from Lloyd's [Dkt. 117 at pg. 5], yet makes no indication that the information could lead to an amended pleading.  On August 23, 2019, after possessing the Lloyd's documents for approximately two months, the Plaintiff filed an appeal of Judge McAvoy's decision.  [Dkt. 130].  Again, the Plaintiff makes no mention of the Lloyd's documents or any potential amendment.

      Neither the Lloyd's documents nor the reference to a more recent investigation speak to Plaintiff's ability to remedy the defects in the underlying complaint.  The Plaintiff's letter speaks only about DFS actions, but the Plaintiff voluntarily withdrew its §1983 claims against DFS [Dkt. 112 at pg. 3], and the remaining claims against DFS were dismissed based on Eleventh Amendment immunity [Dkt. 112 at pg. 3-4].  The claims as to Governor Cuomo and Ms. Vullo were dismissed as the NRA failed to allege in anything other than conclusory terms, that either defendant acted "knowingly and willfully."  [Dkt. 112 at pg. 9.]  Nothing in the Plaintiff's letter indicates that this deficiency has been resolved, nor are Governor Cuomo or Ms. Vullo even mentioned in relation to any proposed amendment.

      Plaintiff argues that there would be no prejudice in ignoring their delay as "the posture of the case has not significantly progressed."  This woefully understates the amount of briefing and work the parties and Court have undertaken to deal with discovery issues, issues that have been guided in no small part by Judge McAvoy's dismissal of the claims Plaintiff now seeks to revive.  To do so would likely require all involved to restart this process in light of Plaintiff's still undisclosed amendments.  It is simply inaccurate to claim that undoing all the work done on this case to date would not be prejudicial.

      Given Plaintiff's failure to provide a proposed pleading, the lack of any reasonable excuse for the delay in this request, and given the substantial work that has already been performed in this case, particularly over the last six months, we respectfully request that the Court decline to allow Plaintiff to amend its complaint for a second time in this matter.

      The Court's continued attention to this matter is appreciated.

November 26, 2019
Page 3

Respectfully yours,

/s/ William A. Scott

William A. Scott
Assistant Attorney General
Bar Roll No. 512434
William.Scott@ag.ny.gov