# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK  10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
NICK BOURLAND
ANDREW K. JONDAHL

November 26, 2019

**By ECF**

Hon. Christian F. Hummel
U.S. Magistrate Judge
U.S. District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

   Re: *NRA v. Cuomo, et al.*, No. 18 Civ. 0566 (TJM)(CFH)

Dear Judge Hummel:

   We represent defendant Maria T. Vullo and write in response to the NRA's November 25, 2019 letter which seeks to defend its proposed motion to amend the complaint yet again.  We join in the Attorney General's argument that amendment is untimely and improper, given the NRA's vague reasons to amend and its inability to justify why it waited *until November* to seek to amend based on information it states it received from Lloyd's in *June*, and given the prejudice to Defendants from this untimely application.

   Amendment is also improper because the NRA does not make any argument about how this purportedly newfound information implicates Ms. Vullo—who left DFS on February 1, 2019.  Judge McAvoy's decision on May 10, 2019 dismissed Plaintiff's selective enforcement claim because, among other reasons, the Complaint "fails to provide a factual basis upon which to conclude that either Gov. Cuomo or Supt. Vullo were aware of the comparators' violations of the non-firearm-related Insurance Law provisions enforced against Lockton."  Dkt. 112 at 9.  If the NRA had a basis to allege personal knowledge it was obligated to amend promptly.  It had no such basis and still, over five months later, it makes no factual showing about personal knowledge of any facts that could support a selective enforcement claim.

   First, the Lloyd's documents from June do not provide a "factual basis" to allege Ms. Vullo had relevant personal knowledge, and the NRA does not even attempt to claim otherwise.  As the NRA is aware, DFS entered into a consent order with Lloyd's with respect to its violations of the Insurance Law.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

Second, the NRA's claim that amendment as to Ms. Vullo is warranted based on DFS's purported conduct in November 2019 fails at the outset. Ms. Vullo had long left government service at the time of the conduct the NRA now (belatedly) complains of. Anything DFS did or did not do with another person at its helm cannot be attributed to Ms. Vullo. DFS's conduct in November 2019 cannot—as Judge McAvoy required—"plausibly support the inference that [Ms. Vullo] knew of similar non-firearm-related Insurance Law violations by the comparators but consciously declined to prosecute them." Dkt. 112 at 9.

Amendment to revive this moribund and baseless claim for damages against Ms. Vullo in her individual capacity would further prejudice her. Amendment would lead to further motion practice concerning discovery and delay the resolution of this litigation against Ms. Vullo, which has continued many months after her departure from public service. The claims against Ms. Vullo are baseless. She deserves resolution and finality.

As the Attorney General noted, Defendants have not seen the NRA's proposed amended complaint. To the extent the NRA's motion is not denied at the outset for being untimely, Ms. Vullo seeks the opportunity to brief the futility of the proposed amendment in light of Judge McAvoy's prior dismissal.

We thank the Court for its consideration.

Respectfully submitted,

/s/
Andrew G. Celli, Jr.
Debra L. Greenberger

c.   All Counsel of Record, *By ECF*