UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

**************************************************

NATIONAL RIFLE ASSOCIATION OF AMERICA,          *

                       Plaintiff,          *

             -v-   18-cv-566          *

ANDREW CUOMO, MARIA T. VULLO, et al.,          *

                 Defendants.          *

**************************************************


              TRANSCRIPT OF PROCEEDINGS
       BEFORE THE HONORABLE CHRISTIAN F. HUMMEL
              December 4, 2019
        445 Broadway, Albany, New York


FOR THE GOVERNMENT:

BREWER, ATTORNEYS & COUNSELORS
By:  John C. Canoni, Esq.
1717 Main Street, Suite 5900
Dallas, Texas  75201


FOR THE DEFENDANT ANDREW CUOMO:

OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL
By:  William A. Scott, AAG
The Capitol
Albany, New York    12224


FOR THE DEFENDANT MARIA T. VULLO:

EMERY CELLI BRINCKERHOFF & ABADY, LLP.
By:  Debra L. Greenberger, Esq.
600 Fifth Avenue, 10th Floor
New York, New York    10020

NATIONAL RIFLE v CUOMO - 18-cv-566

1           COURT CLERK:  The case is National Rifle

2   Association versus Cuomo, docket number 18-cv-566.

3           Appearances for the record, please.

4           MR. CANONI:  Good afternoon, your Honor.  My

5   name is John Canoni for the firm Brewer, Attorneys &

6   Counselors.  With me today, but not appearing for the

7   record because she's not yet admitted to this court, is

8   Brittany Siscoe from our office.

9           THE COURT:  Good afternoon, Counsel.  Good

10  afternoon, Ms. Siscoe.

11          MR. SCOTT:  William Scott, New York State

12  Office of the Attorney General, for Defendants DFS and

13  Cuomo.

14          MS. GREENBERGER:  Debra Greenberger from

15  Emery, Celli, Brinckerhoff & Abady for the Defendant

16  Maria Vullo.  Good afternoon, your Honor.

17          THE COURT:  Good afternoon, Ms. Greenberger.

18  Good afternoon, Mr. Scott.

19          I scheduled this conference because I received

20  a series of letters from counsel regarding proposal by

21  the plaintiff, National Rifle Association of America,

22  seeking leave of the Court to serve an amended complaint

23  in this matter.

24          Docket No. 145 is a letter from the Brewer

25  firm, signed by Mr. Canoni, dated November 25th of 2019

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

NATIONAL RIFLE v CUOMO - 18-cv-566

1    laying out, at the Court's direction, what has

2    transpired since Judge McAvoy's decision on the motion

3    to dismiss, which was entered on May 9th of 2019.

4         Docket No. 146 is a letter from Mr. Scott on

5    behalf of Governor Cuomo setting forth his opposition to

6    the request from the NRA that they be granted leave to

7    serve an amended complaint in this matter, and Docket

8    No. 147 is a letter from Mr. Celli and Mr. Greenberger,

9    on behalf of their client, Maria Vullo, indicating their

10   position with request to Mr. Canoni's earlier letter

11   seeking leave to serve an amended complaint in this

12   matter.

13        I'd just note the following:  That the initial

14   deadline to file any application to amend pleadings as

15   set forth in Docket No. 66, which was the Uniform

16   Pretrial Scheduling Order, January 31st of 2019.

17        Mr. Canoni, in his letter of November 25th,

18   2019, correctly points out that it would have been

19   difficult to make this motion directed to repleading

20   their selective enforcement claim as Judge McAvoy's

21   decision was not issued until May 9th of 2019.

22        So the extent that that period of time is a

23   consideration, the Court agrees with plaintiff's counsel

24   that, as a practical matter, it's difficult to make a

25   motion to amend until you receive Judge McAvoy's

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

—————————NATIONAL RIFLE v CUOMO - 18-cv-566—————————

1  decision on May 9th of 2019.

2          I guess, Mr. Canoni, let me ask you a

3  question.  What has transpired between May 9th of 2019

4  and the date that you sent your letter to the Court

5  seeking leave to amend your pleadings that brings us

6  here today?

