IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NATIONAL RIFFLE ASSOCIATION OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,**<br><br>**Defendants.** | **CIVIL CASE NO. 18-CV-00566-TJM-CFH** |

**PLAINTIFF THE NATIONAL RIFLE ASSOCIATION
OF AMERICA'S MOTION TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Civil Rule 83.13, Plaintiff the National Rifle Association of America (the "NRA") hereby submits this Motion to File Documents Under Seal (the "Sealing Motion"), as follows:

**I.**

**PRELIMINARY STATEMENT**

The NRA seeks leave to file a Second Amended Complaint and Jury Demand ("Second Amended Complaint") to re-plead its selective enforcement claim against Defendant Maria T. Vullo ("Vullo"). The re-pleaded claim alleges that Vullo and Defendant the Department of Financial Services ("DFS") selectively enforced certain provisions of the New York Insurance Law ("Insurance Law") against entities that brokered, underwrote, and marketed affinity-insurance programs for the NRA while ignoring violations of the same provisions by similarly-situated comparator affinity-insurance programs. This Court dismissed the NRA's selective enforcement

claims without prejudice to repleading on May 9, 2019. On December 4, 2019, this Court granted the NRA's request to file its Motion For Leave to Amend ("Motion to Amend"), and the NRA is filing its Motion to Amend concurrently with this Sealing Motion.

The NRA's proposed Second Amended Complaint is attached to its Motion to Amend. The proposed pleading contains allegations based on information in documents that have been designated as "Confidential Material" pursuant to (i) the Stipulated Confidentiality and Protective Order (the "Protective Order") in this case[1] and (ii) an Addendum to Protective Order (the "Addendum"). Pursuant to the provisions of the Protective Order and Addendum, the NRA seeks an order from this Court permitting the filing of the following information and documents designated as "Confidential Materials" under seal:

(1) portions of paragraphs 70, 71, 76 and 77-78 of the proposed Second Amended Complaint containing information from documents produced by non-party Lloyd's America Inc. ("LAI") and by non-party Lockton Affinity, LLC ("Lockton") (pages 29-32 of the proposed Second Amended Complaint containing these paragraphs, attached hereto as Sealed Exhibit A);

(2) the April 11, 2018 letter from DFS to LAI (LAI_000014-000019, attached hereto as Sealed Exhibit B);

(3) minutes of the May 1, 2018 Corporation of Lloyd's ("Lloyd's") Board meeting (LAI_000001-000013, attached hereto as Sealed Exhibit C); and

(4) the May 9, 2018 directive to Lloyd's managing agents (LAI_000020, attached hereto as Sealed Exhibit D).

---

[1] ECF No. 101.

## II.

## ARGUMENT

Generally, courts recognize the common law right to inspect public records; this right, however, is not absolute, as "private matters which are discoverable may, upon a showing of cause, be put under seal under Rule 26(c)."[2] Cause justifying placing a matter under seal exists where a sealing would protect sources of information whose disclosure could harm a party or non-party's competitive standing or infringe upon its privacy.[3] Judicial documents, and documents that are attached to and relied upon for certain motions, are subject to a "strong presumption of access" and "should not remain under seal absent the most compelling reasons."[4] Further, the party moving to file a document or portion of a document under seal bears the burden of demonstrating why sealing of the information is justified.[5]

The decision to seal a document is committed to the Court's discretion; this Court may seal a document where it finds "that sealing is necessary to preserve higher values."[6] Examples of "higher values" include the protection of competitively sensitive and proprietary information and the privacy of third parties.[7] Where the Court determines sealing is appropriate, its sealing order must be "narrowly tailored to" protect the interests justifying the sealing.[8] Courts have established that protecting the privacy of third parties may overcome the presumption of public access.[9]

---

[2] *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982).

[3] *Nixon v. Warner Comm'ns, Inc*., 435 U.S. 589, 598 (1978).

[4] *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006).

[5] *See id*. at 119-27.

[6] *Thevenin v. City of Troy*, 2019 WL 3759275, at *2 (N.D.N.Y. Aug. 9, 2019) (quoting *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019)).

[7] *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

[8] *Thevenin* at *2 (quoting *Brown*, 929 F.3d at 47).

[9] *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.,* 2017 WL 9400673, at *6 (N.D.N.Y. Jan. 6, 2017).

As this Court is aware, the NRA is a signatory to the Protective Order and Addendum relevant to this action. The Protective Order, on file with this Court,[9] covers documents produced by both parties and non-parties including, for purposes of the instant Sealing Motion, non-party Lockton. In addition, the NRA negotiated the Addendum, a specialized, tailored addendum to the Protective Order, which covers certain documents produced by LAI. Taken together, the Protective Order and the Addendum require the NRA to file under seal documents which have been marked as "Confidential Materials" unless the producing party consents to remove the designation or the Court orders otherwise.

Both Lockton and LAI have designated certain documents as "Confidential Materials" under the Protective Order and the Addendum. Those non-parties have not removed the confidential designation from the documents they produced. The NRA seeks to attach some of these documents as exhibits, as well as excerpt details from them, in connection with its proposed Second Amended Complaint. Thus, the NRA files this Sealing Motion.[10] As non-parties claiming privacy and desiring to protect competitively sensitive and proprietary information, Lockton and LAI are entitled to the protection specifically offered in the Protective Order and specifically negotiated for in the Addendum. Moreover, the NRA's request to seal is narrowly tailored to cover not the entire proposed Second Amended Complaint, but only the information and documents designated as "Confidential Materials." And even as to those materials, the NRA's request does not extend to the identity of the parties, dates, and other non-confidential information. As such,

---

[9] ECF No. 101.

[10] The NRA takes no position for purposes of the instant Sealing Motion on whether the information and documents are truly confidential, but out of an abundance of caution and in keeping with its obligations under the Protective Order and the Addendum, seeks appropriate relief from this Court.

filing the protected information and documents under seal serves a higher value and outweighs the common law right of public access to judicial documents.

## III.

## CONCLUSION

For all of the foregoing reasons, the NRA respectfully requests that this Court grant the NRA's Motion to File Documents Under Seal.

        Respectfully submitted,

        By:    */s/ William A. Brewer III*
        William A. Brewer III (Bar No. 700217)
        wab@brewerattorneys.com
        Sarah B. Rogers (Bar No. 700207)
        sbr@brewerattorneys.com
        BREWER, ATTORNEYS & COUNSELORS
        750 Lexington Avenue, 14th Floor
        New York, New York 10022
        Telephone: (212) 489-1400
        Facsimile: (212) 751-2849

        **ATTORNEYS FOR THE NATIONAL RIFLE ASSOCIATION OF AMERICA**