IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NATIONAL RIFLE ASSOCIATION OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,**<br><br>Defendants. | **CIVIL CASE NO. 18-CV-00566-TJM-CFH** |

**MEMORANDUM OF LAW IN SUPPORT OF THE NATIONAL
RIFLE ASSOCIATION OF AMERICA'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT AND JURY DEMAND**

Pursuant to Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure, Plaintiff the National Rifle Association of America (the "NRA" or "Plaintiff") hereby submits this Memorandum of Law in Support of its Motion for Leave to File its Second Amended Complaint and Jury Demand (the "Motion"), as follows:

**I.**

**PRELIMINARY STATEMENT**

The core allegations in this case involve not only suppression of free speech, but malicious, discriminatory enforcement of otherwise-anodyne insurance regulations against the Governor's political enemies. Specifically, the NRA alleges that Defendants knew of widespread affinity-insurance market practices which DFS alleges violate certain statutes, but which it chose to ignore

except for the determination by Defendants to enforce those statutes selectively and exclusively against the NRA—as part of a scheme to weaken gun-rights advocacy in the State of New York.

Defendants moved repeatedly to dismiss these claims and, when such efforts failed, to stonewall any discovery regarding their disparate enforcement approach. On May 9, 2019, the Court granted dismissal of certain selective-enforcement claims without prejudice to re-pleading, explaining that although the NRA had adequately alleged unequal treatment, it must explicitly allege that Defendants "were aware of such violations by the comparators yet consciously declined" to treat those violators as harshly as the NRA.[1]

In ensuing months, the NRA diligently sought discovery that would enable it to robustly re-plead its claims in the manner the Court outlined. This process was not easy, particularly with regard to discovery from the Corporation of Lloyd's, an insurance marketplace which the NRA alleges was targeted by Defendants. Although DFS is a designated agent for service of process upon Lloyd's, DFS refused to deliver the NRA's subpoena,[2] and stridently opposed any discovery or depositions that would shed light on its interactions with Lloyd's syndicates.

In June of 2019, the NRA achieved a breakthrough: in an attempt to negotiate resolution of the NRA's pending subpoena, Lloyd's America, Inc. ("LAI") provided a small number of documents voluntarily to the NRA, subject to a strict confidentiality order.[3] Those documents, and additional details which have come to light since that time, paint a stark and troubling picture of Defendants' conduct. As described in the NRA's proposed amended pleading, former DFS Superintendent Vullo was fully aware of identical market conduct by non-NRA entities, yet

---

[1] *See* ECF No. 112 at 11.

[2] *See, e.g.*, ECF No. 101-1.

[3] Consistent with its agreement with LAI, the NRA has filed copies of certain documents under seal herewith, and redacted details of their contents.

leveraged DFS's considerable power over Lloyd's to inflict harm on "gun programs"—irrespective of whether those programs violated the law. These threats were delivered in off-the-record conversations and surreptitious backroom meetings. Taken aback by such conduct, insurance-industry insiders, including Lloyd's, privately predicted that the NRA would sue DFS. They were right.

It is not surprising that Defendants oppose the NRA's proposed amendments. The NRA and Defendants met and conferred on the Motion on November 12, 2019, and November 14, 2019, during which conferences Defendants were unalterably opposed to the Motion. On November 15, 2019, the NRA requested a conference with this Court to seek permission to file this Motion.[4] Following letter submissions from the parties, this Court held a conference on December 4, 2019. At the conference, this Court granted leave to the NRA to file this Motion.[5] Pursuant to Local Civil Rule 7.1(a)(4), the NRA is attaching an unsigned copy of the Second Amended Complaint to this Motion (as Exhibit A)[6] and a redline version of the Second Amended Complaint comparing it to the First Amended Complaint (ECF No. 37), which will identify the amendments in the proposed pleading.[7]

---

[4] ECF No. 142.

[5] ECF No. 148.

[6] Because portions of the Second Amended Complaint and attached exhibits contain information derived from documents designated as "Confidential Materials" pursuant to protective orders between the NRA and non-party Lockton Affinity, LLC, and between the NRA and non-party LAI, the NRA is filing those portions of and exhibits to the Second Amended Complaint under seal.

[7] The Second Amended Complaint adds allegations that go to the heart of its selective enforcement claim and makes minor edits that do not materially change the other claims. In addition, Vullo (in her official capacity) is changed to the current DFS Superintendent in the injunctive relief sought provision. Although Linda Lacewell replaced Vullo in February 2019, the NRA determined not to burden the Court with an amendment until the NRA seeks such injunctive relief. To the extent relief is sought against the-then current DFS Superintendent (in her or his official capacity), such substitution is automatic in any event. *See* FED. R. CIV. P. 25(d); *see also Nickelson v. Fischer*, 2016 WL 1128181, at *5 (N.D.N.Y. Feb. 16, 2016).

The Second Amended Complaint re-pleads the NRA's selective enforcement claim and satisfies the roadmap articulated by Judge McAvoy in his May 9 Order. The proposed pleading has specific allegations plausibly demonstrating Vullo's knowledge of the affinity-insurance comparators beginning in February/March of 2018—prior to the April 2018 Guidance Letters and prior to any of the Consent Orders—and continuing through the December 2018 Lloyd's Consent Order. Despite this knowledge, DFS has not brought any enforcement action against of the affinity-insurance comparators.

The standard to amend, applicable here, is a liberal one, and as such, amendment should be freely granted unless there is a powerful reason not to do so.[8] There is no basis to conclude that the NRA unreasonably delayed in bringing the Motion, no showing that granting the Motion will cause undue prejudice to Vullo or the other Defendants, and no basis to conclude that the amendment is futile as a matter of law. In addition, granting the NRA's amendment will advance the Second Circuit's "strong preference for resolving cases on the merits,"[9] as opposed to indulging in mere technicalities. Accordingly, this Court should grant the NRA's Motion and permit the Second Amended Complaint to be filed.

---

[8] *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. The leave sought should, as the rules require be 'freely given.'").

[9] *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

## II.

## ARGUMENT

**A.     Applicable Legal Standards**

A motion for leave to amend a complaint is governed by Rule 15(a) of the Federal Rules of Civil Procedure.[10] The Second Circuit has held the standard for leave is permissive and strongly favors resolving disputes on their merits.[11] If the court has issued a scheduling order that establishes a deadline for motions to amend pleadings, courts will permit an amended pleading to be filed after the date set forth in the scheduling order "when a party has diligently employed his time in conducting discovery and investigation, the request should be favorably received. Or, if it is demonstrated that the deadline cannot be reasonably met despite the perseverance of the moving party, good cause will be established as well."[12] Even if this Court somehow concludes the NRA did not act diligently, this court "has discretion to grant a motion to amend even where the moving party has not shown diligence."[13] This is especially true where there is no demonstrated prejudice to Vullo from permitting the amendment,[14] and Vullo has the burden of demonstrating undue prejudice from the amendment.[15] As to futility, "the actual proof is not a requisite, only whether the proposed amended complaint states sufficient factual allegations that are plausible."[16]

---

[10] *See* FED. R. CIV. P. 15(a)(2) ("*Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."); *see also Veeder v. Nutting*, 2012 WL 1416266, at *5 (N.D.N.Y. Apr. 24, 2012); *Brennan v. Roman Catholic Diocese of Syracuse*, 965 F. Supp. 2d 234, 240-41 (N.D.N.Y. 2013).

[11] *Williams v. Citigroup Inc.*, 659 F. 3d 208, 212-13 (2d Cir. 2011).

[12] *Ruel v. McGrath*, 2013 WL 12130427, at *4 (N.D.N.Y. June 21, 2013) (citations omitted). *See also* FED. R. CIV. P. 16(b) ("A schedule may be modified only for good cause and with the judge's consent.").

[13] *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 176 (S.D.N.Y. 2014). *See also Olaf Sööt Design, LLC v. Daktronics, Inc.*, 299 F. Supp. 3d 395, 399-400 (S.D.N.Y. 2017).

[14] *Id.*

[15] *See, e.g.*, *Ruel*, 2013 WL 12130427, at *5 ("The party opposing a motion for leave to amend has the burden of establishing that granting such leave would be unduly prejudicial.").

[16] *Id.* at *7 (citing *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 211 n.3 (2d Cir. 2006)).

Courts consider various factors when assessing a motion for leave to amend, including: (1) undue delay, bad faith, or dilatory motive; (2) repeated failure to cure deficiencies in previously-allowed amendments; (3) undue prejudice to the opposing party; and (4) futility of the amendment.[17] A court should apply these factors liberally, and make the overall determination of whether to permit the amendment with all inferences drawn in favor of granting the motion.[18] Here, good cause exists and none of the above Rule 15(a) factors are applicable. This, the leave sought by the NRA should be freely given, and the Motion should be granted.

### B. Good Cause Exists to Grant the NRA Leave to Amend

#### 1. The NRA Has Been Diligent Under the Circumstances

Given that Judge McAvoy's ruling dismissing the NRA's selective enforcement claim without prejudice to repleading did not occur until May 9, 2019—over three months after the scheduling order deadline—the NRA could not under any circumstances have met the deadline. Thus, the NRA will focus on its diligence in seeking to re-plead once it discovered the factual basis for such re-pleading. Following the May 9 Order, the NRA acted diligently to obtain information needed to enable it to plead the facts the Court indicated should be alleged in the re-pleading of the selective enforcement claim. The evidence of certain facts at the core of the NRA's re-pleaded selective enforcement claim have only recently become available to the NRA because they come from third-party sources not under the NRA's control.

With respect to information from the Corporation of Lloyd's, the NRA only obtained documents from Lloyd's America, Inc. ("LAI") this summer. In order to obtain those documents, the NRA negotiated a bespoke protective order covering documents produced by LAI, then LAI

---

[17] *Brennan*, 965 F. Supp. 2d at 241 (internal citations omitted).

[18] *Phaneuf v. Tenneco, Inc.*, 938 F. Supp. 112, 115 (N.D.N.Y. 1996).

had to produce the documents, which did not happen until June. The NRA sought the deposition of a representative of LAI to interpret the Lloyd's documents, but negotiations over such a deposition broke down over the summer, necessitating the NRA's service of a subpoena upon LAI's general counsel, Joseph Gunset in August 2019. Significantly, during resulting meet and confer negotiations, LAI was opposed to producing a witness for a deposition until the Court ruled on the NRA's appeal to Judge McAvoy[19] of the NRA's objections to this Court's rulings on the motions to compel,[20] which was filed on August 23, 2019, submitted without argument on September 27, 2019, and remains pending. The NRA retained a consulting expert to assist in interpreting the Lloyd's documents, and engaged in additional investigative work to uncover the factual allegations in the Second Amended Complaint regarding Vullo's knowledge of comparator affinity-insurance programs in the spring and summer of 2018. Meetings with the consulting expert and the investigative work did not conclude until September and October of 2019—mere weeks before the NRA requested a conference with this Court to discuss this Motion. Moreover, it was only days before the NRA sought to amend that the NRA learned of DFS' most recent efforts to target an NRA-related insurance underwriter, AGIA, with a subpoena.

This record of diligence is more than sufficient to demonstrate good cause.[21] Moreover, this Court should recognize that judicial economy favors the NRA's decision to seek leave to amend when it concluded it had sufficient facts to warrant re-pleading.[22] Lastly, having continued

---

[19] ECF No. 130.

[20] ECF No. 121.

[21] *See, e.g., Veeder v. Nutting*, 2012 WL 1416266, at *5 (N.D.N.Y. Apr. 24, 2012) (delay of several months was not "undue delay" to deny motion to amend); *Enzymotec Ltd. v. NBTY, Inc.,* 754 F. Supp. 2d 527, 536 (E.D.N.Y.2010) (plaintiff acted with diligence in seeking leave to amend within two months of discovering the facts underlying its new cause of action).

[22] *Wandering Dago, Inc. v. N.Y. State Office of General Servs.*, 2014 WL 12797920, at *6 (N.D.N.Y. July 28, 2014) (court granted motion to amend filed after scheduling order deadline because party wanted to file one amended pleading rather than seek leave to amend multiple times, noting "Plaintiff could have very well filed a series

to advise the parties and this Court that it intended to re-plead its selective enforcement claim,[23] there can be no argument that the NRA somehow abandoned it.

### 2. Vullo Cannot Demonstrate Significant Prejudice

While the NRA submits it has demonstrated good cause, even if this Court somehow concludes the NRA did not act diligently, this Court "has discretion to grant a motion to amend even where the moving party has not shown diligence."[24] This is especially true where there is no demonstrated prejudice to Vullo from permitting the amendment.[25] Vullo has the burden of demonstrating prejudice,[26] and as it stands, she cannot show that granting the Motion would cause her significant prejudice. Although several months have passed since the Court's ruling on Defendants' motion to dismiss, the posture of the case has not significantly progressed—document discovery remains ongoing, and the vast majority of responsive documents identified by Defendants (in response to discovery requests served nearly a year ago) were only recently tendered to the Special Master. Depositions have not occurred, and summary judgment motions will not be filed for many months.[27] Moreover, Vullo will expend no additional resources in litigating the claim, and the Second Amended Complaint will not significantly delay this matter, if at all. Thus, it is not possible for Vullo to demonstrate undue prejudice.[28]

---

of motions to amend as information related to certain allegations became available, but such piecemeal filings would not have been efficient for either the litigants or the Court.")

[23] *See, e.g.*, ECF No. 117 at 6-7; ECF No. 119 at 2; ECF No. 130-1 at 6.

[24] *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 176 (S.D.N.Y. 2014); *see also Olaf Sööt Design, LLC v. Daktronics, Inc.*, 299 F. Supp. 3d 395, 399-400 (S.D.N.Y. 2017).

[25] *Id.*

[26] *See, e.g.*, *Ruel*, 2013 WL 12130427, at *5 ("The party opposing a motion for leave to amend has the burden of establishing that granting such leave would be unduly prejudicial.").

[27] *Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013) (finding "prejudice where the parties have already completed discovery and the defendant has moved for summary judgment.").

[28] Prejudice can be shown if granting the amendment will "(1) require the defendant to expend 'significant additional resources' to conduct discovery or would (2) 'significantly delay' the resolution of the dispute." *Scott v.*

## C. The Interests of Justice Support the NRA's Motion

The NRA does not seek to add any new claims or parties in this matter. The NRA seeks merely to replead its selective enforcement claim, which was dismissed *without prejudice*, by the Court in the May 9 Order. In addition, the selective enforcement claim arises out of the same set of operative facts as other extant claims, and the interests of justice are served in having related claims tried together.[29] Given the clear absence of any substantial reason to deny, granting the NRA's motion is especially appropriate.[30]

## D. The Amended Claim Is Not Futile

The last issue is whether the NRA's re-pleaded selective enforcement claim should be rejected as futile. This Court needs to determine whether the NRA's amended claim would survive a Rule 12(b)(6) motion to dismiss, and if this Court so determines, then the amendment is not futile.[31] Fortunately, Judge McAvoy's May 9 Order set out a detailed roadmap for both the NRA and this Court to ascertain the sufficiency of the re-pleaded claim. The May 9 Order expressly found that the NRA's allegations of the comparators plausibly established the "similarly situated" prong of a selective enforcement claim.[32] Judge McAvoy found deficient the NRA's allegations

---

*Chipotle Mexican Grill, Inc*., 300 F.R.D. 193, 200 (S.D.N.Y. 2014) (quoting *Block v. First Blood Assocs*., 988 F. 2d 344, 350 (2d Cir. 1993)).

[29] *See Duling v. Gristedes Oper. Corp.*, 265 F.R.D. 91, 99 (S.D.N.Y. 2010) ("Courts also consider the extent to which the new claims are related to the existing ones and whether a party has had prior notice of a proposed new claim.").

[30] *Middle Atlantic Utils. Co. v. S.M.W. Dev. Corp.,* 392 F.2d 380 (2d Cir.1968) (holding that a three-year delay in seeking to amend a complaint was an inadequate basis to deny a motion to amend when there was no prejudice to the defendant or showing of bad faith on behalf of the plaintiff); *see also Commander Oil Corp. v. Barlo Equip. Corp.,* 215 F.3d 321, 333 (2d Cir.2000) (noting that allowing amendment of an answer to assert additional affirmative defenses after a seven-year delay is not an abuse of discretion in the absence of prejudice).

[31] *Balintulo v. Ford Motor Co*., 796 F.3d 160, 164-65 (2d Cir. 2015) (quoting *Lucente v. IBM Corp*., 310 F.3d 243, 258 (2d Cir. 2002)).

[32] *See* ECF No. 112 at 7.

9

"that Defendants had knowledge of the purported Insurance Law violations by the comparators."[33] Judge McAvoy's roadmap highlighted that the NRA needed to "allege facts plausibly supporting the conclusion that [Cuomo or Vullo] were aware of [non-firearm-related Insurance Law] violations by the comparators yet consciously declined to enforce the Insurance Law against the comparators."[34]

That is precisely what the Second Amended Complaint does, with more than sufficient detail.[35] The proposed pleading has specific allegations plausibly demonstrating Vullo's knowledge of the affinity-insurance comparators beginning in February/March of 2018—prior to the April 2018 Guidance Letters and prior to any of the Consent Orders—and continuing through the December 2018 Lloyd's Consent Order. Despite this knowledge, Vullo and DFS have not brought any enforcement action against of the affinity-insurance comparators. Accordingly, the NRA's re-pleaded selective enforcement claim satisfies Judge McAvoy's roadmap, and this Court should easily conclude that the proposed amendment is not futile.

---

[33] *Id.* at 8.

[34] *Id.* at 11.

[35] *See* Second Amended Complaint at ¶¶ 21-22, 65-79.

### III.

### CONCLUSION

For all of the foregoing reasons, the NRA respectfully requests that this Court grant its Motion for Leave to File its Second Amended Complaint.

Respectfully submitted,

By: */s/ William A. Brewer III*
William A. Brewer III (Bar No. 700217)
wab@brewerattorneys.com
Sarah B. Rogers (Bar No. 700207)
sbr@brewerattorneys.com
BREWER, ATTORNEYS & COUNSELORS
750 Lexington Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 489-1400
Facsimile: (212) 751-2849

**ATTORNEYS FOR THE NATIONAL RIFLE ASSOCIATION OF AMERICA**