**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NATIONAL RIFLE ASSOCIATION OF
AMERICA,

                        Plaintiff,

    v.                                       1:18-CV-566
                                                (TJM/CFH)

ANDREW CUOMO, MARIA T. VULLO, THE NEW
YORK STATE DEPARTMENT OF FINANCIAL
SERVICES,

                        Defendants.

---

**APPEARANCES:**                        **OF COUNSEL:**

Brewer Attorneys & Counselors        SARAH ROGERS, ESQ.
750 Lexington Avenue, Floor 14       WILLIAM A. BREWER, III, ESQ.
New York, New York 10022           JOHN C. CANONI, ESQ.
Attorneys for plaintiff

Office of Attorney General             ADRIENNE J. KERWIN, ESQ.
State of New York                      WILLIAM A. SCOTT, ESQ.
The Capitol                             HELENA O. PEDERSON, ESQ.
Albany, New York 12224             MICHAEL G. MCCARTIN, ESQ.
Attorneys for defendant Andrew
Cuomo, Maria T. Vullo, the New
York State Dept. of Fin. Svcs.

Emery Celli Brinckerhoff & Abady LLP  DEBRA L. GREENBERGER, ESQ.
600 Fifth Avenue, 10th Floor         ELIZABETH S. SAYLOR, ESQ.
New York, New York 10020
Attorneys for defendant Maria T. Vullo

New York State Dept. of Financial Svcs.  NATHANIEL J. DORFMAN, ESQ.
One State Street                     EAMON G. ROCK, ESQ.
New York, New York 10004-1511
Attorneys for defendant New York
State Dept. of Fin. Svcs.

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## DECISION & ORDER

### I. Background

On March 20, 2019, the Court issued a Memorandum-Decision & Order granting in part and denying in part plaintiff's "Order to Show Cause for Expedited Discovery." Dkt. No. 89. In the underlying Order to Show Cause, as relevant here, plaintiff sought expedited discovery of defendant Maria T. Vullo. Dkt. Nos 21, 60. Defendants opposed, contending that the high-ranking official exception applied and that plaintiff failed to demonstrate the existence of extraordinary circumstances warranting the deposition. Dkt. No. 28 at 32-37. The Court found that the high-ranking official standard applies to Ms. Vullo as the former Superintendent of the Department of Financial Services ("DFS"). Dkt. No. 89 at 10. Next, the Court concluded that plaintiff demonstrated the existence of extraordinary circumstances warranting Ms. Vullo's deposition as there appeared to be information "uniquely within Ms. Vullo's personal knowledge." Dkt. No. 89 at 10. More specifically, the Court determined that plaintiff had demonstrated that there was no less burdensome approach as interrogatories

> defendants have failed to demonstrate that plaintiff must
> first proceed with interrogatories because, although
> interrogatories may be a less burdensome and adequate
> alternative to deposing a high-ranking official in some
> situations, here, it does not appear that interrogatories
> would be comparable to Ms. Vullo's deposition nor useful to
> obtain the information plaintiff seeks. As the parties are
> well aware, interrogatories are limited in scope and number.
> Were plaintiff to ask through interrogatories the kinds of

2

> questions it seeks to ask in a deposition setting, it likely
> would be met with several routine objections, ultimately
> resulting in parties returning to the Court again to address
> the matter of Ms. Vullo's deposition.   Thus, it would seem,
> in the facts of this case, that 'ordering a deposition at this
> time is a more efficient means' of resolving [plaintiff's]
> claims 'than burdening the parties and the [official] with
> further rounds of interrogatories, and, possibly, further court
> rulings and appeals.'"

Dkt. No. 89 at 11-12 (internal citations and additional quotation marks omitted).

Next, the Court, addressing defendants' argument that Ms. Vullo "does not possess unique knowledge because plaintiff could depose the out-of-state officials with whom plaintiff alleges Ms. Vullo was communicating," concluded that plaintiff had demonstrated that "Ms. Vullo's specific rationale for her alleged actions is at issue in this case such that her deposition testimony may be the only way to address these 'critical blanks' in the record."  Dkt. No. 89 at 12.  The Court agreed with plaintiff's rationale that attempting to depose the out-of-state officials to obtain information on their alleged communications with Ms. Vullo was "likely to be met with similar privileges and bars, and, thus, cannot be considered a less burdensome or practical alternative to deposing Ms. Vullo."  Id. at 13.  Therefore, the Court granted plaintiff's motion "insofar as plaintiff will be permitted to depose Ms. Vullo to address the extent and/or nature of her communications with others to support plaintiff's selective enforcement and/or 'censorship campaign' claims."  Id.

## II. Motion for Reconsideration

On April 4, 2019, defendants filed a Motion for Reconsideration.  Dkt. No. 95. Plaintiff opposed the motion.  Dkt. No. 103.  Defendants filed a reply.  Dkt. No. 114.

Defendants ask that the "Court reconsider its order" or "limit the boundaries of Ms. Vullo's deposition to the discrete issue raised by Plaintiff during oral argument." Dkt. No. 95-1 at 4 (citing Tr. at 17-18, 20-21, 23).  More specifically, defendants argue that the Court issue an order "clarifying that the Plaintiff is only entitled to inquire as to Ms. Vullo's communications with the California Department of Insurance.  Such communication is the only information that Plaintiff identified as being uniquely within Ms. Vullo's possession." Id.

Plaintiff argues that defendants "simply disagree with the Court" and have "fail[ed] to offer any compelling reason to reconsider its decision to allow the NRA the chance to obtain crucial discovery[.]" Dkt. No. 103 at 5.  Plaintiff therefore urges the Court to deny the Motion for Reconsideration.

### III.  Discussion

As this Court has held previously, a motion for reconsideration

> The standards for motions for reconsideration under local district court rules are very similar to those used for motions to reconsider under Rule 60(b). See McAnaney v. Astoria Fin. Corp., No. 04-cv-1101, 2008 WL 222524, *3 (E.D.N.Y. Jan. 25, 2008) (discussing standards). "'In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements.'" Id. (quoting C-TC 9th Ave. P'ship v. Norton Co., 182 B.R. 1, 2 (N.D.N.Y. 1995)). As under the federal rules, the local rule "'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" Maye v. New York, No. 1:10-cv-1260, 2011 WL 4566290, *2, n.6 (N.D.N.Y. Sept. 29, 2011) (quoting In re C-TC 9th Ave. P'ship, 182 B.R. at 3); see also Delaney v. Selsky, 899 F. Supp. 923, 925

> (N.D.N.Y. 1995). A motion for reconsideration is not "an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue." Drapkin v. Mafco Consol. Group, 818 F. Supp. 2d 678, 697 (S.D.N.Y. 2011) (quotation and citations omitted).

Tomassini v. FCA US LLC, No. 3:14-CV-1226 (MAD/DEP), 2018 WL 5842995, at *1 (N.D.N.Y. Nov. 8, 2018); see N.D.N.Y. L.R. 7.1(g).

The Court has carefully reviewed defendants' submissions and finds that they have not demonstrated the existence of an error of law, intervening change in controlling law, or any new evidence that would warrant the Court reconsidering its previous decision. See dkt. nos. 95, 114. In their submissions, it is clear that defendants disagree with the Court's decision; however, disagreement is not an appropriate grounds on which to base a motion for reconsideration. Hill v. Annucci, No. 9:18-CV-1203 (DNH/TWD), 2019 WL 4071781, at *2 (N.D.N.Y. Aug. 29, 2019) (citing Banco de Seguros Del Estado v. Mut. Marine Offices, Inc., 230 F. Supp.2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous'"); United States v. Delvi, No. S1201 CR 74, 2004 WL 235211, at *2 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected")). Indeed, "[s]uch arguments are reserved for an appeal and are not proper on a motion for reconsideration." Universal Instruments Corp. v. Micro Sys. Eng'g, Inc., No. 3:13-CV-1144 (GLS/DEP), 2017 WL 1333542, at *2 (N.D.N.Y. Apr. 11, 2017) (citing Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (additional

5

citation omitted)).  Accordingly, defendants' motion is denied.

### III.  Conclusion

**WHEREFORE**, the reasons set forth herein, it is **HEREBY**

**ORDERED**, that defendants' Motion for Reconsideration (dkt. no. 95) is **DENIED**; and it is

**ORDERED**, that the Clerk of the Court provide a copy of this Decision & Order to the parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Dated: January 6, 2020
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge