# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, § § § § Plaintiff, § § v. § § ANDREW CUOMO, both individually and § in his official capacity; MARIA T. VULLO, § both individually and in her official § capacity; and THE NEW YORK STATE § DEPARTMENT OF FINANCIAL § SERVICES, § § Defendants. § | CIVIL CASE NO. 18-CV-00566-TJM/CFH |

**PLAINTIFF'S OBJECTIONS TO**
**DEFENDANT VULLO'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff the National Rifle Association of America ("NRA") hereby serves its objections to the First Set of Interrogatories (the "Interrogatories") of Defendant Maria T. Vullo ("Vullo"), as follows:

I.

**PRELIMINARY STATEMENT**

The NRA's objections to the Interrogatories are not intended to waive, and do not waive any objections to the admissibility, authenticity, or relevance of the information provided. The NRA reserves all objections regarding the relevance, materiality, or admissibility of any such information as evidence in this case or in any related or subsequent proceeding. The objections set forth herein are not an admission as to the existence of any information sought, to the relevance, materiality, or admissibility of any subsequent response, or to the truth or accuracy of any statement or characterization contained in any particular Interrogatory.

The NRA reserves the right to supplement or amend these objections, or provide responses, due to discovery of additional facts and materials and other developments or proceedings in this case. The NRA reserves the right to make any use of, or introduce at any hearing and at trial, information otherwise responsive to the Interrogatories that may be discovered subsequent to the date of these responses.

## II.

## SPECIFIC OBJECTIONS

**INTERROGATORY NO. 1:**

Identify all persons who the Plaintiff will claim possess knowledge or information that Maria Vullo has or had knowledge of violations of non-firearm-related Insurance Law provisions (as that phrase is used in the Court's May 10, 2019 opinion) by any similarly situated entities that were not investigated by DFS, including but not limited to the "consulting individual" referenced at the December 4, 2019 Court conference and all individuals that such "consulting individual" received information about Ms. Vullo from.

**ANSWER:**

The NRA specifically objects to this Interrogatory as vague and unintelligible with respect to the term "similarly situated entities" and "not investigated by DFS." The NRA further objects to this Interrogatory as premature in light of the present stage of discovery including, without limitation, Defendants' repeated attempts to stonewall the NRA's court-ordered deposition of Maria Vullo. The NRA further objects to this Interrogatory on the grounds that it seeks information protected from disclosure under the work-product privilege and/or subject to protection as trial-preparation material pursuant to Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. The NRA specifically objects to this Interrogatory on the grounds that it seeks information beyond the scope of permissible discovery for consulting experts pursuant to Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. The facts known or opinions held by a consulting expert are beyond the scope of permissible discovery and are protected from

disclosure. In addition, Rule 26 precludes discovery of the identity of the consulting expert.[1]

Subject to these specific objections, and without waiving same, the NRA will respond to this interrogatory as discovery provides.

### INTERROGATORY NO. 2:

Describe the basis of knowledge for all persons identified in response to Interrogatory #1, including but not limited to the date such knowledge was obtained, the source of the knowledge, the information conveyed from such source, AND the means of obtaining the knowledge (i.e. in-person, by email, by phone).

### ANSWER:

The NRA objects to this interrogatory on the grounds that it seeks information beyond the scope of permissible discovery for consulting experts pursuant to Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. The NRA further objects to this interrogatory on the grounds that it seeks information protected from disclosure under the work-product privilege and/or subject to protection as trial-preparation material pursuant to Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Not only are the facts known or opinions held by a consulting expert beyond the scope of permissible discovery and/or protected from disclosure, but Rule 26 precludes even discovery of the identity of the consulting expert.[2] Subject to these specific objections, and without waiving same, the NRA will not be responding to this interrogatory.

---

[1] *See, e.g., Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14 Civ. 1559, 2015 WL 4597546, at *2 (S.D.N.Y. Jul. 30, 2015); *Williams v. Bridgeport Music, Inc.*, 300 F.R.D. 120, 122 (S.D.N.Y.2014). *See generally* § 2032 Expert Witnesses–Discovery as to Specially Retained Experts Who Will Not Be Called, 8A Fed. Prac. & Proc. Civ. § 2032 (Wright, Miller & Marcus) (3d ed.).

[2] *See, e.g., Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14 Civ. 1559, 2015 WL 4597546, at *2 (S.D.N.Y. Jul. 30, 2015); *Williams v. Bridgeport Music, Inc.*, 300 F.R.D. 120, 122 (S.D.N.Y.2014). *See generally* § 2032 Expert Witnesses–Discovery as to Specially Retained Experts Who Will Not Be Called, 8A Fed. Prac. & Proc. Civ. § 2032 (Wright, Miller & Marcus) (3d ed.).

Dated: New York, New York
January 6, 2020

        Respectfully submitted,

        **BREWER, ATTORNEYS & COUNSELORS**

        By:    */s/ William A. Brewer III*
        William A. Brewer III (Bar No. 700217)
        wab@brewerattorneys.com
        Sarah B. Rogers (Bar No. 700207)
        sbr@brewerattorneys.com
        BREWER, ATTORNEYS & COUNSELORS
        750 Lexington Avenue, 14th Floor
        New York, New York 10022
        Telephone: (212) 489-1400
        Facsimile: (212) 751-2849

        **ATTORNEYS FOR THE NATIONAL RIFLE ASSOCIATION OF AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the following counsel of record in the above case via First Class mail and electronic mail in accordance with the Federal Rules of Civil Procedure and the Local Rules on this 6th day of January 2020.

William A. Scott
Assistant Attorney General, Of Counsel
New York State Attorney General's Office
Albany Office
The Capitol Albany, New York
12224-0341
Email: William.Scott@ag.ny.com

Debra L. Greenberger
EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
Email: dgreenberger@ecbalaw.com

               */s/ John C. Canoni*
                John C. Canoni

4852-4101-4704.3
2277-05

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO**
**DEFENDANT VULLO'S FIRST SET OF INTERROGATORIES**      **Page 5**