**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

NATIONAL RIFLE ASSOCIATION OF
AMERICA,

                          Plaintiff,

    v.                                                 1:18-CV-566
                                                       (TJM/CFH)

ANDREW CUOMO, MARIA T. VULLO, THE NEW
YORK STATE DEPARTMENT OF FINANCIAL
SERVICES,

                          Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Brewer Attorneys & Counselors<br>750 Lexington Avenue, Floor 14<br>New York, New York 10022<br>Attorneys for plaintiff | SARAH ROGERS, ESQ.<br>WILLIAM A. BREWER, III, ESQ. |
| Office of Attorney General<br>State of New York<br>The Capitol<br>Albany, New York 12224<br>Attorneys for defendant Andrew<br>Cuomo, Maria T. Vullo, the New<br>York State Dept. of Fin. Svcs. | ADRIENNE J. KERWIN, ESQ.<br>WILLIAM A. SCOTT, ESQ.<br>HELENA O. PEDERSON, ESQ.<br>MICHAEL G. MCCARTIN, ESQ. |
| Emery Celli Brinckerhoof & Abady LLO<br>600 Fifth Avenue, 10th Floor<br>New York, New York 10020<br>Attorneys for defendant Maria T. Vullo | DEBRA L. GREENBERGER, ESQ.<br>ELIZABETH S. SAYLOR, ESQ. |
| New York State Department of Financial<br>Services<br>One State Street<br>New York, New York 10004-1511<br>Attorneys for defendant New York<br>State Dept. of Fin. Svcs. | NATHANIEL J. DORFMAN, ESQ. |

CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE

## ORDER

Pursuant to this Court's August 8, 2019 Memorandum-Decision & Order (dkt. no. 121), November 13, 2019 Order, (dkt. no. 141), and January 1, 2020 text order, (dkt. nos. 161), defendants are ordered to provide the Court with additional information for in camera review as will be discussed below.

First, defendants are directed to provide either a supplement to the Executive Chambers in camera submission that includes bate-stamped documents Chambers0000601-0000764 that were not included in the USB drive provided or an explanation as to why these documents were omitted from the USB drive.

Second, the Court's August 8, 2019 Order directed defendants to provide "a detailed privilege log explaining with sufficient detail why the documents are attorney-client privileged or work product privileged or why any redactions are required due to such privileges." Dkt. No. 121 at 29. Further, as it relates to their assertion of the deliberative process privilege, the Court ordered that defendants' privilege log include "a description of the decision to which the documents relate, the date of the decision, the subject matter of the documents in issue, the nature of the opinions and analysis offered, the date that the documents were generated, the roles of the agency employees who authored or received the withheld documents and the number of employees among whom the documents were circulated. Dkt. No. 121 at 22. As to the assertion of the law enforcement privilege, the Court directed that the privilege log "specifically assert[] why defendants believe the privilege applies to such document or

communication and why redactions or a protective order may or may not address their concerns." Id. at 42-43.

Third, in light of this directive, as to the executive chambers privilege log, defendants are directed to provide a supplemental log including: (1) information sufficient to identify the role of each author/recipient, including whether such person was acting as legal counsel, and where any such documents were provided to persons beyond those identified in the log/e-mails, information regarding the names/roles of all such recipients; (2) the dates of each e-mail, (3) where deliberate process privilege is asserted, a description of the nature of the opinions and analysis offered.[1]  As to the Executive Chamber privilege log, defendants are directed to provide a supplemental privilege log containing the following: (1) basic identifying information for each document, including the author, recipient, date of creation, and description of the document; (2) information sufficient to identify the role of each author/recipient, including whether such person was acting as legal counsel; (3) where the deliberate process privilege is asserted, a description of the nature of the opinions and analyses offered and, to the extent such privilege is related to a decision separate and apart from the Press Release and Guidance Letters, a description and date of such decision.[2]

Finally, in addition to a privilege log, a court may requires "evidentiary

---

[1] As to the Executive Chamber privilege log and DFS documents DFS0007406-8512, insofar as the deliberate process privilege is asserted, it is not necessary to provide a description of the decisions/dates of decisions.

[2] These requirements are not needed for the following documents: DFS 0000001-0001851 and DFS0016988-48334.

3

submissions to fill in any factual gaps." United States v. Constr. Prod. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996) (citation and internal quotation marks omitted); Trudeau v. New York State Consumer Protection Bd., 237 F.R.D. 325, 334 (N.D.N.Y. 2006); see Children First Found., Inc. v. Martinez, 1:04-CV-927 (NPM/RFT), 2007 WL 4344915, at *3 n.6 (N.D.N.Y. Dec. 10, 2007).  Accordingly, the Court requires defendants to provide the following:

    (1) A detailed explanation of why documents (or any portions thereof) are attorney-client or work-product privileged with sufficient factual context to establish the elements of the privilege, including the nature and purpose of the legal advice given or solicited.  See Dkt. No. 121 at 27;

    (2) With respect to the documents for which law enforcement privilege is asserted, the affidavits should address the specific "nature and extent of the harm that is likely to be encountered if disclosure is permitted." Dkt. No. 121 at 35. According, it is hereby:

    **ORDERED**, that within seven (7) days of the filing date of this Order, defendants are to provide to the Court for in camera review either a supplement to the Executive Chambers documents which includes bate-stamped documents Chambers0000601-0000764 that were not included in the USB drive provided to the Court or an explanation as to why these documents were omitted; and it is further

    **ORDERED**, that within twenty-one (21) days of the filing date of this Order, defendants are to provide for in camera review the remainder of the information requested herein.

**IT IS SO ORDERED.**

Dated: February 4, 2020
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge