# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
EMMA L. FREEMAN
DAVID BERMAN
SCOUT KATOVICH
ANDREW JONDAHL
NICK BOURLAND

February 21, 2020

**By ECF**

Hon. Christian F. Hummel
U.S. Magistrate Judge
U.S. District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

   Re: *NRA v. Cuomo, et al.*, No. 18 Civ. 0566 (TJM)(CFH)

Dear Judge Hummel:

   This firm represents Defendant Maria T. Vullo and we write to seek a telephonic conference with Your Honor concerning the scheduling of our client's deposition. The NRA has noticed the deposition of Ms. Vullo for February 27 and is taking the patently unreasonable position that it should be able to depose her now and again *after* the Court resolves (1) the *in camera* review of privileged DFS and Chambers' documents, (2) Plaintiff's proposed amendment, and (3) the NRA's appeal which seeks irrelevant documents. Holding Ms. Vullo's deposition at this juncture will result in wasteful motion practice and needless disputes and, by the NRA's lights, would expose her to multiple depositions. The parties conferred telephonically in an attempt to reach agreement; the NRA would not agree that it would only depose Ms. Vullo once, regardless of the Court's resolution of the pending disputes.[1]

---

[1] The NRA's counsel asked us to propose dates for Ms. Vullo's deposition on January 27, 2020. The parties met and conferred on February 7, 2020. After our meet and confer where we detailed that deposing Ms. Vullo at this juncture would be premature, the NRA unilaterally noticed the deposition for February 27, a date when Mr. Celli (Ms. Vullo's lead counsel, who will be defending her deposition) will be out of the country, and all but acknowledged that it was a "control date," given that we had informed counsel that we intend to raise this issue with the Court. Thereafter, we conferred with our client and compared calendars, seeking alternatives to raising this dispute with the Court. We had a second meet and confer on February 21, and offered, in a good-faith effort to avoid Court intervention, to discuss scheduling of Ms. Vullo's deposition now, notwithstanding our serious concerns with holding Ms. Vullo's deposition at this juncture. Given preexisting professional commitments and pre-paid scheduled

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

       Ms. Vullo has no objection to being deposed.  But given the open questions before the Court, holding the deposition now will only multiply disputes and motion practice in this already contentious case.

       As Your Honor is well aware, the Court is currently conducting an *in camera* review about the discoverability of documents that DFS and Cuomo have withheld as privileged.  Ms. Vullo is stuck in the middle of this dispute.  Absent a ruling to the contrary, the State Defendants will assert an objection to any questions that call for the disclosure of information that the State Defendants are asserting is privileged, and the NRA will certainly dispute those privilege invocations.  Ms. Vullo should not be subject to multiple depositions given the pendency of this dispute.  Those disputes would be avoided, or at least minimized, if the deposition occurred *after* the Court's ruling on the privilege issues.[2]

       Moreover, as Your Honor also is aware, the NRA has only recently sought to replead a claim for selective enforcement against Ms. Vullo.  As set forth in our opposition, we vigorously oppose such an amendment as being untimely and meritless as a matter of law.  While the NRA has claimed that discovery for both claims is co-extensive, this Court has already rejected that analysis in its August 8, 2019 decision, which the NRA has appealed.  Again, unnecessary motion practice would likely result if Ms. Vullo's deposition occurs before the Court determines which claims are in this case.

       We look forward to a conference to discuss further and obtain the Court's guidance.  We thank the Court for its consideration.

       Respectfully submitted,

         /s/
       Andrew G. Celli, Jr.
       Debra L. Greenberger

c.    All Counsel of Record, *By ECF*

---

vacation plans, we offered a deposition on April 22 as a compromise,.  The NRA's counsel rejected our proposal and insisted that it plans to proceed on February 27, unless we agree to a date during the week of March 2—a week where Mr. Celli has no availability.

[2] Additionally, the NRA has appealed Your Honor's August 8, 2019 decision which held that documents *un*related to the NRA and information about DFS's enforcement against *admitted illegal* conduct are not relevant to the pending retaliation claim.  The motion is currently *sub judice* before Judge McAvoy.  If the Court were to grant the appeal and order any such documents produced, the NRA will likely seek a second deposition which, again, Ms. Vullo would oppose.