DALLAS | NEW YORK

# BREWER
### ATTORNEYS & COUNSELORS

February 24, 2020

**VIA ECF**

Hon. Christian F. Hummel
United States Magistrate Judge
United States District Court
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, New York 12207

    Re:    *National Rifle Association of America v. Cuomo*, No. 18-cv-00566-TJM-CFH

Dear Judge Hummel:

On behalf of Plaintiff, the National Rifle Association of America (the "NRA"), I write in response to the letter dated February 21, 2020, from counsel for Defendant Maria T. Vullo,[1] requesting a telephonic conference with this Court. The relief Ms. Vullo seeks—continued postponement or avoidance of a deposition that was first ordered to occur <u>nearly a year ago</u>—has twice been considered and denied by this Court. In sum, we respectfully request that this Court summarily deny Ms. Vullo's request.

As this Court is aware, on January 6, 2020, it ordered (for the second time) that Ms. Vullo be deposed.[2] Indeed, a timeline of events relevant to this dispute demonstrates the tactical maneuvering to which the NRA has been subjected:

- On **March 20, 2019,** this Court granted the NRA's Motion for Expedited Discovery,[3] ordering that a deposition of Ms. Vullo occur on an expedited basis.[4]
- On **April 3, 2019**, Defendants filed a Motion for Reconsideration of that ruling;[5] this Court denied the Motion for Reconsideration on **January 6, 2020,** again ordering that Ms. Vullo's deposition occur.[6]
- On **January 20, 2020**, Ms. Vullo's time to appeal the denial of the Motion for Reconsideration expired.

---

[1] ECF No. 171.

[2] ECF No. 156.

[3] ECF No. 21.

[4] ECF No. 89.

[5] ECF No. 95.

[6] ECF No. 156.

# BREWER

Hon. Christian F. Hummel
February 24, 2020
Page 2

- On **January 27, 2020**, the NRA contacted Ms. Vullo's counsel by email in an effort to meet and confer on mutually agreeable deposition dates. By email the next day, Ms. Vullo's counsel confirmed she would respond. Yet counsel never responded.
- On **February 5, 2020**, the NRA followed up on its previous meet and confer attempt, again seeking mutually agreeable dates for Ms. Vullo's deposition.
- On **February 7, 2020**, Ms. Vullo's counsel hosted a meet and confer teleconference with all counsel. During the teleconference, Ms. Vullo's counsel refused to provide any dates for her deposition, instead indicating that Ms. Vullo would seek further relief from this Court. The NRA responded that it planned to move ahead by serving a deposition notice.
- On **February 10, 2020,** the NRA served Ms. Vullo with a deposition notice pursuant to Fed. R. Civ. P. 30, noticing the deposition for February 27, 2020. Ms. Vullo did not respond or object to the deposition notice.
- On **February 19, 2020**, after more than a week of silence, Ms. Vullo's counsel cursorily informed the NRA that Ms. Vullo would not appear on February 27. Ms. Vullo's counsel did not offer any alternative dates or express any willingness to negotiate further.
- On **February 20-21, 2020,** counsel engaged in further written and telephonic meet and confer efforts,[7] during which Ms. Vullo's counsel refused to provide any alternate deposition dates prior to April 22, 2020—roughly two months after the noticed date, and more than a year after the deposition was first ordered. The NRA made several efforts to compromise—offering to depose Ms. Vullo off-hours or on a weekend, at Ms. Vullo's counsel's office, or on another, more convenient date in the near future. All of the NRA's offers were rejected. When the NRA politely but firmly informed Ms. Vullo's counsel that absent an alternate date certain for the deposition (a date prior to April), the NRA would proceed on the noticed date, Ms. Vullo sought relief from this Court.

In her recent letter, Ms. Vullo insists that her continued efforts to evade and delay this deposition (and flout this Court's orders) serve the interest of efficiency, as it is possible that a second deposition may be sought after pending motions and privilege disputes are resolved. Whether Ms. Vullo will be deposed a second time is not an issue before this Court and is obviously premature. This Court has twice ordered Ms. Vullo's deposition to occur and it is the NRA's choice to depose her now. As this Court is aware, the NRA has been seeking Ms. Vullo's deposition since June 2018.

Ms. Vullo's argument that her deposition be further delayed until pending motions are determined is transparently designed to prevent—yet again—the NRA from deposing this obviously important witness. Courts do not countenance such gamesmanship,[8] and neither should

---

[7] Copies of emails exchanged between counsel are attached to this letter.

[8] *See, e.g., Phelan v. Campbell*, No. 9:10-CV-540, 2012 WL 40716, at *2 (N.D.N.Y. Jan. 19, 2012) (Magistrate Judge Treece dismisses plaintiff's case as a sanction for refusing to appear for his deposition, noting that: "Discovery is not

BREWER

**Hon. Christian F. Hummel**
February 24, 2020
Page 3

this Court. The NRA is ready to move discovery forward in this case as this Court has indicated needs to occur.

                                                      Respectfully,

                                                      John Canoni

Attachments

cc:      All Counsel of Record (via ECF)

---

a matter of gamesmanship nor conducted like a game of chess."), *report and recommendation adopted*, 2012 WL 407147 (N.D.N.Y. Feb. 8, 2012), *aff'd*, 507 Fed. Appx. 14 (2d Cir. 2013), *cert. denied*, 571 U.S. 859 (2013).

| | |
|---|---|
| **From:** | John Canoni |
| **To:** | Debbie Greenberger |
| **Cc:** | Scott, William; Andrew G. Celli; William Brewer; Sarah Rogers; Brittany Siscoe; Quinta Cochran; Victoria Lee |
| **Subject:** | Re: Deposition Notice for Ms. Vullo |
| **Date:** | Thursday, February 20, 2020 6:16:46 PM |

Debbie: Your email does not accurately reflect the telephone conversation that occurred on February 7 between you, Bill Scott and me. In addition, it ignores the history of your client's deposition, the relevant chronology of which is as follows:

March 20, 2019 – Judge Hummel orders the deposition of your client to occur (ECF No. 89).
January 6, 2020 – Judge Hummel denies your client's motion to reconsider the order that her deposition occur (ECF No. 156).
January 27, 2020 – After waiting for the expiration of your client's time to appeal Judge Hummel's ruling to Judge McAvoy, I email you to request dates for your client's deposition.
January 28, 2020 – You respond, indicating you would confer and get back to me.
February 5, 2020 – After receiving no response from you, I again email asking for dates for your client's deposition.
February 6, 2020 – You respond, asking for a telephone conference between you, Bill Scott and me to discuss deposition scheduling.
February 7, 2020 – We have our call. You raise issues regarding the scope and timing of your client's deposition, and indicate you are going to write a letter to Judge Hummel requesting a conference. You refuse to provide dates for the deposition of your client. Therefore, I inform you that I will be serving a notice of deposition. Bill Scott indicates he is not available in early March.
February 10, 2020 – I serve on counsel for Defendants a notice of your client's deposition to occur on February 27, 2020.

Contrary to your representation during the February 7 telephone call, you did not write a letter to Judge Hummel requesting a conference. Moreover, you have not sought a protective order, nor have you objected in any way to the valid notice of deposition served on you.

Given the above, I most certainly did not understand from the February 7 telephone call that the deposition of your client was not going forward on February 27. At no time did I agree to postpone your client's deposition. Rather, I told you that I would be serving a notice of deposition, which I did the following business day. Even in your response yesterday evening, you still do not provide a date for your client's deposition. You cannot continue to delay a deposition that Judge Hummel has ordered to occur.

Accordingly, we plan to move forward with the deposition on Thursday, February 27, 2020. Should your client fail to appear, I will request a pre-motion conference with Judge Hummel to secure appropriate relief, including sanctions.

Regards.

John

On Feb 19, 2020, at 6:56 PM, Debbie Greenberger <dgreenberger@ecbalaw.com> wrote:

John,

As I believe you understood from our last conversation, we are not be able to go forward Feb. 27th for Ms. Vullo's deposition.  I am on vacation this week but we will be in touch early next week.

Best
Debbie


Debbie Greenberger
Partner
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Ave at Rockefeller Plaza, 10th Floor
New York, NY 10020
phone: 212-763-5000
fax: 212-763-5001
dgreenberger@ecbalaw.com
www.ecbalaw.com


This electronic message transmission contains information from the law firm of Emery Celli Brinckerhoff& Abady LLP which may be confidential or privileged.  The information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited.  If you have received this electronic transmission in error, please notify us by telephone (212-763-5000) or by electronic mail(dgreenberger@ecbalaw.com) immediately.

**CAUTION: This email is from outside the organization. DO NOT CLICK a link or open an attachment unless you know the content is safe and are expecting it from the sender. If in doubt, contact the sender separately to verify the content.**
====================

| | |
|---|---|
| **From:** | Debbie Greenberger |
| **To:** | John Canoni; Andrew G. Celli; Scott, William |
| **Cc:** | William Brewer; Sarah Rogers; Brittany Siscoe; Victoria Lee; Michelle Chen; Quinta Cochran |
| **Subject:** | RE: NRA v. Cuomo - Deposition of Maria T. Vullo |
| **Date:** | Friday, February 21, 2020 7:58:39 PM |

John:

Your position that you will plan to go forward on a date where I told you Mr. Celli is travelling internationally is patently unreasonable. To be clear, during our teleconference today I said that we continued to believe that Ms. Vullo's deposition was premature in light of the pending motions, as I detailed in our last call. I also said that while we were prepared to go to the Court on the issue of whether Ms. Vullo's deposition should be scheduled at this juncture, to avoid motion practice, we were willing to agree to have her be deposed on April 22 or another mutually-convenient date in April. I explained that there are scheduling conflicts in March, in light of Mr. Celli's other professional and personal commitments—Mr. Celli is the lead counsel on this matter and will be defending the deposition. I also made clear that if the NRA wanted to go forward with Ms. Vullo's deposition at this juncture notwithstanding the pending motions, we would not agree to produce Ms. Vullo for any further deposition. It is clear that you have not accepted our attempt at compromise, so we will write to the Court accordingly.

Have a nice weekend,
Debbie

**From:** John Canoni <jjc@brewerattorneys.com>
**Sent:** Friday, February 21, 2020 4:57 PM
**To:** Debbie Greenberger <dgreenberger@ecbalaw.com>; Andrew G. Celli <acelli@ecbalaw.com>; Scott, William <William.Scott@ag.ny.gov>
**Cc:** William Brewer <WAB@brewerattorneys.com>; Sarah Rogers <sbr@BrewerAttorneys.com>; Brittany Siscoe <bls@brewerattorneys.com>; Victoria Lee <vhl@brewerattorneys.com>; Michelle Chen <myc@brewerattorneys.com>; Quinta Cochran <QLC@BrewerAttorneys.com>
**Subject:** NRA v. Cuomo - Deposition of Maria T. Vullo

Debbie,

During our teleconference earlier today, you indicated that Ms. Vullo is unable (or refuses) to be deposed until April 22, two months after the noticed date -- and more than one year after the NRA's motion for an "expedited" deposition was first granted. My understanding is that Ms. Vullo selected a different attorney at your firm, Andy Celli, to defend the deposition, and Mr. Celli is fully booked for the next two months.

Although we are willing to accommodate Ms. Vullo with respect to other deposition logistics (including location -- see below), the two-month delay you have demanded, and the purported reasons offered, are neither plausible nor acceptable. Surely, Mr. Celli or another lawyer at your firm can make time to defend Ms. Vullo at an earlier date, especially since no objection, motion to quash, or motion for a protective order was filed after we served our deposition notice on February

10, 2020.

As of now, the NRA plans to proceed on February 27.  However, in the interest of good faith and to avoid unnecessary motion practice, we are willing to offer some flexibility, so long as a date certain within a reasonable timeframe can be secured.  Give us a date the week of March 2 (we can even accommodate Saturday, February 29, or March 7) for the deposition, and we will accommodate.

We will further agree to hold the deposition at your office, provided the Defendants agree that the depositions of NRA witnesses in this case will take place at our office.

I look forward to hearing from you.

Regards.

John


John C. Canoni | Partner
Brewer, Attorneys & Counselors
1717 Main Street, Suite 5900
Dallas, Texas  75201
Office Direct: 214.653.4851
Office Main: 214.653.4000 | Fax: 214.653.1015
Cell: 914.552.5643
jcanoni@brewerattorneys.com | www.brewerattorneys.com

**BREWER**
ATTORNEYS & COUNSELORS

This communication (including any attachments) is intended for the sole use of the intended recipient, and may contain material that is confidential, privileged, attorney work product, and/or subject to privacy laws. If you are not the intended recipient, you are hereby kindly notified that any use, disclosure, or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please delete this communication, including any copies or printouts, and notify us immediately by return email or at the telephone number above. Brewer, Attorneys and Counselors asserts in respect of this communication all applicable confidentiality, privilege, and/or privacy rights to the fullest extent permitted by law. Thank you.

**CAUTION: This email is from outside the organization. DO NOT CLICK a link or open an attachment unless you know the content is safe and are expecting it from the sender. If in doubt, contact the sender separately to verify the content.**
====================