IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,<br><br>Defendants. | § § § § § § § § § § § § § § § § § | DECLARATION OF SARAH B. ROGERS<br><br><br>CIVIL CASE NO.  18-CV-0566<br><br>TJM/CFH |

**DECLARATION OF SARAH B. ROGERS
IN SUPPORT OF APPLICATION FOR PRELIMINARY INJUNCTION**

I, Sarah B. Rogers, pursuant to 28 USC § 1746, declare as follows:

1.   I am a partner at the firm Brewer, Attorneys & Counselors, counsel for the National Rifle Association of America ("NRA") in the above-captioned matter.

2.   I submit this declaration pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7.1, in support of the NRA's Application for Preliminary Injunction. The facts herein are true and correct and, unless otherwise stated, are within my personal knowledge.

3.   As counsel for the NRA, I have reviewed pleadings, and other documents related to the Action, and I am familiar with the facts and circumstances of this case.

4.   Attached hereto as **Exhibit A** are compiled true and correct copies of the Expert Witness Report of John R. Cashin and the Rebuttal Expert Report of John R. Cashin previously served March 19, 2019, and May 17, 2019, respectively, in the above-captioned matter.

5. Attached hereto as **Exhibit B** is a true and correct copy of the Expert Witness Report of James W. Schacht, previously served March 19, 2019, and May 17, 2019, respectively, in the above-captioned matter.

6. Attached hereto as **Exhibit C** is a compilation of true and correct copies of email communications among DFS and Everytown For Gun Safety ("Everytown"), produced by Defendants in the above-captioned matter.

7. Attached hereto as **Exhibit D** is a true and correct copy of Defendant Vullo's First Set of Interrogatories sent to the NRA dated December 6, 2019.

8. Attached hereto as **Exhibit E** is a true and correct copy of an excerpt from the transcript of a conference conducted before Magistrate Judge Hummel on December 4, 2019, in the above-captioned matter.

9. Attached hereto as **Exhibit F** is a compilation of true and correct copies of excerpts from the website of the American Psychological Association.

10. Attached hereto as **Exhibit G** is a compilation of true and correct copies of excerpts from the website of the Fraternal Order of Police.

11. Attached hereto as **Exhibit H** is a compilation of true and correct copies of excerpts from the website of the New York State Bar Association.

12. Attached hereto as **Exhibit I** is a compilation of true and correct copies of excerpts from the website of the Sierra Club.

13. Attached hereto as **Exhibit J** is a copy of *Affinity-Group Plans* dated September 11, 2011.

14. Attached hereto as **Exhibit K** is a copy of *Bloomberg launches new $50 million gun control effort* dated April 16, 2014.

15. Attached hereto as **Exhibit L** is a copy of *Everytown, Moms Demand Action Statements Responding to Report That New York Department of Financial Services is Investigating NRA Carry Guard Insurance* dated October 25, 2017.

16. Attached hereto as **Exhibit M** is a copy of *Gun issue is a lose-lose for banks (whatever their stance)* dated April 26, 2018.

17. Attached hereto as **Exhibit N** is a copy of *Is New York using bank regulation to suppress speech?* dated April 22, 2018.

18. Attached hereto as **Exhibit O** is a copy of *NRA slapping Cuomo with lawsuit over blacklisting campaign, violating First Amendment rights* dated May 11, 2018.

19. Attached hereto as **Exhibit P** is a copy of *The ACLU Defends the NRA Over Andrew Cuomo's 'Blacklisting Campaign'* dated August 25, 2018.

20. Attached hereto as **Exhibit Q** is a compilation of true and correct copies of excerpts from the website of the National Education Association.

21. Attached hereto as **Exhibit R** is a compilation of true and correct copies of excerpts from the website of the Seniors Coalition.

22. Since October 2017, the New York Department of Financial Services ("DFS") has conducted an investigation relating to certain NRA affinity-insurance products. As part of that investigation, DFS served multiple subpoenas on the NRA. Over the course of the past two years, the NRA has produced 68,807 pages of documents in response to DFS's subpoenas, and furnished testimony from 7 witnesses. The NRA has continued to respond in good faith to DFS's subpoenas during the pendency of the above-captioned case.

23. On February 5, 2020, DFS noticed an administrative enforcement proceeding against the NRA via a Statement of Charges and Notice of Hearing, a true and correct copy of which is attached hereto as **Exhibit S**.

24. The NRA and DFS engaged in settlement negotiations, including following the issuance of the above-referenced hearing notice. These negotiations did not bear fruit.

25. Before seeking this injunction, the NRA exhausted its administrative remedies: by letter dated February 10, 2020, the NRA requested an adjournment of the noticed enforcement proceeding pending adjudication of overlapping factual issues by this Court. A true and correct copy of that letter is attached hereto as **Exhibit T.**

26. By letter dated February 19, 2020, DFS denied the NRA's request. A true and correct copy of that letter is attached hereto as **Exhibit U.**

27. The Statement of Charges and Notice of Hearing alleges violations of New York Insurance Law §§ 2102(a)(1)(A), 2102(e)(1), 2117(a), 2122(a)(2), as well as a potential "determined violation" under 2402(c) regarding affinity-insurance marketing materials.

28. The NRA proceeds by Order to Show Cause because, as set forth in the memorandum of law and supporting expert declarations filed herewith, the commencement of a DFS administrative enforcement proceeding against the NRA will interfere with this Court's adjudication of the NRA's First Amendment and Equal Protection claims. DFS's proceeding is scheduled to commence on April 6, 2020 at 10:00 a.m. Accordingly, if the NRA proceeded by Notice of Motion (including a pre-motion conference as required under the local rules of this district), the administrative hearing which the NRA seeks to enjoin could occur before this Court had any opportunity to rule on the NRA's request for relief.

29. On February 27, 2020, at 11:50 a.m., I telephoned William Scott, counsel for DFS in this matter, and provided advance notice that the NRA intended to apply, by Order to Show Cause, for a preliminary injunction staying any administrative enforcement proceeding by DFS until overlapping factual issues in the above-captioned case have been adjudicated. I provided follow-up notice by email at 12:15 p.m. to counsel for DFS and Ms. Vullo in this proceeding, as well as to the DFS enforcement attorneys who issued the Notice of Hearing.

I swear under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Dated: February 28, 2020

By:  /s/ Sarah B. Rogers
William A. Brewer III (Bar No. 700217)
wab@brewerattorneys.com
Sarah B. Rogers (Bar No. 700207)
sbr@brewerattorneys.com
**BREWER, ATTORNEYS & COUNSELORS**
750 Lexington Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 489-1400
Facsimile: (212) 751-2849

**ATTORNEYS FOR THE NATIONAL RIFLE ASSOCIATION OF AMERICA**