**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

NATIONAL RIFLE ASSOCIATION OF
AMERICA,

                            Plaintiff,

    v.                                          1:18-CV-566
                                                  (TJM/CFH)
ANDREW CUOMO, MARIA T. VULLO, THE NEW
YORK STATE DEPARTMENT OF FINANCIAL
SERVICES,

                            Defendants.

**APPEARANCES:**                           **OF COUNSEL:**

Brewer Attorneys & Counselors        SARAH ROGERS, ESQ.
750 Lexington Avenue, Floor 14       WILLIAM A. BREWER, III, ESQ.
New York, New York 10022
Attorneys for plaintiff

Office of Attorney General             ADRIENNE J. KERWIN, ESQ.
State of New York                        WILLIAM A. SCOTT, ESQ.
The Capitol                                  HELENA O. PEDERSON, ESQ.
Albany, New York 12224               MICHAEL G. MCCARTIN, ESQ.
Attorneys for defendant Andrew
Cuomo, Maria T. Vullo, the New
York State Dept. of Fin. Svcs.

Emery Celli Brinckerhoof & Abady LLO  DEBRA L. GREENBERGER, ESQ.
600 Fifth Avenue, 10th Floor         ELIZABETH S. SAYLOR, ESQ.
New York, New York 10020
Attorneys for defendant Maria T. Vullo

New York State Department of Financial  NATHANIEL J. DORFMAN, ESQ.
Services
One State Street
New York, New York 10004-1511
Attorneys for defendant New York
State Dept. of Fin. Svcs.

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION & ORDER

Presently pending before the Court is plaintiff's

> motion for issuance of Letters of Request for International Judicial Assistance to compel the production of documents by the Corporation of Lloyd's ('Lloyd's), AmTrust Syndicates Limited, Argo Managing Agency Limited, Atrium Underwriters Limited, Brit Syndicates Limited, Canopius Managing Agents Limited, Chaucer Syndicates Limited, Liberty Managing Agents Limited, S.A. Meacock & Company Limited, Tokio Marine Kiln Syndicates Limited (collectively, the 'Managing Agents') and the deposition of the following individuals: Inga Beale; Mark Cloutier; Jon Hancock; Charles Franks; and a representative from each of the Managing Agents.

Dkt. No. 129 at 1-2; Dkt. No. 129-1 at 1-2. Defendants opposed the motion by letter. Dkt. No. 133. Plaintiff filed a reply by letter. Dkt. No. 136. For the reasons stated herein, the motion is denied.

### I. Background

Plaintiff contends that this Court has the discretion, pursuant to the Hague Convention and federal law, to issue letters of request[1] to obtain discovery from the Lloyd's entities. Dkt. No. 129-1 at 3-4. Plaintiff argues that it seeks "highly relevant" discovery and deposition testimony from Lloyd's and the managing agents. Id. at 5. Plaintiff contends that such discovery

---

[1] See Pearlstein v. BlackBerry Ltd., 332 F.R.D. 117, 120 n.1 (S.D.N.Y. 2019) ("'Letters of request' are synonymous with 'letters rogatory.'" (citation omitted).

> will shed light on the various means by which Defendants intimidated Lloyd's and the Managing Agents and threatened them with retaliatory action if the syndicates did not cease doing business with the NRA. The requested discovery is also relevant to Defendants' defenses that their speech is protected by the First Amendment and that they are entitled to immunity.

Dkt. No. 129-1 at 5. Further, plaintiff observes that "the NRA may have no other way to obtain this crucial evidence." Id. at 5-6.

In response, defendants contend that "this Court has already ruled that the documents and testimony sought by the NRA are irrelevant to the claims remaining in this matter." Dkt. No. 133 at 1. Specifically, defendant points to that portion of the Court's November 6, 2018, decision stating that the consent orders entered into by Chubb and Lockton do "not help Plaintiff's [First Amendment] claims because Chubb and Lockton admitted violations of New York insurance laws." Id. at 1 (quoting Dkt. No. 56 at 22). Defendants contend that those consent orders are "substantially similar to those entered into by Lloyd's and its syndicates." Id. Defendants also point to this Court's August 8, 2019, Memorandum-Decision & Order holding that "plaintiff has failed to demonstrate that there would be any relevance to materials relating to defendants' determination that Lockton, Chubb, or Lloyd's violated the law, as these entities admitted to various violations of New York State Insurance Law." Id. at 1-2 (quoting Dkt. No. 121 at 39 n.11; citing Dkt. No. 121 at 47). Defendants assert that plaintiff's present motion "is merely an attempt to relitigate issues already decided by the Court, and should be denied." Id. at 2.

In reply, plaintiff contends that defendants lack standing to contest the motion

3

and that the plaintiff's request for discovery from Lloyd's and the Lloyd's entities are relevant. Dkt. No. 136 at 1. First, as to standing, plaintiff argues that because defendants "do not assert any interest or privilege impacted by the NRA's Requests," they lack standing to challenge the motion. Id. Second, plaintiff contends that the Court's prior rulings do not require the Court to reject the present request as "[d]efendants do not explain why the entirety of the NRA's Requests should be denied based on those rulings." Id. Plaintiff asserts that defendants "make no effort to identify which, if any, of the Requests are somehow 'not relevant,' and provide the Court with no standard by which to parse through the NRA's Requests to determine relevance." Id. at 2. Plaintiff instead contends that its requests "are relevant to the NRA's extant First Amendment claims" as the information sought through its requests "has a high likelihood of providing context to Defendants' retaliatory actions against the NRA and its insurance business partners – the very foundation for the NRA's First Amendment claims against Defendants." Id. Finally, plaintiff argues that, "even if the Court questions the relevance of the NRA's discovery requests . . . the Court should withhold its ruling on the Motion until Judge McAvoy rules on the NRA's Objections to the Magistrate Judge's Ruling on the Motion to Compel (the 'Objections')." Id.

## II. Discussion

### A. Legal Standard

"The decision of whether to issue letters rogatory is within the discretion of the court." Pearlstein v. BlackBerry Ltd., 332 F.R.D. 117, 120 (S.D.N.Y. 2019), on

reconsideration in part, No. 13-CV-07060, 2019 WL 5287931 (S.D.N.Y. Sept. 20, 2019). "When determining whether to issue letters rogatory, courts apply the principles of Rule 26." Id. (citing Villella v. Chemical & Mining Co. of Chile, Inc., 15 Civ. 2106, 2018 WL 2958361, at *4 (S.D.N.Y. June 13, 2018)). "Though the Federal Rules of Civil Procedure are controlling, courts should be mindful of the possible burden placed on foreign judiciary by the issuance of letters rogatory under the Hague Convention." Id. (citing Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co., 841 F. Supp.2d 769, 777-78 (S.D.N.Y. Jan. 11, 2012) (additional citations omitted)). Rule 26 provides that parties may seek discovery as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "The party seeking discovery has the burden, but it is not heavy." Pearlstein, 332 F.R.D. at 120 (citing Villella, 2018 WL 2958361, at *3). "Nevertheless, '[d]iscovery may be curtailed where the information sought would be 'unreasonably cumulative or duplicative' or when 'the burden or expense of the proposed discovery outweighs its likely benefit.'" Id. (citing Blagman v. Apple, Inc., No. 12 Civ. 5453, 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 13, 2014)).

### B. Analysis[2]

Attached to plaintiff's motion are the proposed discovery requests plaintiff seeks

---

[2] The Court declines to follow plaintiff's suggestion of waiting to decide this Motion until after Judge McAvoy issues a determination on its appeal of the August 8, 2019, Memorandum-Decision & Order. Dkt. No. 136 at 2. The Court is required to proceed as expeditiously as possible in matters before it, and allowing for greater delay by awaiting the District Judge's decision would only further contribute to congestion of this Court's docket.

to send to Lloyd's and the Lloyd's entities.  See Dkt. No. 129 (exhibits).  The requests provide that plaintiff

> seeks evidence reflecting, among other things, communications between Defendants and Lloyd's regarding the NRA, documents relating to any actual or potential adverse action by Defendants against Lloyd's syndicates, and documents relating to Lloyd's direction to the syndicates to cease business with the NRA.  This evidence will illustrate the extent to which Defendants coerced and discriminated against NRA-affiliated insurance and financial institutions in violation of the NRA's constitutional rights.  This information, moreover, is relevant to the merits of the NRA's claims and the merits of the defenses asserted by Defendants – all issues that the parties will present at trial.

Dkt. No. 129-3 at 7-8.

The Court finds that plaintiff's requests relating to Lloyd's and its decision to enter into the consent order are not relevant.  This Court has already determined that, as Lloyd's admitted to violations of New York State law, plaintiff cannot reasonably contend that documents and/or communications between Lloyd's, its syndicates, underwriters, managing agents, and/or defendants support defendant's First Amendment claim that defendants targeted Lloyd's due to the NRA's speech.  Plaintiff faults defendants in failing to identify which of the NRA's requests to Lloyd's and the Lloyd's syndicates should be denied based on this Court's prior rulings.  Dkt. No. 136 at 2.  However, despite bearing the initial burden of proof, plaintiff fails to demonstrate why its various requests are relevant, in light of the Court's prior rulings that discovery relating to the consent orders entered by Lloyd's/Lloyd's syndicates are not relevant to its First Amendment claim that defendants targeted those entities doing business with the NRA due to the NRA's speech, as Lloyd's/Lloyd's syndicates admitted to violating

6

New York State Insurance law.  It is only once the moving party has met its burden that the burden shifts to the opposing party to "justify any restrictions on discovery." Pearlstein, 332 F.R.D. at 120 (citation and internal quotation marks omitted).  The Court also notes that plaintiff's selective enforcement claims have been dismissed.  Dkt. No. 112 at 12.  Thus, to the extent plaintiff's requests seek information about other affinity insurance plans Lloyd's may have marketed, see, e.g., dkt. no. 129-3 at 21 (request no. 13), under the current complaint, plaintiff fails to demonstrate the relevancy of such discovery.

    It is possible that there exist some communications, documentation, or information that could be obtained from discovery and depositions that could be potentially relevant to plaintiff's remaining claim, but plaintiff has failed to demonstrate such relevance in its submissions before this Court.  Accordingly, plaintiff's request for issuance of letters rogatory is denied.  However, it is noted that the denial is without prejudice to renew should the District Judge issue a determination on plaintiff's appeal that is contrary to the relevancy determinations previously made by this Court.  Further, the Court is aware that there is a motion to amend the complaint pending before the Court for review and such motion seeks to replead selective enforcement claims.  Dkt. No. 155.  Therefore, to the extent that any of plaintiff's requests can be said to have relevance to plaintiff's selective enforcement claims, its request for issuance of letters rogatory as it relates to material relevant to selective enforcement is denied with leave to renew should plaintiff be permitted to amend its complaint to replead such claims.

7

### III. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's Motion for Issuance of Letters Rogatory/Letters of Request (dkt. no. 129) is **DENIED**, but without prejudice to renew under the circumstances specifically set forth herein.

**IT IS SO ORDERED.**

Dated: March 6, 2020
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge