IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,<br><br>Defendants. | DECLARATION OF SARAH B. ROGERS<br><br><br><br>CASE NO. 18-CV-566-TJM-CFH |

## DECLARATION OF SARAH B. ROGERS IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION

I, Sarah B. Rogers, pursuant to 28 USC § 1746, declare as follows:

1. I am a member in good standing with the State Bar of New York and am the requisite age to submit this declaration. I am fully competent and qualified in all respects to make this Declaration.

2. I submit this declaration pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7.1, in support of Plaintiff's Reply Memorandum in Further Support of Its Motion for Preliminary Injunction. The facts herein are true and correct and, unless otherwise stated, are within my personal knowledge.

3. I am a partner with the law firm of Brewer, Attorneys & Counselors, which serves as counsel to the National Rifle Association (the "NRA") in connection with both (i) the above-captioned litigation, and (ii) the investigation by the New York Department of Financial Services

("DFS") regarding certain NRA affinity-insurance programs. At specific times and for specific purposes, I have also served as counsel to individual NRA employees as noted below.

4. As counsel for the NRA, I have reviewed pleadings, and other documents related to the Action, and I am familiar with the facts and circumstances of this case.

5. During the period from May 2019 through October 2019, DFS issued several testimonial subpoenas to NRA employees in connection with its investigation. These subpoenas stated that they were issued pursuant to Financial Services Law § 306, which empowers the DFS Superintendent to issue testimonial subpoenas "regulated by the civil practice law and rules."

6. DFS expressly forbade any counsel from attending these testimony sessions, except to the extent that counsel represented the witness individually. DFS made clear that NRA counsel could otherwise not be present or have any involvement in the testimonial proceedings. Although a court reporter was present for each witness's testimony, DFS forbade the court reporter from providing the NRA, or any individual witness or the witness's counsel, with a copy of the testimony transcript. By email dated June 4, 2019, I warned DFS that although the subpoenaed witnesses "w[ould] honor their oaths and do their best to provide accurate testimony, an inability to review the transcript for errata will obviously impair our ability to ensure an accurate record," and again requested that transcripts be provided. DFS continued to refuse to provide transcripts.

7. I attended several of the DFS examinations in my capacity as individual counsel to certain subpoenaed employees. DFS expressly forbade me from participating whatsoever in the conduct of these proceedings, except to occasionally instruct the witness regarding attorney-client privilege. DFS prefaced its questioning with warning that if counsel attempted to "interfere," conduct our own direct or cross examination, or lodge the same objections that are customary in depositions, counsel would be thrown out.

**DECLARATION OF SARAH B. ROGERS**     Page 2

8.      On behalf of the NRA, I participated in a teleconference with DFS on March 11, 2020. During that teleconference, DFS requested, and the NRA agreed, that the enforcement hearing formerly noticed for April 6, 2020, could be adjourned to a date to-be-determined, likely in July 2020, in light of the current public health situation.

I swear under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

By: _____

Sarah B. Rogers