**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**NATIONAL RIFLE ASSOCIATION OF AMERICA,**

**Plaintiff,**

**-against-** **1:18-CV-0566**

**ANDREW CUOMO; MARIA T. VULLO; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,**

**Defendants.**

---

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION & ORDER**

## I. INTRODUCTION

Presently before the Court is Plaintiff National Rifle Association of America's ("Plaintiff" or "the NRA") appeal of Magistrate Judge Hummel's discovery determination. Dkt. No. 130. Defendants New York Governor Andrew Cuomo ("Gov. Cuomo"), former Superintendent of the New York State Department of Financial Services Maria T. Vullo ("Supt. Vullo"), and the New York State Department of Financial Services ("DFS") oppose the appeal. Dkt. No. 134.

## II. BACKGROUND

The Court presumes familiarity with the allegations in the Amended Complaint, Dkt. No. 37, and the Court's decisions on Defendants' two Rule 12 motions. *See* Dkt. No. 56

(November 16, 2018 Decision & Order addressing Defendants' Rule 12(b)(6) motion); Dkt. No. 112 (May 9, 2019 Decision & Order addressing Defendants' Rule 12(c) motion). Suffice it to say that the only claims remaining in this matter are Plaintiff's First Amendment and New York State Constitution, Article 1, § 8 claims alleging a free speech/"implied censorship campaign" (Am. Compl. Count One), and speech-based retaliation (Am. Compl. Count Two)(Plaintiff's "First Amendment claims").[1] Plaintiff's selective enforcement claims were dismissed, with such claims against Gov. Cuomo and Supt. Vullo dismissed without prejudice to repleading. *See* Dkt. No. 121 at 3.[2] However, Plaintiff has filed a motion seeking leave to file a Second Amended Complaint asserting a selective enforcement claim against Supt. Vullo. Dkt. No. 155. That motion is contested, Dkt. No. 162, and remains pending.

This matter came before Magistrate Judge Hummel on Plaintiff's Motion to Compel, Dkt. No. 73, and Defendants' Motion for a Protective Order, Dkt. No. 74. Magistrate Judge Hummel denied Plaintiff's Motion to Compel insofar as it sought to compel Defendants to

---

[1]The Court previously dismissed all section 1983 claims against DFS as withdrawn. Dkt. No. 112 at 12. However, claims based on the New York State Constitution, Article 1, § 8, remain viable against DFS. As the Court noted before, these claims are subject to the same standard as claims brought under the First Amendment. Dkt. No. 56 at 15.

[2]As Magistrate Judge Hummel explained:

> In its May 10, 2019, Decision & Order addressing defendants' second Motion to Dismiss, the Court, as relevant here, dismissed without prejudice plaintiff's selective enforcement claim pursuant to the equal protection clause of the Fourteenth Amendment. Dkt. No. 112 at 12. The Court also (1) denied defendants' "motions to dismiss Gov. Cuomo and Supt. Vullo from any remaining selective enforcement claims . . . with leave to renew if viable selective enforcement claims are re-pled," (2) dismissed all section 1983 claims against DFS as withdrawn; and (3) dismissed all money damages claims against DFS, Cuomo, and Vullo in their official capacities. *Id.* Thus, currently remaining are plaintiff's First Amendment claims (Counts 1 and 2).

Dkt. No. 121 at 3.

provide discovery relating to: (1) referral of matters to other government agencies unrelated to the NRA, (2) investigation of non-NRA endorsed affinity programs, (3) communications between defendants and financial institutions or insurers regarding non-NRA gun promotion organizations, and (4) enforcement actions or adverse actions taken against financial institutions or insurers doing business with non-NRA gun promotion organizations. Dkt. No. 121 at 52-53. These demands were denied with prejudice to the motion, but without prejudice to renewal should Plaintiff successfully amend its Amended Complaint to reallege a selective enforcement claim. *Id.* at 53. Plaintiff's remaining demands raised within the motion were denied without prejudice and with leave to renew following the Court's *in camera* review of pertinent documents (discussed next). *Id.* Defendants' Motion for a Protective Order was denied without prejudice and with leave to renew following the Court's *in camera* review of pertinent documents, and Defendants were ordered to provide the Court a detailed privilege log addressing any documents they seek to withhold on the basis of any privilege, along with all documents responsive to the following categories of demands: (1) April 2018 Guidance Letters and Cuomo Press Release; (2) Defendants' investigations of affinity insurance programs endorsed by Plaintiff; (3) communications between defendants and financial institutions/insurers other than Chubb, Lockton, and Lloyds about the financial institution or insurers' relationship or potential relationship with Plaintiff; and (4) communications between Defendants related to this action excepting its investigation of Chubb, Lockton, and Lloyds. *Id.* at 53-54. Magistrate Judge Hummel further ordered that Defendants were to provide to the Court a signed affidavit indicating that they conducted a diligent search but do not possess responsive documents, or have

already provided all responsive documents, for the following categories of material: (1) referral of matters involving Plaintiff to other government agencies; and (2) any adverse or enforcement actions taken against financial institutions doing business or potentially doing business with Plaintiff. *Id.* at 54. Magistrate Judge Hummel also indicated that if he determines, following *in camera* review, that any supplemental briefing is required, the Court would notify the parties and provide such opportunity for additional briefing on any claims raised within the Motion to Compel and Motion for Protective Order that have been dismissed without prejudice. *Id.* The Court notes that on November 13, 2019, Magistrate Judge Hummel appointed Benjamin W. Hill, Esq. as Special Master to aid in the review of documents submitted *in camera*. *See* Dkt. No. 141.

On this appeal, Plaintiff challenges Magistrate Judge Hummel's decisions to deny production of documents related to specific categories as addressed below. *See* Dkt. No. 130; Pl. Mem. L., Dkt. No. 130-1 at 6-7, 13-15. Plaintiff argues that Magistrate Judge Hummel failed to properly apply relevancy law to its First Amendment claims and Defendants' defenses. *See generally* Dkt. 130-1. Defendants argue that Plaintiff's appeal should be denied as it fails to make the requisite showing that Judge Hummel's decisions were clearly erroneous such to warrant reversal. *See generally* Dkt. 134.

## III. DISCUSSION

The Court will address Plaintiff's specific objections to Magistrate Judge Hummel's determinations.

### (1) <u>Referral of Non-NRA Investigations to Other Government Entities</u>

Plaintiff first argues that Magistrate Judge Hummel erred inasmuch as he held that

documents and materials related to Defendants' referral of non-NRA matters[3] to other government agencies were irrelevant to the NRA's First Amendment claims. Dkt. 130-1 at 13. On this issue, Magistrate Judge Hummel found that because Plaintiff's selective enforcement claims have been dismissed, it was "unclear how materials or communications related to defendants' referral to government agencies of matters not connected with the NRA materials . . . is relevant to plaintiff's First Amendment claims." Dkt. No. 121 at 28 (emphasis in original); *see id.* at 28-29.[4] Magistrate Judge Hummel found that for referral of matters unrelated to the NRA – both for other "gun promotion organizations" and matters unrelated to gun promotion – "plaintiff wholly fails to demonstrate relevancy under Rule 26. Whether defendants referred matters to outside government agencies regarding 'any matter' unrelated to the NRA is overbroad." *Id.* at 29.

Plaintiff argues that Magistrate Judge Hummel erred because "such referrals could be accompanied by commentary, including the pursuit of a joint strategy to suppress the

---

[3]Magistrate Judge Hummel noted that Defendants represented that they had produced to Plaintiff referrals of NRA-related matters to other governmental agencies. Dkt. No. 121 at 27-28.

[4]Magistrate Judge Hummel explained:

> Plaintiff appears to suggest that defendants alleged conduct of "reach[ing] out to various Governors and insurance departments across the country regarding the NRA endorsed insurance programs" was "done solely as part of Defendants['] implicit censorship campaign and as retaliation for defendants' utilizing their First Amendment right to publicly advocate on behalf of its controversial views." Dkt. No. 73-1 at 23. They argue, but do not explain, how defendants' referrals of matters "unrelated" to the NRA would further support plaintiff's claim that defendants' engaged in a retaliatory censorship campaign. *Id.* The requests for referrals of non-NRA matters seek documents and communications relating to (1) non-NRA gun promotion organizations, and (2) matters not tied to the NRA nor other gun promotion organizations. The Court declines to reach whether such matters would be privileged, as it concludes that plaintiff has failed to meet its burden of demonstrating that such communications and documents are relevant to any of its remaining claims. Fed. R. Civ. P. 26(b).

Dkt. No. 121 at 28-29.

political influence of the NRA, which would be squarely relevant to the NRA's First Amendment claims." Dkt. No. 130-1 at 13. Plaintiff also argues that "even referrals made without such commentary could be relevant to the parties' claims and defenses if Defendants knew of identical business practices by multiple nationwide organizations but chose only to take adverse action against the NRA, and the NRA is entitled to discovery exploring the reason for Defendants' disparate approach." *Id.*

Plaintiff's argument in this regard sounds of the classic fishing expedition, *see Raymond v. City of New York*, No. 15-CIV-6885 (LTS/SLC), 2020 WL 1067482, at *10 (S.D.N.Y. Mar. 5, 2020)(While "[r]elevance is construed broadly, . . . the requested discovery must be more than a mere 'fishing expedition.'")(citation omitted); *Oliver v. New York State Police*, No. 1:15-CV-0444 (BKS/DJS), 2019 WL 1324040, at *4 (N.D.N.Y. Mar. 22, 2019)("The party seeking the discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition.")(internal quotation marks and citations omitted), presents arguments that were not presented to Magistrate Judge Hummel, *see* Dkt. No. 73-1 at 15-16; Dkt. No. 81 at 4-5, and seeks evidence of disparate treatment that is not necessarily relevant to the First Amendment claims, *see* Dkt. No. 37 at ¶¶ 71-92 (not specifically asserting in the First Amendment claims that the NRA was treated differently from similarly situated organizations); Dkt. 121 at 49,[5] although perhaps relevant to the selective enforcement claim Plaintiff seeks to add. Thus, it cannot be said that Magistrate Judge Hummel clearly erred or abused his discretion in denying production of

---

[5]As correctly pointed out by Magistrate Judge Hummel, "Plaintiff's First Amendment claims specifically state that defendants targeted the NRA for its viewpoints and political beliefs and advocacy, and that defendants 'caused financial institutions doing business with the NRA to end their business relationships with the NRA, or explore such action.'" Dkt. 121 at 49 (quoting Dkt. No. 37 at 29-30)(emphasis added by the magistrate judge).

this material. Nonetheless, given the broad scope of relevancy in connection with discovery, *see Peddy v. L'Oreal USA Inc.*, No. 18-CV-7499 (RAJLC), 2019 WL 3926984, at *1 (S.D.N.Y. Aug. 20, 2019)(For discovery purposes, relevance is construed broadly "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.")(internal quotation marks and citation omitted); *Member Servs., Inc. v. Sec. Mut. Life Ins.*, No.3:06-CV-1164 (TJM/DEP), 2007 WL 2907520, at *4 (N.D.N.Y. Oct. 3, 2007)("[D]iscovery is to be considered relevant where there is any possibility that the information sought may be relevant to the subject matter of the action.")(internal quotation marks and citations omitted), and in light of the unique circumstances of this case which involve this appeal coming while the motion to add a selective enforcement claim is pending and Magistrate Judge Hummel employing a procedure whereby categories of documents are submitted to him for *in camera* review after which he can consider relevance and any claimed privilege, the Court finds that this procedure should be used with this category of documents. These documents should be submitted for *in camera* review in accordance with the procedures outlined by Magistrate Judge Hummel in his decision after which Magistrate Judge Hummel can determine whether documents exist that may be relevant to the First Amendment claims, any selective enforcement claim that may be added in the interim, any defense, and whether any privilege exits.

**(2) Investigative Files Relating to Investigations of Lockton, Chubb, and Lloyd's**

Next, Plaintiff argues that Magistrate Judge Hummel erred because he held that Defendants' investigative files relating to Lockton, Chubb, and Lloyd's are not relevant to

the NRA's First Amendment claims. While Magistrate Judge Hummel correctly concluded that the Court previously found that the Consent Orders themselves do not demonstrate that they were arrived at to suppress the Plaintiff's First Amendment rights, it is possible that documents and communications connected with these investigations could provide some evidence relevant to the First Amendment claims, Defendants' defenses, or the selective enforcement claim that Plaintiff seeks to add. Thus, the Court finds that documents in connection with this category should be produced to Magistrate Judge Hummel in accordance with the procedures outlined in his decision for *in camera* review.

**(3) Investigative Files Relating to Non-NRA Endorsed Affinity Programs**

Plaintiff argued below that documents in this category were relevant to its selective enforcement claims, *see* Dkt. No. 73-1 at 4, 11-12,[6] and thus Magistrate Judge Hummel did not clearly err by denying production relevant thereto. Plaintiff argues on this appeal that

> these documents are relevant to the NRA's First Amendment retaliation claim to demonstrate the disparate treatment of Lockton, Chubb, and Lloyd's, on account of doing business with the NRA compared to other insurers or financial institutions with similar non-NRA programs. The NRA has alleged that Defendants selectively targeted the NRA's insurance partners for trivial practices that are likely not violations of the New York Insurance Law, and regardless, were at the time and still are actively carried on by other non-NRA affinity insurance programs. Evidence supporting those allegations is directly relevant to prove the NRA's First Amendment claims of viewpoint discrimination and retaliation.

Dkt. 130-1 at 15-16.

As discussed above, Plaintiff's First Amendment claims do not specifically encompass a disparate treatment theory and the argument quoted above appears to

---

[6]Plaintiff filed its Motion to Produce before the Court issued its May 9, 2019 Decision & Order addressing Defendants' Rule 12(c) motion and dismissing the remaining selective enforcement claims.

support Magistrate Judge Hummel's determination that the sought-after material in this respect is not relevant to the First Amendment claims but might become relevant if Plaintiff successfully repleads a selective enforcement claim. Nevertheless, because there may be some evidence in this category of documents that may be relevant to whether the Defendants' investigative decisions revealed a Second Amendment viewpoint animus, and because this category of documents may be relevant to the selective enforcement claim that Plaintiff seeks to add, the Court finds that these documents should be produced to Magistrate Judge Hummel for *in camera* review in accordance with the procedures in his decision.

**(4) Communications between Defendants and Lockton, Chubb, and/or Lloyd’s**

Plaintiff argues that Magistrate Judge Hummel erred when he held that Defendants’ communications with Lockton, Chubb, and Lloyd’s were not relevant to the NRA’s First Amendment claims. For the reasons discussed in section III(2) above, documents in this category should be produced for Magistrate Judge Hummel's *in camera* review in accordance with the procedures set forth in his decision.

**(5) Communications between Defendants and insurers and financial institutions (excluding Lockton, Chubb, and Lloyd’s) Concerning Business Relationships with Other Gun Promotion Organizations**

Plaintiff argued to Judge Hummel that information exchanged between defendants and financial institutions and insurers regarding their business arrangements with the NRA or other gun promotion organizations are “directly relevant to NRA’s First Amendment claims” as Plaintiff “allege[d] that Defendants are coercing Financial Institutions to stop doing business with the NRA.” Dkt. No. 73-1 at 21. Further, Plaintiff argued that

communications between Defendants and "non-governmental organizations related to other Gun Promotion Organizations will directly demonstrate Defendants' viewpoint discrimination against organizations, like the NRA, the [*sic*] support citizens' rights under the Second Amendment." *Id.*

Magistrate Judge Hummel found that communications (beyond the April 2018 Guidance Letters and Cuomo Press Release) between defendants and financial institutions or insurers doing business with or potentially doing business with the NRA other than Chubb, Lockton, or Lloyds "could potentially support a claim that defendants interfered with potentially legal business arrangements with banks/financial institutions doing business, or potentially doing business, with plaintiff," and thus were potentially relevant to the First Amendment claims. Dkt. No. 121 at 47. Because Defendants argued that such communications are protected by the law enforcement privilege, Magistrate Judge Hummel ordered these documents produced for *in camera* review along with a detailed privilege log explaining the basis for their claims of privilege. *Id.* Thus, these documents are not in issue on this appeal.

As to communications between Defendants and financial institution/insurers about their business relationships with non-NRA gun promotion organizations, Magistrate Judge Hummel found that

> plaintiff has failed to demonstrate how communication between defendants and financial institutions or insurers about their business relationship with non-NRA gun promotion organizations is relevant to their First Amendment claims. As discussed, plaintiff's selective enforcement claims have been dismissed. Accordingly, plaintiff's motion to compel is denied with respect to demands seeking communications between defendants and financial institutions or insurers about their relationship with non-NRA gun promotion organizations.

*Id*. at 48.

On this appeal, Plaintiff argues that "it is highly probable that evidence indicating Defendants' viewpoint animus toward the NRA, and disparate treatment of the NRA, may be found in such communications. Take for example an email from an insurance company that sponsors non-NRA affinity insurance programs to the DFS asking whether they need to correct business practices that are included in the Consent Orders as violations of the New York Insurance Law, and the DFS responding that such practices can continue. That is directly relevant to the NRA's First Amendment claims of viewpoint discrimination and retaliation, and, moreover, directly relevant to Defendants' qualified immunity defense." Dkt. 130-1 at 17.

On the issue of qualified immunity, Magistrate Judge Hummel found in connection with Plaintiff's demand for documents and communications relating to the April 2018 Guidance Letters and the Cuomo Press Release that evidence of "retaliatory intent is relevant to plaintiff's First Amendment retaliation claim, and, thus, was arguably relevant to the qualified immunity defense as it relates to the First Amendment retaliation claim." Dkt. 121 at 15. He did not address the qualified immunity defense in connection with this category of sought-after documents, although Plaintiff did not raise this issue in this context. *See generally* Dkt. No. 73-1 (not raising the qualified immunity defense as a possible basis for relevancy of any sought-after material); *see also* Dkt. 81 at 3 (raising the qualified immunity defense only in connection with "the actual published April 2018 Letters and the Press Releases"), 8 (same).

Here, although Plaintiff's speculation that relevant documents exist sounds of an improper fishing expedition, and although it raises relevancy in connection with a qualified

immunity defense that was not presented to Magistrate Judge Hummel, the possibility that relevant documents exist compels the Court to conclude that over-production of documents rather than under-production is the proper course to follow. Accordingly, documents responsive to this category of demands should be produced to Magistrate Judge Hummel for *in camera* review to determine relevancy to the First Amendment claims, a qualified immunity defense, and any selective enforcement claim that may be added in the interim.

**(6) Adverse/ Enforcement Actions against Financial Institutions**

Plaintiff sought to compel Defendants to provide information or documentation regarding adverse or enforcement actions taken against any "Financial Institutions with actual or potential business ties with the NRA or similar Gun Promotion Organizations." Dkt. No. 73-1 at 21. In response, defendants contended that "[t]he only investigation of affinity groups other than the NRA conducted since 2017 was a spin-off of the investigation of the NRA-enforced programs including the Carry Guard program." Dkt. No. 79 at 23. Defendants further advised that the "spin-off investigation" related to violations of the insurance law involving Lockton and "its excess lines business including affinity group insurance unrelated to the NRA." *Id.* at 23.

Magistrate Judge Hummel concluded:

> Plaintiff fails to demonstrate the relevance of any adverse or enforcement actions defendants may have taken or considered taking against financial institutions or insurers doing business with "similar Gun Promotion organizations" and non NRA-organizations. Plaintiff's First Amendment claims specifically state that defendants targeted the NRA for its viewpoints and political beliefs and advocacy, and that defendants "caused financial institutions doing business with the NRA to end their business relationships with the NRA, or explore such action." Dkt. No. 37 at 29-30 (emphasis added). These remaining claims do not express how defendants' alleged conduct regarding financial institutions doing business with non-NRA

> organizations supports their First Amendment claims. Accordingly, insofar as plaintiff seeks to compel discovery regarding any adverse or enforcement actions defendants may have taken against financial institutions doing business with non-NRA organizations [or] "similar Gun Promotion organizations," such request is denied for failure to demonstrate relevancy.

Dkt. 121 at 49.[7]

On this appeal, Plaintiff argues that "[f]or the same reasons as noted above, it is more than likely that evidence indicating Defendants' viewpoint animus toward the NRA, and disparate treatment of the NRA, may be found in such materials. And such evidence is directly relevant to the NRA's First Amendment claims of viewpoint discrimination and retaliation, and, moreover, directly relevant to Defendants' qualified immunity defense." Dkt. No. 130 at 17.

For reasons discussed by the Court above, documents responsive to this category of demands should be produced to Magistrate Judge Hummel for *in camera* review to determine relevancy to the First Amendment claims, a qualified immunity defense, and any selective enforcement claim that may be added in the interim.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's appeal, Dkt. No. 130, of Magistrate Judge Hummel's discovery determinations, Dkt. No. 121, is **GRANTED**. Documents should be produced to Magistrate Judge Hummel for *in camera* review in accordance with

---

[7] Magistrate Judge Hummel found that documents and communications relevant to adverse actions against the NRA would appear to be relevant to Plaintiff's First Amendment claims. Dkt. 121 at 49. In response to the Defendants explanation that "[w]ith the exception of the documents that relate to defendants' investigation of Chubb, Lockton, and Lloyds, which gave rise to the consent orders addressed above, all documents responsive to these requests including the two DFS Guidance Letters have been produced to the NRA," Dkt. No. 79 at 25, Magistrate Judge Hummel directed the defendants to provide a signed affidavit "stating that there exist no documents relevant to adverse or enforcement actions against banks doing business or potentially doing business with the NRA, other than Lockton, Chubb, and Lloyds beyond what has already been provided to plaintiff." Dkt. No. 121 at 49-50.

this Decision and Order.

**IT IS SO ORDERED.**

Dated: March 31, 2020

Thomas J. McAvoy
Senior, U.S. District Judge