**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF NEW YORK**

**NATIONAL RIFLE ASSOCIATION OF AMERICA,** )
)
Plaintiff, ) **CASE NO. 1:18-CV-566**
)
vs. )
)
**ANDREW CUOMO, et al.,** )
)
Defendants. )
______________________________)

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HON. CHRISTIAN F. HUMMEL**
**THURSDAY, MARCH 5, 2020**
**ALBANY, NEW YORK**

**FOR THE PLAINTIFF:**
Brewer Attorneys & Counselors
By: John C. Canoni, Esq.
1717 Main Street, Suite 5900
Dallas, Texas 75201

**FOR NYS DEFENDANTS:**
Office of the New York State Attorney General
By: William A. Scott, AAG
The Capitol
Albany, New York 12224

**FOR DEFENDANT VULLO:** (by telephone)
Emery Celli Brinckerhoff & Abady
By: Andrew G. Celli & Debra L. Greenberger, Esqs.
600 Fifth Avenue, 10th Floor
New York, New York 10020

**THERESA J. CASAL, RPR, CRR, CSR**
Federal Official Court Reporter
445 Broadway, Room 509
Albany, New York 12207

(Court commenced at 1:36 PM.)

THE CLERK: The case is National Rifle Association of America versus Cuomo, et al., docket number 18-CV-566. Appearances for the record, please.

MR. CANONI: John Canoni from the law firm of Brewer Attorneys & Counselors for the plaintiff.

THE COURT: Good afternoon, Mr. Canoni.

MR. CANONI: Good afternoon, your Honor.

MR. SCOTT: William Scott, New York State Office of the Attorney General, for defendants Cuomo and DFS.

THE COURT: Good afternoon, Mr. Scott.

MR. SCOTT: Good afternoon.

MR. CELLI: Good afternoon, your Honor, it's Andrew Celli and Debbie Greenberger from the law firm of Emery Celli Brinckerhoff & Abady in New York. It's nice to meet you and I want to thank the Court for allowing us to appear by telephone.

THE COURT: I'm glad to accommodate you that way, Mr. Celli, sir. Good afternoon, Miss Greenberger.

The Court has before it two letters which have been filed in this matter, letter motions. Docket number 171 is a law firm from -- excuse me, a letter from Mr. Celli's firm raising the issue regarding the deposition of Maria T. Vullo, whom Emery Celli represents, and specifically raising a concern that if Miss Vullo is deposed

now that the defendant NRA may seek to depose her on a second occasion after further discovery has been conducted in this matter and after a decision has been rendered on the plaintiff's current motion seeking to amend their complaint to replead their selective enforcement claim.

Docket number 174 is a letter filed by Mr. Canoni in response thereto.

Mr. Celli or Miss Greenberger, why don't you tell me anything you'd like to tell me that's not contained in your letter.

MR. CELLI: Your Honor, thank you. This is Andrew Celli. It's all pretty much there, your Honor. I do want to add one thing which we identified over the last couple of days. Before we were brought into the case as counsel to Miss Vullo, there was a hearing before Your Honor at the very early stages where the issue of Miss Vullo's deposition was being considered, and this was on March 13, 2019, and we got the transcript and in that transcript there is a discussion of a very similar issue, which was that the NRA has made a decision, a tactical decision, to want to take Miss Vullo's deposition early and there was a concern expressed, I believe by counsel for Mrs. Vullo at the time, which would have been Mr. Scott or someone at the AG's office, that she not be deposed twice. And Your Honor, in that transcript, on two occasions, makes the point that, you

know, you get one bite of the apple in this business and that if you want to make a tactical decision to take an important, in this case, highly-placed official's deposition early in the discovery process, you know, that is your choice and you have to live with it.

Here we have a situation where she is prepared to sit, she is prepared to sit relatively soon, in the next few weeks, couple weeks, we're prepared to give dates for that, but we want it to be very clear on the record that this is a decision being made by the NRA at a time when there are open privilege issues before the Court, document issues that have been pending for some time and are not decided. There is a pending motion to amend to add a new claim. There are other depositions of third-party witnesses that we understand, or at least one of those we understand, has been put off until May, and we simply want to be clear that if they want to proceed, look, if there are gonna be questions that arise from the NRA letter, but if they do want to proceed that they do that with their eyes open and we don't want to hear the argument later that they get some document after Your Honor's ruling on the privilege or they -- or there's some clarification that their position with respect to selective enforcement. We think they should be denied anyway and now they want to ask for it. That's really where we are, your Honor.

THE COURT: All right. Mr. Scott, I assume your position would be the same as Miss Greenberger and Mr. Celli's?

MR. SCOTT: That's correct, your Honor. I think that the -- conducting the deposition at this time just seems destined to result in either more motion practice or more objections than simply waiting until the issues before the Court are resolved, but I agree with what Mr. Celli and Miss Greenberger are saying.

THE COURT: Mr. Canoni, sir.

MR. CANONI: Your Honor, yes. I'd like to start off with the fact that the Court is aware that there was issues when the depositions occurred in January and ordered the deposition to occur again. The privilege issues, just to borrow Mr. Celli's phrase was a tactical decision by the defendant who asserts the privilege, no different than if they asserted the privilege for the first time at the deposition. That's an issue we can deal with later, but we want to take her deposition, we have been seeking it since June of 2018 and I'm happy to hear that Mr. Celli has freed up some time to have her deposition occur this month.

THE COURT: I guess, Mr. Canoni, that's not really the issue. The issue is what's gonna happen down the road once the Special Master gets a chance to go through the over 15,000 documents that are subject of a privilege issue and

once Judge McAvoy decides your appeal of my decision regarding the motion to compel and once a decision is issued with respect to your Preliminary Injunction and the motion to serve a second amended complaint to replead the selective enforcement action. You're gonna be back here again, I assume, seeking to take a second deposition of Ms. Vullo, and I think Mr. Celli has made it clear to you and Mr. Scott that they're going to oppose that.

MR. CANONI: And I wouldn't expect anything less, your Honor. I can't look into a crystal ball. I know we want to take her deposition and ask her questions that are within her personal knowledge that we can answer about what conversations she had with whom and when.

THE COURT: All right. You can do that, Mr. Canoni --

MR. CANONI: Right.

THE COURT: -- but, again, my recollection is the same as Mr. Celli's and while I did not have the benefit of looking at the transcripts, I take pretty detailed notes during these conferences and I have a clear recollection of speaking to you, or perhaps it was when Miss Rogers was on the case, indicating you're entitled to one bite of the apple and it'll be your burden to establish to the Court that you should be entitled to a second bite of the same apple.

MR. CANONI: Yes.

THE COURT: I am not gonna tell you now categorically that I would not grant you that, but I want to make it clear to you that's your burden to bear and your burden to go forward with.

MR. CANONI: We understand, your Honor. The only thing I would say is at this point, given the motions that are pending, I can easily foresee an appeal being taken from any one of those decisions that Your Honor just referenced and us being here a year from now with a similar issue at hand.

THE COURT: I sense whatever decision Judge McAvoy makes with respect to the pending appeal or the decision with respect to amend the complaint, one of you is gonna take an appeal either to the Magistrate Judge or the District Court Judge or perhaps seek leave to go to the Second Circuit to present these issues, so I don't see this as something that's going to be resolved in the near future.

MR. CANONI: No. And that's our point is then we're talking about Ms. Vullo being deposed sometime in 2021, 2022.

THE COURT: Again, I appreciate your position.

MR. CANONI: Yeah.

THE COURT: I've made it clear to all of you I think, if not I will again, this case is very disturbing to

me as dead in the water. To the extent I make a decision and someone takes an appeal, to the extent Judge McAvoy makes a decision and someone wants to reargue, I've got a Special Master looking at in excess of 15,000 documents and Mr. Scott just provided some additional thumb drive earlier in the week in response to my direction that he provide more definite information with respect to the privilege log.

So, Mr. Canoni, I guess, to make my point clear, you want to depose Ms. Vullo, I'll direct that Mr. Celli and Miss Greenberger produce her. If you seek to depose her again, you'll have the heavy burden of showing the Court why it should let you do that, particularly in view of all of the unresolved issues at the present time.

MR. CANONI: That's fine, your Honor. That's more than acceptable to us.

THE COURT: Mr. Celli or Ms. Greenberger, anything else you would like to put on the record?

MR. CELLI: Just from our point of view, we appreciate the absolute clarity of Your Honor's statement on this and --

THE COURT: Mr. Celli, not to interrupt you, but I'm frequently wrong, but I'm always certain, sir.

MR. CELLI: This is good. I mean, look, as we said, we should have some dates available the week of the 16th of March, if she's available and they're available, but

the critical issue for us is that the NRA is on notice that they're gonna have to meet that high burden in order to try to get her -- everything they know about what's currently pending.

THE COURT: Mr. Canoni has repeatedly indicated he's aware of that and the position of his predecessor, I believe, Miss Rogers, took the position as well.

Anything else we can do for you, Mr. Celli and Miss Greenberger, other than to tell you to have a good weekend?

MR. CELLI: Have a good weekend, Judge.

MR. CANONI: Your Honor, while we are here, since this is a little broader than just depositions, I want to bring up a couple issues while we're all together.

THE COURT: Sure.

MR. CANONI: One is you previously mentioned the Special Master's progress. Is there anymore you can tell us regarding his timeline or --

THE COURT: He just received additional information from Mr. Scott, Mr. Canoni. Mr. Scott dropped off a thumb drive. Part of the issue that the Special Master has encountered is it's difficult to tell what privileges may or may not apply to a particular email because there was not sufficient information provided. That's what we asked Mr. Scott to do and he tells me he's

addressed that. I've repeatedly talked to Mr. Hill, the Special Master, and emphasized the need to him to move this forward. I am gonna speak to him again next week, I speak to him every couple of weeks to monitor his process, so we're on top of this and it's his priority.

MR. CANONI: I have no doubt that the Court and Mr. Hill are on top of it, just --

THE COURT: Again, he's trying to get this done as expeditiously as possible. Beyond that, I don't have a clear sense.

MR. CANONI: Just as a suggestion, Your Honor asked us when we were here three months ago, if we are back in front of the Court or the Special Master with respect to additional documents, sharing the privilege log in advance. If there were another 15,000 documents, for example, the NRA may only challenge 5,000 of those which would --

THE COURT: Yeah. I've had those conversations with the Special Master and my law clerks, and if the issue arises again, we are gonna take another look at this. There needs to be a better way to expedite this process.

MR. CANONI: Certainly. Lastly, your Honor, while we're here, it's come up in some of the meet and confers with third parties with respect to document production subpoenas and deposition subpoenas, is there a way that Your Honor could put on the record an additional extension of the

discovery deadline, again an interim deadline, be- -- some third parties are saying discovery is closed as of October 15th in your case and, therefore, we're not going to.

THE COURT: You send me a letter and I'll address that for you. Put something on the docket so Mr. Scott and Ms. Greenberger and Mr. Celli can respond. But I'm happy to address that for you.

MR. CANONI: Obviously, the parties are continuing to progress as if discovery is continuing.

THE COURT: I understand. But if you send me a letter, I'll reset the deadlines and that way you won't have any problems with third parties.

MR. CANONI: Right. And again, so everyone is clear, not right but clear, that that will just be an interim deadline given all the motion practice and --

THE COURT: Until all these motions are resolved and all of your respective appeals are resolved, it's hard-pressed to set a final deadline because I don't know what the issues are. For example, if Judge McAvoy sees the wisdom of your request to file a second amended complaint and to replead the selective enforcement claim, that reopens the entire process.

MR. CANONI: Correct.

THE COURT: So anything else I can do for you,

Mr. Canoni?

MR. CANONI: That will do it, thank you very much.

THE COURT: Mr. Scott.

MR. SCOTT: No, your Honor.

THE COURT: You folks are all set, have a good weekend, thank you.

MR. SCOTT: Thank you, your Honor.

(This matter adjourned at 1:47 PM.)

\- - - - -

CERTIFICATION OF OFFICIAL REPORTER

I, THERESA J. CASAL, RPR, CRR, CSR, Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 25th day of March, 2020.

**/s/ THERESA J. CASAL**

THERESA J. CASAL, RPR, CRR, CSR

FEDERAL OFFICIAL COURT REPORTER