

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer Direct: 518-776-2589

July 14, 2020

Honorable Christian F. Hummel
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

Re:   *NRA v. Cuomo, et al*
      Northern District of New York
      18-CV-566 (TJM)(CFH)

Dear Judge Hummel:

I write to request a Court conference prior to filing a motion for a stay of discovery in this matter pursuant to Rule 26 of the Federal Rules of Civil Procedure. Respectfully, I request such conference take place at the Court's earliest convenience, as absent a stay the New York State Defendants will continue to incur significant expenses related to discovery, including charges from the Special Master, despite Eleventh Amendment immunity barring all remaining claims against them.

As the Court is aware, Defendants Cuomo and DFS moved to dismiss the Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which will be fully submitted as of July 27, 2020. See, Dkt. No. 210. See, Dkt. No. 210. Defendant Vullo has filed a similar motion which, if granted, would also be dispositive as to all claims against her. See, Dkt. No. 211. I have contacted the Plaintiff's counsel on her willingness to consent to such a stay, and she has indicated that the Plaintiff would not consent to a stay while these dispositive motions are pending.

As such, Defendants Cuomo and DFS respectfully request a conference to discuss a potential stay in this matter while these motions are pending. Defendants Cuomo and DFS respectfully submit that there is good cause for such a stay. Their motion, if granted, would terminate all remaining claims as against Defendant DFS, as well as the claims against Governor Cuomo in his official capacity. These Defendants assert Eleventh Amendment immunity against the claims the Plaintiff has plead. Such dismissals would dramatically reduce the scope of

July 14, 2020
Page 2

discovery that is necessary and should be permitted, which has become extremely burdensome to the parties. A brief stay of discovery on claims that should be dismissed would result in significant savings in time and money to the parties. Indeed, were discovery not to be stayed, and then all claims against DFS were to be subsequently dismissed, both the Plaintiff and State of New York would be required to pay for the work of the Special Master during the pendency of the motions despite the work of the Special Master no longer being necessary.

A stay here would be particularly appropriate given the nature of the State Defendants' motion to dismiss. The State of New York, as the true party against whom the claims against Defendants Cuomo and DFS are advanced, has asserted its Constitutionally protected sovereign immunity against suit in federal court. It would fly in the face of the protection afforded by the Eleventh Amendment to require New York to continue to pay for the services of a Special Master related to discovery or to absorb the expense of staff time to which the Plaintiff would no longer be entitled if the motion to dismiss is granted. These burdens are heightened now in the midst of a public health emergency.

Finally, Defendants Cuomo and DFS intend to seek at this conference temporary relief, until the conclusion of the Court's consideration of this stay application, that would pause the Special Master's work and likewise toll the time by which Defendants must respond to the Special Master's first report. In the event that the Court cannot schedule a conference prior to July 20, three days prior to the current date by which Defendants must respond to the Special Master's report, Defendants would respectfully request that this Court grant an extension of the time to file objections to that report until at least three days following such conference.

The Court's consideration of this request is appreciated.

Respectfully yours,

*s/ Ryan L. Abel*

Ryan L. Abel
Assistant Attorney General
Bar Roll No. 512454
Ryan.Abel@ag.ny.gov

cc.: All Counsel of Record (via ECF)