UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NATIONAL RIFLE ASSOCIATION OF AMERICA,

                                   *Plaintiff*,

-against-

ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,

                                   *Defendants*.

18-cv-00566 (TJM/CFH)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DFS, GOVERNOR CUOMO AND LINDA LACEWELL'S MOTION TO DISMISS AND IN REPLY TO PLAINTIFF'S OPPOSITION**

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

William A. Scott
Assistant Attorney General, of Counsel
Bar Roll No. 512434
Telephone: (518) 776-2255
Fax: (518) 915-7740 (Not for service of papers)

Date: July 27, 2020

# **Table of Contents**

Preliminary Statement ............................................................................................................... 1

Argument .................................................................................................................................... 3

   **I.  Defendants Have Not Waived Eleventh Amendment Immunity** ..................................... 3
   **II. The Plaintiff Misstates the Claims Asserted and Relief Sought as to Governor Cuomo** ................................................................................................................................................ 7
   **III. Plaintiff Fails to Dispute that an Obey the Law Injunction is Improper** ...................... 8
   **IV. Supplemental Jurisdiction Does Not Protect the Plaintiff's Request for Declaratory Relief** .................................................................................................................................... 8

Conclusion .................................................................................................................................. 9

# **Table of Authorities**

Cases

*995 Fifth Ave. Assoc. v. New York State Dep't of Taxation and Fin.*, 963 F.2d 503 (2d Cir. 1992) ............................................................................................................................................ 4

*Ames v. New York Dept. of Corrections and Community Supervision*, 2015 WL 4126326 (N.D.N.Y. 2015) ......................................................................................................................... 3

*Beaulieu v. Vermont*, 807 F.3d 478 (2d Cir. 2015) .................................................................. 5, 6

*Board of Regents of University of Wisconsin System v. Phoenix Intern. Software*, 653 F.3d 448 (7th Cir. 2011) ............................................................................................................................. 4

*Chapel Farm Estates, Inc. v. Moerdler*, 2003 U.S. Dist. LEXIS 14593 (S.D.N.Y. Aug. 22, 2003) ............................................................................................................................................ 9

*Cosby v. LaValley*, 2015 WL 13843440 (N.D.N.Y. 2015) ............................................................ 3

*Gulino v. Board of Education of the City School District of the City of New York*, 2016 WL 7320775 (S.D.N.Y. 2016) .......................................................................................................... 4

*In re Charter Oak Associates*, 361 F.3d 760 (2d Cir. 2004) ........................................................ 3

*Lapides v. Bd. of Regents of Univ. Sys. Of Gerogia*, 535 U.S. 613 (2002) .................................... 4

*McKenzie v. Gibson*, 2008 WL 3914837 (S.D.N.Y. 2008) ........................................................... 3

*Mohegan Tribe v. State of Conn.*, 528 F.Supp. 1359 (D.Conn. 1982) ........................................ 3

*Pazamickas v. New York State Office of Mental Retardation and Dev. Disabilities*, 963 F.Supp. 190 (N.D.N.Y. 1997) ................................................................................................................. 3

*Richman v. Pediatric Service Group*, 222 F.Supp.2d 207 (N.D.N.Y. 2002) ................................ 3

*Seitz v. New York State*, 2019 WL 4805257 (E.D.N.Y. 2019) ...................................................... 8

*United Specialty Ins. Co. v. Jonak*, 756 Fed.Appx. 766 (9th Cir. 2019) ........................................ 5

*Ward v. Thomas*, 207 F.3d 114 (2d Cir. 2000) ........................................................................... 9

Statutes

28 U.S.C. §2201(a) ........................................................................................................................ 9

**Preliminary Statement**

Plaintiff has failed to present any meritorious opposition to Defendants New York State Department of Financial Services[1] ("DFS") and Governor Andrew Cuomo's (collectively "Defendants") motion to dismiss. Instead, the Plaintiff presents a revisionist, and inaccurate, statement of the case, and citations to cases that do not support their purported defenses to the current motion.

While implicitly acknowledging that the Defendants are entitled to Eleventh Amendment immunity, Plaintiff argues that Defendants waived that immunity by appearing and defending this litigation. Plaintiff is wrong. Defendants have not waived their Eleventh Amendment immunity, nor does the case law cited by the Plaintiff support such a waiver. Similarly, the Plaintiff's argument that constitutional immunity could be waived by not responding to the Plaintiff's withdrawal of claims that are barred by said immunity, is so bereft of merit that it barely warrants comment. [Dkt. 219 at pg. 10].

The Plaintiff's invocation of *Ex parte Young* is also misplaced. Plaintiff's argument is based upon an inaccurate depiction of the issues in this case and the relief Plaintiff seeks. As set forth in Defendants' opening motion papers and in Defendants' opposition to the Plaintiff's motion for a preliminary injunction, the claims here concern only past actions. Specifically, the Plaintiff's First Amendment and State Constitutional claims, the only claims remaining as to Defendants, challenges the press releases and "backroom exhortations" that supposedly occurred in the past. Unlike the Plaintiff's opposition papers, the Second Amendment Complaint's First Amendment claim relies

---

1 As with the underlying motion, references to DFS should also be read to include Linda Lacewell, in her official capacity as Superintendent of Financial Services for the State of New York together with the New York State Department of Financial Services.

1

exclusively on past conduct.  Therefore, the only possible prospective relief available is an obey the law injunction, which is improper.  Because the Second Amended Complaint fails to assert a basis for valid prospective relief, *Ex parte Young* is not applicable.

The Plaintiff's reliance on supplemental jurisdiction is similarly misplaced.  The Plaintiff's claim for declaratory relief is barred by the Eleventh Amendment.  Additionally, and as set forth in Defendants' opening motion papers, that request for relief does not provide the Court with an independent basis for jurisdiction and, upon dismissal of Plaintiff's remaining claims against DFS, its claim for declaratory relief must also be dismissed.

**Argument**

**I. Defendants Have Not Waived Eleventh Amendment Immunity**

"Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit." *Cosby v. LaValley*, 2015 WL 13843440, *4 (N.D.N.Y. Nov. 16, 2015). Absent an express waiver of immunity, a state may assert its sovereign immunity at any point in a proceeding. *See McKenzie v. Gibson*, 2008 WL 3914837, *4 (S.D.N.Y. Aug. 25, 2008); *see also Richman v. Pediatric Service Group*, 222 F.Supp.2d 207, 209 (N.D.N.Y. 2002) (citing *Pazamickas v. New York State Office of Mental Retardation and Dev. Disabilities*, 963 F.Supp. 190, 196 [N.D.N.Y. 1997]). Because of the "vital role of the doctrine of sovereign immunity in our federal system[,]" waiver will only be found where it is "unequivocally expressed." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).

Waiver by litigation conduct, as argued by the Plaintiff, will only be found "to avoid inconsistency, anomaly, and unfairness." *In re Charter Oak Associates*, 361 F.3d 760, 767 (2d Cir. 2004); *see also Ames v. New York Dept. of Corrections and Community Supervision*, 2015 WL 4126326, *12 (N.D.N.Y. March 24, 2015). This waiver is not established by a state appearing in the matter and defending it on the merits. *Mohegan Tribe v. State of Conn.*, 528 F.Supp. 1359, 1366-1367 (D.Conn. 1982). "[T]he crucial considerations are the voluntariness of the state's choice of forum and the functional consequences of that choice." *Id.*

Contrary to the Plaintiff's argument, the question does not turn on how a state defends the claims asserted against it. Instead the waiver is dependent "on whether the state has made a voluntary change in behavior that demonstrates it is no longer defending the lawsuit and is instead taking advantage of the federal forum." *Board of Regents of University of Wisconsin System v.*

3

*Phoenix Intern. Software*, 653 F.3d 448, 462 (7th Cir. 2011); *see also Gulino v. Board of Education of the City School District of the City of New York*, 2016 WL 7320775, *7 (S.D.N.Y. July 18, 2016) (noting that "it is the actual intervention in the case as a willful actor taking advantage of the federal forum that triggers the waiver of immunity.")

The Plaintiff misleadingly cites to several, easily distinguishable cases, for the proposition that "New York's immunity [is] waived through its participation in the lawsuit." [Dkt. 219 at pg. 9 fn. 12]. The Plaintiff cites to *995 Fifth Ave. Assoc. v. New York State Dep't of Taxation and Fin.* in support of the position that mere appearance and defense of the litigation somehow waives Eleventh Amendment immunity. [Dkt. 219 at pg. 9 fn. 12]. Plaintiff omits from its discussion of *Fifth Ave.* that the State of New York filed an affirmative claim with the Bankruptcy Court, thereby invoking that court's jurisdiction. *995 Fifth Ave. Assoc. v. New York State Dep't of Taxation and Fin.*, 963 F.2d 503, 509 (2d Cir. 1992).

The Plaintiff's citations to *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, and *United Specialty Ins. Co. v. Jonak*, are similarly deficient and distinguishable. As in *Fifth Ave.*, the state defendant in *Lapides* did not merely appear and defend the claims against it, but instead sought to remove the matter from state court to a federal district court. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 616 (2002). The Supreme Court held that the state defendant could not simultaneously invoke the court's jurisdiction and assert sovereign immunity. *Id.* at 618-19. It was this voluntary invocation of the district court's jurisdiction that resulted in a waiver of sovereign immunity, not, as the Plaintiff's state, the mere appearance and defense of the matter. *Id*.

Similarly, in *United Specialty*, also cited by Plaintiff, the State of Oregon specifically moved to intervene in an action between two non-state entities. *United Specialty Ins. Co. v. Jonak*, 756

4

Fed.Appx. 766, 767 (9th Cir. 2019). Again, the determinative factor was not that Oregon appeared and defended claims against it, but that Oregon affirmatively sought out the federal court's jurisdiction. *Id.* at 768. The Ninth Circuit merely recognized that a state cannot voluntarily seek party status and also assert Eleventh Amendment immunity. *Id.*

The Defendants in this matter have steadfastly opposed the NRA's baseless claims and have regularly asserted Eleventh Amendment immunity in both motions and in the Defendants' Answer. [Dkt. 59 at pg. 55; Dkt. 63-1 at pg. 4, 6-7]. When previously presented with this argument the Plaintiff conceded that Eleventh Amendment immunity applied to DFS and implicitly acknowledges its application by way of its current opposition. [Dkt. 69 at pg. 31-32].[2] The history of this case does not exhibit an explicit waiver of Eleventh Amendment immunity, nor an attempt to invoke federal jurisdiction. Because there is no "unequivocally expressed" waiver, Defendants are entitled to Eleventh Amendment immunity on the claims against DFS and Governor Cuomo in his official capacity.

The Plaintiff further argues that if Eleventh Amendment immunity applies, given the current state of discovery, equity mitigates against granting Eleventh Amendment immunity. The Second Circuit has found that a state defendant did not waive Eleventh Amendment immunity in circumstances where a state had not only failed to assert the immunity at all in prior motion practice, but had also affirmatively stated that it would not assert Eleventh Amendment immunity. *See Beaulieu v. Vermont*, 807 F.3d 478, 491 (2d Cir. 2015). In *Beaulieu* the State of Vermont failed to raise Eleventh Amendment immunity in its initial motion to dismiss and failed to assert sovereign

---

[2] The Plaintiff also makes the thoroughly nonsensical argument that its statement that "[s]hould DFS additionally choose not to waive sovereign immunity…" required some further response from the Defendants. [Dkt. 219 at pg. 10]. Even if this spurious argument had any merit, the Plaintiff also acknowledges that the Defendants *did not*

5

immunity in its answer. *Id*. at 482. During the course of litigation, Vermont also affirmatively represented that it did not intend to assert Eleventh Amendment immunity. *Id*. It was not until two years into the litigation that the state finally asserted sovereign immunity as a defense. *Id*. The Second Circuit nonetheless found that Vermont had not waived Eleventh Amendment immunity. *Id*. at 491. The Court held that "earlier invocation of Vermont's immunity might have resulted in earlier dismissal, sparing Plaintiffs some burden and expense. But there is no record of duplicitous conduct by Defendants or of serious unfairness to Plaintiffs resulting from the tardy invocation of immunity." *Id.*

The circumstances of this case are certainly less drastic than those presented in *Beaulieu*, as the Defendants have regularly asserted Eleventh Amendment immunity. Further, the unreasonable scope and expense of discovery in this case is a creature of the Plaintiff's creation and it cannot now be heard to complain about the consequences of its own unreasonable actions.[3] This is particularly true where, as here, the Plaintiff opposed the Defendants' request to stay discovery so as to limit the costs to all parties while this motion is pending. The Plaintiff cannot reasonably argue out of one side of its mouth that the cost of discovery is too high, while arguing out the other against measures to limit those costs. There is no equitable basis for the Court to determine that the Defendants waived a constitutional immunity, which they have regularly asserted.

---

affirmatively waive sovereign immunity, rendering the opposition to the Defendants' argument particularly meritless. [Dkt. 219 at pg. 10].

[3] Of note, Plaintiff's own dilatory tactics in amending its complaint, for the second time, have resulted in the case's current posture.

## II. The Plaintiff Misstates the Claims Asserted and Relief Sought as to Governor Cuomo

Despite the clear language of the Second Amended Complaint, the Plaintiff claims that Governor Cuomo is not entitled to absolute immunity because the Plaintiff is seeking prospective relief. However, the Plaintiff cannot escape its own framing of the case. There is no allegation in the Second Amended Complaint that describes any ongoing conduct by the Governor that could form the basis for any injunctive relief. Though the Plaintiff attempts to rely upon a single sentence in its Second Amended Complaint, it fails to acknowledge any actual claims levied against the Governor.

As has been repeatedly pointed out, the only allegations against Governor Cuomo relate to purported past conduct associated with press releases issued in 2018. In this Court's recent Order denying the Plaintiff's request for a preliminary injunction, the Court itself notes that the Plaintiff's claims are premised upon actions that took place in 2018. [Dkt. 218 at pg. 2-3].[4] The Plaintiff's current argument is yet another example of its attempt to obfuscate the nature of its pleadings by referring to "Defendants" without any attempt to identify specific conduct. The Plaintiff fails to allege any ongoing conduct by the Governor that can form the basis for prospective injunctive relief. Even the framing of its request for injunctive relief, as outlined in the Defendants' underlying motion and below, seeks nothing more than an obey the law injunction.

The Second Amended Complaint fails to allege facts to support a proper request for prospective injunctive relief as to Governor Cuomo. Plaintiff cannot rely on its improper request for injunctive relief as a basis to subject the Governor, in his official capacity, to suit.

---

4 To the extent that the Plaintiff relies upon the DFS enforcement action against the NRA as an ongoing act of the "Defendants," the court also found that "there is no claim before the Court that the enforcement action against the

### III. Plaintiff Fails to Dispute that an Obey the Law Injunction is Improper

The Plaintiff provides no authority for the position that an obey the law injunction, such as that requested here, is an appropriate item for relief. Instead, the Plaintiff again attempts to mischaracterize its own pleading and request for relief. The Plaintiff quotes its request for relief while ignoring that its request asks the Court to do nothing more than issue an order directing the Defendants to stop violating the Plaintiff's First Amendment rights. [Dkt. 219 at pg. 14]. In other words, an obey the law injunction.

As with its other arguments, the Plaintiff's citations to legal authority on this issue fail to support its defense. The Plaintiff relies primarily on *Seitz v. New York State* in support of its erroneous argument. *Seitz v. New York State*, 2019 WL 4805257 (E.D.N.Y. Sept. 30, 2019). In *Seitz*, a Title VII case, the plaintiff specifically alleged that she was still employed by the defendants to establish a continuing violation. *Id*. at 7. The plaintiff further made specific allegations that harassing and retaliatory behavior continued after the commencement of litigation and attributed that behavior to particular defendants. *Id*.

No such allegations exist in this case. The Plaintiff pointedly refuses to make any allegations, particularized or otherwise, against Governor Cuomo or DFS regarding ongoing conduct. Instead, the Plaintiff's claims against the Governor and DFS relate solely to past conduct and the Plaintiff's request for injunctive relief is simply an improper request for an obey the law injunction.

### IV. Supplemental Jurisdiction Does Not Protect the Plaintiff's Request for Declaratory Relief

The Plaintiff argues that the Court should retain jurisdiction over its claim for declaratory relief so long as the Court entertains the Plaintiff's allegations of State Constitutional claims.

---

NRA supports its speech-based claims." [Dkt. 218 at pg. 15].

However, the Plaintiff's State Constitutional claims against DFS are barred by the Eleventh Amendment and, as such, the Court has no jurisdiction over DFS. In the absence of an independent basis for jurisdiction, the Court cannot continue to entertain the Plaintiff's claim for declaratory relief because 28 U.S.C. §2201(a) provides no independent basis for jurisdiction. *Chapel Farm Estates, Inc. v. Moerdler*, No. 01 Civ. 3601, 2003 U.S. Dist. LEXIS 14593 (S.D.N.Y. Aug. 22, 2003). The Plaintiff presents no legal authority to contradict this proposition, and upon dismissal of the Plaintiff's claims against DFS, the Court must also dismiss the Plaintiff's claim for declaratory relief.

The Plaintiff's cursory dismissal of the *Ward* case on this topic again relies upon the erroneous allegation that they allege a continuing wrong. The Second Amended Compliant presents no claims of an ongoing wrong. In the absence of an alleged ongoing wrong, the Second Circuit's holding in *Ward* stands unchallenged and the Plaintiff's claim for declaratory relief is barred by the Eleventh Amendment and must be dismissed. *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000) (a declaration stating that a state has violated the law in the past is barred by the Eleventh Amendment).

## **Conclusion**

As set forth above and in the underlying motion papers, the Plaintiff's claims against DFS and Superintendent Lacewell must be dismissed in their entirety; Plaintiff's claim for injunctive relief against Governor Cuomo must also be dismissed, along with all claims against the Governor in his official capacity; together with such other and further relief as the Court deems proper and necessary.

Dated: Albany, New York
July 27, 2020

                                         LETITIA JAMES
                                         Attorney General of the State of New York
                                         Attorney for Defendants
                                         The Capitol
                                         Albany, New York  12224-0341
                                         By: s / *William A. Scott*
                                         William A. Scott
                                         Assistant Attorney General, of Counsel
                                         Bar Roll No. 512434
                                         Telephone:  (518) 776-2255
                                         Email: William.Scott@ag.ny.gov

TO:    All Counsel of Record via ECF