```
 1               UNITED STATES DISTRICT COURT

 2               NORTHERN DISTRICT OF NEW YORK

 3   NATIONAL RIFLE ASSOCIATION OF  )

 4   AMERICA,                       )
                                    )
 5          Plaintiff,               )   CASE NO.1:18-CV-566
                                    )
 6      vs.                         )
                                    )
 7   ANDREW CUOMO, et al.,          )
                                    )
 8          Defendants.              )
                                    )
 9
                   TRANSCRIPT OF PROCEEDINGS
10            BEFORE THE HON. CHRISTIAN F. HUMMEL
                  MONDAY, AUGUST 10, 2020
11                   ALBANY, NEW YORK

12

13   FOR THE PLAINTIFF:
         Brewer, Attorneys & Counselors
14       By: Sarah Rogers and Michelle Joanna Martin, Esqs.
         750 Lexington Avenue, 14th Floor
15       New York, New York  10022

16
     FOR THE DEFENDANTS CUOMO and DFS:
17       Office of the New York State Attorney General
         By: William A. Scott, AAG, and Ryan L. Abel, AAG
18       The Capitol
         Albany, New York  12224
19

20   FOR DEFENDANT VULLO:
         EMERY CELLI BRINCKERHOFF, ABADY, WARD & Maazel, LLP
21       By: Andrew G. Celli, Jr., & Debra L. Greenberger, Esqs.
         600 Fifth Avenue, 10th Floor
22       New York, New York  10020

23

24        THERESA J. CASAL, RPR, CRR, CSR
            Federal Official Court Reporter
25             445 Broadway, Room 509
               Albany, New York  12207

              THERESA J. CASAL, RPR, CRR
         UNITED STATES DISTRICT COURT - NDNY
```

1            (Court commenced at 11:01 AM.)
2            THE CLERK:  Today is Monday, August 10, 2020,
3    11:01 AM.  The case is National Rifle Association of America
4    versus Cuomo, et al., docket number 18-CV-566.  Please put
5    your appearances for the record.
6            MS. ROGERS:  Sarah Rogers, with Brewer,
7    Attorneys & Counselors, on behalf of the National Rifle
8    Association.
9            MS. MARTIN:  Michelle Martin, on behalf of
10   National Rifle Association, from Brewer, Attorneys &
11   Counselors.
12           MR. SCOTT:  William Scott, New York State Office
13   of the Attorney General, for defendants Cuomo and DFS.
14           MR. ABEL:  Ryan Abel, from the Office of the New
15   York State Attorney General, here on behalf of defendants
16   Cuomo and DFS.
17           MR. CELLI:  Andrew Celli, from Emery Celli
18   Brinckerhoff, Abady, Ward & Maazel, for defendant Maria
19   Vullo.
20           MS. GREENBERGER:  Debbie Greenberger for defendant
21   Maria Vullo.
22           THE COURT:  Again, good morning to all counsel.  I
23   scheduled this conference this morning because the
24   plaintiff, Miss Martin, filed a letter, which is docket
25   number 236, which was filed on July 31st of 2020, in which

 1  the plaintiff indicates they wish to make a motion, among
 2  other things, to compel third-party Everytown to comply with
 3  a subpoena and also to make a motion for the issuance of
 4  Letters of Request for International Judicial Assistance to
 5  compel the production of documents and to take certain
 6  depositions involving Lloyds of London; 23-page document
 7  having been filed on July 31st of 2020.
 8          Docket number 239 is a letter filed by defendant
 9  Cuomo, by Mr. Scott, indicating opposition to that
10  request, which was filed on August 7th of 2020; and docket
11  number 240 is a letter filed on behalf of Ms. Vullo, by
12  Ms. Greenberger, indicating her opposition to the request as
13  well.
14          Let me just clarify a couple things for you, then
15  I'll hear from counsel.
16          Number one, with respect to the earlier order I
17  issued at docket 234, the order specifically provides that
18  it stays discovery between the parties by its terms, and by
19  my intention, it was not intended to affect discovery
20  involving nonparties to this matter.
21          And number two, one of the concerns raised by
22  Ms. Greenberger and Mr. Scott is there are a number of
23  motions pending in front of Judge McAvoy which may affect
24  the scope of the issues in this case, and in Ms. Vullo's
25  case, if successful, may result in the entirety of the

1  action being dismissed against her.

2  All defense counsel have raised an objection and a
3  concern about conducting discovery while those motions are
4  pending.

5  To the extent that the Court let's the NRA file
6  this motion, it's my expectation, given that motions are
7  decided in the order in which they are filed, that that
8  motion will not be reached until after Judge McAvoy has made
9  a decision on Mr. Scott's motion to reconsider the issue of
10  the scope of discovery in this matter, as well as the
11  pending partial motion to dismiss filed by defendant Cuomo,
12  as well as a motion filed by the Emery firm on behalf of
13  Miss Vullo seeking to dismiss this action in its entirety
14  based upon, among other things, the issue of immunity.

15  So, given that sort of prelude, Ms. Martin and
16  Ms. Rogers, I presume you folks want me to give you a
17  briefing schedule so you can file this motion.

18  MS. ROGERS:  We do, your Honor.  And I will only
19  note that although the Court is obviously at liberty to
20  decide motions in the manner the Court feels most efficient,
21  at least one of the motions we're filing, the Everytown
22  motion, should not depend, even if defendants prevail on
23  their motion to reconsider, Judge McAvoy's granting our
24  appeal of the prior motion to compel ruling.  It is beyond
25  question whether or not that motion prevails we are entitled

1  to documents that would reflect the -- regardless of whether
2  that motion to reconsider prevails, we obviously think
3  because it is a motion to reconsider, presumptively it won't
4  prevail, it has to meet a very high standard, we will still
5  be entitled, no matter what, to discovery of documents that
6  reflect defendant's Second Amendment viewpoint animus, if
7  any.  That is the loadstar of relevance for the First
8  Amendment retaliation claim, regardless of whether the
9  selective enforcement claims come in, regardless of whether
10 Judge McAvoy's grant of our appeal is sustained, we're
11 entitled to that.
12              And discovery is documents held by Everytown or
13 documents that reflect interactions between defendants and
14 Everytown are almost, per se, probative of Second
15 Amendment --
16                   (Court reporter interrupted.)
17              MS. ROGERS:  So, let me try this a bit more
18 slowly.  So documents possessed by Everytown that concern
19 the subject matter of this case or that reflect
20 communications, interaction, collaboration between Everytown
21 and defendants with regard to the subject matter of this
22 case are almost, per se, relevant, irrespective of how some
23 of these pending motions are resolved, because the issue of
24 Second Amendment viewpoint animus by the New York State
25 Government is going to come in pretty much no matter what.

1  I mean, those First Amendment retaliation claims, for
2  example, against Governor Cuomo, are not even the subject of
3  pending motions and they were in the case even before Judge
4  McAvoy granted our prior appeal, which is now the subject of
5  the motion for reconsideration.
6        So, all of this is my way of saying that we would
7  respectfully request that, you know, if and when we file
8  these motions, that at the very least it be -- Everytown
9  motion be that the Court consider deciding it promptly.
10       The other point I would make about the Hague
11 motion, Letters Rogatory, this isn't a motion to compel,
12 this is a threshold motion we have to make just to serve our
13 discovery because the Hague process is so protracted, so
14 just to get these subpoenas into the hands of their targets,
15 we have to make this motion.  And we made it for the first
16 time almost a full year ago, in August 2019, and it was
17 fully briefed, defendants made many of the same objections
18 they're making now and the Court said we're denying this
19 only without -- you know, without prejudice to renewal if
20 Judge McAvoy grants the appeal, which Judge McAvoy granted.
21       So what I would suggest and propose to the Court
22 is that just to try to keep the case moving, this threshold
23 step of getting the Letters Rogatory out, that this be --
24 and we would set this forth more fully in our papers, but if
25 and when the discovery scope of the case changes, if

1  defendants prevail on some of their pending motions, once
2  we're meeting and conferring and agreeing on the scope of a
3  deposition, scope of a document production, those rulings
4  can come into play.
5           But what we're afraid of is that we will delay
6  months and months just serving the subpoena on the offshore
7  entities and that if defendants don't prevail on each and
8  every one of their pending motions, discovery would have
9  been unnecessarily protracted in the case for no reason.
10          THE COURT:  All right.  Mr. Scott, do you wish to
11 be heard with respect to the issue?
12          MR. SCOTT:  Only briefly, your Honor.  This is
13 William Scott from the New York State Attorney General's
14 Office.
15          I won't belabor the relevancy and sort of the
16 merits of these different discovery requests because if the
17 Court is going to set a briefing schedule, we'll address it
18 there.  I will note, as I do in my letter, it seems unlikely
19 to me that a nongovernmental entity has relevant documents
20 in a case where the allegations relate to the Governor's
21 supposed threats to insurance or banking industries that did
22 business with the NRA, so it seems unlikely that's gonna be
23 a probative area of inquiry.  But if we're gonna have motion
24 practice on that, we can address it there.
25          As far as the scheduling of things, I mean that's

1  certainly the Court's discretion and I won't infringe upon

2  that, but as it relates to the Lloyd's documents in

3  particular, in particular to the Hague, I think we are

4  talking about walking down a road for potentially completely

5  irrelevant documents and engaging in a process that, as

6  counsel notes, could be very protracted for very little

7  purpose.

8         But I'll defer to the Court on its motion

9  scheduling and the manner in which it decides to determine

10 those motions, and we can address the merits of those

11 requests which we think would be deficient in any subsequent

12 briefing.

13         THE COURT:  Miss Greenberger or Mr. Celli.

14         MR. CELLI:  Good morning, your Honor, it's Andrew

15 Celli.

16         THE COURT:  Good morning.

17         MR. CELLI:  So, on behalf of Maria Vullo, we

18 strongly oppose the grant of permission to begin to litigate

19 at a time when, under Supreme Court precedents, Miss Vullo

20 is entitled to the repose of her motion to dismiss the case

21 on grounds of immunity; that is the whole purpose of both

22 qualified and absolute immunity.  And we understand that the

23 Court envisioned when it entered into its limited stay order

24 that there might be some third-party discovery.  We'd note

25 that we wanted a much longer stay period, that Your Honor

1  did not agree with that, but we understand that Your Honor
2  envisioned the idea of their being some third-party
3  discovery, but there ought not be because that,
4  definitionally, will involve our client.  And under the
5  Supreme Court precedent and Second Circuit case law that
6  talks about immunity from suit, not just immunity from
7  liability, she should have, on the basis of very well
8  grounded immunity, immunity motions, not have to deal with
9  the litigation in this case.
10             Just to talk for a moment about the Everytown
11 piece of this, Everytown for Gun Safety is the polar
12 opposite, as I understand it, politically from the NRA; they
13 have two totally different points of view.  There's going to
14 be a very substantial amount of litigation between those two
15 parties in connection with this motion, this is not some
16 random third-party that might have a couple of documents.
17 These guys are at war with one another politically, and
18 that's fine, that's the way our system works.  But to
19 embroil our client, the former Superintendent, who is not a
20 sitting member in government, who has very strong immunity
21 grounds for dismissal, in that litigation during a stay
22 period really undermines the whole purpose of the stay.
23             The idea that NRA counsel is suggesting that
24 animus, at least as to Miss Vullo, is relevant no matter
25 what is just not true.  We are seeking to dismiss the First

1    Amendment retaliation complaint, including on the grounds

2    of qualified immunity, saying nothing of the absolute

3    immunity, and if that prevails, there's no case with respect

4    to Ms. Vullo and she will have nothing to do with whatever

5    fight occurs between Everytown and the NRA over these

6    documents.

7               The other thing is that, you know, I will confess

8    that when we looked at Your Honor's order initially when it

9    came down after the last conference, I didn't focus on the

10   idea that it was going to be just a stay between the

11   parties.  And then when this application was made, we

12   obviously looked at it more carefully and saw that clearly

13   that's what Your Honor had written and we expected that's

14   what Your Honor intended.

15              We have lots of things that we would like to

16   litigate, including the fact that the NRA has failed, to

17   this date, to answer interrogatory responses and requests

18   for admissions providing any basis, any factual basis, for

19   their claims against our client.  We'd love to be able to

20   litigate those issues during this interim period, but we

21   understand that there's a stay, that's the whole purpose of

22   the stay in the context of an immunity motion.

23              So we would ask the Court to modify its stay

24   application, it's only 60 days anyways, there would not be

25   any great efficiency lost; in fact, I think it would be

1  inefficient to litigate the motion with Everytown at a time
2  when we don't know if Miss Vullo is going to be a defendant
3  in the case.  If she is a defendant in the case after the
4  immunity motion is decided, the scope of the claims against
5  her are still very much in question and we're gonna have to
6  do this whole thing over again, if we get to that point.
7           So, on those grounds, we would ask that Your Honor
8  deny the application for the filing of the motion to compel.
9           As for the Letters Rogatory, it's the same issue,
10 just not quite as pointed, it's a third-party discovery, we
11 think that should be excluded as well.
12          THE COURT:  All right.  Thank you, Mr. Celli, sir.
13          I am gonna do two things:  Number one, I am gonna
14 set a schedule, let the NRA make their motion, but I want to
15 make it clear to you, Ms. Rogers and Miss Martin, these
16 motions are not gonna get decided until after Judge McAvoy
17 decides the two pending motions -- one for -- partially to
18 dismiss, and the other one filed by Ms. Vullo.  We decide
19 motions in the order in which they're filed here in the
20 Northern District, and that's my anticipation of what's
21 going to happen here.
22          But if you would like to file these motions,
23 Miss Rogers and Miss Martin, tell me when you want to file
24 your motions.
25          MS. ROGERS:  Thank you, your Honor.  In light of

1   the Court's guidance that the motions won't be decided until
2   after certain pending motions are decided, we'd still like
3   to file them, perhaps we can file both of them this coming
4   Friday.
5           THE COURT:  If you'd like more time, Ms. Rogers
6   and Miss Martin, I'm happy to give it to you, but it makes
7   sense to file them at this time, because as soon as your
8   motions get in the queue to be decided, it would be my
9   recommendation that you file these, and then if Judge McAvoy
10  denies one or both of the motions, then you're already in
11  line to get your cases decided.
12          MS. ROGERS:  That makes sense.  I think this
13  coming Friday works for both motions.
14          THE COURT:  Miss Martin, I assume you're doing
15  this motion, does this Friday give you enough time?  I
16  worked in a law firm, Miss Martin, I understand how these
17  things work.  Ms. Martin, if I gave you -- I will give you
18  until the 17th, Ms. Martin, because it's the summertime.
19          MS. MARTIN:  Thank you, your Honor.
20          THE COURT:  Mr. Scott and Mr. Abel, when do you
21  want to file your response?
22          MR. SCOTT:  Your Honor, without seeing the
23  substantive motion papers, it's hard to say, but I know
24  Mr. Abel has a trial coming up with Judge D'Agostino and the
25  back of the month is busy, so if we could get at least two,

three weeks at least, that would be helpful.  And also, we're not sure what Everytown's response will be either, but I think two to three weeks would be helpful.

THE COURT:  Mr. Celli, if I give you and Ms. Greenberger the same time, until September 7th, to file your response, does that work?

MR. CELLI:  That would be fine, your Honor.  And if I may -- I'll let Your Honor finish the schedule issue, but --

THE COURT:  Go ahead, Mr. Celli.  Go ahead.

MR. CELLI:  Well, I'm just, you know, reacting in real time here.  To the extent that Your Honor is telling us -- and this is helpful for us to know -- that this is really a question of getting into the queue -- we do have this privilege motion that we want very much to file because privilege has been asserted in response to the key interrogatory question about their factual basis against Ms. Vullo, they are claiming a privilege which makes no sense, we'd love to have that issue resolved.  And without getting ahead of the client, you know, I have to speak to, I just wanted to say that I hope Your Honor will look favorably upon the idea that if we determine that it makes sense to make a narrow motion on that privilege question during this 60-day period to get the matter in the queue, as you say, then it will be given the same kind of treatment

1  that the NRA's application has been given.

2  THE COURT: Yeah.  Mr. Celli, sir, to the extent
3  you want to file that sort of motion, just send me a letter
4  and I'll give you a briefing schedule to file it.  The only
5  benefit, as I said, it gets you in the queue and moves your
6  matter forward to getting discovered -- or decided, excuse
7  me.

8  MR. CELLI: Our issue is we hope to have the next
9  60 days off, it looks like we are not gonna have that, we
10  understand and are not arguing with the Court, now I'm just
11  thinking ahead, there are some things we can do to clear out
12  some of the underbrush here and get in the queue, as you
13  say, so that's helpful.

14  THE COURT: Again, Mr. Celli, if you decide you
15  want, to use your phrase, to clear out the underbrush, send
16  me a letter and I'll set a briefing schedule for you.

17  MR. CELLI: Thank you, sir.

18  THE COURT: Miss Rogers and Miss Martin, other
19  than tell you to be safe and well, anything else you want to
20  talk about this morning?

21  MS. ROGERS: No, your Honor.  Obviously, we oppose
22  the third-party discovery to begin with, so if defendants
23  are engaging in or proposing discovery motion to clear out
24  underbrush, we're happy to do that as well and we will await
25  defendant's letter.

*THERESA J. CASAL, RPR, CRR*
*UNITED STATES DISTRICT COURT - NDNY*

*NRA v. Cuomo, et al. - 18-CV-566*

1  THE COURT: All right. Mr. Scott, Mr. Abel,
2  anything else you want to talk about this morning?
3  MR. SCOTT: Nothing further, your Honor.
4  THE COURT: Mr. Celli, Miss Greenberger, anything
5  else I can do for you folks?
6  MR. CELLI: No, sir. Thank you so much.
7  MS. GREENBERGER: Thank you, your Honor.
8  THE COURT: You folks be well. We'll be in touch
9  with you. You folks have a nice week.
10  MS. ROGERS: Thank you, your Honor.
11  (This matter adjourned at 11:21 AM.)
12  - - - - -

```
 1            CERTIFICATION OF OFFICIAL REPORTER

 2

 3

 4        I, THERESA J. CASAL, RPR, CRR, CSR, Official

 5   Realtime Court Reporter, in and for the United States

 6   District Court for the Northern District of New York, do

 7   hereby certify that pursuant to Section 753, Title 28,

 8   United States Code, that the foregoing is a true and correct

 9   transcript of the stenographically reported proceedings held

10   in the above-entitled matter and that the transcript page

11   format is in conformance with the regulations of the

12   Judicial Conference of the United States.

13

14           Dated this 14th day of August, 2020.

15

16        /s/ THERESA J. CASAL

17        THERESA J. CASAL, RPR, CRR, CSR

18        FEDERAL OFFICIAL COURT REPORTER
```

*THERESA J. CASAL, RPR, CRR*
*UNITED STATES DISTRICT COURT – NDNY*