## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **NATIONAL RIFLE ASSOCIATION OF AMERICA,** | § § | |
| **Plaintiff,** | § | **CIVIL CASE NO.  18-CV-00566-TJM-** |
| **v.** | § | **CFH** |
| **ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,** | § § § § § § | |
| **Defendants.** | § § § § § | |

## DECLARATION OF MICHELLE J. MARTIN IN SUPPORT OF
## <u>PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS</u>

I, Michelle J. Martin, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.　　I am an associate with the law firm Brewer, Attorneys & Counselors, counsel to the National Rifle Association of America (the "NRA") in the above-captioned action (the "Action"). I submit this declaration in support of the NRA's Motion to Compel ("Motion").

2.　　As counsel for the NRA, I have reviewed pleadings, and other documents related to the Action, and I am familiar with the facts and circumstances of this case.

3.　　On January 25, 2019, the NRA served a notice of intent to take the deposition and request for production of documents of non-party Everytown For Gun Safety ("Everytown") on Defendants New York Governor Andrew Cuomo ("Cuomo"), the New York Department of Financial Services ("DFS") and Maria T. Vullo ("Vullo") by and through their counsel of record. Attached hereto as **Exhibit 1** is a true and correct copy of the NRA's notice of intent dated January 25, 2019.

1

4.      On January 28, 2019, the NRA served a subpoena to testify at a deposition and to produce documents on Everytown (the "Subpoena").  Attached hereto as **Exhibit 2** are true and correct copies of the Subpoena and affidavit of service.

5.      On February 7, 2019, a week after service of the Subpoena, counsel for Everytown and the NRA's former counsel, Stephanie Gase, held a meet-and-confer telephone conference during which counsel for Everytown indicated it would be objecting to the Subpoena.  On February 25, 2019, counsel for Everytown sent a letter to counsel for the NRA listing a series of general, boilerplate objections to the Subpoena (the "Objection Letter"), and stated that it would "not produce, any documents or a witness for deposition in response to the Subpoena."  Attached hereto as **Exhibit 3** is a true and correct copy of the Objection Letter.

6.      In a letter dated June 11, 2019, the NRA addressed each objection and specifically demanded that Everytown produce a privilege log detailing the nature of the documents withheld on the basis of any privilege.  Attached hereto as **Exhibit 4** is a true and correct copy of the June 11, 2019 letter.

7.      On June 21, 2019, Everytown replied to the June 11, 2019 Letter advising that it "stands by all of its February 25 objections" and refused to produce any documents or a privilege log.  Attached hereto as **Exhibit 5** is a true and correct copy of the June 21, 2019 letter.

8.      On March 19, 2020, John Canoni, the NRA's former counsel, and Caroline Zalka of Weil, Gotshal & Manges LLP, counsel for Everytown, conducted a meet-and-confer teleconference during which counsel for Everytown indicated that Everytown was considering producing documents reflecting communications regarding the NRA and NRA endorsed insurance programs with the New York County District Attorney's Office (the "Manhattan DA"), Defendants, Lockton, Chubb, Lloyd's and MetLife Inc., and the insurance departments of the states of Massachusetts, New

Jersey, Washington and California, for the time period beginning January 1, 2017 through December 31, 2018 (the "March 19 Conference").

9.      On June 1, 2020, I participated in a meet and confer teleconference with Caroline Zalka and Jenna Harris, counsel for Everytown. After I sought clarity regarding Everytown's objections for each Request, counsel for Everytown indicated that Everytown would be willing to make a production of limited number of documents discussed during the March 19 Conference.  I informed Everytown of the Court's March 31 Order[1] granting the NRA's appeal of Magistrate Judge Hummel's August 8 Order[2] and indicating broad discovery parameters.

10.     On June 12, 2020, I sent a letter to counsel for Everytown, advising that the discovery in this matter is ongoing and that the Court granted the NRA's motion for leave to replead its selective enforcement claim against Defendant Maria T. Vullo.  Attached hereto as **Exhibit 6** is a true and correct copy of the June 12, 2020 letter.  I also emphasized and clarified that although the NRA looked forward to receiving the documents discussed during the March 19 Conference, it was not waiving its rights to receive the balance of responsive documents; rather, it would be willing to receive a production on a rolling basis.  I asked—again—that Everytown withdraw its improper objections, produce relevant documents, and provide a privilege log of documents withheld on the basis of any privilege.

11.     Everytown's counsel replied on June 19, 2020 justifying Everytown's failure to produce documents by blaming the NRA for refusing to restrict the scope of the Subpoena to the documents discussed with John Canoni, the NRA's former counsel, during the March 19 Conference.  Attached hereto as **Exhibit 7** is a true and correct copy of the June 19, 2020's letter.

---

[1] *See* March 31, 2020 Decision & Order, ECF No. 188 (the "March 31 Order").

[2] *See* August 8, 2019 Memorandum-Decision & Order, ECF No. 121 (the "August 8 Order").

12.     I responded to that letter on June 26, 2020 advising that, considering Everytown's refusal to produce non-privileged documents responsive to the Subpoena and a privilege log, the NRA would seek relief from the Court.  Attached hereto as **Exhibit 8** is a true and correct copy of the June 26, 2020 letter.

13.     In a letter dated July 7, 2020, Everytown's counsel stated that Everytown had agreed to produce a limited number of documents, but failed to produce any.  Attached hereto as **Exhibit 9** is a true and correct copy of the July 7, 2020 letter.

14.     By letter dated July 8, 2020, I reiterated the NRA's request that Everytown produce a privilege log and the documents it had agreed to produce which would resolve a portion of the dispute regarding Everytown's failure to comply with the Subpoena.  Attached hereto as **Exhibit 10** is a true and correct copy of the July 8, 2020 letter.

15.     Having exhausted good faith meet-confer efforts, the NRA requested a conference with the Court in a letter dated July 31, 2020 seeking its assistance in resolving the discovery disputes between the NRA and Everytown.[3]  The Court held a telephone conference regarding the proposed motion on August 10, 2020.  On August 11, 2020, the Court permitted the NRA to file the Motion by August 17, 2020 and ordered that responses be filed by September 7, 2020.[4]

16.     On the eve of the filing deadline for this Motion, Everytown purported to serve a document production that was blatantly deficient, and unaccompanied by privilege log.  Attached hereto as **Exhibit 11** is a true and correct copy of Everytown's August 14, 2020 letter to the NRA accompanying its production.  Indeed, Everytown, purported to produce all communications between itself and Chubb, Lloyd's, MetLife and the insurance regulators in the States of New

---

[3] *See* ECF No. 236.

[4] *See* ECF No. 241.

Jersey and Washington.  However, the production contained no such communications—and it cannot be disputed that communications with the insurance regulator of Washington State occurred.  Indeed, the Washington State Office of the Insurance Commissioner has already provided, to the NRA, copies of communications from Everytown which Everytown requested (to no avail) that Washington State conceal or omit from the public record.  Attached hereto as **Exhibit 12** is a true and correct copy of the final report of the investigation conduct by the State of Washington of the NRA.

17.    Likewise, Everytown has not produced any documents relating to (i) the April 2018 Letters or the April 19 Press Release,[5] (ii) the February 2018 Letter to Lockton,[6] (iii) the Everytown Factsheet,[7] (iv) communications with Defendants relating to Gun Promotion Organizations other than the NRA,[8] (v) documents and communications with regulators in all States other than the State of New York, California, New Jersey, Washington and Massachusetts,[9] (vi) the Chubb, Lloyd's, or Lockton Consent Orders.[10]  In addition, Everytown has produced none of its own internal records responsive to the NRA's Requests.

18.    In response, the NRA requested that Everytown supplement its production to provide, no later than noon EST Monday, August 17, 2020: (i) all remaining, responsive documents omitted from its August 14, 2020 production; (ii) confirm that there are no responsive

---

[5] *See* Ex. 2 at Request No. 1.

[6] *See* Ex. 2 at Request No. 2.  Everytown only produced the February 2018 Letter.

[7] *See* Ex. 2 at Request No. 3.

[8] *See* Ex. 2 at Request No. 5.

[9] *See* Ex. 2 at Request No. 7.  The February 2018 Letter from Everytown to Lockton states that leaders from Moms Demand Action (which is part of Everytown) filed formal complaints in several States, including the States of Virginia and Pennsylvania.  Everytown has not produced any document or communications with regulators in those States.

[10] *See* Ex. 2 at Request No. 8.

documents known to Everytown, and existing within its possession, custody, or control, which have been withheld under any claim of privilege; and (iii) to the extent any documents have been withheld or redacted on grounds of privilege, provide a privilege log.  Attached hereto as **Exhibit 13** is a true and correct copy of the NRA's August 15, 2020 letter to Everytown.  The NRA additionally insisted that Everytown rescind claims of "confidentiality" with respect to any and all communications between itself and government officials.

19.     By letter dated August 17, 2020, counsel for Everytown responded by agreeing to produce select materials omitted from its production which were noted by the NRA,[11] but refusing to comply fully with the Subpoena—relying almost entirely on a purported, never-memorialized agreement or promise by the NRA's former counsel, John Canoni (who ceased to represent the NRA in early April 2020—prior to the meet-and-confer discussions detailed in this Declaration) which purportedly narrowed the scope of the Subpoena.  Attached hereto as **Exhibit 14** is a true and correct copy of such letter.  Further, although Everytown specifically stated in its August 14, 2020 letter that "Everytown is producing: all communications between Everytown and … Lockton, Chubb, Lloyd's and MetLife … concerning the NRA, Carry Guard, NRA-endorsed insurance programs and any purported discussion by Everytown to sever relationships with the NRA from January 1, 2017 to December 31, 2018," counsel for Everytown represented in that August 17, 2020 letter that no such communications exist.

20.     By letter the same day, I responded by reiterating that irrespective of any verbal negotiating position supposedly taken months ago by now-former counsel, the NRA had not

---

[11] Specifically, Everytown represented that it was reviewing its searches relating to documents and communications with New Jersey Department of Banking and Insurance and would produce any responsive documents by Friday August 21, 2020.  In addition, Everytown stated that it would produce what it believes is the final version of a letter that a volunteer submitted to the Washington regulator and re-review its emails related to the Washington Insurance Commissioner and produce any responsive documents by Friday August 21, 2020.

waived and would not waive its right to enforce the subpoena in full.  To avoid motion practice, the NRA requested that Everytown affirm that remaining responsive, nonprivileged documents would be promptly produced.  A couple hours later, I emailed counsel for Everytown, stating that the NRA contested Everytown's confidentiality designations under the Stipulated Confidentiality and Protective Order approved by the Court on April 24, 2020.[12]  Attached hereto as **Exhibit 15** are true and correct copies of the August 17, 2020 letter and August 17, 2020 email.

21.     Everytown continued to refuse to produce the requested documents and requested in an inflammatory letter, also on August 17, 2020, another meet and confer so that the NRA explain—again—why the NRA "needs" the requested documents, and Everytown explain its objections and the burden the requested discovery places on Everytown.  Attached hereto as **Exhibit 16** is a true and correct copy of such letter.

22.     Out of an abundance of good faith, and in the hope that Everytown's eleventh-hour production signaled favorable momentum toward a resolution of the NRA's outstanding document requests, Sarah Rogers, counsel for the NRA advised Everytown's counsel that the NRA would forbear from filing its motion to compel on August 17, 2020 in order to engage in additional meet and confer with Everytown.[13]  Attached hereto as **Exhibit 17** is a true and correct copy of an email dated August 17, 2020 from Ms. Rogers to Ms. Zalka.

23.     On August 18, 2020, Ms. Rogers and I participated in a meet and confer with Ms. Zalka and Ms. Harris, counsel for Everytown.  During the teleconference, Ms. Zalka represented that Everytown conducted a search for the records it agreed to produce from January 1, 2017 to December 31, 2018.  In addition, Ms. Zalka announced that Everytown was "drawing a line"

---

[12] *See* ECF No. 102.

[13] *See* ECF No. 248.

against producing any internal documents, even those which undisputedly reflect communications with Defendants that are squarely relevant to this case.  To justify Everytown's refusal, Ms. Zalka repeatedly cited a nebulous, boilerplate "burden" objection, but apparently Everytown had not taken even preliminary steps to assess whether it would, in fact, be burdensome to gather or produce the documents responsive to the Subpoena.  Indeed, when Ms. Zalka complained repeatedly but vaguely about burden and proportionality, Ms. Rogers repeatedly invited Ms. Zalka to describe the burden imposed—asking if Everytown had done anything to assess the volume of documents, the number of custodians, the nature of the repositories implicated (e.g., electronic or hard-coy), or had made any other basic inquiries that would allow a constructive discussion about reducing or defraying "burden."

24.    The NRA memorialized its positions in a letter to Everytown's counsel dated August 19, 2020.  Attached hereto as **Exhibit 18** is a true and correct copy of such letter.  The NRA explained—once more—why each Request is relevant and proportional to the needs of the case and requested that Everytown confirm whether it would produce the requested documents, and, if Everytown refuses to produce them on grounds of undue burden, explain the burden imposed, no later than close of business on August 20, 2020.

25.    On August 19, 2019, the NRA sought a brief extension of its motion-to-compel deadline.[14]  The Court granted the NRA's request on August 20, 2020 and ordered that the motion to compel be filed by August 27, 2020, and set the response deadline for September 17, 2020, and reply deadline for September 28, 2020.[15]

---

[14] *See* ECF No. 248.

[15] *See* ECF No. 249.

26.     On August 21, 2020, Everytown produced a limited number of documents and communications (fourteen pages) with New Jersey Department of Banking and Insurance and the Washington Insurance Commissioner.  Attached hereto as **Exhibit 19** is a true and correct copy of the letter accompanying Everytown's production.

27.     On August 24, 2020, Ms. Rogers and I participated in another meet and confer with Ms. Zalka and Ms. Harris, counsel for Everytown. During that teleconference, Ms. Zalka stated that Everytown is *not* willing to produce any internal communications relating to or reflecting communications with Defendants and regulators.  In addition, Ms. Rogers asked Everytown's basis for limiting its searches to December 31, 2018.  Ms. Zalka relied—again—on a purported, never-memorialized agreement or promise by the NRA's former counsel, John Canoni.  Nevertheless, Ms. Zalka stated that Everytown would consider extending the temporal scope of the Subpoena to the date it was issued (January 25, 2019).

28.     On August 26, 2020, Ms. Rogers and I participated in another meet and confer with Ms. Zalka and Ms. Harris, counsel for Everytown.  During the teleconference, Ms. Zalka (i) confirmed that Everytown refuses to produce internal records relating to, discussing, or reflecting interactions with Defendants or other regulators; (ii) represented that Everytown has no documents responsive to Requests Nos. 9 and 10 seeking documents and communications relating to the NRA or NRA endorsed insurance products with current or former employees of the NRA and persons formerly and currently serving on the NRA's board of directors; and (iii) advised that Everytown had agreed to rescind its claims of confidentiality for all documents produced on August 14, 2020 and August 21, 2020, and would send a letter confirming such agreement.

29.     On August 27, 2020 (the day of the NRA's motion-to-compel deadline), Everytown's counsel sent a letter to the NRA's counsel confirming that Everytown removed the

confidential designation of the documents in its August 14, 2020 and August 21, 2020 productions and produced additional documents (five pages).  Attached hereto as **Exhibit 20** is a true and correct copy of the August 27, 2020 letter.

30.     Despite the NRA's good faith efforts to resolve the discovery disputes with Everytown without the Court's intervention and considering Everytown's refusal to fully comply with the Subpoena, the NRA now seeks relief from the Court.

31.     Attached hereto as **Exhibit 21** is a true and correct copy of an email from the Manhattan DA to Everytown's litigation director Eric Tirschwell dated September 13, 2017, produced by Everytown on August 14, 2020 and designated by Bates No. EVTWN0000069.

32.     Attached hereto as **Exhibit 22** is a true and correct copy of an email from an individual (whose name and email address were redacted by Everytown) to Eric Tirschwell dated December 4, 2017, produced by Everytown on August 21, 2020 and designated by Bates No. EVTWN0000200.

33.     Attached hereto as **Exhibit 23** is a true and correct copy an email from Everytown President John Feinblatt and Moms Demand Action Shannon Founder Watts to Lockton CEO Steven Eginoire dated February 26, 2018, produced by Everytown on August 14, 2020 and designated by Bates Nos. EVTWN0000021-22.

34.     Attached hereto as **Exhibit 24** is a true and correct copy of an email from Matthew Levine to Eric Tirschwell dated August 6, 2018, produced by Defendants on January 7, 2019.

35.     Attached hereto as **Exhibit 25** is a true and correct copy of an email from Paul Persaud (from Governor Andrew Cuomo's office) to Everytown member Monisha Smith dated January 10, 2019, produced by Everytown on August 27, 2020 and designated by Bates Nos. EVTWN0000209-211.

36.     I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of August 2020.

_/s/ Michelle J. Martin_
Michelle J. Martin