# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
MARISSA BENAVIDES
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER

September 30, 2020

**By ECF**

Hon. Christian F. Hummel
U.S. District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

   Re: *NRA v. Cuomo, et al.*, No. 18 Civ. 0566 (TJM)(CFH)

Dear Judge Hummel:

   Counsel for Defendant Maria Vullo writes pursuant to Local Rule 7.1(b)(2) and in advance of the Court's October 7, 2020 conference concerning the expiration of the current stay of discovery pursuant, to request permission to file a Rule 26 motion for a protective order staying discovery for parties and non-parties in this matter until the Court resolves Ms. Vullo's motion to dismiss. The NRA does not consent to the proposed motion. As set forth below, Defendant Vullo has good cause under Rule 26(c)(1) for the motion.

   As this Court is aware, Defendant Vullo's motion to dismiss all claims against her in this case remains pending before Judge McAvoy. Defendant Vullo's motion seeks to dismiss the case as to her in its entirety, based on various grounds, including meritorious absolute and qualified immunity defenses that neither Your Honor nor Judge McAvoy previously reached. Defendant Vullo initially filed a letter request for a stay of discovery pending the resolution of this motion on July 14, 2020. *See* Dkt. No. 222. After a conference before the Court on the issue, and at the Court's direction, Defendant Vullo filed a supplemental letter motion proposing a 90-day stay of discovery, with the option to brief a further stay if necessary, in lieu of filing a Rule 26 motion at that time. *See* Dkt. No. 228 ("[W]ith a temporary [90-day] stay in place, there would be no need for a formal Rule 26 motion at this time"). This Court granted Defendant Vullo's request for a stay of discovery as to the parties, but limited that stay to 63 days, or September 30, 2020, with a telephone conference to be held at the expiration of the stay. Dkt

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

No. 234.

   As we are now at the September 30 expiration of the stay, Defendant Vullo's basis for seeking a stay of discovery has not changed and the events of the last two months further evidence the need for a stay. Her qualified and absolute immunity claims remain pending before Judge McAvoy; her motion to dismiss would, if granted, dismiss her from the case entirely. Dkt. 211. As we have detailed in prior letters, it is well-settled law that discovery should not be allowed pending the resolution of the threshold question of the defendant's immunity to suit, because one of the purposes of immunity is to spare individuals from pre-trial discovery.[1] Moreover, even during the pendency of the stay of party discovery, Ms. Vullo has not been spared "disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). She has instead had to prepare and submit oppositions to the NRA's motions for third-party discovery to correct the record and counter baseless NRA positions that could affect party discovery.[2] Absent a court determination that her immunity claims are not meritorious—and, to the contrary, Ms. Vullo's grounds for dismissal are well-established—it is inappropriate to subject Ms. Vullo to discovery.

   Accordingly, while we recognized the Court had previously expressed concerns about a continued stay, we submit that the Court should not permit discovery to resume against a defendant who is entitled to immunity without full motion practice on this issue. Moreover, given that the motion to dismiss has been fully briefed since July 27, 2020, a limited extension of the current stay of discovery until the motion is resolved would conserve the Court's and the parties' resources. There are also no discovery matters that are time-sensitive such that a delay in discovery would prejudice Plaintiff. *See McNamee, Lochner, Titus & Williams, P.C. v. Mayorga*, No. 1:13-mc-27, 2013 WL 4520671, at *5 (N.D.N.Y. Aug. 26, 2013) ("Good cause can be shown where, upon the filing of a dispositive motion, the stay is for a modest period of time and not prejudice the opposing party").[3]

   Defendant Vullo respectfully requests the opportunity to discuss her proposed Rule 26 motion for a further stay of discovery at the October 7, 2020 Court conference. The Court's consideration of this request is appreciated.

---

[1] *See, e.g., Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until [the] threshold immunity question is resolved, discovery should not be allowed"); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery"). Immunity serves the important purpose of protecting a defendant from the burdens of litigation, including discovery, to which she may not be properly subject. *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (qualified immunity is "both a defense to liability and a limited entitlement not to stand trial or face the other burdens of litigation" (internal quotation marks omitted)).

[2] In the August 10, 2020 conference, this Court permitted the NRA to file motions concerning third-party discovery but stated that such motions would only be considered, if necessary, after the motions to dismiss are resolved.

[3] Consistent with this Court's September 9, 2020 order, Ms. Vullo is preparing a motion to compel to be filed after September 30, 2020. She is making that motion now solely in the event that this stay request is not granted. Should the stay request be granted, Ms. Vullo agrees to hold that motion in abeyance.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 3

                                            Respectfully submitted,

                                                       /s/

                                            Debra L. Greenberger

c.      All Counsel of Record, *By ECF*