UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NATIONAL RIFLE ASSOCIATION OF AMERICA,

                        *Plaintiff*,

-against-

ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES.

                        *Defendants*.

18-cv-00566 (TJM/CFH)

**MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL EVERYTOWN FOR GUN SAFETY**

                        LETITIA JAMES
                        Attorney General of the State of New York
                        Attorney for Defendants
                        The Capitol
                        Albany, New York 12224-0341

William A. Scott
Assistant Attorney General, of Counsel
Bar Roll No. 512434
Telephone: (518) 776-2255
Fax: (518) 915-7740 (Not for service of papers)          Date: October 1, 2020

## Table of Contents

ARGUMENT ................................................................................................................................. 1

**The Court Should Deny the Plaintiff's Motion to Compel** ....................................................... 1
   *A. Communications Relating to the April 2018 Letters and the April 19 Press Release* ........ 3
   *B. Documents Concerning the Everytown Factsheet* .............................................................. 3
   *C. Everytown Communications Regarding Other Gun Promotion Organizations, Other States and Non-Party New York State Agencies* ...................................................................... 5

Conclusion ..................................................................................................................................... 6

## Table of Authorities

Cases
Members Services, Inc. v. Security Mut. Life Ins., 2007 WL 2907520 (N.D.N.Y. 2007) ............. 1
Neogenix Oncology, Inc. v. Gordon, 2017 WL 1207558 (E.D.N.Y. 2017) ................................... 1
Zanowic v. Reno, 2000 WL 1376251 (S.D.N.Y. 2000) ................................................................. 1

## ARGUMENT

**The Court Should Deny the Plaintiff's Motion to Compel**

The Court is fully familiar with the history of this case and the issues presented, and they will not be restated. A party seeking to compel discovery has the initial burden of establishing the relevancy of the documents sought. *See e.g., Zanowic v. Reno*, 2000 WL 1376251, *6 (S.D.N.Y. 2000). In order to meet this burden, the moving party must "demonstrate at least the possibility of a nexus between the information sought and the claims or defenses of a party." *Members Services, Inc. v. Security Mut. Life Ins.*, 2007 WL 2907520, *4 (N.D.N.Y. 2007). The party seeking discovery must establish that the documents sought are "both relevant and proportional in accordance with Rule 26's over-arching relevancy requirement." *Neogenix Oncology, Inc. v. Gordon*, 2017 WL 1207558, *10 (E.D.N.Y. 2017). The Plaintiff fails to meet this burden in the current motion.

As with the Plaintiff's motion seeking letters rogatory to compel production from non-party Lloyd's of London, the current motion also seeks to compel a non-party, Everytown for Gun Safety ("Everytown"), to produce a large volume of information that has no bearing on this case. Though the Plaintiff's desire to engage in an irrelevant fishing expedition unites the two motions, the current motion is distinguished by the fact that Everytown negotiated a response to the Plaintiff's subpoena and has provided documents in compliance with that agreement. The Plaintiff's submissions on this motion establish that Everytown has already produced documents responsive to the portions of the Plaintiff's subpoena that might be relevant to this case.

This distinction between the Plaintiff's two discovery motions is important as it highlights that the Plaintiff does not wish to engage in discovery that is reasonably tailored to the narrow

1

needs of this case.  As Everytown noted, the Plaintiff's continued refusal to limit their demands to anything even approaching relevance "makes a clear record that you are not interested in dialogue so much as inventing any pretext to rummage through Everytown's files."  Dkt. 251-17.

The Plaintiff's own submissions demonstrate that Everytown negotiated a more limited document production as of March 3, 2020.  Dkt. 251-8.  Everytown agreed to produce, and the Plaintiff agreed to limit its request to, "all documents and communications between Everytown and Defendants, the Manhattan District Attorney's Office, Lockton, Chubb, Lloyd's and MetLife, insurance regulators in the States of Massachusetts, New Jersey, Washington and California, concerning the NRA, Carry Guard, NRA-endorsed insurance programs and any purported discussion by Everytown to sever relationships with the NRA from January 1, 2017 to December 31, 2018."  Dkt. 251-8 at pg. 2; Dkt. 251-10 at pg. 2-3. Though portions of this agreement, particularly as it relates to Everytown's communications with other States, seem to exceed the scope of this litigation, the remainder of the agreement resulted in the production of documents responsive to the small portions of the demands that are arguably relevant to this matter. Dkt. 251-21.  As also established by the Plaintiff's submissions, Everytown has already complied with this limited production agreement.  Dkt. 251-15; 251-20; 251-21.

Unsurprisingly, these documents failed to reveal any nefarious communications involving the Defendants, or, for that matter, any entity.  Dissatisfied with the fact that none of the Everytown documents support its baseless allegations, the Plaintiff seeks to compel the production of wide swaths of irrelevant material.  Though the Plaintiff spends a substantial amount of time complaining about the sufficiency of Everytown's objections,[1] it fails to sufficiently establish the

---

[1] Though the Plaintiff claims that it never received more than boilerplate objections, the Plaintiff's own submissions

2

relevance of its remaining demands.

*A. Communications Relating to the April 2018 Letters and the April 19 Press Release*

First, the Plaintiff seeks communications between Everytown and government officials "relating to the April 2018 Letters and the April 19 Press release." Dkt. 251-7 at pg. 19. As noted above, Everytown already provided the Plaintiff with its communications with the Defendants regarding this topic. It should be noted that these communications amount to nothing more than a copy of the same press release that was published by the Governor. Dkt. 251-26. It is unclear what else the Plaintiff expects to receive on this topic from Everytown, and as it fails to establish the relevance of any further documentation, the Plaintiff's motion must be denied.

*B. Documents Concerning the Everytown Factsheet*

The Plaintiff next seeks, in sum, documents associated with "the Everytown Factsheet," including communications with States other than the State of New York. Dkt. 251-27 at pg. 21. Upon information and belief "the Everytown Factsheet" is either publicly available and/or has already been provided to the Plaintiff. As noted above, Everytown already provided the Plaintiff with its communications with the Defendants. The remainder of the demand seeks documents related to communications with other States, and the Plaintiff presents no argument to establish how those documents have any relevance to this matter.[2] Instead, the breadth of this request, and the Plaintiff's refusal to limit it, serves only to demonstrate that it is attempting to use the discovery process not to obtain documents relevant to this case, but to pry into the records of an

---

belie its arguments. The Plaintiff's submissions demonstrate that Everytown provided substantial objections to the Plaintiff's demands, yet the Plaintiff simply ignored these objections with each new attorney assigned to the file. Dkt. 251-4, 251-6.

[2] The documents provided by Everytown relative to Washington State's own investigation into the Plaintiff's insurance products indicate that Washington independently determined that the Plaintiff's insurance products

3

organization that is ideologically opposed to the Plaintiff.

The Plaintiff's objection to Everytown's response to this demand centers around a claim that a former DFS attorney, Matthew Levine, is adverse to gun rights and an allegation that Everytown somehow directed the DFS investigation in the NRA's illegal insurance products. Dkt. 251-27. The Plaintiff mischaracterizes the documents at issue to bolster its claims. As to Mr. Levine, the reference at issue, which was apparently sent by an attorney from the Manhattan District Attorney's office, characterizes Mr. Levine as a gun control advocate. Dkt. 251-22. Leaving aside that this is a hearsay characterization by a non-party, describing someone as a gun control advocate is not the same as demonstrating viewpoint animus sufficient to form a constitutional claim. As germane to the current motion, it also is not sufficient to allow a party to improperly pry into the records of a nonparty.

Similarly, the Plaintiff argues, without evidence, that these documents are relevant to the claim that Everytown somehow directed or controlled DFS' investigation into the Plaintiff's insurance products, and, as such, should be allowed to ferret through Everytown's records. Despite the Plaintiff's characterization, DFS has repeatedly affirmed to this Court that the subject investigation was triggered by a referral from the Manhattan District Attorney's office. The documents provided by the Plaintiff with this motion support this representation. Indeed, the dearth of direct communication between DFS and Everytown refutes the Plaintiff's conjecture. Further, Everytown itself has disclaimed responsibility for New York's investigation. Dkt. 251-6 at pg. 3. As Everytown has stated:

> [W]e are still baffled by the NRA's asserted basis for seeking all-encompassing document discovery from Everytown. Your letter claims that Everytown

---

violated the laws of that State. Dkt. 251-13.

> 'spearheaded' investigations into the NRA. We have no idea what that means. If it is an accusation that Everytown has somehow coopted the State of New York's law enforcement or regulatory function, the NRA ought to source that accusation to a verified pleading, made under penalty of sanctions. But your letter does not cite the NRA's complaint. Nor could it, because the complaint merely alleges that Everytown notified the authorities of possibly illegal activity by the NRA. Those concerns have been vindicated by the admissions of multiple companies that they broke the law by marketing Carry Guard insurance with the NRA.

Dkt. 251-6 at pg. 3. (internal citations omitted).

*C. Everytown Communications Regarding Other Gun Promotion Organizations, Other States and Non-Party New York State Agencies*

It is not clear why the NRA seeks to obtain documents relating to gun promotion organizations other than the NRA and from government entities other than the Defendants in this case. Dkt. 251-27 at pg. 25-26. It provides no reasonable explanation as to why Everytown's communications, if any, about other gun promotion organizations have anything to do with the issues in this case. The Plaintiff's hypothesis that communications with other government entities or regulators relating to organizations that may or may not include the NRA, is even further attenuated from the circumstances of this case.

Not satisfied with the irrelevance of these demands, the Plaintiff delves even deeper into irrelevancy by seeking documents exchanged with non-New York State Government entities and New York State agencies that are not parties to this case. Dkt. 251-27 at pg. 26-27. What other States did or did not do in response to the Plaintiff's insurance programs has nothing to do with New York's enforcement of its own laws. Indeed, other State's reactions to the Plaintiff's conduct would be governed by that State's own laws regarding insurance products. Similarly, what other state agencies did or did not do with regarding to the NRA's insurance products is also not at issue in this case, nor is this case an opportunity for the NRA to engage in discovery

to try to manufacture more baseless allegations to levy against non-parties. This case is not, nor has it ever been, about how other States or even other New York agencies decided to regulate insurance products in their respective jurisdictions, and the Plaintiff's discovery demands on those issues are of no moment in this case.

## Conclusion

The documents the Plaintiff seeks are unlikely to bolster any of the Plaintiff's claims in this case. From that perspective, the "prejudice" to the Defendants could be said to be nominal. However, as the Court has noted, discovery in this matter has been protracted. As the Defendants have repeatedly stated, the Court, the Defendants and non-parties, should not be burdened with sifting through facially irrelevant documents and demands, only to confirm that those documents are irrelevant.

For the reasons set forth above the Plaintiff's motion must be denied, together with such other and further relief as the Court deems proper and necessary.

Dated: Albany, New York
October 1, 2020

                                        LETITIA JAMES
                                        Attorney General of the State of New York
                                        Attorney for Defendants
                                        The Capitol
                                        Albany, New York  12224-0341
                                        By: s/ *William A. Scott*
                                        William A. Scott
                                        Assistant Attorney General, of Counsel
                                        Bar Roll No. 512434
                                        Telephone:  (518) 776-2255
                                        Email: William.Scott@ag.ny.gov

TO:    All counsel of record via ECF