**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

NATIONAL RIFLE ASSOCIATION OF
AMERICA,

                                  Plaintiff,

         v.                                                    1:18-CV-566
                                                          (TJM/CFH)

ANDREW CUOMO, MARIA T. VULLO, THE NEW
YORK STATE DEPARTMENT OF FINANCIAL
SERVICES,

                                  Defendants.

_____

**APPEARANCES:**                          **OF COUNSEL:**

Brewer Attorneys & Counselors         SARAH ROGERS, ESQ.
750 Lexington Avenue, Floor 14         WILLIAM A. BREWER, III, ESQ.
New York, New York 10022
Attorneys for plaintiff

Office of Attorney General            ADRIENNE J. KERWIN, ESQ.
State of New York                     WILLIAM A. SCOTT, ESQ.
The Capitol                           HELENA O. PEDERSON, ESQ.
Albany, New York 12224                MICHAEL G. MCCARTIN, ESQ.
Attorneys for defendant Andrew
Cuomo, Maria T. Vullo, the New
York State Dept. of Fin. Svcs.

Emery Celli Brinckerhoof & Abady LLO  DEBRA L. GREENBERGER, ESQ.
600 Fifth Avenue, 10th Floor          ELIZABETH S. SAYLOR, ESQ.
New York, New York 10020
Attorneys for defendant Maria T. Vullo

New York State Department of Financial  NATHANIEL J. DORFMAN, ESQ.
Services
One State Street
New York, New York 10004-1511
Attorneys for defendant New York
State Dept. of Fin. Svcs.

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION & ORDER

### I. Background

On October 19, 2020, defendant Maria T. Vullo ("Ms. Vullo") moved for a protective order staying discovery pending a decision on her motion to dismiss plaintiff's Second Amended Complaint. Dkt. No. 303. Defendants Governor Andrew Cuomo ("Mr. Cuomo") and the New York State Department of Financial Services ("DFS") separately filed a motion seeking the same relief relating to their motion to dismiss. Dkt. No. 302. On November 3, 2020, plaintiff National Rifle Association of America ("NRA" or "plaintiff") filed a response in opposition to both motions. Dkt. No. 306. On November 11, 2020, defendants Mr. Cuomo and DFS sought leave to file a reply, and the NRA opposed this request. Dkt. Nos. 308, 309. On November 15, 2020, the Court denied defendants' request to file a reply. Dkt. No. 310. The motions to stay discovery are granted for the reasons that follow.

### II. Discussion[1]

### A. Arguments

---

[1] The Court assumes the parties' familiarity with the procedural history of this case and the underlying claims. It will not restate it here other than as necessary to review the pending motions.

Ms. Vullo argues that a stay of all discovery[2] is warranted because (1) she has raised meritorious absolute and qualified immunity defenses; (2) defendants' motions to dismiss are likely to narrow[3] the scope of discovery, and if her motion is granted, she will be dismissed from the case; and (3) a stay of discovery would be the most efficient use of the Court's and parties' resources. See Dkt. No. 303-1. Similarly, Mr. Cuomo and DFS argue that (1) they have raised meritorious defenses – including an argument that the claims against DFS and Mr. Cuomo (in his official capacity) are barred by Eleventh Amendment immunity – and their partial motion to dismiss is strong, (2) plaintiff would not be prejudiced by a relatively brief stay, and (3) the burden of discovery to defendants and the Court warrants a stay. See Dkt. No. 302-2.

In opposition to the motions, the NRA argues (1) Vullo's immunity defense does not warrant a stay of discovery because she is unlikely to be successful at the pleadings stage; (2) DFS and Cuomo fail to raise substantial arguments for dismissal; (3) defendants will be required to engage in discovery regardless of the outcome of their motions to dismiss; (4) defendants have failed to demonstrate an undue burden; (5) a stay would prejudice the NRA due to "the risk that witnesses' recollections will fade; or that documentary evidence will be misplaced if the matter continues to be

---

[2] Ms. Vullo provides that she requests a stay of "all forms of discovery that may warrant her involvement or impact her position in the case, including both party and non-party discovery. Any discovery in this case necessarily would require Ms. Vullo to participate, thereby undermining the very purpose of the principles of absolute and qualified immunity. Dkt. No. 303-1 at 18. She provides that even during the most recent stay of party discovery, Ms. Vullo was not spared 'disruptive discovery'" as she "had to prepare and submit oppositions to the NRA's motions for third-party discovery to correct the record and counter baseless NRA positions that could affect party discovery." Id.

[3] As Vullo points out, if both motions to dismiss were granted, "[d]iscovery would be narrowed to a single First Amendment claim against Governor Cuomo in his individual capacity." Dkt. No. 303-1 at 6.

delayed"; and (6) a stay would contravene public policy as "the public has a strong interest in learning as soon as possible whether the NRA's allegations are true." Dkt. No. 306 at 7-8, 10, 13-14.[4]

## B. Legal Standards

Fed. R. Civ. P. 26(c) provides that it is entirely within the Court's discretion, where good cause has been shown, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery[.]" FED. R. CIV. P. 26(c)(A). "'This rule is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims.'" Gillard v. Rovelli, No. 9:12-CV-0083 (LEK/CFH), 2013 WL 5503317, at *15 (N.D.N.Y. Sept. 30, 2013) (quoting Dabney v. Maddock, No. 10-CV-0519 (GTS/DEP), 2011 WL 7479164, at *11 (N.D.N.Y. Nov. 29, 2011)). This Court may also control the timing and sequence of discovery pursuant to Rule 26(d). This Court has held,

> [w]hen exercising the discretion conferred under Rule 26(c), in response to a motion to stay discovery during the pendency of a dismissal motion, a court must determine whether the party seeking the stay established the existence of "good cause" for the requested delay. The mere filing of a dismissal motion, without more, does not guaranty entitlement to such a stay.

OMG Fid., Inc. v. Sirius Techs., Inc., 239 F.R.D. 300, 304 (N.D.N.Y. 2006) (internal citations omitted).

---

[4] NRA also seeks attorneys' fees incurred in responding to the motions for a stay. Dkt. No. 306 at 8.

> Factors that courts have considered when determining whether or not
> a stay is appropriate include: (1) whether the defendant has made a
> strong showing that the plaintiff's claim is unmeritorious; (2) the
> breadth of discovery and the burden of responding to it; and (3) the
> risk of unfair prejudice to the party opposing the stay. Courts also may
> take into consideration the nature and complexity of the action,
> whether some or all of the defendants have joined in the request for a
> stay, and the posture or stage of the litigation.

Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y.

2006) (internal citations omitted).[5] However,

> [w]hen a plaintiff files a complaint against a public official alleging a
> claim that requires proof of wrongful motive, the trial court must
> exercise its discretion in a way that protects the substance of the
> qualified immunity defense. It must exercise its discretion so that
> officials are not subjected to unnecessary and burdensome discovery
> or trial proceedings.

Crawford-El v. Britton, 523 U.S. 574, 597-98 (1998). In deciding whether, or how, to

permit discovery in a case that raises the qualified immunity defense, "the judge should

give priority to discovery concerning issues that bear upon the qualified immunity

defense, such as the actions that the official actually took, since that defense should be

resolved as early as possible[.]" Id. at 601. "Ultimately, '[t]he grant and nature of

protection is singularly within the discretion of the district court and may be reversed

only on a clear showing of abuse of discretion . . . .'" Gordon v. Target Corporation, 318

F.R.D. 242, 245 (E.D.N.Y. 2016) (quoting Dove v. Atlantic Capital Corp., 963 F.2d 15,

19 (2d Cir. 1992)).

---

[5] Defendant Vullo argues that this Court "need not and should not opine on the merits of Ms. Vullo's motion to dismiss as those pending motions are before the District Court . . . ." Dkt. No. 303-1 at 10-11.

**C.  Analysis**

DFS and Mr. Cuomo filed a motion to dismiss on June 23, 2020. Dkt. No. 210

Ms. Vullo filed a separate motion to dismiss on June 23, 2020. Dkt. No. 211. Thus, all

defendants have joined in the request for the stay of discovery. See Chesney, 236

F.R.D. at 115. Next, review of Ms. Vullo's absolute and qualified immunity defenses

do not "appear to be without a foundation in law." Reyes v. W.D. Henry & Sons, Inc.,

No. 18-CV-1017V(F), 2019 WL 483318, at *2 (W.D.N.Y. Feb. 7, 2019) ("A stay of

discovery is proper where the pending dispositive motion 'appears to show substantial

grounds' or 'does not appear to be without foundation in law.'") (quoting Steuben

Foods, Inc.  v.Country Gourmet Foods, LLC, 08-CV-561S(F), 2009 WL 3191464, at *3

(W.D.N.Y. Sept. 30, 2009)). Ms. Vullo argues in her motion to dismiss that she is

entitled to absolute prosecutorial immunity for her enforcement actions relating to

Lloyd's, Lockton, and Chubb as it relates to the consent orders because her role in the

administrative enforcement proceedings "is akin to that of a prosecutor: bringing

charges, attempting to negotiate resolutions (i.e. the Consent Orders), and preparing

for trial (DFS hearings) before an adjudicator if a negotiated resolution is not reached."

Dkt. No. 303-1 at 12; Dkt. No. 211-1 at 12-15

Ms. Vullo next argues that she is entitled to qualified immunity because, as to

the selective enforcement claims, (1) "it is not clearly established that the NRA – a

party who notably was not the subject of the enforcement proceedings initiated by Ms.

Vullo against Lockton, Chubb and Lloyd's – can even pursue a selective enforcement

claim against Ms. Vullo at all," and (2) "it is not clearly established that a selective enforcement claim can be based on the NRA's novel theory that DFS's non-firearms violations can form the basis for a claim as to purported comparator entities, which the NRA still has failed to specifically allege (and this latter failure is yet another ground for Ms. Vullo's motion to dismiss)." Dkt. No. 303-1 at 13-15; Dkt. No 211-1 at 27-32. As to the First Amendment retaliation claims, Ms. Vullo contends she is entitled to qualified immunity because "it was objectively reasonable for her to believe that when she engaged in protected – and 'essential' – government speech to 'address matters of public importance' her conduct was lawful – and therefore protected by qualified immunity." Dkt. No. 303-1 at 16; Dkt. No. 21101 at 30-33.

Mr. Cuomo and DFS's pending motions to dismiss have also presented nonfrivolous, seemingly strong claims. Mr. Cuomo and DFS contend: (1) plaintiff is not entitled to injunctive or delcaratory relief against DFS; (2) Mr. Cuomo is not a "person" under 42 U.S.C. § 1983; (3) the Eleventh Amendment bars the state law claims against Mr. Cuomo in his official capacity; and (4) in the alternative, the NRA lacks Article III standing. Dkt. No. 210-1. Balanced against the assessment of defendants' claims is the finding that, based on the undersigned's review, the claims in plaintiff's second amended complaint are not plainly unmeritorious. See Dkt. No. 203. However, as the dispositive motions are not pending before the undersigned, assessment of the merits beyond this initial, cursory review appears inappropriate and premature. Indeed, plaintiff has presented the undersigned with no precedent to support a conclusion that

the Court <u>must</u> find defendants' claim to be entirely unmeritorious in order to grant a stay pending a decision on a motion to dismiss. <u>See</u> <u>generally</u> <u>Spencer Trask Software & Information Servs., LLC v. Rpost Int'l Ltd.</u>, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (declining to "predict the outcome of the motion to dismiss" as it did not yet have the plaintiff's opposition papers, but concluding "at this preliminary stage that defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit."); <u>see</u> <u>also</u> <u>generally</u> <u>New York by James v. Pennsylvania Higher Education Assistance Agency</u>, 19 Civ. 9155 (ER), 2020 WL 605944 (S.D.N.Y. Feb. 7, 2020) ("After reviewing the parties['] briefing on this motion and [the defendant]'s initial briefing on its motion to dismiss, the Court concludes that these arguments are not frivolous and constitute the 'strong showing' necessary to weigh in favor of stay. This decision is bolstered by the Second Circuit's counsel that immunity 'represents not simply a bar on liability but also an entitlement not to stand trial or face the burdens of litigation.'" <u>Edrei v. Maguire</u>, 892 F.3d 525, 532 (2d Cir. 2018)"). Thus, the competing strengths of the parties' arguments is but one factor the Court may consider in reaching its discretionary assessment regarding a stay. As neither plaintiff nor defendants advance as the clear "winner" based on a facial review of the motions to dismiss, the second amended complaint, and the briefing on the motions for protective orders, this factor tips neither in favor of, or against, a stay.

Next, the breadth of discovery in this action is significant – both in sheer volume of material and expense. As pointed out by defendants, there

are several thousands of pages of discovery documents currently before the Court for review, and "DFS's file on its investigation into the NRA alone consisted of over 50,000 documents." Dkt. No. 302-2 at 5. Indeed, the in camera review of discovery required use of a Special Master, at a cost over $50,000. Id. (citing dkt. nos. 179, 198, 224, 247). It can be reasonably expected that the Special Master's services would be required again in this case as it appears likely that in reviewing future discovery requests, the parties will have differing opinions on the privilege status of various documents.

Next, the undersigned addresses prejudice to plaintiff should the stay be granted. The requested stay is for a "modest" period of time as it would be lifted upon the District Judge's decision on the motions to dismiss. See McNamee, Lochner, Titus & Williams, P.C. v. Mayorga, 1:13-mc-27 (GLS/CFH), 2013 WL 4520671, at *5 (N.D.N.Y. Aug. 26, 2013) (citing Spencer Trask Software, 206 F.R.D. at 368). The motions to dismiss were filed in June of this year. Although the undersigned cannot speak to Judge McAvoy's schedule, it would seem unlikely that the motions would remain unaddressed for a significant length of time. Spencer Trask, 206 F.R.D. at 368 (noting, in granting a stay of discovery pending a decision on motion to dismiss, that "the Court intends to decide the motion [to dismiss] expeditiously and thus the stay will neither unnecessarily delay the action nor prejudice the plaintiffs thereby.").

Moreover, even if the undersigned were to deny the stay of discovery, the

practical reality is that a good portion of discovery is tied up due to additional pending motions in this case, including a motion for reconsideration of plaintiff's appeal of the undersigned's decision on plaintiff's motion to compel, dkt. nos. 121, 130, 199, and a renewed motion for issuance of letters rogatory, dkt. no. 246. The renewed motion for issuance of letters rogatory cannot practically be decided until a decision on the motion for reconsideration, as if Judge McAvoy were to grant the motion for reconsideration, such a result would impact the renewed motion. Although the undersigned is not unsympathetic to the fact that the process for requesting letters rogatory/letters of request may be lengthy, and that plaintiff is eager to begin that process, that factor alone does not warrant proceeding with substantial discovery as to matters that may be dismissed on motion.

The case law addressing motions for a stay is fairly limited and case specific. Although there are some cases where courts in this Circuit have declined to grant a stay pending consideration of an immunity defense on a motion to dismiss, those cases do not direct a different result.   For example, plaintiff cites In re World Trade Center Disaster Site Litig., 503 F.3d 167, 170 (2d. Cir 2007), dkt. no. 306 at 11. There, the Second Circuit considered whether to vacate a stay of litigation pending an interlocutory appeal after the district court denied motions for judgment on the pleadings and for

summary judgment. This case is quite different, procedurally and factually. In considering the injury to the plaintiffs from a stay, the Court noted the high public interest in "permitting pretrial proceedings to resume, thereby hastening the trial that might result in compensation for at least some Plaintiffs during their lifetimes[.]" 503 F.3d at 171. Here, the requested stay is during the likely brief consideration of motions to dismiss, not an appeal. Further, the timing of the relief requested – although timely resolution is no doubt important, especially where plaintiff requests declaratory relief – is not quite comparable to the uniquely urgent situation of the plaintiffs in In re World Trade Center, who the Court noted might not have lived to see the conclusion of the litigation. Id.

Plaintiffs also discuss Torres v. Faxton St. Lukes Healthcare, 6:16-CV-439, 2017 WL 11317906 (N.D.N.Y. Jan. 26, 2017), where some of the defendants sought a stay of discovery pending resolution of an interlocutory appeal. This Court denied the stay, noting that the defendants were unlikely to succeed on qualified immunity grounds on a pre-answer motion to dismiss. In balancing the interests of the plaintiffs in proceeding expeditiously with the case with the defendant police officers' interest in avoiding litigation pending their appeal, the Court noted that the public interest in learning if the alleged misconduct by public officials was true was balanced against the police officer defendants' interest in ensuring that public officials would not be disincentivized in performing their duties out of a fear of litigation from "dissatisfied persons." Id. at *3-4 (citations omitted). The Court further noted that the plaintiffs' "state law claims involve

fact-intensive, relatively complex inquiries into how the knowledge and actions of certain defendants may have informed the actions or omissions of others"; thus, a long delay would "substantially prejudice" the plaintiffs as it would cause a "substantial risk that documentary evidence will be misplaced, medical and police records will be lost, and the memories of witnesses will fade." Id. at *3.   Here, although those concerns are not absent, as opposed to the potentially longer wait of an appeal, these motions to dismiss were filed six months prior to the date of this decision and will likely be addressed soon. Further, as noted, some of the discovery in this case is tied up in the pending motion for reconsideration and, thus, discovery would not likely move fully forward even absent the grant of the stay. Thus, the Court finds the "irreparable harm" considerations far less significant than in many of plaintiff's cited cases.

Next, plaintiff argues that the stay should not be granted because, even if the defendants' motions to dismiss are granted, all parties will still be required to participate in discovery on Mr. Cuomo's remaining claim in this case and in any state court case they may bring. Dkt. No. 306 at 13-14, 19. Although Ms. Vullo and DFS would have to participate in nonparty discovery in this case were her motion granted and Mr. Cuomo would have to participate in discovery on his remaining claim in this case; this does not suffice to warrant a denial of the requested stays. The breadth of

discovery in which the parties would be required to engage for the one remaining claim against Mr. Cuomo (either for Mr. Cuomo as a party or DFS and Ms. Vullo as nonparties) would be vastly less broad than the current discovery demands. It cannot be said that the burden and expense of discovery for Mr. Cuomo on one claim or to the remaining defendants as nonparties is comparable to the discovery in which they will be required to engage should the motions to dismiss be denied. To the extent that the NRA intends to bring a state court action in the event its federal claims are dismissed, any potential discovery in which the parties may be required to engage in a state court case not yet filed is nothing but speculative and does not weigh heavily in the undersigned's decision. Further, although this case has been pending for some time, the undersigned does not conclude that defendants' prior motions – nor the ones presently pending before the Court – were mere "tactical delay." Cf. Torres, 2017 WL 11317906, at *5 (noting evidence of intentional and unjustified "stalling" on the part of the defendant in seeking the stay, a concern that does not appear to the undersigned to be present in this case).

Although plaintiff cites other cases where courts in this Circuit have denied stays of discovery in part because the moving party would have to engage in discovery regardless of the outcome of the pending dispositive motion, the undersigned does not find these cases persuasive. The sheer breath of discovery currently pending and upcoming cannot be said to be comparable the discovery that will be warranted should the motions to dismiss be granted in their entirety as there would remain only one narrow issue against Mr. Cuomo. See Dkt. No. 306 at 14 n.32 (citing Covenant

Imaging, LLC v. Viking Rigging & Logistics, Inc., 3:20-CV-0592 (KAD), 2020 WL 541184, at *2 (N.D.N.Y. Sept. 8, 2020) (noting that the discovery in question "relate to a discreet transaction in the shipping of the MRI machine. This does not portend either expansive or burdensome discovery. And on its face, the discovery already served does not appear to be overly broad or unduly burdensome.")[7]; Sanders v. Sheppard,16-CV-6526 (CBA/SJB) 2019 WL 1574952, at *2 (E.D.N.Y. Mar. 11, 2019) (noting that lifting of the stay sought by one defendant was warranted where discovery was proceeding against the other defendants because the moving defendant would be required to participate in discovery as a nonparty even if the motion to dismiss were granted) and Hollins v. U.S. Tennis Ass'n, 469 F.Supp. 2d 67, 79 (E.D.N.Y. July 10, 2006) ("Even assuming the moving defendants[ ] are dismissed, it is likely that the plaintiffs will continue to conduct discovery regarding these defendants as non-parties. Although the moving defendants correctly note that non-party discovery involves different mechanisms to ensure compliance, the absence of a stay would not create an undue burden on the moving defendants. Discovery of the moving defendants is inevitable regardless of the outcome of their motion to dismiss.")).

Finally, the Court considers the public interest relating to the grant or deny of the stay of discovery. The passage of time that a stay will cause requires careful consideration as the public does have an interest in a swift resolution of these claims, especially as they involve serious claims against public officials. However, the public

---

[7] Here, discovery is indisputably broad and significant, unlike in Covenant.

also has a significant interest in reducing the costs of the litigation borne by the State

defendants as well as an interest in protecting public officials from "groundless

litigation" as it "discourages these officials from vigorously and fearlessly performing

their duties, thus distorting the proper functioning of the legal system and  disserving

the broader public interest." Justice v. King, No. 08-CV-641JS, 2011 WL 1432130, at

*5 (W.D.N.Y. Mar. 24, 2011). As discussed herein, the time until these motions will be

decided is unlikely to be long and discovery likely would not have proceeded far in the

interim due to the pending motion for reconsideration.  Further, were the undersigned

to have denied the stay, it is likely that defendants would have requested

reconsideration, which would further delay the progress of discovery while that motion

would be contemplated by the Court. Thus, the public will not have to wait significantly

longer for resolution because of this stay.

   In sum, although the undersigned is not pleased with the age of this case or the

pace at which it has progressed, of great significance to this determination is the vast

amount of discovery requested and pending and the fact that the additional efforts and

funds that will need to be poured into additional discovery will be largely for naught if

the pending motions to dismiss are granted. Should the District Judge deny the

motions to dismiss and discovery moves forward, plaintiff's prejudice is minimal as the

stay will very likely be brief. After careful and measured balance of the factors in favor

and against the stay of discovery in this case, the undersigned concludes that

defendants have demonstrated good cause and that the scale tilts more heavily in

favor of the stay. Accordingly, as the decision on the pending motions to dismiss could

15

"potentially reshape pending claims,'" Gillard, 2013 WL 5503317, at *15, a stay of discovery while these motions are pending is warranted. Therefore, defendants' motions for protective orders staying discovery, dkt. nos. 302, 303, are granted. Plaintiff may seek permission to renew its argument lift this stay at a future date should it be determined that the motions to dismiss have not been addressed in a reasonably expeditious manner.[8]

## IV. Conclusion

Accordingly, for the reasons set forth above, it is hereby

**ORDERED**, that defendant Department of Financial Services and defendant Governor Andrew Cuomo's motion for a protective order staying discovery pending the Court's consideration of their motion to dismiss is **GRANTED**, dkt. no. 302; and it is further

**ORDERED**, that defendant Maria T. Vullo's Motion for a protective order staying discovery pending the Court's consideration of her motion to dismiss is **GRANTED**. Dkt. No. 303; and it is further

**ORDERED**, that all discovery in this case is **STAYED** pending the District Judge's decision on the pending motions to dismiss, dkt. nos. 210, 211.

**IT IS SO ORDERED**.

---

[8] Plaintiff may wish to exercise reasonable restraint in making its assessment of a "reasonably expeditious manner," keeping in mind the congestion of the Court's docket and the many other cases with pending motions it has before it.

Dated:
December 14, 2020
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge