## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | |
| ANDREW CUOMO, both individually and | § | CIVIL CASE NO.  18-CV-00566-TJM- |
| in his official capacity; MARIA T. VULLO, | § | CFH |
| both individually and in her official | § | |
| capacity; and THE NEW YORK STATE | § | |
| DEPARTMENT OF FINANCIAL | § | |
| SERVICES, | § | |
| **Defendants.** | § | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO
## <u>MAGISTRATE JUDGE'S ORDER STAYING DISCOVERY</u>

William A. Brewer III (Bar No. 700217)
Sarah B. Rogers (Bar No. 700207)
BREWER, ATTORNEYS & COUNSELORS
750 Lexington Avenue, 14th Floor
New York, New York 10022
Telephone:  (212) 489-1400
Facsimile:  (212) 751-2849

**ATTORNEYS FOR THE NATIONAL RIFLE
ASSOCIATION OF AMERICA**

## **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ...................................................................................1

II. LEGAL STANDARD ............................................................................................3

III. ARGUMENTS AND AUTHORITIES.......................................................................6

     A.     As The Magistrate's Stay Order Concedes, Defendants Failed To Show A Likelihood Of Success On The Merits Of Their Pending Motions .......................6

     B.     Defendants Failed To Establish That Allowing Discovery To Proceed Would Subject Them To Any Undue Burden...........................................................7

     C.     The Stay Unfairly Prejudices the NRA And Contravene Public Policy..................9

IV. CONCLUSION....................................................................................................11

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arista Records LLC v. Doe 3*,
    604 F.3d 110 (2d Cir. 2010)......................................................................................................3

*Atkinson v. Goord*,
    No. 01 CIV. 0761 (LAK), 2002 WL 1997887 (S.D.N.Y. Aug. 28, 2002) ..............................6

*Balintulo v. Ford Motor Co.*,
    796 F.3d 160 (2d Cir. 2015)......................................................................................................6

*Barrett v. Forest Labs., Inc.*,
    No. 12-CV- ..................................................................................................................................4

*Car-Freshener Corp. v. Getty Images, Inc.*,
    No. 709CV01252GTSGHL, 2010 WL 11681623 (N.D.N.Y. Sept. 30, 2010).........................4

*Castillo v. G&M Realty L.P.*,
    950 F.3d 155 (2d Cir. 2020)......................................................................................................3

*Chamber of Commerce of U.S. v. Legal Aid Society of Alameda Co.*,
    423 U.S. 1309, 96 S.Ct. 5 (1975)...........................................................................................11

*Chen-Oster v. Goldman, Sachs & Co.*,
    285 F.R.D. 294 (S.D.N.Y. 2012) ..............................................................................................2

*Colozzi v. St. Joseph's Hosp. Health Ctr.*,
    No. 5-08-CV-1220, 2009 WL 2045315 (N.D.N.Y. May 27, 2009) ..........................................3

*Covenant Imaging, LLC v. Viking Rigging & Logistics, Inc.*,
    No. 3:20-CV-00593 (KAD), 2020 WL 5411484 (D. Conn. Sept. 9, 2020) ..............................8

*Dunn v. Albany Med. Coll.*,
    No. 09-CV-1031LEK/DEP, 2010 WL 2326137 (N.D.N.Y. May 5, 2010) ..............................10

*Franzon v. Massena Memorial Hosp.*,
    32 F. Supp. 2d 528 (N.D.N.Y. 1998).......................................................................................3

*Guiffre v. Maxwell*,
    No. 15 CIV. 7433 (RWS), 2016 WL 254932 (S.D.N.Y. Jan. 20, 2016) ...................................4

*Hatemi v. M & T Bank Corp.*,
    2015 WL 224421 (W.D.N.Y. 2015) ..........................................................................................3

ii

*Kirschner v. J.P. Morgan Chase Bank, N.A.*,
   No. 17 CIV 6334PGGSLC, 2020 WL 230183 (S.D.N.Y. Jan. 15, 2020) .........................5, 10

*Mirra v. Jordan*,
   No. 15CV4100ATKNF, 2016 WL 889559 (S.D.N.Y. Mar. 1, 2016) .....................................10

*MORGAN ART FOUNDATION LIMITED v. MICHAEL MCKENZIE*,
   No. 18CV4438ATBCM, 2020 WL 6135113 (S.D.N.Y. Oct. 18, 2020) .............................4, 5

*Mulligan v. Long Island Univ.*,
   No. 18-CV-2885-ERK-SJB, 2018 WL 8014320 (E.D.N.Y. Dec. 13, 2018)...........................5

*OMG Fid., Inc. v. Sirius Techs., Inc.*,
   239 F.R.D. 300 (N.D.N.Y. 2006)........................................................................................4

*Sanders v. Sheppard*,
   No. 16-CV-6526-CBA-SJB, 2019 WL 1574952 (E.D.N.Y. Mar. 11, 2019) ..........................8

*T.Z. v. City of N.Y.*,
   No. CV-05-5111, 2007 WL 2077730 (E.D.N.Y. July 18, 2007)................................................3

*Torres v. Faxton St. Lukes Healthcare*,
   No. 6:16-CV-439, 2017 WL 11317906 (N.D.N.Y. Jan. 26, 2017)..........................6, 8, 10, 11

*United Specialty Ins. Co. v. Jonak*,
   756 F. App'x 766 (9th Cir. 2019) ..........................................................................................7

*Wagner Farm Properties, LLC v. Tri-State Solarcrete, LLC*,
   No. 1:09-CV-0485, 2010 WL 11541929 (N.D.N.Y. Dec. 6, 2010) .........................................3

*Weitzner v. Sciton, Inc.*,
   No. CV 2005-2533 SLT MDG, 2006 WL 3827422 (E.D.N.Y. Dec. 27, 2006).....................7

*In re World Trade Ctr. Disaster Site Litig.*,
   503 F.3d 167 (2d Cir. 2007).............................................................................................5, 6

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ...............................................................................1

Federal Rules of Civil Procedure Rule 12(c) ....................................................................................1

Federal Rules of Civil Procedure Rule 26(c) ....................................................................................4

Federal Rules of Civil Procedure Rule 72(a) ....................................................................................3

On December 14, 2020, Magistrate Judge Hummel granted the motions of New York Governor Andrew Cuomo ("Cuomo"), the New York Department of Financial Services ("DFS") and Maria T. Vullo's ("Vullo") (together, "Defendants") to stay discovery.[1]  Plaintiff the National Rifle Association of America (the "NRA") submits their Memorandum of Law in Support of Plaintiff's Objections to Magistrate Judge's Order Staying Discovery (the "Magistrate's Stay Order"), as follows:

## I.
## PRELIMINARY STATEMENT

The Magistrate's Stay Order, which indefinitely bars access to responsive document discovery that has been outstanding since 2019, is contrary to law and imperils important constitutional interests at stake in this litigation.  It should be vacated.  Although the above-captioned litigation has been pending for more than *two years*, Defendants have now interposed their *fourth* set of motions to dismiss.[2]  Those motions are unlikely to succeed on their merits, as Defendant Vullo advances dismissal arguments that overlap substantially with "futility" arguments already overruled by this Court in connection with the NRA's motion to amend and Defendants Cuomo and DFS rely on faulty claims of sovereign immunity that they waived through their conduct in this litigation.[3]  Moreover, even if one or more of Defendants' individual dismissal arguments prevail (none should), it is highly likely that outstanding discovery from all Defendants

---

[1] *See* ECF Nos. 302-303.

[2] Defendants Filed their first motion to dismiss the NRA's complaint pursuant to FRCP 12(b)(6) on July 2, 2018 (Dkt. 27).  Defendants filed their second motion to dismiss pursuant to FRCP 12(b)(6) on August 3, 2018 (Dkt. 40).  Defendants filed their third motion to dismiss pursuant to FRCP 12(c) on December 19, 2018 (Dkt. 63).  Defendants Cuomo and DFS filed their fourth motion to dismiss pursuant to FRCP 12(b)(6) on June 23, 2020 (Dkt. 210) and Defendant Vullo filed her appeal of the grant of the NRA's motion to amend and motion to dismiss on June 23, 2020 (Dkt. 211).

[3] *See* Section IV.A. below.

1

will remain relevant.  Although Defendants continually argue the importance of the Eleventh Amendment and the protections it affords state officials, other constitutional rights are at stake here, too—namely, the NRA's First Amendment right to freedom of speech, and its Fourteenth Amendment right to equal protection under the law.  The Second Circuit has emphasized that in actions vindicating these core constitutional rights, public policy favors broad discovery.[4]

Further, postponing discovery unfairly prejudices the NRA.  Indeed, given the events described in the NRA's Second Amended Complaint—including the "backroom exhortations"— the risk that witnesses' recollections will fade, or that documentary evidence will be misplaced if the matter continues to be delayed strongly disfavors any stay.[5]  ***Faced with damning allegations that they know are true, Defendants are attempting to "run out the clock" to avoid being held accountable for their unconstitutional conduct***—by baselessly threatening sanctions, interposing frivolous privilege claims (including regarding their own communications with the media), and filing repeated, dilatory motions relitigating their previous, unsuccessful efforts to suppress documents or deflect the NRA's well-pleaded allegations.  Although it acknowledges well-founded concerns regarding the delays that have burdened this lawsuit, the Magistrate's Stay Order

---

[4] *See Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 306 (S.D.N.Y. 2012) (acknowledging that "the importance of this litigation is not measured in dollars alone; the plaintiffs seek to vindicate the civil rights of the class members, and thus further an important public interest.") (quoting Fed.R.Civ.P. 26 advisory committee's note (1983 Amendment) ("[r]ule 26(b)(2)(C)(iii) recognizes that many cases in public policy spheres, such as employment practices, free speech, and other matters, may have importance far beyond the monetary amount involved." )).

[5] Notably, the Magistrate's Stay Order does not merely forestall document discovery.  It also prevents any and all depositions, which the NRA had begun to pursue as COVID restrictions lifted.  One of the most sought-after depositions in this case is that of Maria Vullo, which the Court ordered to proceed in an ***expedited*** basis more than a year ago – but which subsequent events both within and outside the Court's and parties' control have forestalled.  *See* March 20, 2019 Memorandum Decision & Order (ECF No. 89).  Among other things, the Court initially ruled that substantial swathes of subject matter the NRA wished to explore in the deposition (regarding Vullo's treatment of Lockton and Lloyd's) were *per se* nondiscoverable, and the NRA had to await reversal of that ruling.  *See* August 9, 2019 Memorandum Decision & Order (ECF No. 121) and March 31, 2020 Decision & Order (ECF No. 188).  Then, Vullo flatly refused to agree on a date until the NRA raised the matter with Magistrate Judge Hummel.  Thereafter, COVID-19 intervened, and Vullo and the other defendants exploited this disruption by continuing to stonewall discovery and seek successive, meritless stays.

accedes to Defendants' gamesmanship and deprives the NRA of discovery to which it has long been entitled. The NRA accordingly seeks relief.

For the reasons set forth below, Court should sustain Plaintiff's Objections to the Magistrate Judge's Order staying discovery and compel Defendants to comply promptly with discovery in this matter.

## II.
## LEGAL STANDARD

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, "The district judge to whom the case is assigned shall consider such objections and shall modify and set aside any portion of the Magistrate Judge's [nondispositive] order found to be clearly erroneous or contrary to law."[6] A stay of discovery is considered a nondispositive pretrial order.[7] A magistrate judge' finding is clearly erroneous when, although there is evidence to support it, the reviewing court assessing the entirety of the evidence is left with the firm conviction that a mistake has been committed.[8] Similarly, an order is contrary to law when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure."[9]

---

[6] Fed. R. Civ. P. 72(a); *Arista Records LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). *Boice v. M + W U.S., Inc.*, 130 F.Supp.3d 677, 685 (N.D.N.Y. 2015).

[7] *Hatemi v. M & T Bank Corp.*, 2015 WL 224421, *1 (W.D.N.Y. 2015)(denying stay of discovery pending interlocutory appeal), *citing Adams v. Suozzi*, 393 F.Supp.2d 175, 177 (E.D.N.Y. 2005)(affirming Magistrate Judge's denial of a stay of discovery pending appeal of arbitration).

[8] *Castillo v. G&M Realty L.P.*, 950 F.3d 155, 167 (2d Cir. 2020); *Franzon v. Massena Memorial Hosp.*, 32 F. Supp. 2d 528, 532 (N.D.N.Y. 1998)(McAvoy, C.J.; *Boice,* 130 F.Supp.3d at 685.

[9] *Boice*, 130 F.Supp.3d at 685; *Wagner Farm Properties, LLC v. Tri-State Solarcrete, LLC*, No. 1:09-CV-0485, 2010 WL 11541929, at *2 (N.D.N.Y. Dec. 6, 2010); *Colozzi v. St. Joseph's Hosp. Health Ctr.*, No. 5-08-CV-1220, 2009 WL 2045315, at *5 (N.D.N.Y. May 27, 2009) (vacating magistrate judge's order to the extent it included language in a class action notice that that prohibited communications between the parties, their counsel, and potential opt-in plaintiffs, as well as language indicating that potential plaintiffs could be liable for costs, expenses, and damages in the litigation, as both decisions were contrary to law); *T.Z. v. City of N.Y.*, No. CV-05-5111, 2007 WL 2077730, at *5 (E.D.N.Y. July 18, 2007) (reversing in part because the magistrate judge erred in denying the defendants the opportunity to inspect and photograph of the scene of an assault).

In the Second Circuit, there is no default presumption favoring a stay of discovery pending resolution of a motion to dismiss.[10]  "When exercising the discretion conferred under Rule 26(c), in response to a motion to stay discovery during the pendency of a dismissal motion, a court must determine whether the party seeking the stay has established the existence of 'good cause' for the requested delay."[11]  "A court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case, […] and should consider: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion."[12]

In analyzing the strength of a motion to dismiss, courts look to whether there has been "a 'strong showing' that [p]laintiff's claim is unmeritorious."[13]  The motion must raise "'substantial arguments for dismissal' comparable to the standard used for a stay in other contexts, *i.e.*, that their

---

[10] *See Car-Freshener Corp. v. Getty Images, Inc.*, No. 709CV01252GTSGHL, 2010 WL 11681623, at *2 (N.D.N.Y. Sept. 30, 2010) (quoting *Moran v. Flaherty*, No. 92 Civ. 3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992)); *see also OMG Fid., Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 304 (N.D.N.Y. 2006) (in granting the plaintiff's request to engage in discovery the Court noted that "[t]he mere filing of a dismissal motion, without more, does not guaranty entitlement to such a stay."); *See MORGAN ART FOUNDATION LIMITED v. MICHAEL MCKENZIE*, No. 18CV4438ATBCM, 2020 WL 6135113, at *2–3 (S.D.N.Y. Oct. 18, 2020) (quoting *Ema Fin., LLC v. Vystar Corp.*, 2020 WL 4808650, at *2 (S.D.N.Y. Aug. 18, 2020)); *Barrett v. Forest Labs., Inc.*, No. 12-CV- 5224 (RA), 2015 WL 4111827, at *4 (S.D.N.Y. July 8, 2015) ("It, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay.") (citing *Chesney v. Valley Stream Union Free Sch. Dist.*, No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)).

[11] *See OMG*, 239 F.R.D. 300, 304–05 (citing Fed. R. Civ. P. 26(c)); *see also MORGAN*, 2020 WL 6135113, at *2–3 ("upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c).")

[12] *See MORGAN*, 2020 WL 6135113, at *2–3 (denying motion to stay discovery because the first two factors—the breadth of discovery and prejudice—weighed against granting the stay) (quoting *Alford v. City of N.Y.*, 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012)).

[13] *See Guiffre v. Maxwell*, No. 15 CIV. 7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) (denying motion to stay discovery because "Defendant's argument does not rise to a level of the requisite 'strong showing' that Plaintiff's claim is unmeritorious," discovery "does not reach such a wide-breadth that good cause for a stay exists," and "lack of prejudice does not justify a stay.")

4

arguments are likely to succeed on the merits."[14]   "[E]ven if a motion to dismiss 'appears to have substantial grounds,' a stay of discovery pending the outcome of that motion is appropriately denied where […] the other factors 'disfavor a stay.'"[15]   Indeed, the Second Circuit has held that "the degree to which a factor must be present varies with the strength of the other factors, meaning that 'more of one factor excuses less of the other.'"[16]   Further, courts have found that the lack of prejudice does not justify a stay when the movant fails to meet its burden on the two other factors.[17] Plaintiff's submissions to the Magistrate Judge demonstrated how Defendants failed to meet their burden of showing good cause for the requested stay, yet the Magistrate Judge ordered a stay of discovery that will further delay production of documents originally requested by Plaintiff as far back as November of 2018.   In considering the entire record of this action and Defendants' significant attempts to avoid discovery, the Magistrate Judge committed a mistake by ordering the discovery stay, which this Court should find renders the Order clearly erroneous.   Further, the Magistrate Judge misapplied the relevant legal standards a court should consider when asked to stay discovery.   Accordingly, this Court should reverse the Magistrate Judge's Order because it is contrary to the law.

---

[14] *See Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 17 CIV 6334PGGSLC, 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020) (denying motion to stay discovery because "it was 'unlikely' the motion would be granted in its 'entirety.'") (citing *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72–73 (S.D.N.Y. 2013)).

[15] *See MORGAN*, 2020 WL 6135113, at *2–3 ("The caselaw makes it clear that no one factor is dispositive of a discovery stay motion.") (quoting *Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007)).

[16] *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (quoting *Thapa v. Gonzales,* 460 F.3d 323, 334 (2d Cir.2006))

[17] *See Mulligan v. Long Island Univ.*, No. 18-CV-2885-ERK-SJB, 2018 WL 8014320, at *4 (E.D.N.Y. Dec. 13, 2018) (finding that the lack of prejudice "would not entitle LIU to a discovery stay, since it has failed to meet its burden on the two other factors.") (citing *Maxwell*, 2016 WL 254932, at *2).

5

# III.
# ARGUMENTS AND AUTHORITIES

## A.   As The Magistrate's Stay Order Concedes, Defendants Failed To Show A Likelihood Of Success On The Merits Of Their Pending Motions

The Magistrate Judge found that the first prong of the "good cause" analysis tips neither in favor of, or against, a stay because "neither plaintiff nor defendants advance as the clear 'winner' based on a facial review of the motions to dismiss, the second amended complaint, and the briefing on the motions for protective orders.[18]   Specifically, the Magistrate Judge found that while the NRA's claims in the Second Amended Complaint "are not plainly unmeritorious," Defendants' fourth set of motions to dismiss have presented nonfrivolous arguments.[19]

Thus, Defendants failed to show that their motions to dismiss will likely succeed.   In fact, several of Defendants' dismissal arguments seek to relitigate issues assessed when the NRA's amendment was granted, and thus can prevail only upon a finding of clear error.[20]   Defendant Vullo's dismissal arguments overlap substantially with "futility" arguments already overruled in connection with the NRA's motion to amend.   In addition, Second Circuit courts have expressly rejected Vullo's argument that a stay is warranted because she is entitled to absolute and qualified immunity.[21]

---

[18] *See* Order at 8.

[19] *See* Order at 6-7.

[20] *See, e.g., Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164-65 (2d Cir. 2015) (quoting *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)).

[21] *See Torres v. Faxton St. Lukes Healthcare*, No. 6:16-CV-439, 2017 WL 11317906, at *2 (N.D.N.Y. Jan. 26, 2017) (denying motion to stay because—among other factors—it was "unlikely" that the defendants would succeed on their "bid for qualified immunity" at the pleadings stage); *see also In re World Trade Ctr.*, 503 F.3d 167, 170 (vacating stay of discovery and permitting pretrial proceedings to resume, "even though that course will impose upon the [d]efendants the burdens of pretrial discovery, thereby denying them immunity from suit […] until such time as it might ultimately be determined that their claims for immunity from suit are valid); *Atkinson v. Goord*, No. 01 CIV. 0761 (LAK), 2002 WL 1997887, at *1 (S.D.N.Y. Aug. 28, 2002) (denying motion to stay discovery pending determination of availability of qualified immunity defense).

Further, Defendants Cuomo and DFS rely on faulty, belated claims of sovereign immunity that they have waived through their conduct in this litigation.[22]  Moreover, this is the ***fourth*** time Defendants have moved to dismiss this action—if they were capable of offering "a strong showing that the [NRA's] claim[s] [are] unmeritorious," they would have succeeded at dismissing this action long ago.  Instead, the current motion practice targets technical aspects of the NRA's operative pleading, relating to the styling of injunctive relief and the capacity or forum in which various government officials and entities may be sued.  Moreover, Cuomo and DFS fail to explain why a stay is warranted given that, even if successful, several of the dismissal arguments advanced by Cuomo and DFS would not extinguish the NRA's claims, but, rather, merely require them to be re-filed in New York State court.[23]

## B. Defendants Failed To Establish That Allowing Discovery To Proceed Would Subject Them To Any Undue Burden.

The Magistrate Judge acknowledged that Defendants would have to participate in discovery in this case as party or nonparty regardless of the outcome of their motions to dismiss.[24] Yet, the Magistrate Judge found that this fact does not suffice to warrant a denial of the requested

---

[22] More than a year ago, the NRA surfaced this issue with DFS and offered to re-file its claims in state court. The NRA received no response.  *See* ECF No. 69 at 24-25 ("Should DFS additionally choose not to waive sovereign immunity with respect to the pending state law claims against it, the NRA will agree to withdraw those claims and will promptly re-file its claims as to DFS' state constitutional violations in the appropriate State court.").  Where, as here, a party knows whether it purports to be an "arm of the state," and is capable of disclosing early in the proceeding whether it objects to having the matter heard in federal court, such arguments are waived.  *See United Specialty Ins. Co. v. Jonak*, 756 F. App'x 766, 767 (9th Cir. 2019) (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675, 119 S. Ct. 2219, 144 L.Ed.2d 605 (1999)).  DFS's striking failure to engage with this issue when it first arose is consistent with the true, dilatory purpose of Defendants' current motion practice.

[23] *See* ECF No. 210, at 6-7 and 15-16 (seeking dismissal pursuant to Eleventh Amendment sovereign immunity); *see also Weitzner v. Sciton, Inc.*, No. CV 2005-2533 SLT MDG, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006) (in denying the defendant's application for a stay of discovery pending the disposition of an appeal, the court noted that the even if plaintiff's claims are dismissed, they would not be extinguished, "as plaintiff would still have a right to bring suit on his individual claims in state court.").

[24] *See* Order at 12.

stays because the discovery in which the parties would be required to engage for the one remaining claim against Cuomo would be vastly less broad than the current discovery demands.[25]

However, courts in this Circuit have denied stay applications when motions to dismiss are pending if the moving defendants would be subject to non-party discovery even if they were to be dismissed from the case.[26]  "And it will still be so whether discovery takes place in a federal or state forum.  Any discovery can be used in either forum."[27]  Further, the Order does not identify any discovery sought by the NRA that would become unviable or unnecessary if they prevail on their motions to dismiss.  In facts, the party-discovery requests served by the NRA (which have been outstanding for more than a year) target documents and information shedding light on why, and how, Defendants targeted the NRA and its business partners.  The NRA is particularly focused on the details of covert threats to insurers, such as Lloyd's, which the NRA is informed and believed were made by Vullo in concert with Cuomo or at his direction.[28]  This Court held that with respect to both the NRA's First Amendment and its Equal Protection claims, the scope of discovery extends to documents which may indicate "Second Amendment viewpoint animus."[29]  Therefore, any document probative of Cuomo's "Second Amendment viewpoint animus" would

---

[25] *See id.*

[26] *See Covenant Imaging, LLC v. Viking Rigging & Logistics, Inc*., No. 3:20-CV-00593 (KAD), 2020 WL 5411484, at *2 (D. Conn. Sept. 9, 2020) (quoting *Aguilar v. Immigration & Customs Enf't Div. of United States Dep't of Homeland Sec.*, No. 07CIV8224JGKFM, 2011 WL 13258226, at *2 (S.D.N.Y. Jan. 11, 2011)); *see also Sanders v. Sheppard*, No. 16-CV-6526-CBA-SJB, 2019 WL 1574952, at *2 (E.D.N.Y. Mar. 11, 2019) (lifting stay of discovery because discovery from the defendant would be inevitable regardless of the outcome of its motion to dismiss) (citing *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006) ("Even assuming the moving defendants[ ] are dismissed, it is likely that the plaintiffs will continue to conduct discovery regarding these defendants as non-parties. Although the moving defendants correctly note that non-party discovery involves different mechanisms to ensure compliance, the absence of a stay would not create an undue burden on the moving defendants. Discovery of the moving defendants is inevitable regardless of the outcome of their motion to dismiss.")).

[27] *See Torres*, 2017 WL 11317906, at *4.

[28] *See, e.g.*, Plaintiff's Second Amended Complaint, ECF No. 203, at pp. 1-2; ¶¶21-22, 67, 69-70.

[29] *See* ECF No. 188 at 9.

be discoverable, including (i) communications between Cuomo and Vullo or DFS, and (ii) documents prepared or maintained within DFS that reflect the Governor's oversight and involvement in DFS's activities.  Therefore, the scope of discovery would remain substantially the same regardless of the outcome of Defendants' motions.

## C.   The Stay Unfairly Prejudices the NRA And Contravene Public Policy.

The Magistrate Judge held that the requested stay is for a modest period of time as it would be lifted upon this Court's decision on the motions to dismiss which were filed in June 2020, and it would seem unlikely that the motions would remain unaddressed for a significant length of time.[30]  However, this indefinite stay is manifestly prejudicial and unjust given that this case has been pending for more than two and a half years ago, and significant discovery remains outstanding.

Importantly, the NRA seeks injunctive relief to stanch ongoing violations of its rights to free speech and equal protection under the law.[31]  The NRA alleges, and believes a jury will find, that these actions comprise and reflect an unconstitutional selective-enforcement, retaliation, and censorship scheme.  The Magistrate Judge's decision to stay discovery allows that scheme to continue unabated, which further stymies and delays the federal lawsuit that constitutes the NRA's best recourse.

---

[30] *See* Order at 9.

[31] Defendants Cuomo and DFS' motion to dismiss the NRA's First Amendment claims seeking injunctive relief on the ground that the NRA lacks standing is unlikely to succeed.  The Court has repeatedly sustained those claims.  Indeed, in denying Defendants' second motion to dismiss the NRA's First Amendment claims, the Court specifically found that the NRA's allegations "are sufficient to establish a First Amendment injury" and therefore have standing to bring those claims. *See* ECF No. 56 at 27; *see also id* at 26 ("Contrary to Defendants' argument, actual chilled speech is not necessary to make out a plausible First Amendment claim. "Chilled speech is not the *sine qua non* of a First Amendment claim. A plaintiff has standing if he can show either that his speech has been adversely affected by the government retaliation or that he has suffered some other concrete harm. Various non-speech harms are sufficient to give a plaintiff standing.") (quoting Dorsett v. Cty. of Nassau, 732 F.3d 157, 160 (2d Cir. 2013)).

9

Further, the Magistrate Judge disregarded case law in this Circuit acknowledging that witnesses' memories fade with time, causing prejudice to litigants whose claims are stayed over their objection.[32]  Here, given the significance of the "backroom exhortations" alleged in this case, which may not have been reduced to writing, the risk that witnesses' recollections will decay if the matter continues to be delayed strongly disfavors any stay.

Moreover, the NRA seeks discovery from third parties that are either legally beholden to Defendants (*e.g.*, DFS-regulated financial institutions) or openly working in concert with them toward political ends (Everytown for Gun Safety).  Unsurprisingly, each dilatory motion, objection, stay and delay interposed by Defendants likewise interferes with third-party discovery, requiring the NRA to repeatedly revisit prior meet/confer discussions after each roadblock is dislodged and incur redundant, unnecessary legal expenses striving to obtain documents that could, and should, have been readily available during the first year of this litigation.  In this way, the Magistrate Judge's stay of *all* discovery at the present stage unfairly prejudices the NRA.

Further, the Magistrate Judge committed a mistake by not giving more weight to the public's interest in learning as soon as possible whether the plaintiffs' allegations are true."[33]  Indeed, courts in this Circuit, including the Court, have held that "[t]he public interest disfavors

---

[32] *See, e.g.*, *Mirra v. Jordan*, No. 15CV4100ATKNF, 2016 WL 889559, at *3 (S.D.N.Y. Mar. 1, 2016); *Torres*, 2017 WL 11317906, at *3 (finding the risk that "documentary evidence will be misplaced […] and the memories of witnesses will fade […] weighs against a stay.") ; *see also Kirschner, N.A.*, 2020 WL 230183, at *3 (same); *Mirra v. Jordan*, No. 15CV4100ATKNF, 2016 WL 889559, at *3 (S.D.N.Y. Mar. 1, 2016) (finding "that the plaintiff will suffer unfair prejudice from a stay of discovery because […] the witnesses' memories are fading with time."); *Dunn v. Albany Med. Coll.*, No. 09-CV-1031LEK/DEP, 2010 WL 2326137, at *7 (N.D.N.Y. May 5, 2010), *report and recommendation adopted in part*, No. 1:09-CV-1031LEK/DEP, 2010 WL 2326127 (N.D.N.Y. June 7, 2010) (finding that the considerable prejudice in prolonging discovery any further, given the passage of time since the alleged events occurred, "was sufficient to trump any other countervailing factors weighing in favor of a stay.")

[33] *See Torres*, 2017 WL 11317906, at *4 (quoting *Verizon N.Y. Inc. v. Vill. of Westhampton Beach*, 2013 WL 5762926, at *9 (E.D.N.Y. Oct. 18, 2013)); *see also Am. Civil Liberties Union*, 2013 WL 6912685, at *5 (finding that "[t]he public interest weighs strongly in favor of disclosure and strongly against the Government's application for a stay").

the grant of a stay where it would hinder the speedy adjudication of constitutional claims."[34]  Here, the NRA seeks injunctive relief for ongoing violations of its First and Fourteenth Amendments rights.  Allowing Defendants' conduct to continue unabated, while further delaying this case, would be manifestly prejudicial.

In light of the demonstrated prejudice to Plaintiff and the failure of Defendants to show good cause by demonstrating greater prejudice to justify a stay, the Magistrate Judge committed a mistake.  Indeed, courts have denied requests for a stay of discovery when the movant failed to show "imminent harm" from the disclosure of information subject to a prior protective order.[35]  Similarly, Defendants in this action can show no harm, imminent or otherwise, by continuing a production that is first being reviewed *in camera* by a Special Master for relevance and privilege.

**IV.**
**CONCLUSION**

For the foregoing reasons, the NRA urges the Court to reject Defendants' delay tactics and permit this matter to proceed by sustaining Plaintiff's Objections to the Magistrate Judge's Order staying discovery.

---

[34] *See Torres*, 2017 WL 11317906, at *4 (quoting *Verizon N.Y. Inc. v. Vill. of Westhampton Beach*, 2013 WL 5762926, at *9 (E.D.N.Y. Oct. 18, 2013)); *see also Am. Civil Liberties Union*, 2013 WL 6912685, at *5 (finding that "[t]he public interest weighs strongly in favor of disclosure and strongly against the Government's application for a stay").

[35] *See Chamber of Commerce of U.S. v. Legal Aid Society of Alameda Co.*, 423 U.S. 1309, 1312, 96 S.Ct. 5 (1975)(denied request for stay of discovery order requiring disclosure of documents under a protective order that permitted only attorneys for the Legal Aid Society to examine assertedly privileged documents because the movant failed to show any imminent harm from such disclosure).

Dated:  December 28, 2020

Respectfully submitted,

By: _____

William A. Brewer III (Bar No. 700217)
wab@brewerattorneys.com
Sarah B. Rogers (Bar No. 700207)
sbr@brewerattorneys.com

**BREWER, ATTORNEYS &
COUNSELORS**
750 Lexington Avenue, 14th Floor
New York, New York 10022
Telephone:  (212) 489-1400
Facsimile:  (212) 751-2849

**ATTORNEYS FOR THE NATIONAL
RIFLE ASSOCIATION OF AMERICA**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 28, 2020, I caused a copy of the foregoing to be served upon the

following counsel electronically through the ECF system:

William A. Scott
Assistant Attorney General, Of Counsel
New York State Attorney General's Office
Albany Office, The Capitol
Albany, New York 12224-0341
Email:  William.Scott@ag.ny.com

Debra L. Greenberger
EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Avenue
New York, New York 10020
Email:  dgreenberger@ecbalaw.com

Sarah B. Rogers

13