UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATIONAL RIFLE ASSOCIATION OF AMERICA,

                        *Plaintiff*,

-against-

ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,

                        *Defendants*.
_____
_____

18-cv-00566 (TJM/CFH)

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S APPEAL OF MAGISTRATE'S MEMORANDUM-DECISION & ORDER
LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

Ryan L. Abel
Assistant Attorney General, of Counsel
Bar Roll No. 512454
Telephone: (518) 776-2589
Fax: (518) 915-7740 (Not for service of papers)

Date: January 11, 2021

**Table of Contents**

Preliminary Statement………………………………………………………..………….... 1

Argument

    I.     Standard for an Appeal of a Magistrate's Order……………………….……... 2

    II.    Magistrate Judge Hummel Properly Issued a Stay of Discovery
          Until the Pending Dispositive Motions Have Been Decided………….………..…. 3

    III.   The Scope and Cost of Discovery Merits The Issuance of a Stay……………..……… 6

    IV.   The Merits of a Stay Outweighed Any Prejudice To Plaintiff…………………..……… 8

Conclusion……………………………………………………………………………..……… 9

# Table of Authorities

**Cases**

Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277 (S.D.N.Y. March 7, 1996)…………..…. 3

Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113 (E.D.N.Y. 2006)…..... 4

Chinn v. Elmwood Franklin Sch., 2018 WL 10509569 (W.D.N.Y. 2018)………………………. 2

Dabney v. Maddock, 2011 WL 7479164 (N.D.N.Y. 2011)………………………………..…... 3

Edrei v. Maguire, 892 F.3d 525 (2d Cir. 2018)…………………………………………….…….. 5

Fox v. Lee, 2018 WL 5729289 (N.D.N.Y. 2018)………………………………………….…... 2

Gandler v. Nazarov, 1994 WL 702004 (S.D.N.Y. 1994)………………………………….…... 4

Gillard v. Rovelli, 2013 WL 5503317 (N.D.N.Y. 2013)………………………….……………… 3

Labarge v. Chase Manhattan Bank, 1997 WL 583122 (N.D.N.Y. 1997)…………..…………….. 2

New York by James v. Pennsylvania Higher Education Assistance Agency,
19 Civ. 9155 (ER), 2020 WL 605944 (S.D.N.Y. Feb. 7, 2020)………………………….……. 4

Spencer Trask Software and Information Services, LLC v. RPost Intern. Ltd.,
206 F.R.D. 367 (S.D.N.Y. 2002)……………………………………………………..……... 3

**RULES**

FRCP 12…..……………………………………………………………..………..…… 1

FRCP 26…..……………………………………………………………..………..…… 1

FRCP 72…..……………………………………………………………..…….………. 2


**PRELIMINARY STATEMENT**

The Court is familiar with the factual and procedural history of this matter, and a full restatement is unnecessary here. As it pertains to the current matter, on June 23, 2020, Defendants Cuomo and DFS ("State Defendants") moved to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, Dkt. No. 210. The grounds for the State Defendants' motion are: (1) Plaintiff's State Constitutional claims against DFS, the only claims remaining as to that agency, are barred by the Eleventh Amendment; (2) Plaintiff is not entitled to declaratory relief against DFS; (3) Governor Cuomo, who has been sued in his official capacity, is not a "person" under 42 U.S.C. § 1983; and (4) the Eleventh Amendment bars Plaintiff's claims under New York State law against Governor Cuomo in his official capacity. See Dkt. No. 210.

Given the pendency of their motion, the State Defendants asked the Court to stay discovery and, in an Order, dated July 28, 2020, this Court stayed discovery in this action through September 30, 2020. See Dkt. No. 234. In anticipation of the expiration of that stay, Defendants sought permission from the Court to move pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for an order staying all discovery during the pendency of Defendants' motion to dismiss noting that the landscape of the litigation could be significantly changed following the court's review of that motion. See Dkt. No. 280. On October 19, 2020, State Defendants moved for a Protective Order staying all discovery during the pendency of their Motion to Dismiss.[1] See, Dkt. No. 302.

On December 14, 2020, Magistrate Judge Hummel issued his Decision and Order granting the motions for a stay by all Defendants. See Dkt. No. 314. In his Decision and Order, Magistrate

---

[1] Defendant Vullo also moved for similar relief on the same day as State Defendants. See Dkt. No. 303.

Judge Hummel held as follows with respect to State Defendants: (1) the merits of the underlying motion to dismiss, and Plaintiff's opposition thereto, were sufficiently meritorious so as to neither weigh in favor of, or against, a stay, see Dkt. No. 314, p. 8); (2) the breadth and cost of discovery (both past and future) weighed in favor of a stay, see Dkt. No. 314, p. 9; (3) any prejudice or harm to Plaintiff does not outweigh the justification for a stay for Defendants based upon their assertions of immunity, see Dkt. No. 314, p. 15; and (4) any public interest in a swift resolution of this action does not warrant the denial of a stay under the circumstances of this case given the history and posture of the case. See Dkt. No. 314, p. 15. In sum, Magistrate Judge Hummel held that Defendants "demonstrated good cause and that the scale tilts more heavily in favor of the stay." See Dkt. No. 314, p. 15.

On December 28, 2020, Plaintiff filed its Objections to Magistrate Judge Hummel's Decision and Order. See Dkt. No. 315-1. Plaintiff's appeal should be denied because it fails to make the requisite showing that Magistrate Judge Hummel's Decision and Order was clearly erroneous, such that reversal is required. State Defendants respectfully submit that Magistrate Judge Hummel was correct in his Decision and Order, and that it should be affirmed in its entirety.

## ARGUMENT

### I. Standard for an Appeal of a Magistrate's Order

It is well settled that the conduct of discovery is left to the broad discretion of the Magistrate Judge. See Chinn v. Elmwood Franklin Sch., 2018 WL 10509569 (W.D.N.Y. 2018) (stating that "[a] party seeking to reverse a Magistrate Judge's ruling concerning discovery bears a heavy burden, in part, because the Magistrate Judge is afforded broad discretion in these matters"). Indeed, a Magistrate Judge's decision on discovery issues may be reversed only upon a showing

that the ruling was clearly erroneous or contrary to the law. See FRCP 72(a). "Findings are clearly erroneous when the reviewing court is firmly convinced the lower court decided an issue in error." Fox v. Lee, 2018 WL 5729289, *1 (N.D.N.Y. 2018). A party seeking to overturn the decision of a Magistrate Judge faces a heavy burden and can only succeed upon a showing that the Magistrate Judge "abused his broad discretion over resolution of discovery matters." Id. (citing Labarge v. Chase Manhattan Bank, 1997 WL 583122, *1 (N.D.N.Y. 1997)). This is an exceptionally high standard which Platiniff cannot meet.

While Plaintiff disagrees with Magistrate Judge Hummel's decision, disagreement does not demonstrate that Magistrate Judge Hummel abused his broad discretion as to render his decision clearly erroneous. Plaintiff's arguments are unavailing and present nothing more than an attempt to relitigate the issues presented on the underlying motions. Plaintiff presents no proof that Magistrate Judge Hummel abused his discretion in granting Defendants' Motions for a stay of discovery during the pendency of their motions to dismiss. As such, Plaintiff's objections must be denied.

### II.  Magistrate Judge Hummel Properly Issued a Stay of Discovery Until the Pending Dispositive Motions Have Been Decided

As explained in Defendants' underlying submissions in support of their motion for a stay of discovery, such relief is proper under the circumstances of this case while Defendants' dispositive motions are pending.

Pursuant to FRCP 26(c), "a court has discretion to stay discovery 'for good cause shown.'" Spencer Trask Software and Information Services, LLC v. RPost Intern. Ltd., 206 F.R.D. 367 (S.D.N.Y. 2002) (quoting FRCP 26(c)). "Good cause may be shown where a party has filed a

3

dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." Id., at 368 (citing Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, *2 (S.D.N.Y. March 7, 1996)). "This rule is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims." Gillard v. Rovelli, 2013 WL 5503317, *15 (N.D.N.Y. 2013) (citing Dabney v. Maddock, 2011 WL 7479164, *11 (N.D.N.Y. 2011)).

A court may consider two additional factors in deciding a motion for a stay of discovery: (1) the scope of discovery sought and the burden of responding to it, and; (2) the strength of the dispositive motion that is the basis of the discovery stay application. Spencer Trask, 206 F.R.D.at 368 (citing Gandler v. Nazarov, 1994 WL 702004, *4 [S.D.N.Y. 1994]) (noting a stay of discovery should be granted where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law.").

In its brief, Plaintiff argues that Magistrate Judge Hummel conceded that Defendants failed to demonstrate a likelihood of success on the merits, making a stay of discovery is inappropriate. See, Dkt. No. 315-1, p. 6. Plaintiff misstates both the relevant standard and Judge Hummel's holding. Likelihood of success on the merits of the motion is not the standard for the issuance of a stay. Rather, Rule 26 only requires the moving party to demonstrate a "strong showing" that Plaintiff's claims are unmeritorious. See, Dkt. No. 314, p. 5 (citing Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 [E.D.N.Y. 2006]).

The case law cited by Magistrate Judge Hummel (and which Plaintiff fails to address in its appeal) demonstrates that the requisite strong showing does not equate to a likelihood of success on the merits. Spencer Trask, 206 F.R.D.at 368. In Spencer Trask, the Southern District found that a stay of discovery was appropriate prior to even reading the plaintiffs' papers in opposition

to the underlying dispositive motion.  Id.  As such, the Court found a stay was appropriate while "not attempt[ing] to predict the outcome of the motion to dismiss."  Id.  Yet, by arguing for proof of a likelihood of success, Plaintiff asks this Court to make such a prediction before granting a stay.

Magistrate Judge Hummel also cited New York by James v. Pennsylvania Higher Education Assistance Agency, 19 Civ. 9155 (ER), 2020 WL 605944 (S.D.N.Y. Feb. 7, 2020).  In that case, the Southern District found that the arguments in the defendants' motion were "not frivolous," thereby warranting a stay of discovery.  Id.  The Court in James did not require the defendants to show a likelihood of success on the merits on their underlying motion.  Indeed, the Southern District plainly stated that it was taking no position on the ultimate success of the motion.  Id. at *2.  Again, Plaintiff makes no attempt in its brief to demonstrate that either Spencer Trask or James are inapplicable to this case, nor does it cite a single case to support its position that proof of a likelihood of success on the merits is required for the issuance of a stay of discovery.

State Defendants' motion is based, in part, upon Eleventh Amendment immunity. Magistrate Judge Hummel noted at several points in his Decision and Order that the very purpose of immunity is not just to serve as a defense against liability, but to prevent a defendant from having to stand trial or endure the burden of litigation.[2]  See Dkt. No. 314, p. 8 (citing Edrei v. Maguire, 892 F.3d 525, 532 [2d Cir. 2018]).  Plaintiff consistently ignores this point in its appeal to this Court.  However, as discussed more fully in section III below, the vast scope of discovery

---

[2] As State Defendants previously noted in their brief in support of a stay, implicit in Plaintiff's argument is a concession that Eleventh Amendment immunity is applicable.  Plaintiff only argues that State Defendants somehow waived such immunity in defending this action.  Again, Plaintiff fails to come forward with any support in the law for this position.

5

in this action requires a stay in order to preserve State Defendants' immunity under the Eleventh Amendment.

In any event, the requirement that the moving party demonstrate a "strong showing" that Plaintiff's claims are unmeritorious is but one factor that a Magistrate Judge could consider in making their discretionary decision to stay discovery. Dkt. No. 314, p. 8. While Magistrate Judge Hummel noted in his Decision and Order that the State Defendants' motion to dismiss "presented nonfrivilous, seemingly strong claims," Magistrate Judge Hummel also acknowledged that "as the dispositive motions are not pending before [him], assessment of the merits beyond this initial, cursory review appears inappropriate and premature." Dkt. No. 314, p.7. Based on the foregoing, and on the facts that "the competing strengths of the parties arguments is but one factor the Court may considering in reaching its discretionary assessment regarding a stay" Magistrate Judge Hummel correctly turned his attention to the other factors, all of which weigh in favor of a stay of discovery until Defendants' motions are resolved. See Id.

### III.     The Scope and Cost of Discovery Merits The Issuance of a Stay

As Magistrate Judge Hummel thoroughly discussed in his Decision and Order, the burden of this litigation upon State Defendants thus far has been extraordinary. Magistrate Judge Hummel was correct that the preservation of State Defendants' immunity defense, when considered against the relatively modest period of delay, weighed in favor of issuing a stay. See Dkt. No. 314, p. 9.

The scope and cost of discovery in this case is unduly burdensome upon State Defendants, with the number of documents at issue based upon Plaintiff's claims against State Defendants numbering in at least the tens of thousands. In its prior Decision, the Court directed Defendants to produce for in camera inspection documents associated with: (1) referral of matters unrelated to

6

Plaintiff to government agencies; (2) investigative files relating to Lockton, Chubb and Lloyd's, including communications between these organizations and Defendants; (3) investigations of non-NRA affinity programs; (4) communications between Defendants and financial institutions or insurers regarding non-NRA gun promotion organizations; and (5) enforcement or adverse actions taken against financial institutions or insurers that conduct business with gun promotion organizations other than Plaintiff.  See Dkt. No. 188.  Factoring in the Court's request for supplemental information, Defendants required several months to compile and organize the material to allow for the Court's in camera review.

As Magistrate Judge Hummel noted, the scope and burden of the discovery in this case was so great that the Court itself needed to utilize the services of a Special Master.  See Dkt. No. 141; see also Dkt. No. 314, p. 9.  Indeed, the use of a Special Master in this case has already cost the State of New York $54,653.25.[3]  See Dkt. Nos. 179, 198, 224 and 247.

Such costs demonstrate the need for Eleventh Amendment immunity.  A brief stay of discovery will save the parties a significant amount in discovery costs.  Should a stay not be granted, the parties will continue paying for the services of a Special Master to review discovery materials that may become—or indeed already are—wholly irrelevant to this case.  Good cause exists to impose a modest stay on discovery while the Court considers Defendants' dispositive motions.

Magistrate Judge Hummel properly rejected Plaintiff's argument that a stay is unnecessary because State Defendants would still be required to participate in discovery if their Motion to Dismiss is granted.  See Dkt. No. 314, p. 12.  As Magistrate Judge Hummel correctly noted, and a

---

[3] Magistrate Judge Hummel also correctly recognized that the parties likely will continue to require the Special Master's services in reviewing documents as part of discovery in this action.

point which Plaintiff continues to ignore, the scope of discovery in this action would be vastly restricted if Defendants' Motions to Dismiss are granted. The breadth of what would remain in discovery for the single remaining claim against Defendant Cuomo is not comparable to the scale of Plaintiff's current discovery demands. The mere fact that Defendants may be required to participate in discovery on a much more discrete claim does not outweigh the justification for a brief stay while the future scope of this action is being decided.

Magistrate Judge Hummel was also correct in rejecting Plaintiff's argument that State Defendants' motion is futile (and a stay is thereby inappropriate) because Plaintiff can simply re-file its claims in New York State Supreme Court. See Dkt. No. 314, p. 13. There is no question that Magistrate Hummel correctly concluded that such a potential course of action is purely speculative at this point, and it can not form the basis for this Court's decision of whether a stay of discovery in this federal action is warranted under the law. Id.

### IV. The Merits of a Stay Outweighed Any Prejudice To Plaintiff

Magistrate Judge Hummel further found that any prejudice to Plaintiff by the stay would be "minimal as the stay will very likely be brief." See Dkt. No. 314, p. 15. State Defendants respectfully submit that Magistrate Judge Hummel was correct in concluding that any public interest in obtaining a swift resolution is outweighed by: (i) potentially protecting the public from unnecessary litigation costs; and (ii) protecting public employees from groundless litigation. Thus, Magistrate Hummel's Decision and Order should be affirmed.

Plaintiff overlooks the fact that its own delay in amending its Complaint for the second time resulted in the current posture of this matter. The circumstances surrounding this delay are discussed more fully by the Court in its previous Decision and Order granting Plaintiff leave to

8

amend its pleadings for the second time. See Dkt. No. 202. There the Court found that Plaintiff failed to demonstrate that it had acted with due diligence in gathering the facts necessary to amend its Complaint causing a delay. See Dkt. No. 202, pp. 13-14. Nevertheless, the Court found that while "permitting the amendments undoubtedly would cause some prejudice to defendants by way of further delay and expense" it also noted that "this case has been the subject of several delays, due to . . . the multiple filings – including motions for reconsideration and/or appeals – and the complexity of the matters in this case, including necessarily resorting to the assistance of a special master" and therefore, the delay that would result from permitting the amendment did not, alone, cause substantial prejudice. See Dkt. No. 202, pp. 15-16. Here, Magistrate Judge Hummel, taking into consideration the complexities of this matter, also correctly concluded that any delay in discovery would minimally prejudice the Plaintiffs as "[t]he requested stay is for a 'modest' period of time as it would be lifted upon the District Judge's decision on the motions to dismiss" and that "even if the [Court] were to deny the stay of discovery, the practical reality is that a good portion of discovery is tied up due to additional pending motions in this case . . . ." See Dkt. No. 314, p. 9-10. Accordingly, Magistrate Judge Hummel correctly found that the short stay of discovery, alone, could not be seen to substantially prejudice Plaintiff or cause any further or greater delay in this action given the totality of the circumstances. Id. p. 14-15. Further, Magistrate Judge Hummel correctly found that the stay weighed in favor of the State Defendants as it could protect the public from incurring substantial unnecessary litigation costs incurred from groundless litigation in the event the motions to dismiss are granted. Id. p. 14-15.

Finally, Plaintiff asserts that there is some ongoing violation of its rights that warrants the continuation of discovery. See Dkt. No. 315-1, p. 13. Plaintiff does not articulate the nature of such an ongoing violation. Id. However, to the extent that Plaintiff is referring to the investigation

9

into Plaintiff's illegal conduct, which was conducted by DFS, that investigation was concluded by a Consent Order agreed between the Plaintiff and DFS.

## CONCLUSION

In conclusion, Magistrate Judge Hummel did not abuse his broad discretion in issuing a stay of discovery pending the determination of the State Defendants' dispositive motion, which will likely eliminate some or all of the Plaintiffs' claims against the State Defendants in this action and completely alter the nature of the action. Moreover, the Plaintiffs have failed to show that Magistrate Judge Hummel's discretionary decision to stay discovery was "clearly erroneous or contrary to the law" such that this Court would be warranted in reversing the Magistrate Judge's Decision and Order. Therefore, for the reasons set forth above, Plaintiff's objections to the Magistrate Judge's Decision & Order should be rejected, and said Decision & Order should be affirmed, together with such other and further relief as the Court deems proper and necessary.

Dated: Albany, New York
January 19, 2021

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants DFS and Cuomo
The Capitol
Albany, New York  12224-0341

By: *s/ Ryan L. Abel*
Ryan L. Abel
Assistant Attorney General, of Counsel
Bar Roll No. 512454
Telephone:  (518) 776-2589
Email: Ryan.Abel@ag.ny.gov

TO:   All counsel of record via ECF