UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>                    Plaintiff,<br>      v.<br><br>ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,<br><br>                    Defendants. | Case No. 18 Civ. 566 (TJM)(CFH) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTION TO ORDER GRANTING STAY OF DISCOVERY**

Emery Celli Brinckerhoff Abady Ward & Maazel LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

<u>TABLE OF CONTENTS</u>

<u>PAGE NO.</u>

TABLE OF AUTHORITIES ..................................................................................ii-iv

PRELIMINARY STATEMENT ................................................................................1

FACTS ......................................................................................................................3

STANDARD OF REVIEW .......................................................................................6

ARGUMENT .............................................................................................................7

I.       THE MAGISTRATE JUDGE CORRECTLY APPLIED
THE "GOOD CAUSE" STANDARD IN GRANTING
DEFENDANTS' STAY MOTIONS ....................................................7

       A.     Magistrate Judge Hummel Acted Within His Discretion
in Staying Discovery Pending Resolution of Ms. Vullo's
Immunity and Other Defenses ....................................................9

            1.    The weight of authority overwhelmingly favors a stay
of discovery when an immunity defense is pending. ......................9

            2.    Magistrate Judge Hummel properly found that Ms. Vullo
presented a substantial argument for dismissal.............................11

            3.    The Court is considering Ms. Vullo's immunity defense
in the first instance. ........................................................................12

       B.     Magistrate Judge Hummel Properly Exercised His Discretion
in Finding that Additional "Good Cause" Factors Weighed
in Favor of a Stay.......................................................................13

            1.    The Second Circuit courts recognize the benefit
of a discovery stay on judicial and party resources. .....................13

            2.    Defendants' involvement in this case may be
significantly narrowed or terminated, reducing
all parties' discovery burden.........................................................14

            3.    The stay does not prejudice the NRA. ...........................................15

II.      PLAINTIFF HAS NOT MET ITS BURDEN TO DEMONSTRATE
THAT THE ORDER IS IN CLEAR ERROR OR CONTRARY TO LAW .........17

CONCLUSION........................................................................................................18

TABLE OF AUTHORITIES

**Cases**

*Ab v. Kamyr*,
    No. 91-cv-453, 1991 WL 246465 (N.D.N.Y. Nov. 20, 1991)...................................... 6, 17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................................ 9

*Atkinson v. Goord*,
    No. 01-cv-761, 2002 WL 1997887 (S.D.N.Y. Aug. 28, 2002)........................................ 10

*Atkinson v. Goord*,
    No. 01-cv-761, 2002 WL 31095167 (S.D.N.Y. Sept. 19, 2002) ................................ 8, 10

*Carmona v. Wright*,
    233 F.R.D. 270 (N.D.N.Y.2006).................................................................................. 7, 18

*Chesney v. Valley Stream Union Free Sch. Dist. No. 24*,
    236 F.R.D. 113 (E.D.N.Y. 2006) ................................................................................ 13

*Com–Tech Assocs. v. Computer Assocs. Int'l, Inc.*,
    753 F. Supp. 1078 (E.D.N.Y.1990), *aff'd*, 938 F.2d 1574 (2d Cir.1991)......................... 7

*Crawford-El v. Britton*,
    523 U.S. 574 (1998)................................................................................................ 8, 9, 14

*Dabney v. Maddock*,
    No. 9:10-CV-0519, 2011 WL 7479164 (N.D.N.Y. Nov. 29, 2011)......................... 13, 16

*Dabney v. Maddock*,
    No. 9:10-CV-0519, 2012 WL 760748 (N.D.N.Y. Mar. 7, 2012) .................................... 13

*De Ponceau v. Bruner*,
    No. 9:09-CV-605, 2012 WL 1014821 (N.D.N.Y. Mar. 23, 2012) .................................. 12

*De Ponceau v. Bruner*,
    No. 9:09-CV-605, 2012 WL 1030415 (N.D.N.Y. Feb. 21, 2012)................................... 11

*Guiffre v. Maxwell*,
    No. 15-cv-7433, 2016 WL 254932 (S.D.N.Y. Jan. 20, 2016) .......................................... 8

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982)........................................................................................................ 9

*Hunter v. Bryant*,
    502 U.S. 224 (1991)........................................................................................................ 9

*In re World Trade Ctr. Disaster Site Litig.*,
    503 F.3d 167 (2d Cir. 2007)......................................................................... 10

*Lyondell-Citgo Refining, LP v. Petroleos de Venezuela*, S.A.,
    No. 02-CV-795, 2005 WL 551092 (S.D.N.Y. Mar. 9, 2005) ............................ 6

*Marquez v. Hoffman*,
    No. 18-cv-7315, 2019 WL 5940151 (S.D.N.Y. Oct. 25, 2019)........................ 17

*McNamee, Lochner, Titus & Williams, P.C. v. Mayorga*,
    No. 1:13-mc-27, 2013 WL 4520671 (N.D.N.Y. Aug. 26, 2013)....................... 7

*Mitchell v. Annucci*,
    No. 17-cv-892, 2020 WL 6375468 (N.D.N.Y. Oct. 30, 2020) .......................... 6

*New York by James v. Pennsylvania Higher Educ. Assistance Agency*,
    No. 19 CIV. 9155, 2020 WL 605944 (S.D.N.Y. Feb. 7, 2020) ................... 10, 16

*Parker v. United States*,
    No. 16-CV-6475, 2018 WL 5847114 (W.D.N.Y. Nov. 8, 2018) ..................... 10

*Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.*,
    866 F.2d 228 (7th Cir. 1988) ........................................................................ 6

*Phipps v. Gillani*,
    No. 9:10-CV-1588, 2012 WL 264414 (N.D.N.Y. Jan. 30, 2012)..................... 7

*Phipps v. Gillani*,
    No. 9:10-CV-1588, 2012 WL 265727 (N.D.N.Y. Jan. 5, 2012)................... 7, 11

*Pierre v. Prospect Mortg.*, LLC,
    No. 1:13-CV-453, 2013 WL 5876151 (N.D.N.Y. Oct. 31, 2013) ................... 16

*Reyes v. W.D. Henry & Sons, Inc.*,
    No. 18-v-1017, 2019 WL 483318 (W.D.N.Y. Feb. 7, 2019).............................. 7

*Student Lifeline, Inc. v. Senate of State of New York*,
    No. 04-cv-5484, 2006 WL 2577849 (E.D.N.Y. Sept. 5, 2006) ....................... 17

*Tartaglia v. Carlsen*,
    No. 9:07-CV-849, 2008 WL 4000407 (N.D.N.Y. Aug. 22, 2008) ................... 10

*Torres v. Faxton St. Lukes Healthcare*,
    No. 6:16-CV-439, 2017 WL 11317906 (N.D.N.Y. Jan. 26, 2017).................. 10

*U.S.  v. Cnty. of Nassau*,
    188 F.R.D. 187 (E.D.N.Y. 1999) ................................................................. 14

*United States v. United States Gypsum Co.*,
   333 U.S. 364 (1948).............................................................................................. 6

*Utica Mut. Ins. Co. v. Century Indem. Co.,*
   No. 6:13-CV-995, 2015 WL 3429116 (N.D.N.Y. May 11, 2015).................................... 17

**Statutes & Rules**

Fed. R. Civ. P. 26(c)(1)...................................................................................... 7, 13

Fed. R. Civ. P. 72(a) .......................................................................................... 6, 17

Defendant Maria T. Vullo submits this memorandum of law in opposition to Plaintiff's objection to Magistrate Judge Hummel's December 14, 2020 Order granting a stay of discovery.

## PRELIMINARY STATEMENT

The NRA's objection to the discovery stay is simply its latest salvo in its well-funded litigation strategy of leaving no stone unturned and no motion unfiled, regardless of how baseless. Facing a motion to dismiss which establishes immunity defenses that protect defendants from the burdens of discovery, and which makes clear that the NRA has no basis as a matter of law for its claims against Ms. Vullo, the NRA asks this Court to overturn Magistrate Judge Hummel's well-reasoned decision providing for a temporary stay. It has no grounds to do so.

Magistrate Judge Hummel's thoughtful Order temporarily staying discovery pending this Court's resolution of the motions to dismiss is supported by an abundance of legal authorities and entitled to significant deference. Magistrate Judge Hummel is intimately familiar with the parties' discovery efforts in this case and correctly concluded in his Order that Defendants established "good cause" for a discovery stay. The Magistrate Judge recognized both the substantial burdens that Ms. Vullo, and all parties, will be spared if the pending motions are granted and the lack of prejudice from the stay. The Magistrate Judge also recognized that the Court's disposition of the motions to dismiss "could potentially reshape pending claims" and therefore impact the scope of whatever (if any) discovery remains after this Court renders its decision.

Courts in this Circuit routinely grant stays where (as here) a defendant asserts a facially valid immunity defense. The NRA cites not a single case to the contrary nor one that overturned a magistrate judge's discovery stay. Immunity for public officials is meant to protect

1

them from the difficulties of litigation, including invasive discovery, and this case amply demonstrates the importance of this principle.  Compelling Ms. Vullo to participate in discovery while her strong immunity defense is pending would preemptively deny her the very protections to which she is entitled under controlling Supreme Court precedent.  Magistrate Judge Hummel recognized this very concern, and further understood the extent of discovery to which Ms. Vullo would be subject absent a stay and the fact that the pending motions would determine the scope of any discovery remaining in the case.  His determination that Ms. Vullo is entitled to a stay is therefore not clearly erroneous or contrary to law.

Magistrate Judge Hummel also correctly recognized that a stay of discovery will conserve the Court and the parties' resources.  As this very appeal demonstrates, this case has involved substantial discovery requests by the NRA and substantial disputes and expense resulting from the NRA's scorched-earth strategy.  A stay of discovery is fully warranted here given that Ms. Vullo has substantial immunity (and other) defenses as a matter of law; on the other hand, as the Magistrate Judge recognized, the NRA will not suffer prejudice from the temporary stay.  Indeed, if, as Ms. Vullo submits, her motion to dismiss should be granted, she is not a proper party to this case at all and therefore should not be burdened by the numerous discovery motions and disputes.  On the other hand, if the Court were to rule that some, but not all, of the claims should survive, the scope of discovery would be appropriately limited to the claims remaining in the case, further justifying the Magistrate Judge's temporary stay.  There simply is no prejudice to the NRA from this temporary stay, while this Court considers the pending motions to dismiss.

Much like its claims against Ms. Vullo, Plaintiff provides no legitimate support for its claim that Magistrate Judge Hummel's order is clearly erroneous or contrary to law. Absent such an error, the order should not be disturbed.

## FACTS

The Court is familiar with the factual and procedural history of this case and Ms. Vullo will not restate it at length here. As relevant here, Ms. Vullo directs the Court's attention to the following events:

**Discovery Management.** On May 11, 2018, shortly after Plaintiff initiated this action, this Court entered General Order #25 referring discovery management in this case to Magistrate Judge Hummel. Dkt. 3 at 3. The Magistrate Judge has since presided over the exchange and *in camera* review of thousands of documents and more than a dozen discovery disputes among the parties. As the Magistrate Judge observed in the most recent Order, "[T]he breadth of discovery in this action is significant—both in sheer volume of material and expense." Dkt. 314 at 8 (the "Stay Order"). In the last several months alone, the NRA has pursued wide-ranging discovery of third parties, including Hague Convention discovery of Lloyd's of London, seeking 14 depositions of witnesses in the United Kingdom, Dkt. 246-1 at 1, and extensive document discovery of its political opponent, the non-profit organization Everytown for Gun Safety. Dkt. 251-27. Meanwhile, the NRA has ignored or failed to provide complete responses to Ms. Vullo's own discovery requests going to the heart of the NRA's allegations. *See* Dkt. 293 (Def. Vullo's Motion to Compel Interrogatory Responses).

**Dispositive Motions.** On May 9, 2019, this Court dismissed the NRA's selective enforcement claim against Ms. Vullo "because the [First] Amended Complaint lacks plausible allegations that Defendants had knowledge of the purported Insurance Law violations by the comparators." Dkt. 112 at 8 ("Dismissal Decision"). Having found that the NRA failed to state

3

a claim, the Court did not reach Defendants' arguments that dismissal was also warranted on the grounds of absolute and qualified immunity. *Id.* at 11.  The Dismissal Decision allowed the NRA to re-plead its selective enforcement claim, *if* it could specifically allege that "Vullo knew of non-firearm-related Insurance Law violations by the comparators when DFS commenced its investigation in the NRA's insurance programs, or allege facts plausibly supporting the conclusion that these defendants were aware of such violations by the comparators yet consciously declined to enforce the Insurance Law against the comparators." *Id.*

Despite being permitted to re-plead its claim against Ms. Vullo immediately, the NRA did not attempt to do so *for six months*.  *See* Dkt. 202 at 14.  On the NRA's delay, the Magistrate Judge "conclude[d] that plaintiff has not shown that it acted with due diligence," in "obtaining or interpreting the information upon which it now purports to rely in seeking to replead its selective enforcement claim." *Id.* at 13.  The Magistrate Judge permitted an amendment on June 1, 2020, after which the NRA filed a Second Amended Complaint ("SAC"). *See* Dkt. 203.[1]

Ms. Vullo promptly filed a motion to dismiss all of the NRA's claims against her on June 23, 2020, asserting her immunity from the NRA's claims as well as other meritorious defenses, including the NRA's failure to comply with the Court's prior direction as to the re-pleading of a selective enforcement claim.  Dkt. 211.  The same day, Defendants Cuomo and DFS also filed motions to dismiss all claims against Defendant Cuomo in his official capacity

[1] The NRA is simultaneously involved in separate proceedings with the New York Attorney General regarding the NRA's alleged violations of state and federal law as a non-profit corporation.  *See People of the State of New York v. The National Rifle Association et al.*, Index No. 451625/2020 (Sup. Ct. N.Y.); *The National Rifle Association v. Letitia James*, No. 20-cv-889 (N.D.N.Y. 2020).  On January 15, 2021, the NRA filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Texas, a move seen as "an effort to circumvent New York's legal jurisdiction" related to the Attorney General's lawsuit.  Danny Hakim, *N.R.A. Declares Bankruptcy and Seeks to Exit New York*, N.Y. Times (Jan. 15, 2021), https://www.nytimes.com/2021/01/15/us/politics/nra-bankruptcy.html.  Ms. Vullo is not a party to these disputes.

4

and against DFS.  Dkt. 210.  Shortly thereafter, Defendants sought leave from the Magistrate

Judge to file a motion to stay discovery pending the resolution of the motions to dismiss.  Dkt.

221; Dkt. 222.

On July 28, 2020, prior to any formal motion by Defendants, the Magistrate Judge

ordered a partial stay of discovery until September 30, 2020, with a conference to be held at the

expiration of the stay.  Dkt. 234.  During the period of the partial stay, court deadlines obligated

Ms. Vullo to file an opposition to the NRA's request for letters rogatory against Lloyd's-related

entities located outside of the United States, Dkt. 259; an opposition to the NRA's motion to

compel responses from third party Everytown for Gun Safety, Dkt. 291; and objections to the

Special Master's First Report and Recommendation, *see* Dkt. 234.[2]

On December 14, 2020, following briefing by all parties, the Magistrate Judge

issued an Order granting both Ms. Vullo's motion and DFS and Governor Cuomo's separate

motion to stay discovery pending resolution of the motions to dismiss.  Dkt. 314 (the "Stay

Order").  In the Stay Order, the Magistrate Judge "conclude[d] that defendants have

demonstrated good cause and that the scale tilts more heavily in favor of the stay."  *Id.* at 15.

"[O]f great significance to this determination is the vast amount of discovery requested and

pending and the fact that the additional efforts and funds that will need to be poured into

additional discovery will be largely for naught if the pending motions to dismiss are granted."

*Id.*  The Magistrate Judge further found that "plaintiff's prejudice is minimal as the stay will very

---

[2] To protect her rights given the NRA's continued discovery requests, at the conclusion of the initial, partial stay, Ms. Vullo requested and received permission from the Magistrate Judge to move to compel the NRA to fully answer interrogatories (in the event discovery were to proceed), as the NRA repeatedly has failed to provide any factual support in discovery for its core allegations that Ms. Vullo engaged in "threats" and "backroom exhortations" with respect to regulated entities.  Dkt. 293.  Ms. Vullo denies these allegations and the NRA's utter failure to identify any facts to support these false allegations mandates dismissal.  Ms. Vullo's motion, like the NRA's discovery motions, is presently subject to the stay of discovery.

likely be brief," and that the NRA is free to renew its request if the stay becomes prolonged. *Id.*
at 15-16.  Ultimately, the Magistrate Judge determined that "as the decision on the pending
motions to dismiss could potentially reshape pending claims, a stay of discovery while these
motions are pending is warranted." *Id.* (internal citation and quotation marks omitted).  The
NRA objects to this determination.  This Court should affirm.

**STANDARD OF REVIEW**

A magistrate judge's ruling on a non-dispositive motion should not be disturbed
unless the ruling is "clearly erroneous or contrary to law," Fed. R. Civ. P. 72(a), a "highly
deferential standard of review." *Lyondell-Citgo Refining, LP v. Petroleos de Venezuela*, S.A.,
No. 02-CV-795, 2005 WL 551092, at *1 (S.D.N.Y. Mar. 9, 2005).  A non-dispositive order is
only clearly erroneous under Rule 72(a) when the Court, on review of the entire evidence, "is left
with the definite and firm conviction that a mistake has been committed." *United States v.
United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  To be clearly erroneous, "a decision must
strike [the Court] as more than just maybe or probably wrong; it must . . . strike [the Court] as
wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts and Elec. Motors, Inc.
v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).  Absent such conviction, the Court
should defer to the magistrate judge's exercise of his discretion.

Parties objecting to a magistrate judge's discovery ruling face "a heavy burden,"
as "[the Rule 72(a)] standard . . . only permits reversal where this Court determines the
magistrate judge abused his broad discretion over resolution of discovery matters." *Mitchell v.
Annucci*, No. 17-cv-892, 2020 WL 6375468, at *2 (N.D.N.Y. Oct. 30, 2020) (McAvoy, J.)
(internal quotation marks omitted).  "[A] district court is not empowered simply to substitute its
judgment for that of a magistrate judge" on non-dispositive matters. *Ab v. Kamyr*, No. 91-cv-
453, 1991 WL 246465, at *1 (N.D.N.Y. Nov. 20, 1991) (McAvoy, J.) (citing *Com–Tech Assocs.*

6

*v. Computer Assocs. Int'l, Inc*., 753 F. Supp. 1078, 1099 (E.D.N.Y.1990), *aff'd*, 938 F.2d 1574 (2d Cir.1991)). "Although legal authority may support an objection, the critical inquiry is whether there is legal authority that supports the magistrate's conclusion, in which case there is no abuse of discretion." *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y.2006).

## ARGUMENT

### I.   THE MAGISTRATE JUDGE CORRECTLY APPLIED THE "GOOD CAUSE" STANDARD IN GRANTING DEFENDANTS' STAY MOTIONS

Fed. R. Civ. P. 26(c)(1) enables the Court in its discretion to "issue an order . . . forbidding the disclosure or discovery" where good cause has been shown. When a party seeks a stay of discovery, "[g]ood cause can be shown where, upon the filing of a dispositive motion, the stay is for a modest period of time and [does] not prejudice the opposing party." *McNamee, Lochner, Titus & Williams, P.C. v. Mayorga*, No. 1:13-mc-27, 2013 WL 4520671, at *5 (N.D.N.Y. Aug. 26, 2013).

As the Magistrate Judge correctly recognized, courts may order a stay of discovery where, as here, a defendant presents "substantial arguments" for dismissal of the claims against her. *See Phipps v. Gillani*, No. 9:10-CV-1588, 2012 WL 265727, at *6 (N.D.N.Y. Jan. 5, 2012), report and recommendation adopted, No. 9:10-CV-1588, 2012 WL 264414 (N.D.N.Y. Jan. 30, 2012); *see also* Stay Order at 6 ("A stay of discovery is proper where the pending dispositive motion appears to show substantial grounds or does not appear to be without foundation in law." (quoting *Reyes v. W.D. Henry & Sons, Inc.*, No. 18-v-1017, 2019 WL 483318, at *2 (W.D.N.Y. Feb. 7, 2019))).

A dispositive motion asserting an immunity defense is afforded particular weight when considering a discovery stay. As set out in the Stay Order, the Supreme Court has instructed trial courts to "exercise [their] discretion in a way that protects the substance of the

qualified immunity defense . . . so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998); Stay Order at 5. "[I]f the defendant does plead the immunity defense, this Court should resolve that threshold question before permitting discovery." *Id.* at 598.

Where, as here, the threshold question of immunity is pending before the Court, the Court contemplating a discovery stay must determine only whether the defendant has shown enough substance to her immunity defense that she should be afforded temporary protection against the burdens of discovery. *See Atkinson v. Goord*, No. 01-cv-761, 2002 WL 31095167, at *1 (S.D.N.Y. Sept. 19, 2002) ("[I]t seems reasonably plain that an individual defendant on a claim as to which that defendant has a colorable qualified immunity defense ought not be subjected to discovery on that claim until the defense is resolved . . . ."). While Ms. Vullo has demonstrated that she is likely to succeed on her dismissal motion, the Magistrate Judge was not required to wade deeply into the merits of the motion pending before this Court to grant the discovery stay. In claiming otherwise, the NRA ignores the wealth of caselaw granting stays in the immunity context, *see infra* at 8. It cites no case overturning a magistrate judge's grant of a stay in such circumstances. Instead, it *erroneously* cites the inapposite case of *Guiffre v. Maxwell* for the proposition that Ms. Vullo must provide a "strong showing" that Plaintiff's claims are unmeritorious in order to be entitled to a stay. *See* Dkt. 315-1 at 4. The standard applied in *Guiffre*, a defamation case between private parties that involved no immunity defense, has not been extended to stay motions invoking immunity. No. 15-cv-7433, 2016 WL 254932 (S.D.N.Y. Jan. 20, 2016). Indeed, Ms. Vullo has not found, and Plaintiff has not identified, a single case that requires a defendant to make such a showing where an immunity defense is

pending.  This is because such a requirement would defeat the purpose of immunity, and the case law involving stays in the context of immunity defenses does not impose such a requirement.

### A. Magistrate Judge Hummel Acted Within His Discretion in Staying Discovery Pending Resolution of Ms. Vullo's Immunity and Other Defenses

The Magistrate Judge acted well within his discretion in staying discovery pending the resolution of Ms. Vullo's motion to dismiss all claims against her based on meritorious immunity defenses (and other defenses).  The Order fits squarely within controlling precedent, is supported by the substantive nature of Ms. Vullo's immunity defenses, and affords Ms. Vullo the protection to which she is entitled as this Court considers her immunity defenses in the first instance.

### 1. The weight of authority overwhelmingly favors a stay of discovery when an immunity defense is pending.

The U.S. Supreme Court has firmly settled that discovery should not be allowed pending the resolution of an immunity defense.  *See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until [the] threshold immunity question is resolved, discovery should not be allowed"); *Crawford-El v. Britton*, 523 U.S. at 598 ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery").  Immunity serves the important purpose of protecting a defendant from the burdens of litigation, including discovery, to which she may not be properly subject.  *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (qualified immunity is "both a defense to liability and a limited entitlement not to stand trial or face the other burdens of litigation" (internal quotation marks omitted)).  Because "the entitlement [of immunity] is an immunity from suit rather than a mere defense to liability," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991), an assertion of the immunity defense should be resolved before compelling defendants to participate further in litigation.

Following this framework, courts in the Second Circuit routinely stay discovery when a defendant moves to dismiss claims on immunity grounds.  *See, e.g.*, *Tartaglia v. Carlsen*, No. 9:07-CV-849, 2008 WL 4000407, at *1 (N.D.N.Y. Aug. 22, 2008) (recommending a finding of qualified immunity and staying discovery pending resolution of motion to dismiss); *Parker v. United States*, No. 16-CV-6475, 2018 WL 5847114, at *3 (W.D.N.Y. Nov. 8, 2018) (staying discovery pending resolution of qualified immunity defense on motion to dismiss); *Atkinson v. Goord*, 2002 WL 31095167, at *1 (staying discovery on claims against which defendants raised qualified immunity defense); *see also New York by James v. Pennsylvania Higher Educ. Assistance Agency*, No. 19 CIV. 9155, 2020 WL 605944, at *2 (S.D.N.Y. Feb. 7, 2020) (immunity defense constitutes a "strong showing" favoring stay of discovery).

In support of its erroneous claim that courts in the Second Circuit reject discovery stays pending the resolution of immunity defenses, the NRA cites one case where a stay *was* granted and two where the District Court denied a stay pending appeal after denying qualified immunity, finding the claims lacked merit so no stay was appropriate.  Plaintiff cites the August 28, 2020 order in *Atkinson v. Goord*, No. 01-cv-761, 2002 WL 1997887, at *1 (S.D.N.Y. Aug. 28, 2002), denying an omnibus motion to stay all discovery until defendants tailored their dismissal motion to claims against which they raised a qualified immunity defense.  Dkt. 315-1 at 6 n.21.  The NRA fails to inform the Court, however, that the *Atkinson* court then granted a stay of discovery as to those claims pending resolution of defendants' qualified immunity defense, as cited above.  *Atkinson*, 2002 WL 31095167, at *1.  In both *Torres v. Faxton St. Lukes Healthcare*, No. 6:16-CV-439, 2017 WL 11317906, at *2 (N.D.N.Y. Jan. 26, 2017), and *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007), cited by the NRA, the courts denied defendants' motions to stay discovery during the pendency of their interlocutory

appeals *after* the district court had denied qualified immunity and found the immunity defenses meritless.  *See* Dkt. 315-1 at 6 n.21.  That is not the situation here.

The Magistrate Judge's Stay Order fits squarely within existing precedent.  It is an appropriate exercise of discretion that protects Ms. Vullo from the burdens of discovery, of which she likely will be fully relieved following the resolution of her motion to dismiss, and is therefore entitled to deference on that basis alone.  Despite its attempts to require Ms. Vullo to show that she is "likely to succeed" on her motion to dismiss (which she clearly has shown)—the NRA cannot identify a single case that actually requires a defendant to show she is likely to succeed on her immunity defense in order to be afforded the stay.  The cases it cites are outside of the context of the qualified immunity doctrine and are not a basis for overturning the substantial discretion afforded to the Magistrate Judge in weighing the various factors that favor a stay.  *See infra* at 11.

The NRA also has not identified a single case where a District Court overturned a magistrate judge's substantial discretion granting a stay based on the facial merit of a defendant's dismissal argument.  So, too, here, there exists no reason to overturn the Magistrate Judge's Stay Order in this case.

### 2. Magistrate Judge Hummel properly found that Ms. Vullo presented a substantial argument for dismissal.

The Magistrate Judge properly exercised his discretion in determining that "Ms. Vullo's absolute and qualified immunity defenses do not appear to be without a foundation in law," Stay Order at 6 (internal quotation marks omitted).  When considering a motion to stay discovery, courts are tasked with assessing only whether a defendant presents "substantial arguments" for dismissal.  *See, e.g.*, *Phipps*, 2012 WL 265727, at \*6; *De Ponceau v. Bruner*, No. 9:09-CV-605, 2012 WL 1030415, at \*13 (N.D.N.Y. Feb. 21, 2012), report and recommendation

adopted, No. 9:09-CV-605, 2012 WL 1014821 (N.D.N.Y. Mar. 23, 2012).  The Magistrate Judge

did so here.  Recognizing that a full "assessment of the merits beyond this initial, cursory review

appears inappropriate and premature," Stay Order at 7, particularly as the motions are pending

before this Court for decision, the Magistrate Judge correctly focused his analysis of Ms. Vullo's

immunity defenses on their facial merit for purposes of the stay motion.   After recounting the

substance of Ms. Vullo's arguments, the Magistrate Judge appropriately determined that she,

alongside Mr. Cuomo and DFS, has presented "nonfrivolous, seemingly strong claims." *Id.*

This conclusion is neither clearly erroneous nor contrary to law.

> ### 3.   The Court is considering Ms. Vullo's immunity defense in the first instance.

It was not clearly erroneous for the Magistrate Judge to determine that Ms.

Vullo's immunity defense has facial merit.  Contrary to the NRA's claim that Ms. Vullo's

motion to dismiss "seek[s] to relitigate issues assessed when the NRA's amendment was

granted," Dkt. 315-1 at 6, the pending motion to dismiss is this Court's first opportunity to

consider Ms. Vullo's absolute and qualified immunity from Plaintiff's claims.  The Court did not

reach her immunity defenses in ruling on the motions to dismiss Plaintiff's First Amended

Complaint, as it dismissed the NRA's selective prosecution claim on other grounds without

reaching the immunity defense.  Dkt. 112 at 11.  Because this Court has not previously opined on

the merits of Ms. Vullo's immunity defense, there is nothing in the record that would render the

Magistrate Judge's discretionary decision a clear error.  Moreover, as detailed extensively in her

motion to dismiss papers, Ms. Vullo is entitled to absolute prosecutorial immunity on the NRA's

selective enforcement claim because her actions in enforcing the law against Lloyd's, Lockton,

and Chubb and entering into Consent Orders—effectively, guilty pleas—with those companies to

resolve those cases was prosecutorial in nature and subject to absolute immunity.  Dkt. 211-1 at

12.  Ms. Vullo also seeks dismissal because she is entitled to qualified immunity on the NRA's selective enforcement claim and First Amendment retaliation claim, because there is no case law clearly establishing the alleged constitutional violation the NRA claims.  *Id.* at 27, 33.  Ms. Vullo further seeks dismissal of the selective enforcement claim on the additional ground that the NRA *still* has not pleaded that she knew of insurance law violations by specific, similarly-situated comparators and chose not to prosecute, as this Court's Dismissal Decision required the NRA to plead.  *Id.* at 18.  The Magistrate Judge properly recognized the substance of all of these arguments, and his determination was not clearly erroneous.

### B.    Magistrate Judge Hummel Properly Exercised His Discretion in Finding that Additional "Good Cause" Factors Weighed in Favor of a Stay

The Magistrate Judge also appropriately determined that additional "good cause" factors recognized in this Circuit—breadth and burden of discovery and risk of unfair prejudice—weigh in favor of a discovery stay.  Stay Order 5, 13-15 (citing the factors set forth in *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)).  In his role overseeing the discovery process in this case, the Magistrate Judge is well-informed of the scope and burdens of discovery for the parties.  Further, the Magistrate Judge presented a sound analysis of each of these factors.  Given the Magistrate Judge's broad discretion in determining this matter, there is no error here on which to disturb his determination.

### 1.    The Second Circuit courts recognize the benefit of a discovery stay on judicial and party resources.

As the Magistrate Judge noted, "[a discovery stay under Rule 26(c)(1)] is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims."  *Dabney v. Maddock*, No. 9:10-CV-0519, 2011 WL 7479164, at *11 (N.D.N.Y. Nov. 29, 2011), report and recommendation adopted, No. 9:10-CV-0519, 2012 WL 760748 (N.D.N.Y. Mar. 7, 2012) (granting stay of

discovery pending determination of defendant's motion to dismiss); *see also U.S.  v. Cnty. of Nassau*, 188 F.R.D. 187, 189 (E.D.N.Y. 1999) (granting a stay of discovery in "the interests of fairness, economy and efficiency" when a defendant filed a motion to dismiss that, if successful, would be dispositive of the entire action); Stay Order at 4.

This is particularly true when a defendant has asserted a qualified immunity defense.  *See Crawford-El,* 523 U.S. at 597-98 (instructing trial courts to exercise their discretion to "protect[[] the substance of the qualified immunity defense . . . so that officials are not subjected to unnecessary and burdensome discovery"); *supra* Part I.A.

Ms. Vullo already has been "subjected to unnecessary and burdensome discovery."  *Id.*  As the Magistrate Judge noted, "the breadth of discovery in this action is significant—both in sheer volume of material and expense."  Stay Order at 8.  The use of a Special Master in this case has already cost over $50,000.  *Id.* at 9.  The NRA recently has sought extensive discovery of third parties, including numerous depositions through the Hague Convention.  The Magistrate Judge's determination regarding the conservation of judicial and party resources was therefore amply supported by his own experience managing discovery in this case and the case record itself.  The Stay Order was not clearly erroneous.

Because Ms. Vullo's absolute and qualified immunity is meant to protect her from precisely these burdens and promises to reduce the burden of future discovery, *see* Stay Order at 5 (quoting *Crawford-El*, 523 U.S. at 597-98), the Magistrate Judge correctly determined that a discovery stay is appropriate pending resolution of her motion to dismiss.

### 2. Defendants' involvement in this case may be significantly narrowed or terminated, reducing all parties' discovery burden.

If Defendants' motions to dismiss are granted in full, Ms. Vullo will no longer be a party to this case and Plaintiff's claims will be reduced to a narrow First Amendment claim

against Governor Cuomo in his individual capacity.  The Magistrate Judge, who has overseen significant motion practice on discovery issues related to Plaintiffs' claims, found that this potential reduction in claims would significantly reduce the discovery burdens in this case.  "The breadth of discovery in which the parties would be required to engage for the one remaining claim against Mr. Cuomo (either for Mr. Cuomo as a party or DFS and Ms. Vullo as nonparties) would be vastly less broad than the current discovery demands.  It cannot be said that the burden and expense of discovery . . . to the remaining defendants as nonparties is comparable to the discovery in which they will be required to engage should the motions to dismiss be denied." Stay Order at 12-13.  While the NRA rests its objection on the fact that discovery will nonetheless continue, it cannot seriously dispute that discovery would be significantly narrowed if the case were limited to a single claim against Governor Cuomo.  Indeed, Ms. Vullo's present position as a defendant in this case against whom (false) claims are asserted seeking substantial damages requires her to have her counsel participate actively in the full breadth of discovery activities by the NRA in this case.  If, as Ms. Vullo submits is warranted, Ms. Vullo is dismissed from this case, such participation would no longer be required.  The Magistrate Judge's conclusion that a discovery stay is warranted on the ground that the parties' additional efforts and resources "will be largely for naught" if Ms. Vullo were dismissed from the case and this Court's decision "could potentially reshape pending claims," is not clearly erroneous.

### 3.   The stay does not prejudice the NRA.

The Magistrate Judge also properly concluded that the discovery stay would not prejudice the NRA.  His determination is amply supported by the posture of this case: with many pending motions, permitting discovery now is unlikely to advance the date by which the case is resolved—it will only multiply the parties' and the Court's efforts in the interim, with a motion to dismiss pending that likely will impact the scope of the case.  Further, and contrary to the

NRA's assertions, the ultimate course of discovery will not be impacted by the stay—the NRA's allegations involve recent events for which discovery will be available after the resolution of Defendants' motions to dismiss—targeted to the claims remaining at that point.  The NRA has not identified any actual prejudice from the discovery stay, other than a generalized claim of "delay."

Moreover, as noted in the Stay Order, courts in this Circuit have generally found that discovery stays pending the resolution of a motion to dismiss tend to be modest in time.  *See, e.g.*, *Pierre v. Prospect Mortg.*, LLC, No. 1:13-CV-453, 2013 WL 5876151, at *4 (N.D.N.Y. Oct. 31, 2013) (finding the prospect of a four-month stay to have negligible prejudicial effect on the parties); *Dabney*, 2011 WL 7479164, at *11; *see also New York by James*, 2020 WL 605944, at *2 (finding that a discovery stay pending resolution of a motion to dismiss "would only be for a period of several months").  The Magistrate Judge determined that a stay in this case would be similarly modest in time, and thus would not prejudice the parties.  Stay Order at 9 ("Although the undersigned cannot speak to Judge McAvoy's schedule, it would seem unlikely that the motions would remain unaddressed for a significant length of time.").  Based on existing case law and his own knowledge of the record of this case, the Magistrate Judge's finding of no prejudice was well within his discretion.

Plaintiff's allegation that "the Magistrate Judge committed a mistake by ordering the discovery stay" when "Defendants [have made] significant attempts to avoid discovery," is unavailing.  Dkt. 315-1 at 5.  The Magistrate Judge made clear the NRA had no basis to malign Defendants' substantial discovery efforts:  He determined that "tactical delay" was "a concern that does not appear to the undersigned to be present in this case."[3]  Stay Order at 13.  Neither

---

[3] The NRA's assertion that "Vullo flatly refused to agree on a [deposition] date" and "exploited" the COVID-19 crisis, Dkt. 315-1 at 2 n.5, is false.  When the parties appeared before the Magistrate Judge regarding deposition

Plaintiff nor this Court may "substitute its judgment for that of a magistrate judge" on this

matter.  *See Ab*, 1991 WL 246465, at *1.  The NRA presents no evidence that the Magistrate's

Judge's decision is erroneous, let alone clearly erroneous.  This Court should affirm.

## II.  PLAINTIFF HAS NOT MET ITS BURDEN TO DEMONSTRATE THAT THE ORDER IS IN CLEAR ERROR OR CONTRARY TO LAW

Plaintiff has failed to meet its heavy burden to overturn the Magistrate Judge's

stay order.  When a party objecting to a magistrate judge's order under Rule 72(a) "failed to

display any error the Magistrate may have committed [and has] not pointed to any rulings in that

Order that are contrary to law," *Student Lifeline, Inc. v. Senate of State of New York*, No. 04-cv-

5484, 2006 WL 2577849, at *2 (E.D.N.Y. Sept. 5, 2006) (denying application to hold magistrate

judge's order clearly erroneous), it has not satisfied the requirements of Rule 72(a).

Plaintiff has not identified a single issue on which the Magistrate Judge's

determination was "clearly erroneous or contrary to law."  The NRA has not identified a single

case that contradicts the Magistrate Judge's discretionary determination.  *See Utica Mut. Ins. Co.*

*v. Century Indem. Co.,* No. 6:13-CV-995, 2015 WL 3429116, at *2 (N.D.N.Y. May 11, 2015)

("[A] magistrate judge's decision is contrary to law only where it runs counter to controlling

authority.")  In fact, the weight of the case law fully supports the Stay Order.  *See, e.g.*, *Marquez*

*v. Hoffman*, No. 18-cv-7315, 2019 WL 5940151, at *4 (S.D.N.Y. Oct. 25, 2019) (overruling

plaintiff's objections to magistrate judge's order granting a temporary stay of discovery pending

resolution of motion to stay discovery); *supra* Part I.  Even if Plaintiff had been able to identify

---

dates, Ms. Vullo promptly offered proposed dates in March 2020 to the NRA's counsel, and followed up *for weeks thereafter* with multiple additional dates when the NRA's counsel did not find Ms. Vullo's offers suitable. Ms. Vullo's offers of deposition dates initially were for an in-person deposition, but it was the NRA's counsel that rejected those dates; thereafter, the COVID-19 pandemic made in-person depositions infeasible, so Ms. Vullo offered a virtual deposition instead. The NRA's counsel ultimately did not respond to Ms. Vullo's offers, apparently choosing not to pursue a deposition of Ms. Vullo at this stage. Nor did the NRA choose to proceed with other depositions that it had previously noticed.

legal authorities contradicting the Magistrate Judge's determination, the existence of robust case

law in support of the Stay Order renders it a proper use of the Magistrate Judge's discretion.  *See*

*Carmona*, 233 F.R.D. at 276 ("That reasonable minds may differ on the wisdom of a legal

conclusion does not mean it is clearly erroneous or contrary to law.").

## CONCLUSION

Magistrate Judge Hummel's December 14, 2020 Order granting a stay of

discovery was neither clearly erroneous nor contrary to law.  Plaintiff has failed to meet its heavy

burden of demonstrating otherwise.  For this and the reasons set forth above, this Court should

overrule Plaintiff's objection.


Dated: January 19, 2021
New York, New York

                                    EMERY CELLI BRINCKERHOFF
                                    ABADY WARD & MAAZEL LLP


                                     /s/ Andrew G. Celli, Jr.
                                    Andrew G. Celli, Jr.
                                    Debra L. Greenberger
                                    Marissa R. Benavides

                                    600 Fifth Avenue, 10th Floor
                                    New York, New York 10020

                                    (212) 763-5000

                                    *Attorneys for Defendant Maria T. Vullo*


TO: All counsel of record via ECF