

April 12, 2021

*Via ECF*
Hon. Christian F. Hummel
United States Magistrate Judge
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

**Re:**   *National Rifle Association of America v. Cuomo et al*
          **18-CV-0566 (TJM)(CFH)**

Dear Judge Hummel:

    This letter is being submitted on behalf of non-party Department of Financial Services, inclusive of the Office of the Superintendent of Financial Services ("DFS"), with regards to Plaintiff NRA's Memorandum of Law in Support of the National Rifle Association of America's Renewed Motion for Issuance of Letters Request, dated April 2, 2021, located at Dkt. No. 331 (hereinafter the "Letters Motion"). Specifically, Plaintiff's erroneously allege in the Letters Motion that "the remaining claims [in this action] are the First Amendment claims against Cuomo in his individual capacity, and the First Amendment claims against <u>Vullo in her</u> individual and <u>official capacities</u>." *See* Letters Motion, p. 4 (emphasis added). As claims against Vullo in her official capacity are claims against the Office of the Superintendent of Financial Services, Plaintiff continues to assert claims against DFS that were dismissed from this action by the Decision and Order of Judge McAcoy, located at Dkt. No. 322, on the grounds of sovereign immunity. Further, Vullo is not the holder of the Office of the Superintendent of Financial Services and thus cannot be sued in her official capacity. Despite this unambiguous finding of immunity, and the clear black letter law regarding official capacity, counsel for the NRA persists in attempting to force DFS into an action from which it has already been dismissed, an action in which it is immune from participating.

    As further detailed below, Vullo cannot be sued in her official capacity, as she is no longer the Superintendent of Financial Services. Indeed, this Court has already decided that the Plaintiff's claims in the Second Amended Complaint ("SAC") purportedly alleged against Vullo in her official capacity were automatically substituted, by operation of law pursuant to FRCP 25(d), as claims against the current Superintendent of Financial Services, Linda A. Lacewell. This Court has noted the long-settled law that proceeding against a state official in her official capacity "is not a suit against the official but rather is a suit against the official's office" (*see* Dkt. No. 322, p. 30), and, accordingly, all claims against Vullo *in her official capacity* are effectively claims against

DFS as "there is no difference between the office of the Superintendent and the Department which she oversees" (Dkt No. 322, p. 29, fn. 17).

Therefore, this letter is being submitted to direct the Court to the Plaintiff's incorrect assertions in their Letters Motion that an official capacity claim exists in this action, and to once again seek affirmation from this Court that there are no longer any claims in this action against DFS—through claims against Vullo *in her official capacity* or otherwise—as all claims against DFS both as a Department and as the office of the Superintendent of Financial Services have been dismissed from this action on grounds of immunity guaranteed by the Eleventh Amendment (Dkt No. 322).

### *I. Any Official Capacity Claim Against Vullo is a Claim Against the Office of the Superintendent and Automatically Transferred, By Operation of Law, When Vullo Left that Office.*

It is beyond argument that as Vullo is no longer the Superintendent of the office of DFS, any claim against Vullo in her official capacity is automatically substituted and replaced with a claim against the "current" Superintendent of Financial Services by operation of law. *See* FRCP 25(d). Specifically, FRCP 25(d) unambiguously provides:

> "An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. **The officer's successor is automatically substituted as a party.** Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution."

(Emphasis added).

Accordingly, while the NRA attempted to sue "Vullo . . . in her individual and official capacities" in the Second Amended Complaint (*See,* SAC p. 3), Your Honor correctly recognized, in your Memorandum-Decision and Order granting Plaintiff's Motion to amend the complaint for the second time (Dkt. No. 202), that:

> "The proposed second amended complaint, although not explicitly naming Linda Lacewell, does seek to replace Vullo with the 'current' superintendent of DFS. . . . However, because the substitution would be automatic, see FED. R. CIV. P. 25(d), and, thus, amending the complaint to substitute the 'current superintendent of DFS' is not required, the Court permits the amendment as set forth in the proposed second amended complaint."

*See,* Dkt. No. 202, p. 28.

The law is clear that plaintiffs cannot assert official capacity claims against former Superintendents.

> "[W]hen a public officer 'ceases to hold office while the action is pending,' the 'officer's successor is automatically substituted as a party.' Fed. R. Civ. P. 25(d). As such, official capacity claims cannot be lodged against former officials.

2

> *Townsend v. State of N.Y. Div. of State Police*, No. 95 Civ. 0807 (RSP), 1997 U.S. Dist. LEXIS 2819, 1997 WL 116790, at *6 (N.D.N.Y. Mar. 13, 1997) (Pooler, J.). Defendant Vullo ceased serving as Superintendent of DFS on February 1, 2019; therefore, **Plaintiff cannot maintain any claims against Vullo in her official capacity.** His claims against Vullo in her official capacity must be dismissed for this independent reason."

*Brantley v. Mun. Credit Union*, 2021 U.S. Dist. LEXIS 49214, at *22 n.5 (SDNY 2021) (Emphasis added).

### *II. All Claims Against the Office of the Superintendent of Financial Services have Properly Been Dismissed on the Grounds of Sovereign Immunity.*

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't. of the State Police*, 491 U.S. 58, 64 (1989); *see* Dkt. No. 322, p. 30, *citing, Will*. As such, and as the substitution was automatic, all claims purportedly against Vullo in her official capacity were dealt with both in the moving papers and in this Court's Decision and Order on that motion to dismiss as claims against the current holder of the Office, Superintendent Linda Lacewell in her official capacity and arguments related to the official capacity claim were treated together with the claims against DFS, as "there is no difference between the office of the Superintendent and the Department which she oversees". Dkt No. 322, p. 29, fn. 17.

As this substitution is automatic, there can be no claims against Vullo in an official capacity since she left office, as those claims are transferred to the current holder of the Office of the Superintendent of Financial Services. Those claims were unambiguously dismissed. (Dkt. No. 322 "Plaintiff's claims in the Second Amended Complaint against . . . Supt. Lacewell in her official capacity, including the claims for injunctive and declaratory relief, are DISMISSED as barred by the Eleventh Amendment."). There simply is no longer any claims against "Vullo in her official capacity" as the NRA falsely asserts in its papers, and there is no basis in law or fact to claim otherwise.

Indeed, this issue was further discussed at the Status Hearing held on March 26, 2021 before Your Honor, in which the undersigned, as counsel for non-party DFS noted that there are no longer any official capacity claims against any party in this proceeding. The Court expressed agreement with this reading of Judge McAvoy's Decision and Order at that time.

### *Conclusion*

Based on the foregoing, this letter is being submitted to direct the Court to the Plaintiff's false assertion in their Letters Motion that an official capacity claim exists, and to once again seek affirmation from this Court that there are no longer any claims in this action against DFS, including through claims purportedly against Vullo *in her official capacity*, as all claims against DFS and the office of the Superintendent of Financial Services have been dismissed from this action (*see*

Dkt. No. 322). The Plaintiff is once again improperly attempting to claw DFS back into this action by claiming official capacity claims against Vullo, which cannot and do not exist.

In the event the Court views an official capacity claim against the Office of the Superintendent of Financial Services—through Vullo who is not the holder of that office—as still existing in this action, DFS specifically asserts Eleventh Amendment immunity would apply to such claims. Dismissal would be required for the same reasons set forth in Judge McAvoy's Decision and Order, (Dkt. No. 322), and we would ask this Court to refrain from making any decisions based on the existence of any such claim until DFS has been granted the opportunity to seek dismissal of those claims.

DFS wishes to thank the Court for its time and consideration of this letter.  We are loath to add to the Court's burden in reviewing this matter, but given the NRA's conduct in this action to date, and their prior attempts to assert waiver of DFS's Constitutionally guaranteed sovereign immunity, we are constrained to note the above to the Court.

                                            Respectfully yours,

                                             /s/ Eamon Rock_____
                                            Eamon G. Rock
                                            Deputy General Counsel
                                            New York State Department of Financial Services
                                            Bar Roll No. 519852
                                            Telephone: (518) 402-3386
                                            Email: Eamon.Rock@dfs.ny.gov

Dated:  Albany, New York
April 12, 2021

TO:     All Counsel of Record via ECF