UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NATIONAL RIFLE ASSOCIATION OF AMERICA,

                        *Plaintiff*,

-against-

ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES.

                        *Defendants*.

18-cv-00566 (TJM/CFH)

**MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S RENEWED MOTION TO COMPEL EVERYTOWN FOR GUN SAFETY**

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

William A. Scott
Assistant Attorney General, of Counsel
Bar Roll No. 512434
Telephone: (518) 776-2255
Fax: (518) 915-7740 (Not for service of papers)

Date: May 24, 2021

## Table of Contents

ARGUMENT ........................................................................................................................... 1

**The Court Should Deny the Plaintiff's Motion to Compel** ....................................................... 1

*A. Communications Relating to the April 2018 Letters and the April 19 Press Release* ........ 2
*B. Documents Concerning the Everytown Factsheet* ............................................................ 3
*C. Communications Between Everytown and Defendants or DFS Relating to the NRA or NRA Endorsed Insurance Products* ........................................................................................ 4
*D. Communications Between Everytown and Other Non-Parties* ......................................... 5

Conclusion ................................................................................................................................ 6

## Table of Authorities

Cases
Members Services, Inc. v. Security Mut. Life Ins., 2007 WL 2907520 (N.D.N.Y. 2007) ............. 1
Neogenix Oncology, Inc. v. Gordon, 2017 WL 1207558 (E.D.N.Y. 2017) .................................. 1
Zanowic v. Reno, 2000 WL 1376251 (S.D.N.Y. 2000) ................................................................ 1

## ARGUMENT

### The Court Should Deny the Plaintiff's Motion to Compel

The Court is familiar with the history of this case and the issues presented, and they will not be restated. The NRA's current motion renews its motion to compel discovery responses from non-party Everytown for Gun Safety ("Everytown"). Dkt. 347. Even though the issues in this case have been markedly narrowed by the Court's recent ruling on Defendants' motions to dismiss, the NRA has not narrowed its overbroad and irrelevant demands since its initial motion to compel was filed. Dkt. 251. As noted in Defendants' opposition[1] to the NRA's initial motion to compel Everytown, this case is not an opportunity for the NRA to pry into the workings of an entity that is politically opposed to it. The NRA's motion must be denied.

A party seeking to compel discovery has the initial burden to establish the relevancy of the documents sought. *See e.g., Zanowic v. Reno*, 2000 WL 1376251, *6 (S.D.N.Y. 2000). In order to meet this burden, the moving party must "demonstrate at least the possibility of a nexus between the information sought and the claims or defenses of a party." *Members Services, Inc. v. Security Mut. Life Ins.*, 2007 WL 2907520, *4 (N.D.N.Y. 2007). The party seeking discovery must establish that the documents sought are "both relevant and proportional in accordance with Rule 26's over-arching relevancy requirement." *Neogenix Oncology, Inc. v. Gordon*, 2017 WL 1207558, *10 (E.D.N.Y. 2017). The NRA fails to meet this burden in the current motion.

As noted in Everytown's opposition to the NRA's prior motion to compel, Everytown reached an agreement with the NRA as to the scope of documents that would be produced in response to the NRA's subpoena. Dkt. 290 at pg. 7-8, 10. Everytown agreed to produce, and the

---

[1] The arguments contained in that prior opposition are, to the extent not restated herein, incorporated by reference.

NRA agreed to limit its request to, "all documents and communications between Everytown and Defendants, the Manhattan District Attorney's Office, Lockton, Chubb, Lloyd's and MetLife, insurance regulators in the States of Massachusetts, New Jersey, Washington and California, concerning the NRA, Carry Guard, NRA-endorsed insurance programs and any purported discussion by Everytown to sever relationships with the NRA from January 1, 2017 to December 31, 2018." Dkt. 251-8 at pg. 2; Dkt. 251-10 at pg. 2-3; Dkt. 290 at pg. 10. Those documents, as noted by Everytown and acknowledged by the NRA, have been produced. Dkt. 347-3 at pg. 13-14.

None of the documents provided by Everytown support the NRA's sole remaining claim. None of those documents establish that Governor Cuomo or Maria Vullo engaged in "backroom exhortations" where companies conducting business with the NRA were threatened with enforcement actions if they did not cease doing business with the NRA.

*A. Communications Relating to the April 2018 Letters and the April 19 Press Release*

First, the NRA seeks communications between Everytown and government officials "relating to the April 2018 Letters and the April 19 Press release." As noted above, Everytown already provided the Plaintiff with its communications with the Defendants regarding this topic. Everytown also affirmed that it "had no involvement in, nor any advance knowledge of, the April 2018 Letters or the April 19 Press Release." Dkt. 290 at pg. 21. The NRA now seeks Everytown's internal communications about these documents. Dkt. 347-3 at pg. 16-17.

The NRA offers no reasonable explanation as to how internal communications, by a non-party, about public documents, can lead to discoverable information about whether Governor

---

Dkt. 289.

2

Cuomo threatened a company doing business with the NRA. Instead, the NRA hypothesizes that Everytown might have been in communication with the NRA's business partners, who might then have relayed to Everytown their own subjective thoughts on the April 2018 Letters or the April 19 Press Release. Dkt. 347-3 at pg. 17-18. This is a textbook example of a fishing expedition. The NRA proffers no reason to believe that such documents exist and merely asks the Court for permission to root through its adversary's files without any reasonable basis to do so.

The fantasy of the NRA's arguments must also be compared to the reality of this case. The NRA claims that one or more of its business partners stopped doing business with the NRA because of purported threats from Governor Cuomo or Maria Vullo. If this allegation were true, the NRA would know precisely which companies stopped doing business with the NRA after these supposed threats. The first source the NRA <u>should</u> seek to subpoena for that information would be the entity itself. Instead, the NRA is trying to locate information about alleged threats to a former business partner through a third-party who neither did business with the NRA nor was present for the supposed threats. Because the NRA fails to establish the relevance of these demands, its motion must be denied.

*B. Documents Concerning the Everytown Factsheet*

The Plaintiff next seeks, in sum, documents associated with "the Everytown Factsheet," including communications with States other than the State of New York. Dkt. 347-3 at pg. 18. Upon information and belief "the Everytown Factsheet" is either publicly available and/or has already been provided to the NRA. Governor Cuomo did not draft the Everytown Factsheet. The Everytown Factsheet also does not threaten any businesses with enforcement actions by any

3

New York State regulator.

The NRA's argument in support of this demand is premised entirely upon its claim of selective enforcement, which has now been dismissed in its entirety.[2] The NRA acknowledges that the documents sought are related to non-party DFS' basis for investigating the NRA. Dkt. 347-3 at pg. 21. It specifically argues that "[t]he NRA claims that Defendants improperly targeted the NRA for investigation, not because of any alleged violation of the law, but because Defendants did not like the NRA's public advocacy regarding the Second Amendment." Dkt. 347-3 at pg. 18. As the NRA is aware, this claim was rejected by the Court and is no longer a part of this case.

Even if that were not the case, the NRA again offers no reasonable argument as to how the documents sought are relevant. How or why Everytown went about drafting the Everytown Fact sheet has no bearing on this case. Presumptively, Everytown drafted the Everytown Factsheet to in some way stymie the NRA's actions, as Everytown and the NRA are on opposite ends of the issue of gun control. The fact that a non-party exists who is opposed to the NRA's stance on gun control, has nothing to do with the narrow issue of whether Governor Cuomo engaged in backroom exhortations.

### C. Communications Between Everytown and Defendants or DFS Relating to the NRA or NRA Endorsed Insurance Products

As set forth in its response to the NRA's prior motion, Everytown represents that it has already provided the NRA with documents responsive to this demand. Dkt. 290 at pg. 24. Everytown also affirmed that it had no role in or prior knowledge of any of the consent orders

---

[2] The selective enforcement claim against Governor Cuomo was dismissed some time ago and the NRA opted not to amend its complaint to reassert that allegation.

concerning the NRA's illegal insurance products. Dkt. 290 at pg. 28-29. Since that submission, the Court has dismissed the NRA's selective enforcement claims. The NRA's arguments that these documents are necessary to examine the basis for DFS' enforcement action against the NRA, Lockton, Lloyd's and Chubb,[3] is therefore of no moment. The entirety of the NRA's argument in support of this demand circles around issues related solely to the now dismissed selective enforcement claims. To the extent that this demand was ever relevant to the case, it certainly is not now. At the risk of redundancy, this demand also does nothing to establish the NRA's baseless claim that Governor Cuomo engaged in backroom exhortations.

*D. Communications Between Everytown and Other Non-Parties*

The NRA's last three remaining demands seek communications involving Everytown and other entities not parties to this case. The NRA seeks: 1) Communications between Everytown and the Defendants regarding Gun Promotion Organizations <u>other than</u> the NRA; 2) Communications between Everytown and non-party New York State Government Entities, and 3) Communications between Everytown and Government Entities <u>outside of</u> New York. None of these demands are relevant to whether Governor Cuomo engaged in backroom exhortations.

It remains unclear why the NRA seeks to obtain documents relating to gun promotion organizations other than the NRA. Dkt. 347-3 at pg. 22-23. In support of this request, the NRA again argues that if any such documents exist, they may be relevant as to why the NRA's illegal insurance products were investigated by DFS. The NRA cannot premise a relevancy argument on claims that have been dismissed from this case. Further, the NRA fails to establish how any communications between Defendants and Everytown regarding unidentified non-parties have any

---

[3] All of whom, including the NRA, have now acknowledged that the offending insurance products did in fact violate

bearing on whether the NRA can establish if Governor Cuomo engaged in backroom exhortations of companies doing business with the NRA.

The NRA's demand as it relates to communications between Everytown and other non-party New York State Entities, is even further attenuated. Dkt. 347-3 at pg. 24, 26-27. This demand seeks communications that do not involve <u>any</u> Defendant in this case, and has no bearing on whether Governor Cuomo engaged in the alleged backroom exhortations.

The NRA's third demand in this category is yet further removed from the issues in this case. Dkt. 347-3 at pg. 25-26. This demand seeks communications between Everytown and <u>non-New York</u> Government entities. This demand highlights the untenable nature of the NRA's discovery posture in this case. The demand is not designed to reveal information relative to the narrow claim left in this case as it seeks communications that are only between non-parties. As with its other demands, the NRA fails to show that the information sought by this demand is relevant to this case and the NRA's motion to compel must be denied.

## **Conclusion**

Discovery in this matter has been, and continues to be, a protracted affair. This is not, as the NRA would allege, because of the Defendants' motion practice. Instead, it is because of the NRA's improper approach to discovery, which has caused both parties and non-parties to have to engage in motion practice as the lesser of two evils, when weighed against complying with burdensome and irrelevant discovery demands.

---

New York State law, and agreed to pay penalties for those violations. Dkt. 322 at pg. 5, 37 at fn. 22.

For the reasons set forth above the NRA's motion must be denied, together with such other and further relief as the Court deems proper and necessary.

Dated: Albany, New York
       May 24, 2021

                                  LETITIA JAMES
                                  Attorney General of the State of New York
                                  Attorney for Defendant Andrew Cuomo
                                  The Capitol
                                  Albany, New York  12224-0341
                                  By: s/ *William A. Scott*
                                  William A. Scott
                                  Assistant Attorney General, of Counsel
                                  Bar Roll No. 512434
                                  Telephone:  (518) 776-2255
                                  Email: William.Scott@ag.ny.gov

TO:    All counsel of record via ECF