UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NATIONAL RIFLE ASSOCIATION OF AMERICA,

        Plaintiff,

  v.

ANDREW CUOMO, both individually and in his official capacity; MARIA T. VULLO, both individually and in her official capacity; and THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES,

        Defendants.

Case No. 18 Civ. 566 (TJM)(CFH)

**DEFENDANT VULLO'S OPPOSITION TO PLAINTIFF'S
RENEWED MOTION TO COMPEL
EVERYTOWN FOR GUN SAFETY
TO COMPLY WITH NON-PARTY SUBPOENA**

Emery Celli Brinckerhoff Abady Ward & Maazel LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Defendant Maria Vullo*

TABLE OF CONTENTS

PAGE NO.

ARGUMENT ...........................................................................................................................1

CONCLUSION ........................................................................................................................6

**ARGUMENT**

Plaintiff National Rifle Association's ("NRA") motion seeking a large volume of Everytown Town for Gun Safety's ("Everytown") documents is yet another fishing expedition. The NRA's motion is not tethered to its narrow surviving First Amendment claim against Ms. Vullo, which is on appeal. The NRA does not (and cannot) even claim Ms. Vullo communicated with Everytown. Judge McAvoy made clear that, in light of the Court's dismissal of the selective enforcement claim, "the lion's share" of the NRA's wide-ranging discovery requests "appear not to lead to discoverable matters anymore, or, if they do, are not proportional to the needs of the case as it currently remains." Dkt. 324 at 2. Despite this clear direction from the District Court and this Court's instruction at the March 26, 2021 conference, the NRA did not even attempt to narrow its broad requests for discovery from Everytown one iota. It still seeks the exact same irrelevant information it sought prior to Judge McAvoy's dismissal of its selective enforcement claim. Moreover, Ms. Vullo maintains that discovery in this case should be stayed given her pending appeal on her qualified immunity defense.

The Court should deny the motion for the reasons set forth in the Attorney General's opposition, which Ms. Vullo joins in its entirety. It is no secret that the NRA and Everytown are politically adverse, but fishing expedition subpoenas cannot be used to punish political adversaries; Everytown is not a party to this case, and it is the Defendants that will continue to incur the unnecessary time and expense of the NRA's irrelevant third-party discovery requests. At bottom, this NRA subpoena is yet another effort to distract the Court from the fact that the NRA has no basis for its First Amendment claim against Ms. Vullo. Ms. Vullo submits this memorandum to rebut the NRA's misplaced arguments about what is relevant under Rule 26 and to correct the record.

Four NRA assertions in particular bear correcting.

*First,* the NRA continues to seek documents concerning the Carry Guard investigation, ignoring that the Court has since dismissed the selective enforcement claim. In an effort to sidestep that deficiency, the NRA's motion leads with its request for documents concerning the April 2018 Guidance Letters and the April 19 Press Release. But the NRA has never alleged—and would have no basis to allege—that Everytown had any involvement whatsoever in those public statements. As Everytown has stated, it "had no involvement in, nor any advance knowledge of, the April 2018 Letters or the April 19 Press Release." Dkt. 290 at 16. The NRA cannot connect the Everytown communications it seeks to the surviving First Amendment claim against Ms. Vullo, because Everytown had zero involvement in the communications that form the alleged basis for the First Amendment claim. In any event, Ms. Vullo never communicated with Everytown and the NRA has no basis to claim otherwise.

As the selective enforcement claim has been dismissed, Everytown's limited involvement in the Carry Guard investigation provides no basis for the NRA to seek discovery to support a First Amendment claim which arises from alleged conduct in February and April 2018—*many months* after Everytown's communication with the District Attorney's office "[d]uring or about September 2017." Second Amendment Complaint (Dkt. 203) ¶ 34. Consistent with this Court's prior holding that the Department of Financial Service's ("DFS") investigatory documents are not relevant to the First Amendment claim because the investigation resulted in *admissions* of liability, the NRA's broad request for documents from a non-party that had a *de minimis* role in the investigation is not relevant to establishing a First Amendment claim based on allegations that simply do not involve Everytown at all. Dkt. 181 at 6-7.

*Second*, the NRA's claim that Everytown "collaborated with Defendants" in the DFS investigation is simply false. Dkt 347-3 at 4. In making this false assertion, the NRA misleads the Court once again in using the term "Defendants" when it means only that an employee at

2

DFS—and not Ms. Vullo herself—communicated with Everytown.  Moreover, that an employee at DFS spoke with Everytown and obtained information does not constitute "collaboration" in an investigation.  To the extent Everytown had a role in this case, it was a limited one indeed: The documents the NRA submitted indicate only that Everytown approached the District Attorney's Office (not vice versa) to share information about potential Carry Guard violations, and the District Attorney's Office reached out to a DFS employee—not Ms. Vullo.  The NRA identifies no evidence—because there is none—that Ms. Vullo ever spoke to Everytown.  Nor is there any indication that anyone at DFS ever *sought* information from Everytown.

For its bold claim, the NRA cites one email concerning one phone call between a DFS employee (not Ms. Vullo) and Everytown, Dkt. 251-25 (Martin Ex. 24, describing the call as "short"), and an unrelated email with the Executive Chamber about gun control laws having nothing to do with Ms. Vullo, the Guidance Letters or the Press Release, DFS, or the Carry Guard investigation, Dkt. 251-26 (Martin Ex. 25).  Again, the NRA identifies no evidence that Ms. Vullo ever spoke to Everytown and, as the District Court made clear (*see* Dkt. 322 at 12 n.11), Ms. Vullo is not responsible for the conduct of a DFS subordinate—who, in any event, engaged in a single short phone call, per the NRA's own submission.

*Third*, the NRA wholly misstates Everytown's role in DFS's lawful and productive investigation and prosecution.  It is undisputed that DFS received a referral from the Manhattan District Attorney's Office, to which Everytown provided information about potential insurance law violations.  It was completely proper for that information to be referred to DFS—the insurance regulator in New York State.  It also was completely proper for DFS to review the matter referred to it, as a law enforcement agency *should* do when confronted with such information from another law enforcement authority.  DFS then fully reviewed and investigated the matter, and its prosecution resulted in admissions from two insurance companies and an

3

insurance broker that they violated the insurance law. There can be no dispute that the investigation was well supported because the targets of the prosecution—Lloyd's, Lockton, and Chubb—all admitted liability and entered into consent orders. That a law enforcement agency reviewed and investigated information (in detail over a period of many months) brought to its attention by another law enforcement authority which obtained the information initially from an advocacy group does not change the uncontroverted fact that the investigation and prosecution led to admitted violations of the insurance laws. Indeed, information is brought to law enforcement from various sources, and the source of the information is irrelevant; Everytown's provision of information to the District Attorney is not indicative of any wrongdoing by the prosecutorial authorities, and certainly does not support Plaintiff's First Amendment claim against Ms. Vullo.

To hear the NRA tell it, because Everytown is politically adverse to the NRA, the fact that Everytown provided information to the District Attorney's Office somehow means that the DFS prosecution should not have been pursued at all. Nonsense. Here, DFS thoroughly and independently investigated the issues and prosecuted violations of the insurance law, going well beyond any information that Everytown had provided, resulting in *admitted* violations of multiple consent orders entered into by major insurance providers.

Not only is the NRA's claim that Everytown "orchestrated" the DFS investigation false, it provides no basis for this discovery to support the surviving First Amendment claim. *Cf.* Dkt. 347-3 at 3.

*Fourth*, the NRA distorts the facts in claiming, *again* without basis, that there was a "DFS enforcement attorney chosen for his anti-NRA political sentiments." *Id.* at 2. The NRA cites only a single email in which someone in the District Attorney's office states that a DFS enforcement attorney, Matthew Levine, had a prior job as "a gun control advocate." Dkt. 251-

4

22 (Martin Ex. 21).  The facts: Mr. Levine was the Executive Deputy Superintendent who led the Enforcement Division at DFS under then-Superintendent Vullo.  Mr. Levine was responsible for DFS's coordination of numerous matters with the District Attorney's Office as well as other criminal prosecution offices.  Mr. Levine is an experienced former federal prosecutor who held senior positions in two United States Attorney's Offices and at the U.S. Justice Department. Moreover, the NRA has no support for its claim that Everytown "chose[]" this employee because of his alleged political views.  Dkt 347-3 at 2.  To the contrary: The very email the NRA cites states only that Mr. Levine, when presented with information about possible violations of the insurance law, "was interested in learning more" and would "review" the information with "his insurance regulators," but would not "commit the superintendent [Ms. Vullo]."  Dkt. 251-22 (Martin Ex. 21).  The NRA imputes connections to Mr. Levine with no basis.  And the NRA's insistence that being supportive of "gun control" is "anti-NRA" ignores the numerous polls showing that the majority of *the NRA's own members* support gun control.[1]  More fundamentally, none of this has anything to do with Ms. Vullo or the remaining First Amendment claim asserted against her, and provides no basis for the NRA's attempt to seek documents irrelevant to this case.

\*\*\*

Ms. Vullo again reiterates her position that discovery must be stayed while her qualified immunity appeal is pending before the Second Circuit.  As the Supreme Court wisely anticipated, it has again become "necessary for [Ms. Vullo and her] counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice

---

[1] *See* Amy Sherman, Do majority of NRA members support background checks for guns, PolitFact, (Feb. 27, 2018), https://www.politifact.com/factchecks/2018/feb/27/tim-ryan/after-parkland-shooting-ohio-congressman-said-70-8/ (citing polling of NRA members).

to [her] position." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).   As this NRA motion demonstrates, Ms. Vullo is not being protected "from the concerns of litigation" as a defendant who has a pending appeal on her meritorious qualified immunity defense.   *Id.*

## CONCLUSION

The NRA's motion repeatedly misstates and exaggerates the record, making allegations that lack support, which is how the NRA has litigated this case from the outset.   It seeks documents that have nothing to do with the limited remaining First Amendment claim against Ms. Vullo, which is itself the subject of a pending appeal seeking dismissal on the basis of qualified immunity.   The motion should be denied.

Dated: New York, New York
       May 24, 2021

                                        EMERY CELLI BRINCKERHOFF
                                        ABADY WARD & MAAZEL LLP

                                        By:     */s/ Debra L. Greenberger*
                                                Andrew G. Celli, Jr.
                                                Debra L. Greenberger
                                                Marissa R. Benavides
                                                600 Fifth Avenue
                                                New York, New York 10020
                                                (212) 763-5000

                                        *Attorneys for Defendant Maria Vullo*

6