**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
———————————————————————

**NATIONAL RIFLE ASSOCIATION OF AMERICA,**

                                        **Plaintiff,**

     **-against-**                                        **1:18-CV-0566**

**ANDREW CUOMO;  MARIA T. VULLO; and**
**THE NEW YORK STATE DEPARTMENT**
**OF FINANCIAL SERVICES,**

                                        **Defendants.**
———————————————————————

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION and ORDER**

## I.    INTRODUCTION

        Defendant Vullo moves to stay discovery pending resolution of her appeal of this

Court's decision denying her qualified immunity on the First Amendment and related state-

law claims against her (collectively, "the First Amendment claims").  *See* Dkt. No. 337.

Defendant Cuomo supports the motion, Dkt. No. 351, and Plaintiff National Rifle

Association of America ("the NRA") opposes it.  Dkt. No. 352.

## II.    BACKGROUND

        The Court presumes familiarity with the procedural history of this case.

## III.    DISCUSSION

### a.  Applicable Law

        A party seeking a stay bears the burden of establishing that one is appropriate.

1

*See Northwestern Nat. Ins. Co. v. Insco, Ltd.*, 866 F. Supp. 2d 214, 217 (S.D.N.Y. 2011)(citations omitted).  Defendant Vullo argues that her appeal divests this Court of jurisdiction over those aspects of the claims against her involved in the appeal.  The NRA argues that it does not, and that a stay is governed by a four-factor discretionary approach that Defendant Vullo cannot satisfy.

As a general rule, the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Jin Zhao v. State Univ. of New York*, 613 F. App'x 61, 62 (2d Cir. 2015)(quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); *see Hallock v. Bonner*, No. 03-CV-195 (DNH/DRH), 2003 WL 22519644, at *1 (N.D.N.Y. Nov. 4, 2003)(same).  This rule applies "where a defendant who claims a qualified immunity from liability for civil rights violations files notice of an interlocutory appeal from a district court's denial of a dispositive motion on that defense." *Hallock*, 2003 WL 22519644, at *2 (citations omitted).  As Defendant Vullo points out, "[w]hile the Second Circuit has not directly held that the filing of an interlocutory qualified immunity appeal automatically divests district courts of jurisdiction, the First, Fifth, Seventh, and Ninth Circuits have all held that district courts are automatically divested of jurisdiction, as *Hallock* recognized." Dkt. No. 337-1 at 6 (citing *Williams v. Brooks*, 996 F.2d 728, 729 (5th Cir. 1993) ("[T]he traditional rule that the filing of a notice of appeal divests a district court of jurisdiction . . . applies with particular force in the immunity context."); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (holding that when a defendant files a notice of interlocutory appeal on an issue of qualified immunity, "the district court is automatically divested of jurisdiction to proceed with trial pending

appeal"); *Stewart v. Donges*, 915 F.2d 572, 577 (10th Cir.1990) ("Defendants' right not to be tried while an interlocutory appeal is pending on qualified immunity arises 'automatically' upon the appeal"); *Rivera–Torres v. Ortiz Velez*, 341 F.3d 86, 93 (1st Cir. 2003); *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989)).

Several courts, including some in this District, have curtailed discovery in light of this divestiture rule. *See Hallock*, 2003 WL 22519644, at *2 ("Here, as with an appeal on an issue of qualified immunity, defendants' challenge the entire legal basis for plaintiffs' law suit. The pending appeal thus involves all aspects of this case.  In these circumstances, the filing of the notice of interlocutory appeal by defendants has divested this Court of jurisdiction to enter [an order pursuant to Fed. R. Civ. P. 16 establishing a schedule for discovery]."); *Morin v. Tormey*, No. 07-cv-0517, 2010 WL 2771826, at *2 n.2 (N.D.N.Y. Apr. 29, 2010) (deciding *sua sponte* that it "will not order the defendants to participate in any further discovery pending the resolution of their interlocutory appeal" of qualified immunity)(citing *Hallock*); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 42 F. Supp. 3d 556, 558-59 (S.D.N.Y. 2014) (finding that "when an appeal of the denial of qualified immunity is under consideration, discovery should not proceed," and denying for lack of jurisdiction plaintiffs' motion to compel discovery against defendant); *Edrei v. City of New York*, No. 16-cv-1652, 2017 WL 3822744, at *1 and *3 n.2 (S.D.N.Y. Aug. 31, 2017)(holding that the court lacked jurisdiction to permit any discovery when defendant was appealing the applicability of a qualified immunity defense, that "Defendants have established the merits of their motion [to stay proceedings] under the divestiture argument," and that "consideration of [Defendants'] discretionary stay

arguments need not be undertaken.").  As indicated, Defendant Vullo argues that the divestiture rule applies; the NRA argues that it does not.

Other courts have applied a "dual jurisdiction" rule, holding that where there is a qualified immunity appeal, the district court is not divested of jurisdiction if the court certifies that the appeal is frivolous. *See*, *e.g., Bradley v. Jusino,* No. 04-cv-8411, 2009 WL 1403891, at * 1 (S.D.N.Y. May 18, 2009).  While the NRA argues that the appeal is frivolous, it has not moved the Court to certify it as such.  Thus, the "dual jurisdiction" rule does not apply here. *See In re Facebook, Inc*., 42 F. Supp. 3d at 559 (denying for lack of jurisdiction plaintiffs' motion to compel discovery against defendant with a pending appeal of qualified immunity denial where plaintiff did not request appeal to be certified as frivolous).

At least one court in this District has found that the decision to stay further proceedings pending an interlocutory appeal is a matter of discretion governed by a four-factor approach, *see Pearce v. LaBella*, No. 6:10-CV-1569, 2013 WL 12411801, at *1 (N.D.N.Y. Oct. 11, 2013)(citing *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)), and other courts have used the discretionary approach in determining whether to stay already-issued court orders.  *See, e.g.*, *Northwestern Nat. Ins. Co.*, 866 F. Supp. 2d at 217–18.  The NRA contends this approach should govern the Court's decision; Defendant Vullo argues that even if used she is entitled to a stay.

**b.  Analysis**

The Court will use the discretionary approach. *See Pearce*, 2013 WL 12411801, at *1.  Under this approach, "[t]he factors to consider when making such a determination

4

include: '(1) whether the stay applicant has made a strong showing that [she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (quoting *Nken*, 556 U.S. at 434 (internal quotation marks omitted)). "'[T]he degree to which a factor must be present varies with the strength of the other factors, meaning that 'more of one [factor] excuses less of the other.'" *Northwestern Nat. Ins. Co.,* 866 F. Supp. 2d at  at 218 (quoting *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007), in turn quoting *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006)).  "Moreover, 'the decision to grant a stay always involves an 'exercise of judicial discretion' and 'is dependent upon the circumstances of the particular case.'" *Id.* (quoting *Jock v. Sterling Jewelers, Inc.*, 738 F. Supp.2d 445, 447 (S.D.N.Y. 2010), in turn quoting *Nken*, 556 U.S. at 433).

The first factor, whether the stay applicant has made a strong showing that [she] is likely to succeed on the merits, is a close call.  Although the Court's qualified immunity decision turned on the apparent existence of a question of material fact presented in the NRA's pleading, Defendant Vullo argues these factual contentions are not, as a matter of law, sufficient to prevent her from claiming qualified immunity.  She argues:

> Recognizing the limits of a qualified immunity appeal, Ms. Vullo is not challenging on appeal the truth of these allegations. Rather, her appeal will argue that these conclusory allegations are insufficient under *Ashcroft v. Iqbal,* 556 U.S. 662, 672 (2009), and other controlling caselaw to make out a cognizable constitutional violation, much less one that had been clearly established at the time the alleged conversations occurred. Ms. Vullo further will argue that the NRA's entire First Amendment theory—which seeks to characterize lawful and appropriate government speech in a non-binding guidance letter as coercive by referencing unrelated law enforcement efforts involving regulated entities—fails as a matter of law.

5

Dkt. No. 337-1, at 10-11.   She further contends that "the vague and conclusory allegations found in the Amended Complaint cannot support a First Amendment claim. Ms. Vullo further will argue that such allegations cannot transform proper government speech and proper law enforcement actions directed towards regulated entities into a First Amendment violation as asserted by a third-party such as the NRA." *Id.* at 10, n. 4.

These arguments fit the matter in the narrow parameters of the collateral order doctrine.  Further, it is not beyond the pale that the Second Circuit could agree with Defendant Vullo that she is entitled to qualified immunity, at least on the federal claims. *See, e.g., Vasquez v. Maloney*, 990 F.3d 232, 238 (2d Cir. 2021)(The qualified immunity inquiry should look at the "'the specific context of the case . . . to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts.'")(quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)); *but see Hyman v. Abrams*, 630 F. App'x 40, 42 (2d Cir. 2015)("[A] defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept [that] ... the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense.")(citing *McKenna v. Wright*, 386 F.3d 432, 435–36 (2d Cir. 2004))(interior quotation marks omitted).  Thus, the issue raised on the appeal is potentially meritorious and not frivolous.  This factor weighs in Defendant Vullo's favor, although only slightly so because she does not, at least on the instant motion, explicitly address the Court's denial of qualified immunity on the corollary state-law claims. *See* Dkt. No. 322 at 27-28.[1]   Nevertheless, because her *Iqbal* argument could be applied

---

[1]In this regard, the Court wrote:

(continued...)

to the state-law claims, she has a made a sufficiently strong showing that she is likely to succeed on the merits.

The second factor, whether the applicant will be irreparably injured absent a stay, weighs heavily in Defendant Vullo's favor. All claims against her have been dismissed but for those impacted by the Court's decision to deny qualified immunity. Qualified immunity provides protection "not merely to avoid standing trial, but also to avoid the burdens of such *pretrial* matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)(interior quotation marks and citation omitted)(emphasis in *Behrens*); *see Iqbal,* 556 U.S. at 685 ("The basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive  discovery.")(interior quotation marks and citation omitted). Generally speaking, discovery should not be allowed pending the resolution of an immunity question. *See, e.g., Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until [the] threshold immunity question is resolved, discovery should not be allowed."). As Defendant Vullo argues, if discovery is allowed to proceed she will face the irreparable loss of one of the key protections of qualified immunity.

---

[1](...continued)
[B]ecause Ms. Vullo's alleged implied threats to Lloyd's and promises of favorable treatment if Lloyd's disassociated with the NRA could be construed as acts of bad faith in enforcing the Insurance Law in New York, a question of material fact exists as to whether she is entitled to qualified immunity under New York law. *See Gardner v. Robinson*, No. 16CIV1548GBDRWL, 2018 WL 722858, at *2–3 n 7 (S.D.N.Y. Feb. 6, 2018)("Although qualified immunity only extends to public officials against whom federal causes of action are asserted, New York common law provides comparable immunity from state law claims unless 'the officials' actions are undertaken in bad faith or without a reasonable basis.'")(quoting *Jones v. Parmley*, 465 F.3d 46, 63 (2d Cir. 2006)(citations omitted)).

Dkt. No. 322 at 27-28.

The third factor, whether issuance of the stay will substantially injure the other parties interested in the proceeding, weighs slightly in Defendant Vullo's favor.  Defendant Cuomo joins in the stay request, and argues that if Defendant Vullo is successful on her appeal the decision will inure to his benefit by supporting a qualified immunity defense on the remaining First Amendment claims against him. *See* Dkt. No. 351.  Thus, a stay of discovery - which Defendant Cuomo supports - will not substantially injure him.

Defendant Vullo argues that "[t]here are no discovery matters that are time-sensitive such that a delay in discovery would prejudice Plaintiff. The NRA's claims are not dependent on or impacted by any ongoing events involving Ms. Vullo—it is not seeking any prospective relief, only damages, and its organizational activities are not dependent on the outcome of this litigation." Dkt. No. 337-1 at 15 (citing *Plummer v. Quinn*, No. 07-cv-6154, 2008 WL 383507, at * 1 (S.D.N.Y. Feb. 12, 2008)(finding that availability of compensatory damages weighed this factor in favor of defendant when plaintiff was not seeking prospective relief)).  Further, Defendant Vullo argues that there is no evidence that any of the remaining parties are at risk of losing relevant discovery during the appeal's pendency. The NRA disputes this, contending that "the NRA will suffer substantial harm if discovery is stayed, since its claims involve fact-intensive inquiries regarding interactions between Vullo and insurers, including Lloyd's, which were likely conducted covertly and 'off-record'—and, if so, can be elucidated primarily through the recollections of witnesses.  Because these events occurred more than three years ago, there is a high risk that documentary evidence will be misplaced or lost, and the memories of witnesses will fade, which strongly weighs against a stay." Dkt. No. 352 at 10 (citations omitted).

8

The NRA raises legitimate concerns.  The Court notes, however, that in the Second Amended Complaint ("SAC") the NRA alleges that Lloyd's took certain actions adverse to the NRA in response to Defendant Vullo's purported warnings and threats, and supports its contention with a number of exhibits.  *See* SAC ¶¶ 69-72 (and exhibits referenced thereat).  This provides some indication that memories by the Lloyd's representatives - to the extent they fade - could be refreshed with the exhibits.  This does not, however, eliminate the prejudice arising from lost documentation or fading memories of representatives from other of the NRA's business partners.  Nevertheless, the Court must balance this prejudice against the prejudice to Defendant Vullo if discovery proceeds which will cause her to lose her qualified immunity protections as discussed in the second factor.  Yet, if her appeal is successful these interactions would arguably lose much, if not all, of their relevance.  In the end, this factor weighs slightly in Defendant Vullo's favor.

The fourth factor, where the public interest lies, weighs slightly in Defendant Vullo's favor.  "The doctrine [of qualified immunity] is intended to strike a fair balance between (1) the need to provide a realistic avenue for vindication of constitutional guarantees, and (2) the need to protect public officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Jemmott v. Coughlin*, 85 F.3d 61, 66 (2d Cir. 1996)(interior quotation marks and citations omitted). There is some merit to Defendant Vullo's argument that "[t]he public interest is protected when the courts maintain the safeguards of qualified immunity for individuals subject to retaliatory claims from disgruntled parties due to speech made in service of their government roles.  If the protections of qualified immunity are not maintained—if disgruntled parties realize that they may hound their target for wide-ranging

and useless discovery even years after a government official has left her position—public officials like Ms. Vullo may be more wary of engaging in 'the vigorous exercise of official authority.'" Dkt. No. 337-1 at 17-18 (quoting *Jemmott*, 85 F.3d at 66).  However, despite that Defendant Vullo has vigorously denied she made statements to the NRA's business partners encouraging them to disassociate with the NRA, the NRA alleges she made such statements and the Court must presume that the NRA had a good faith basis for making these allegations.  If the allegations of Defendant Vullo's statements in this regard are deemed sufficient to deny qualified immunity at this stage of the proceedings, then an argument could be made that the public interest is furthered by discovery into the circumstances surrounding the alleged statements.  In the end, until qualified immunity is resolved by the Second Circuit, the public interest factor weighs in favor of temporarily staying discovery for the reasons articulated by Defendant Vullo.

Based on the reasons discussed above, the totality of the four factors weighs in favor of staying discovery pending the Second Circuit's decision on Defendant Vullo's qualified immunity appeal.

The next question is whether the stay of discovery should apply to the entire case, including discovery relative to the claims against Defendant Cuomo.  The Court finds that it should.  As Defendant Vullo indicates, the NRA's remaining claims are the First Amendment claims against Defendants Vullo and Cuomo, both in their individual capacities, based on conduct alleged to have occurred within the same general limited time period and involving a number of overlapping facts.  There is merit to Defendant Vullo's concern that no matter how narrowly the NRA may tailor discovery as to Defendant Cuomo, Defendant Vullo would need to participate to protect her rights on the chance the

10

appeal is denied, thereby defeating her putative qualified immunity rights. *See Iqbal,* 556 U.S. at 685-86.[2]  This warrants a global discovery stay.  *See, e.g., Plummer*, 2008 WL 383507, at *2 (granting global discovery stay when finding that public official defendant was entitled to a stay).  Further, if discovery proceeds now against Defendant Cuomo without Defendant Vullo's participation but Defendant Vullo's appeal is denied, discovery would have to be re-conducted as to Defendant Vullo or she could seek to preclude the NRA from using against her the discovery it received without her participation. Conversely, were Defendant Vullo's appeal to be successful while a full discovery stay is in place, the Court would need to assess what limited discovery would proceed, and whether Defendant Vullo's participation as a dismissed non-party is required at all.  As Defendant Vullo argues, a global discovery stay avoids these issues and will allow the case to proceed efficiently and with full participation of the appropriate parties at the appropriate time.

**III.   CONCLUSION**

For the reasons discussed above, Defendant Vullo's motion to stay discovery in this

---

[2]The Supreme Court wrote in *Iqbal*,

> It is no answer to these concerns [about discovery notwithstanding an asserted qualified immunity defense] to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

556 U.S. at 685-86.

matter, Dkt. No. 337, is **GRANTED**, and all discovery in this case is **STAYED** during the

pendency of Defendant Vullo's qualified immunity appeal.

**IT IS SO ORDERED.**

Dated: January 18, 2022
        Binghamton, New York

Thomas J. McAvoy
Senior, U.S. District Judge