DALLAS   NEW YORK

BREWER
ATTORNEYS & COUNSELORS

June 14, 2024

**VIA ECF**

The Hon. Anne M. Nardacci
United States District Judge
United States District Court
James T. Foley U.S. Courthouse
445 Broadway, First Floor
Albany, NY 13901

      Re:    *National Rifle Association of America v. Cuomo*, No. 1:18-CV-0566-TJM-CFH
             (the NRA's Letter Request to Lift the Discovery Stay)

Dear Judge Nardacci:

    On May 30, 2024, the U.S. Supreme Court issued its unanimous decision in *National Rifle Association v. Vullo*. The Court, speaking through Justice Sotomayor, holding that the National Rifle Association of America ("NRA") successfully pleaded that defendant Maria Vullo ("Vullo")—acting in concert with defendant Andrew Cuomo ("Cuomo")—violated its First Amendment rights. *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. __, 2024 WL 2751216, at *10 (U.S. May 30, 2024) ("*Vullo*"). In so doing, the Court "simply reaffirm[ed]" what it said "[s]ix decades ago" in *Bantam Books*, *Inc. v. Sullivan*, 372 U.S. 58, 67 (1963): "Government officials cannot attempt to coerce private parties in order to punish or suppress views that the government disfavors." *Id*. at *3.

    There are two defendants in this case—Vullo and Cuomo.[1] In January 2022, Judge McAvoy stayed discovery pending resolution of Vullo's interlocutory appeal—the appeal that ultimately resulted in the Supreme Court decision. *See* Doc. 360 at 11–12. Subsequently, Judge McAvoy determined that "the discovery stay will continue until such time as the Court resolves Cuomo's dismissal motion." *Nat'l Rifle Ass'n of Am. v. Cuomo*, No. 1:18-CV-0566, 2023 WL 6037840, at *6 (N.D.N.Y. Sept. 15, 2023). Then, at the NRA's request, Judge McAvoy deferred resolution of Cuomo's motion for judgment on the pleadings pending the Supreme Court's decision in *Vullo*. *See* Doc. 393 (Nov. 6, 2023).

    The NRA requests that the Court lift the discovery stay against Cuomo, for three reasons.

---

[1] In its Second Amended Complaint, the NRA also included the New York Department of Financial Services ("DFS") as a defendant. *See* Doc. 203. DFS was later dismissed as a defendant. *See* Doc. 322 at pp. 34-43. As explained below, that dismissal was erroneous, because DFS continues to carry the unconstitutional Guidance Letters on its website and never retracted them, and thus the NRA has live claims for injunctive and declaratory relief against it.

BREWER

**Hon. Anne M. Nardacci**
June 14, 2024
Page 2

*First*, Cuomo's motion for judgment on the pleadings, Doc. 381-1, is not viable as the Supreme Court's ruling makes clear. The Court extensively noted Cuomo's involvement in the unconstitutional scheme. *Vullo*, 2024 WL 2751216, at *4 (observing that Vullo was "speaking on behalf of . . . then-Governor Cuomo" when she threatened Lloyd's if it did not avoid ties with the NRA); *id*. at *5 (noting Cuomo's Tweet, "The NRA is an extremist organization. I urge companies in New York State to revisit any ties they have to the NRA and consider their reputations, and responsibility to the public."). The Court's analysis applies equally to the NRA's First Amendment claims against Cuomo. It follows that any qualified immunity defense that Cuomo would assert is meritless.

*Second*, a stay has now been in effect for over two years of this six-year-old case. Before that, the case had been subject to discovery stays entered on July 28, 2020, and December 14, 2020. Docs. 234 & 314. Although brief stays may promote judicial efficiency, continuing the discovery stay in this litigation is contrary to the interest of justice and threatens irreparable prejudice to the NRA. *See V.S. v. Muhammad*, Nos. 07-CV-0213 (DLI)(JO), 07-CV-1281 (DLI)(JO), 2008 WL 5068877, at *3 (E.D.N.Y. Nov. 24, 2008) (stay was not in public interest because speedy determination of plaintiffs' constitutional claims outweighed the public interest in achieving the goals of granting qualified immunity to public officials). "As more time passes, the higher the risk that witnesses will become unavailable and memories will fade." *Kaplan v. Lebanese Canadian Bank*, SAL, 610 F. Supp. 3d 533, 535 (S.D.N.Y. 2022). At long last, with the Supreme Court having approved the NRA's pleading, it is time for discovery to be completed.

*Third*, the NRA has viable claims for injunctive relief that do not depend on qualified immunity. *See Allen v. Coughlin*, 64 F.3d 77, 81 (2d Cir. 1995) ("[Q]ualified immunity protects government officials from liability for money damages in actions arising out of performance of their discretionary functions. It does not bar declaratory and injunctive relief") (citation omitted). The pendency of this issue also justifies lifting the stay. The Supreme Court held that the DFS Guidance Letters were part of Vullo's unconstitutional scheme to coerce insurance companies and banks to avoid ties with the NRA. *Vullo*, 2024 WL 2751216, at *9. Those Guidance Letters remain on the DFS website, and they continue to warn DFS-regulated entities to avoid the NRA in order to properly manage their New York regulatory obligations pertaining to "reputational risk." *See* DFS, *Industry Letters*, https://perma.cc/HDM6-H6M8. Thus, at a minimum, in light of the Supreme Court's ruling, the NRA is entitled to injunctive relief to require DFS to withdraw the Guidance Letters.

### I.  Cuomo's Motion for Judgment on the Pleadings is Not Viable in Light of the Supreme Court's Ruling.

Cuomo's motion for judgment on the pleadings, which relies entirely on the now-vacated Second Circuit opinion, must be denied. *See* Doc. 382 at 5 (noting Cuomo "relie[d] on the Second Circuit's [then-]precedential decision dismissing the First Amendment claims against Vullo,

# BREWER

Hon. Anne M. Nardacci
June 14, 2024
Page 3

which involves conduct 'occur[ring] within the same general limited time period and involving a number of overlapping facts' as Governor Cuomo") (quoting Doc. 360 at 10)).

Cuomo made two arguments in that motion: (1) the NRA has not plausibly pleaded that Cuomo violated the First Amendment by coercing regulated entities to terminate their business with the NRA to punish or suppress gun-promotion advocacy and (2) even if the NRA did, he was entitled to qualified immunity because the law was not clearly established. Doc. 381-1 at 7. Neither argument has merit.

### A. NRA Plausibly Alleged Cuomo's Statements Were Unconstitutionally Threatening and Coercive

The NRA plausibly alleged that Cuomo's statements were unconstitutional threats in violation of the First Amendment. *Vullo*, 2024 WL 2751216, at *11 (holding that because the NRA's complaint "plausibly alleges coercive threats aimed at punishing or suppressing disfavored speech," it stated a First Amendment claim).[2]

Indeed, as the Supreme Court observed, Cuomo's intent to deprive the NRA of its First Amendment rights was clear, as Cuomo "urged businesses to disassociate with the NRA to put the organization 'into financial jeopardy' and 'shut them down,'" and Vullo was "speaking on behalf of . . . then-Governor Cuomo" when she threatened Lloyd's with harsher regulatory action if it did not cut ties with the NRA. *Id*. at *5, 10. Moreover, "[t]he same day that DFS issued the Guidance Letters, Vullo and Governor Cuomo issued a joint press release that echoed many of the letters' statements" urging businesses to "'discontinue[] their arrangements with the NRA.'" *Id*. at *5.

---

[2] Judge McAvoy previously found that the claims against Vullo and Cuomo "concern overlapping claims and facts." Doc. 391 at 8. As Cuomo himself noted, "[t]here is no meaningful distinction between Governor Cuomo's statements in the Press Release and Vullo's." *See* Doc. 381 at 9. Indeed, the claims against Cuomo are stronger than those against Vullo because he directed DFS and Vullo to take action against the NRA with the specific intent to impair its Second Amendment advocacy. *See* Doc. 203 (Second Amended Complaint ("Complaint")) at ¶¶ 14–18, 20, 45, 51–53; Doc. 386-2 (Tweet from then-Gov. Cuomo stating, with respect to DFS actions against the NRA, "[t]he regulations NY put in place are working. We're forcing the NRA into financial jeopardy. We won't stop until we shut them down."); Doc. 203-1 (DFS Press Release stating "Governor Andrew M. Cuomo today directed the Department of Financial Services to urge insurance companies, New York State-chartered banks, and other financial services companies licensed in New York to review any relationships they may have with the National Rifle Association and other similar organizations.")

BREWER

Hon. Anne M. Nardacci
June 14, 2024
Page 4

        **B.**        **Any Qualified Immunity Defense That Cuomo Asserts Is Without Merit, and Discovery Would Be Necessary to Evaluate It**

      Since precedent from sixty years ago dictated the outcome, and the Supreme Court did not "break[] new ground or impose[] a new obligation," the First Amendment violation pleaded against Cuomo is "clearly established" and qualified immunity cannot apply. *Vasquez v. Strack*, 228 F.3d 143, 148 (2d Cir. 2000). *Bantam Books* gave Cuomo "fair warning that [his or her] conduct violates the Constitution." *Id*. That is, *Bantam Books* clearly established that Vullo and Cuomo "could not wield [their] power . . . to threaten enforcement actions against DFS-regulated entities in order to punish or suppress the NRA's gun-promotional advocacy." *Vullo*, 2024 WL 2751216, at *6. As one Supreme Court justice put it at oral argument in *Vullo*, summarizing the view of himself and his colleagues: "[I]t seems like that we're all in agreement that the law here is clearly established under *Bantam Books*." *See* Tr. of Oral Argument at 64 (Gorsuch).[3] Thus, qualified immunity cannot shield Cuomo. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (expressly rejecting a requirement that previous cases be "fundamentally similar" or involve "materially similar facts," explaining "officials can still be on notice that their conduct violates established law even in novel factual circumstances.").

      In addition, to the extent it has merit (and its does not), Cuomo's qualified immunity claim raises fact issues, and the stay should be lifted to allow limited discovery by the parties to determine whether Cuomo's conduct was objectively reasonable. *Cf. Ramirez v. Guadarrama*, 142 S. Ct. 2571, 2571–73 (2022) (mem.) (Sotomayor, J., joined by Breyer and Kagan, JJ., dissenting from denial of certiorari) (would have summarily reversed grant of qualified immunity at the motion-to-dismiss stage where government actor was alleged to have knowingly violated constitutional right, even though "[f]actual development may reveal a different story"). In denying the NRA's motion to lift the discovery stay, Judge McAvoy relied upon *Harlow v. Fitzgerald* for the proposition that "[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed." *See* Doc. 391 at 5 (citing *Harlow*, 457 U.S. 800, 818 (1982)). But after *Harlow*, the Supreme Court clarified that discovery may be necessary to address the qualified immunity issue. *See Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *see also Crawford-El v. Britton*, 523 U.S. 574, 598–601 (1998) (recognizing that discovery regarding what facts the defendant had in his possession at the time of an alleged constitutional violation may be required before the qualified

---

[3] As distinguished First Amendment scholars (Floyd Abrams, Genevieve Laker, Michael McConnell, Geoffrey Stone, Nadine Strossen and Keith Whittington) put it in their amicus brief in support of the NRA, "This Court need not break any new ground to decide the question presented. Rather, this Court should simply apply the rule from *Bantam Books*: 'A government official cannot use the threat of legal sanctions to punish a disfavored speaker, whether directly or by threatening an intermediary.'" Brief for First Amendment Scholars as *Amici Curiae* Supporting Petitioner 5 (quoting *Bantam Books*, 372 U.S. at 66-70).

# BREWER

immunity issue can be resolved).

## II. Continuation of the Over Two-Year-Old Stay Will Cause the NRA Irreparable Prejudice

The Supreme Court's opinion transformed the equities surrounding the stay. District courts are expected to revisit and reassess orders granting or denying a stay in light of events occurring in the course of litigation. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 471, 277 (1988).

In September 2023, Judge McAvoy previously determined that the strength of Cuomo's dismissal motion, the interrelatedness of the claims against him and those against Vullo, and equitable considerations weighed against lifting the stay. Doc. 391 at 8. But that analysis hinged on the Second Circuit's prior opinion, which has now been vacated. Because the Supreme Court held that the NRA has properly stated a claim against Vullo (and, by extension, Cuomo), the stay in the current case is no longer justified. *See, e.g.*, *McNamee, Lochner, Titus & Williams, P.C. v. Mayorga*, No. 1:13-cm-27 (GLS/CFH), 2013 WL 4520671, at *5 (N.D.N.Y. Aug. 26, 2013); *Spencer Trask Soft. & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

In a previous ruling, Judge McAvoy acknowledged the potential prejudice to the NRA resulting from delay. Doc. 391 at 10; *see also Torres v. Faxton St. Lukes Healthcare*, No. 6:16-CV-439, 2017 WL 11317906 (N.D.N.Y. Jan. 26, 2017), at *3 (long delays create an intolerable risk that documentary evidence will be misplaced or lost and that witness recollections will fade). Further, Magistrate Judge Hummel expressed serious concerns regarding how long this case has been pending and how little discovery has taken place since it was filed. *See* Doc. 234 at 2 ("The Court continues to be concerned about the pace of this litigation and the extraordinary legal and other expenses being incurred by each of the parties."). As he pointed out, "[t]his case was filed on May 11 of 2018. It's going to have its third birthday next week, and we've done virtually nothing here." Doc. 348 at 12–13. Three more years since, and still no discovery has taken place.

Indeed, the prejudice to the NRA has intensified for three reasons: (1) even more time has passed, (2) the NRA continues to suffer enormous damage as a result of the unconstitutional scheme, and (3) the Supreme Court affirmed that the NRA has plausibly alleged a First Amendment violation. *See Vullo*, 2024 WL 2751216, at *1. The NRA has suffered devastating financial consequences, especially to revenues from its affinity insurance programs, as a result of defendants' actions. *See, e.g.*, Doc. 203 at ¶¶ 80, 84–85. Further, any infringement on First Amendment rights for any period of time—let alone **six years**—causes irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 374 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Tunick v. Safir*, 209 F.3d 67, 70 (2d Cir. 2000) ("[V]iolations of First Amendment rights are presumed irreparable."); *Erie Boulevard Triangle Corp. v. City of Schenectady*, 152 F. Supp. 2d 241, 248 (N.D.N.Y. 2001)

# BREWER

Hon. Anne M. Nardacci
June 14, 2024
Page 6

("[r]egardless of whether or not plaintiff could be compensated monetarily for the economic harm to its business, it is axiomatic that any loss of First Amendment freedoms, even briefly, constitutes irreparable harm.") (cleaned up).

Although Judge McAvoy previously determined the public interest did not favor either side, Doc. 391 at 14, the balance has now shifted in favor of the NRA. The public interest supports a swift resolution of constitutional claims, especially where, as here, those claims are brought against public officials. *Cf.* Fed. R. Civ. P. 1 (commanding the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). The public interest would be disserved by further discovery delays.

### III. DFS Continues to Warn Entities Not to Do Business with the NRA, Entitling the NRA to Injunctive Relief

Even after the Supreme Court's ruling, DFS has not withdrawn the two letters at issue in this case, "Guidance on Risk Management Relating to the NRA and Similar Gun Promotion Organizations - Banking Industry" and "Guidance on Risk Management Relating to the NRA and Similar Gun Promotion Organizations - Insurance Industry," both issued on April 19, 2018.[4]

The Supreme Court held that the DFS Guidance Letters were part of Vullo's unconstitutional scheme to coerce insurance companies and banks to avoid ties with the NRA. *Vullo*, 2024 WL 2751216, at *9. As the Supreme Court noted, the DFS Guidance Letters were issued on DFS's "official letterhead" and constitute DFS's instructions to regulated parties—New York banks and insurance companies—on matters within its jurisdiction. *Vullo*, 2024 WL 2751216, at *9. By invoking DFS's formal regulatory powers and suggesting that considerations of "reputational risk" counsel that DFS-regulated entities should avoid ties with the NRA, the Guidance Letters implicitly threaten reprisals against companies that do business with the NRA. *Id*. And as the Solicitor General noted its brief in the Supreme Court, "by urging entities to review only their relationships with [the NRA] and 'similar gun promotion organizations,' the letters plausibly targeted petitioner because of its viewpoints." Brief for United States as Amicus Curiae

---

[4] *See* Maria T. Vullo, *Guidance on Risk Management Relating to the NRA and Similar Gun Promotion Organizations,* N.Y. STATE DEP'T OF FIN. SERVS. (Apr. 19, 2018), https://www.dfs.ny.gov/industry_guidance/industry_letters/il20180419_guidance_risk_mgmt_nra_NRA_similar_gun_promotion_orgs_insurance_industry; Maria T. Vullo, *Guidance on Risk Management Relating to the NRA and Similar Gun Promotion Organizations,* N.Y. STATE DEP'T OF FIN. SERVS. (Apr. 19, 2018), https://www.dfs.ny.gov/industry_guidance/industry_letters/il20180419_guidance_risk_mgmt_nra_NRA_similar_gun_promotion_orgs_banking_industry

BREWER

Hon. Anne M. Nardacci
June 14, 2024
Page 7

11 (citation omitted).

**Those Guidance Letters remain active on the DFS website, and they continue to warn DFS-regulated entities to avoid ties with the NRA**. *See* DFS, *Industry Letters*, https://perma.cc/HDM6-H6M8. Until and unless the Guidance Letters are withdrawn, the NRA is entitled to injunctive relief removing those letters from the website.[5] This violation of federal law is "ongoing," because the Guidance Letters remain live, and the NRA's request for injunctive relief to withdraw the Guidance Letters is "properly characterized as prospective." *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (cleaned up).[6]

The NRA will move the Court to reconsider Judge McAvoy's previous decision dismissing the NRA's injunctive and declaratory relief claims under the Eleventh Amendment and dismissing DFS as a defendant, *see* Doc. 322 at pp. 34-43, or, in the alternative, for leave to allow the NRA to re-plead its injunctive relief claims. *See* Fed. R. Civ. P. 54(b) (allowing an interlocutory order to "be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256–57 (2d Cir. 1995).[7]

Discovery is also warranted because the NRA's claims for injunctive relief do not depend on Cuomo's entitlement to qualified immunity (or lack thereof)). *See Giacalone v. Abrams*, 850 F.2d 79, 84 (2d Cir. 1988) ("When a plaintiff seeks both damages and equitable relief, successful assertion of qualified immunity frees an official only from the burden of defending against personal liability for damages. The official still must participate in the ongoing suit to litigate the

---

[5] When DFS withdraws a guidance letter, it prominently notes, in all caps, that the letter has been "WITHDRAWN." *See*, e.g., *Proposed Guidance Regarding Adoption or Listing of Virtual Currencies* (December 11, 2019) ("WITHDRAWN – This Guidance has been withdrawn and is no longer in effect; it has been superseded by the Department's November 15, 2023, 'Guidance Regarding Listing of Virtual Currencies.'").

[6] The NRA is also subject to a consent order with DFS forbidding it from "participat[ing] in any manner in connection with the offering of insurance in New York." Doc. 312-1 at 9. This order was a product of the unconstitutional scheme to target the NRA for its views, and the NRA may seek injunctive relief to rescind it. As Justice Sotomayor noted, "although Vullo can pursue violations of state insurance law, she cannot do so in order to punish or suppress the NRA's protected expression." *Vullo*, 2024 WL 2751216, at *10.

[7] To the extent Judge McAvoy's earlier ruling was based on deficiencies in the form of the injunctive relief pleaded in the Complaint, Doc. 322 at 39-40, the NRA should be allowed to file an amended pleading setting forth its requests for injunctive relief with greater specificity—and the Court's prior ruling addressing the prior wording of those requests is not binding.

# BREWER

**Hon. Anne M. Nardacci**
June 14, 2024
Page 8

remaining equitable claims."); *see also Sheppard v. Beerman*, 94 F.3d 823, 829 (2d Cir. 1996) (lifting stay of discovery because discovery would be inevitable—regardless of the outcome of defendants' motion for judgment on the pleadings—since plaintiff had claim for injunctive relief).

**IV.   Conclusion**

For the reasons set forth above, the Court should lift the discovery stay as to Cuomo.

Dated: June 14, 2024

Respectfully submitted,

*/s/ William A. Brewer*
William A. Brewer III (Bar No. 700217)
wab@brewerattorneys.com
Sarah B. Rogers (Bar No. 700207)
sbr@brewerattorneys.com
Noah Peters (Bar No. 703969**)**
nbp@brewerattorneys.com
BREWER, ATTORNEYS &
COUNSELORS
750 Lexington Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 489-1400
Facsimile: (212) 751-2849

**ATTORNEYS FOR THE NATIONAL RIFLE ASSOCIATION OF AMERICA**