7          MR. CANONI:  Thank you, your Honor.

8          And I would just note, I'd like a little

9  latitude to expand a little bit.  We didn't have a lot

10  of time to put the letter together or I'm happy to

11  answer any questions Your Honor might have.

12          I also just want to make clear, and I don't

13  want to get caught up on semantics, we are not seeking

14  leave to serve our amended complaint.  We haven't filed

15  our motions to amend yet.

16          THE COURT:  Seeking leave to make a motion.

17          MR. CANONI:  Yes, I wanted that -- I wanted

18  everybody to be clear about that, and I knew Your Honor

19  knew, and I'll be very clear today on what we want to do

20  when we file our motion to amend.

21          We are not -- Mr. Scott will be happy, at

22  least temporarily.  We are not, as part of this

23  amendment, seeking to replead this selective enforcement

24  claim as to Governor Cuomo.  We are only seeking to

25  replead the selective enforcement claim as to Ms. Vullo.

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1    The basis for that, your Honor, is that we now have a
2    basis to plausibly allege specific facts that Ms. Vullo
3    was aware of the comparators in February and March of
4    2018, which is critical because it is prior to the
5    April 2018 guidance letters, prior to the consent orders
6    that are at issue in this case and, therefore, we
7    believe addresses the deficiencies that were addressed
8    in Judge McAvoy's May 9th decision.
9            Now, there's been some talk in the letters
10   regarding documents that the NRA obtained from Lloyd's
11   in the summer of 2019.  However, I do agree with
12   Ms. Greenberger's letter in one respect, which is the
13   documents from Lloyd's, on their face, don't tell the
14   whole story.  You needed to get interpretative evidence
15   from those letters as to conversations that Ms. Vullo
16   had with Lloyd's and others about the comparators and
17   her knowledge thereof.
18           We tried to get that information from Lloyd's,
19   we were not able to do so, and it's only in the last
20   month or so, through our own investigative efforts from
21   non-parties, that we were able to obtain the information
22   that will be in our proposed second amended complaint as
23   it specifically relates to Ms. Vullo.
24           THE COURT:  Who did you get that information
25   from, Mr. Canoni, and when?

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

NATIONAL RIFLE v CUOMO - 18-cv-566

1        MR. CANONI:  We got it from a consulting

2   individual.  I'd rather not disclose their name now but

3   it's somebody that was knowledgeable of the

4   conversations between DFS, Ms. Vullo and Lloyd's.

5        THE COURT:  Okay.  Go ahead, Mr. Canoni.

6        MR. CANONI:  And so, your Honor, that's -- I

7   think should be the open-and-shut part of the delay

8   issue.

9        There's case law replete.  We cited a little

10  bit of it in our letter brief.  You know, delay of a

11  month or two is certainly not grounds for delay.  I will

12  confess to the Court that we were trying to follow up

13  through this source and others to see if there was any

14  evidence that linked Governor Cuomo to the same

15  conversations, and we recognize that we didn't want to

16  sit on this evidence.  When we were not able to do that,

17  we made the decision to ask the Court for leave to

18  amend.

19        I want everybody to be clear that, if in

20  discovery in this case we obtain evidence that indicates

21  Governor Cuomo similarly had knowledge, we will be

22  coming back to the Court when we obtain that information

23  and seek to replead again.

24        I'll address a couple other issues and then

25  I'll be happy to answer your questions.  There's been

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1   some discussion about the fact that we did not submit

2   the proposed amended pleading.  I'm sure Your Honor is

3   familiar with the local rule.  We do that when we file

4   our motion.  We are happy to do that.

5           There was some evidence -- indication that

6   the NRA was not clear that it sought to replead.

7   Mr. Scott's letter made reference to a couple of docket

8   entries, ECF 117 and ECF 130.  I would note in ECF 117,

9   which was dated July 30th at pages 6, 7, that the NRA

10  said we are talking about, quote, claims that were

11  dismissed by the Court that the NRA seeks to replead in

12  the future.

13          THE COURT:  Right.

14          MR. CANONI:  And in Docket 130-1, dated

15  August 23rd at page 6, it discusses the equal protection

16  claims dismissed by the Court without prejudice and

17  expressly states, quote, the NRA intends to replead such

18  claims.  Also in ECF 119, which was the letter to Your

19  Honor regarding the motion for evidence to be conducted

20  under the Hague Convention, the letter expressly states

21  that the information sought, quote, is also necessary to

22  support the NRA's selective enforcement claim that the

23  NRA intends to replead.

24          Just moving along and then I'll be finished

25  shortly.

NATIONAL RIFLE v CUOMO - 18-cv-566

1          Once you get past the diligence part, the
2    Court needs to look at the prejudice with respect to the
3    defendants and, in fact, we cite one case, there are
4    many that we're happy to bring to the Court's attention
5    in our pleading, if the Court desires.  Even if the
6    Court found for some reason that we had this information
7    months ago, sat on it, and didn't act until now, you
8    could still grant leave to amend or leave to file the
9    motion to amend if there was no prejudice.
10          THE COURT:  I guess, Mr. Canoni, one of my
11   concerns is this case appears to me to be going nowhere.
12   I mean, there are at present -- I lost track -- at least
13   four motions which are pending.
14          When the Court decided the motion with respect
15   to Ms. Vullo, there's now a motion to re-argue pending.
16   When the Court decided the motion with respect to your
17   motion to compel, you filed an appeal to Judge McAvoy,
18   and now I have a special court-appointed master or
19   referee looking at north of 15,000 documents.
20          My concern is we're making no progress moving
21   this matter forward and my concern is, if you file yet
22   another motion to amend, that will delay the matter even
23   further.
24          What suggestion do you have to move this
25   matter forward towards a resolution?

                    Lisa L. Tennyson, CSR, RMR, FCRR
                 UNITED STATES DISTRICT COURT - NDNY

1              MR. CANONI:  Your Honor, as the plaintiff, I
2    would be remiss if I didn't say we would like to start
3    conducting discovery.  I understand there are these
4    motions pending and I'm not accusing anybody of acting
5    not diligently in doing that.
6              I will say for this claim specifically, Your
7    Honor noted the appeal we had.  We said quite clearly
8    that the evidence that we're looking for that is
9    critical to the extent First Amendment retaliation
10   claims is the same evidence that could support the
11   selective enforcement claim.
12              So there will be no retreading of discovery.
13   You know, I would say as well, these claims have been
14   known to the defendants for quite some time.
15              I wish I had a better way to go about this.
16   This is exasperating for me, coming into this case
17   midstream, seeing the lack of significant progress, and
18   I share Your Honor's frustration.  We really just want
19   to get the documents and start going.
20              THE COURT:  My concern is the case is -- I'm
21   not blaming you or anybody in particular but as a
22   practical matter, the case is 19 months old and, you
23   know, if you read the Civil Case Management Plan, it
24   says cases should be trial ready in 18 months.
25              In any event, this case should be tried in --

1    in three years at the outside.  At present, it's simply

2    not going to happen because I don't know when Judge

3    McAvoy's going to decide your appeal.  I don't know when

4    the special master is going to be done going through the

5    15,000-plus documents, and once Mr. Hill completes that,

6    I then need to do a report and recommendation for some

7    sort of order which would reflect with respect to what

8    he does, and then I assume one or both of you or all

9    three of you will appeal to Judge McAvoy, which will

10   delay the matter further.

11           MR. CANONI:  I understood.  I do have a

12   suggestion with respect to the special master.  I

13   apologize --

14           THE COURT:  What would that be?

15           MR. CANONI:  -- stepping in.  In other cases

16   where a special master has been looking at volumes of

17   documents in the tens of thousands, the counsel for the

18   parties have had successive meetings with a special

19   master to argue discreet items before the special master

20   that would eliminate, perhaps, some of these subsequent

21   appeals.

22           THE COURT:  I'm happy --

23           MR. CANONI:  I'm happy to write a letter to

24   the special master copying Your Honor laying that out.

25           THE COURT:  I guess, you know, when the time

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1  comes for Mr. Scott and Ms. Greenberger to speak, I'll

2  ask them their view of that, but I want to talk to the

3  special master first and have some sense of where he is

4  and how he wishes to proceed.

5          What else do you want to tell me, Mr. Canoni,

6  if anything?

7          MR. CANONI:  Just running through the rest of

8  our piece here, with respect to the prejudice, which is

9  where we left off, I would submit that the defendants

10 cannot demonstrate any prejudice and certainly not undue

11 prejudice, which is the standard.

12          THE COURT:  Right.

13          MR. CANONI:  Under the law in this Circuit,

14 they have the burden to demonstrate the prejudice and

15 merely claiming prejudice is not enough.

16          Ms. Vullo, with respect to these repled

17 claims, will not have to expend significant additional

18 resources because it's the same discovery that we're

19 going to be seeking with respect to the First Amendment

20 retaliation claims against her.

21          Lastly, I would just note that in this

22 Circuit, there's a strong policy of having disputes

23 decided on the merit.  I'm sure Your Honor knows that.

24 I'm also prepared, given Your Honor's exhortations

25 during the last conference call, that we try to work

NATIONAL RIFLE v CUOMO - 18-cv-566

```
 1   more together.
 2           I have a proposed briefing schedule that does
 3   not try to hamstring Ms. Vullo's counsel during the
 4   holidays, give her four weeks to respond and I will
 5   point out to Your Honor that we do need to file a motion
 6   to file exhibits under seal.
 7           THE COURT:  Right.
 8           MR. CANONI:  Unfortunately, another
 9   exasperating point here is all of the documents are
10   marked confidential and, therefore, if we want to attach
11   exhibits to the proposed second amended complaint, those
12   exhibits will need to be filed under seal but we can do
13   that at the same time we file the motion to amend.
14           I'm happy to do this later but I would just
15   suggest sometime next week, maybe Friday the 13th, just
16   because that seems like a perfect day for this case, our
17   deadline to submit our papers, it would give Ms. Vullo's
18   counsel four weeks until January 10th, obviously these
19   can be extended, but just to demonstrate good faith that
20   we're not trying to push people to work over the
21   holidays, and then ten days later, unfortunately, is a
22   federal holiday, Martin Luther King, so the 21st of
23   January would be our proposed reply date.
24           Unless Your Honor has any other questions --
25           THE COURT:  I don't at this time, Mr. Canoni.
```

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1   Thank you.

2          Mr. Scott, I guess I'll go to you next.  It

3   appears, based on Mr. Canoni's recommendations, that

4   this proposed amendment does not affect your clients.

5          MR. SCOTT:  That seems to be, your Honor.  If

6   this isn't going to be an amendment as to DFS or

7   Governor Cuomo, I don't have much to add beyond what

8   we've already submitted to the Court.

9          The only thing I would note is, I assume if

10  there are going to be further discovery demands after

11  the complaint, that some portion that is going to be

12  directed to DFS, given that -- I'm assuming that the

13  activities allegedly occurred during Ms. Vullo's tenure

14  at DFS.  So to the extent that those new demands somehow

15  impact to the currently pending motions, again, without

16  seeing the complaint, without seeing the demands, it's

17  tough to say how that's going to impact things but that

18  would be my only point of concern on that issue.

19          THE COURT:  All right.  Ms. Greenberger, good

20  afternoon.

21          MS. GREENBERGER:  Good afternoon, your Honor.

22  It's interesting to me to hear yet a third basis for --

23  for an amendment, given that Your Honor had a conference

24  with us, asked for written documents, and in those

25  written documents -- and I'm referring to the November

1    25th submission -- Mr. Canoni spoke to two potential

2    sources of a basis to plead claims against Ms. Vullo.

3    One was documents he got from Lloyd's in June and the

4    other is recent information concerning supposedly DFS

5    activity against AGIA and then when we said neither of

6    those are a basis to replead at this late stage, now I'm

7    hearing for the very first time that supposedly there

8    was some consulting individual that Mr. Canoni learned

9    about within the last month, which is very confusing why

10   that would not be in the submission that Your Honor

11   specifically directed to answer this question.

12            THE COURT:  Let me know if you can answer,

13   Mr. Canoni, that question.  Mr. Canoni, why is there no

14   reference to this consultant in your letter of

15   November 25th of 2019?

16            MR. CANONI:  Well, your Honor, out of

17   courtesy, we needed to reach out to that person and

18   we're not able to reach that person in between the time

19   of the morning teleconference and the time the letter

20   was submitted.

21            We did say in the letter to Your Honor that we

22   sought the deposition of a representative of Lloyd's

23   America to interpret the Lloyd's documents.

24            THE COURT:  Right.

25            MR. CANONI:  We couldn't just amend on the

1    basis of the documents themselves.

2            THE COURT:  Okay?

3            MR. CANONI:  So that is the explanation for

4    that.

5            THE COURT:  Go ahead, Ms. Greenberger.

6            MS. GREENBERGER:  While I recognize that

7    Mr. Canoni would prefer not to reveal this person's

8    information, I actually think where we are now, which is

9    that there has been months and months of delay, it's his

10   burden to show that he acted with reasonable diligence,

11   and I don't think he can meet that burden unless he

12   demonstrates who this supposed source is and when he

13   first had communications with this source so that we

14   have a basis to analyze whether he acted with diligence

15   when he learned this information.

16           THE COURT:  What else, if anything, do you

17   want to tell me, Ms. Greenberger?

18           MS. GREENBERGER:  I just want to add one last

19   thing, which is this idea that it's not the same

20   discovery.  Your Honor has already ruled on this.  In

21   your August decision you said certain discovery is not

22   relevant because there's no selective enforcement claim

23   and so if they are permitted to replead these claims, we

24   are then going to be back at least six months behind.

25           THE COURT:  That's part of my concern.  Do you

NATIONAL RIFLE v CUOMO - 18-cv-566

1   have some suggestion, Ms. Greenberger, other than
2   denying his application to move this matter forward in a
3   more expeditious and orderly fashion?
4           MS. GREENBERGER:  I think that there should
5   be -- you know, I think we should have been here today
6   with him giving the real allegations so we can have a
7   productive conversation as to whether there's something
8   here.  I mean, just as a reminder, it's not just that he
9   needs to plead knowledge of the violations.  He needs to
10  be able to plead, and I'm quoting from Judge McAvoy's --
11          THE COURT:  May 9th decision.
12          MS. GREENBERGER:  May 10th decision that
13  Ms. Vullo consciously declined to enforce the insurance
14  laws against the comparators.  He needs to have
15  plausible, specific allegations.  I haven't heard
16  anything today about that at all.
17          THE COURT:  Mr. Canoni, would you like the
18  last word?
19          MR. CANONI:  Your Honor, I just --
20          THE COURT:  Mr. Canoni, I really just asked to
21  be polite.
22          MR. CANONI:  Sorry?
23          THE COURT:  I'm just asking but go ahead.
24          MR. CANONI:  Unless Your Honor needs anything
25  further, I think it's set forth in what we have

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1   discussed already in our letters.

2           THE COURT:  That was very good, Mr. Canoni.

3   Thank you.

4           MR. CANONI:  I'm pretty smart for a dumb guy.

5           THE COURT:  You came all the way from Dallas,

6   Mr. Canoni.  I'm going to grant your application to make

7   the motion seeking leave to serve an amended complaint.

8           What is your briefing schedule, Mr. Canoni,

9   that you propose?

10          MR. CANONI:  I had proposed December 13th for

11  the moving papers, January 10th for opposition, and

12  January 21st for reply.

13          THE COURT:  Let me ask you as a practical

14  matter.  Does that give your firm enough time to prepare

15  your motion?  I assume Ms. Sisco is going to do it.

16  Unless the practice of law has changed since I was an

17  associate, I assume she's going to do it, not you.  Is

18  that sufficient time?  Would you like an additional

19  week?

20          MR. CANONI:  We believe so but I will always

21  take Your Honor's suggestion for these things.

22          THE COURT:  So if I give you an additional

23  week, what is the date you are looking at?

24          MR. CANONI:  That would be 12/20 and

25  January 17th, and then we don't need an extra day for

1    the federal holiday on the Monday.  So that would be

2    1/27.

3                THE COURT:  Ms. Greenberger, does that give

4    you sufficient time to respond, given the holidays?

5                MS. GREENBERGER:  I expect so.  Obviously I --

6    once I get back to my office, if there's any concern

7    with my client or with my colleagues, I will let you

8    know but I expect that should be fine.

9                THE COURT:  I will entertain any reasonable

10   requests for an extension.

11               MR. CANONI:  Your Honor, I don't think you

12   need to but if there's a reasonable extension, we will

13   stipulate to it.

14               THE COURT:  Okay.

15               MR. CANONI:  I know Your Honor has been asking

16   us to get along.

17               THE COURT:  Mr. Scott?

18               MR. SCOTT:  Again, I don't have the papers in

19   front of me.  Assuming Mr. Canoni's represented, we --

20   it should be fine.

21               THE COURT:  Okay.  So let me just tell you

22   what I'm going to do from my perspective.  I'm going to

23   take a much more hands-on approach.  Again, I'm very

24   concerned with the fact this case appears to me to be

25   going nowhere.  So my law clerk and I are going to take

1    some of these motions out of order.

2          Traditionally, we decide motion in the order

3    on which they're filed.  So we are going to make a plan

4    and take some of these motions out of order.  The first

5    motion that we're going to address is, Ms. Greenberger,

6    is your motion to re-argue with respect to Ms. Vullo.

7    We may or may not want to conduct oral argument on that

8    motion.

9          It was my intention to have that conversation

10   with my career law clerk today but, unfortunately, she's

11   home with a migraine and so I could not discuss it with

12   her.  So once I do that, I will let you know whether or

13   not we are going to do oral argument but I anticipate

14   that will be the next motion that we address.

15         Once that is done, we will probably do another

16   couple motions and we will take another one of these

17   motions until we work our way through them.  I don't

18   know what Judge McAvoy's schedule is with respect to the

19   things that's on appeal; that's up to Judge McAvoy to

20   determine.

21         So, other than telling you to have a nice

22   holiday, Mr. Canoni and Mr. Scott, anything we can do

23   for you this morning?

24         MR. CANONI:  Your Honor, just to resurrect the

25   idea of trying to expedite and perhaps try appeals from

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1   the special master --

2           THE COURT:  Why don't you send me a letter

3   setting forth your position, and Mr. Scott and

4   Ms. Greenberger, you can file responses and then once I

5   get your responses, I will sit down with Mr. Hill and

6   review that idea with him and get some sense if he

7   thinks it's helpful or not helpful to him.  I will also

8   get some sense of where of where he is and once I do

9   that, at our next conference I will give you some

10  indication where he stands with respect to reviewing

11  these document.

12          I spoke to him last a couple of weeks ago and

13  he asked me to give him a couple weeks to get started.

14  So I haven't spoken to him.

15          You folks are all set.  Have a nice holiday.

16          MR. CANONI:  Thank you.

17          MS. GREENBERGER:  Thank you.

18          (Proceeding concluded)

19              * * * * * * * * * *

20

21

22

23

24

25

                Lisa L. Tennyson, CSR, RMR, FCRR
                UNITED STATES DISTRICT COURT - NDNY

NATIONAL RIFLE v CUOMO - 18-cv-566

# C E R T I F I C A T I O N

I, Lisa L. Tennyson, RMR, CSR, CRR, Federal
Official Realtime Court Reporter, in and for the United
States District Court for the Northern District of New
York, do hereby certify that pursuant to Section 753,
Title 28, United States Code, that the foregoing is a
true and correct transcript of the stenographically
reported proceedings held in the above-entitled matter
and that the transcript page format is in conformance
with the regulations of the Judicial Conference of the
United States.

Lisa L. Tennyson, R.M.R., C.S.R., C.R.R.

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY